UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE CRUZ, | ) |
| Plaintiff, | ) Case No. 23 C 4268 |
| v. | ) District Judge Jeremy C. Daniel |
| REYNALDO GUEVARA, et al., | ) Magistrate Judge Gabriel A. Fuentes |
| Defendants. | ) |

**ORDER**

Before the Court in this matter before the magistrate judge on referral for discovery supervision (D.E. 49, 50) is the still-pending portion of Plaintiff Jose Cruz's ("Plaintiff") motion to compel production of CR files as to three witnesses ("Motion"; D.E. 117), and specifically as to witnesses Schalk and Bogucki, as to whom the motion was still pending as the Court permitted Defendant City of Chicago ("the City") to respond. On review of that response ("Resp."; D.E. 126), the Court grants the remainder of the Motion in part and denies it in part.

Plaintiff's lawsuit resolves around his allegations that former Chicago Police Detective Reynaldo Guevara, seven other former police detectives (including one who is deceased), a police sergeant, and an assistant state's attorney (collectively, "the Individual Defendants") wrongfully procured the 1996 murder and attempted murder convictions of Plaintiff in connection with an October 1993 shooting in which he asserts he had no involvement. First Amended Complaint ("First Am. Cmplt."; D.E. 44), passim. Plaintiff alleges that the Individual Defendants caused a witness to identify Plaintiff falsely as one of the shooters, suppressed exculpatory evidence including purported eyewitness accounts

1

saying that the shooters were of another race than Plaintiff, fabricated police reports, and deliberately failed to investigate the shooting so that the actual shooters could be identified. *Id.* ¶ 3. Plaintiff alleges that as a result of the Individual Defendants having wrongfully convicted him, he spent more than 28 years in prison as an innocent person. *Id.* ¶¶ 1-3.

At the earlier February 29, 2024 motion hearing (D.E. 122, 125) on Plaintiff's effort to compel "complaint register" or "CR" files of two non-party Chicago detectives (Schalk and Bogucki), the parties were at issue about whether the involvement of these two witnesses in the instant alleged wrongful prosecution, to the extent they could be said to be involved at all, was too attenuated to warrant production of the CR information for these witnesses. Deciding this motion in its broad discretion over discovery, *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013), and considering the significant breadth of discovery relevancy under Rule 26(b)(1), *Coleman v. Illinois*, No. 19 C 3789, 2020 WL 5752149, at *3-5 (N.D. Ill. Sept. 25, 2020), the motion is granted in part and denied in part as to these two witnesses, Schalk and Bogucki.

Plaintiff, at oral argument, articulated a sufficient base relevancy for at least limited discovery of CR files as to these two officers, insofar as they were involved in investigating an incident that, although not the same incident as the homicide for which Plaintiff says he was wrongfully prosecuted, is or may be related, in that Plaintiff's theory is that Detective Guevara falsely pinned the homicide on Plaintiff (or targeted him for investigation concerning the homicide) in part as retaliation for the earlier incident investigated by Detectives Schalk and Bogucki, namely an incident involving shots fired at police, and involving Plaintiff's admittedly having fled that scene on foot. That theory presents to the City as a "bald claim," Resp. at 2, but Rule 26(b)(1)'s broad relevancy scope permits

Plaintiff discover evidence relevant to that theory, including the limited types of CR files the Court is permitting to be discovered here as to witnesses Schalk and Bogucki.

The limitations on the CR discovery as to these two witnesses is as follows: Not every CR file is discoverable, and not every aspect of an officer's disciplinary record is discoverable. Only those CR files meeting the broad relevancy standard may be discovered. Here, that relevancy scope pulls in any CR file concerning allegations of a Police Department Rule 14 (false statement) violation and concerning allegations that the witness manufactured or falsified evidence, or wrongfully arrested or prosecuted a person based on false evidence. Production of only these CR files is not disproportional to the needs of the case and is relevant, notwithstanding the City's citation of various case law including about discovery not being an unlimited "excursion" ticket. Resp. at 2. Courts' development of that language pre-dated the 2015 amendments to Rule 26(b)(1), adopting the concepts of relevancy and proportionality. Since 2015, the "excursion ticket" language arguably is no longer an entirely fair characterization of discovery relevancy, per this Court's relevancy discussion in *Coleman*, for example. *See Coleman*, 2020 WL 5752149, at *3-5.

It also bears mentioning that in *Coleman*, this Court articulated discovery relevancy somewhat differently than did *DeLeon-Reyes v. Guevara*, No. 18-cv-1028, 2020 WL 3050230, at *5 (N.D. Ill. June 8, 2020), a case on which defendants rely (Resp. at 3). *See Coleman*, 2020 WL 5752149, at *4-5 (describing an individualized, "fact-skeptic[al]" approach to relevancy that may yield "different outcomes under analyses of different fact patterns by different magistrate judges"), citing Edmond Cahn, *Jerome Frank's Fact-Skepticism and Our Future*, 66 Yale Law J. 824, 825 (1957). Nor does the City's trotting

3

out of the tired "fishing expedition" cliché (Resp. at 2) carry the day; that expression has fallen out of favor, as courts for some time have recognized that:

> "[M]ost discovery involves an element of 'fishing.' Thus, to conclusorily label a discovery request as a 'fishing expedition' does little to advance the discussion; the more appropriate inquiry (to continue with the fishing metaphor) is how big a pond is the requesting party allowed to fish in, and what may the requesting party fish for."

*Jenkins v. White Castle Mgt. Co.*, No. 12 C 7273, 2013 WL 5663644, at *2 (N.D. Ill. Oct. 17, 2013) (Gottschall, J.), quoting *Whiteamire Clinic, P.A., Inc. v. Quill Corp.*, No. 12 C 5490, 2013 WL 5348377, at *6 (N.D. Ill. Sept. 24, 2013) (Schenkier, J.). Accordingly, the Motion's request for compelled production of the Schalk and Bogucki CR files is granted in part, with respect to the Rule 14 and manufacturing evidence CRs (if there are any), and denied in part, as to other CR files for these witnesses.

For the foregoing reasons, the Motion is granted in part and denied in part as set forth above, with the production due for service upon Plaintiff no later than March 27, 2024.

**SO ORDERED.**

                    **ENTER:**

                    _____
                    **GABRIEL A. FUENTES**
                    **U.S. Magistrate Judge**

**Dated: March 12, 2024**