IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE CRUZ, | ) | |
| | ) | Case No. 23-cv-4268 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Daniel |
| v. | ) | Magistrate Judge Fuentes |
| | ) | |
| FORMER DETECTIVE REYNALDO | ) | |
| GUEVARA, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO COMPEL
LAW OFFICE OF THE COOK COUNTY PUBLIC DEFENDER
TO COMPLY WITH SUBPOENA**

Defendants Stephen Gawrys, Robert Rutherford, Anthony Riccio, Edward Mingey, Anthony Wojcik, Robert Boris, and Geri Lynn Yanow, as Special Representative for Ernest Halvorsen, deceased (collectively, "Officer Defendant"), through their attorneys, The Sotos Law Firm, move this Court to enter an order compelling subpoena respondent Law Office of the Cook County Public Defender (CCPDO) to comply with Officer Defendants' record subpoena, and state as follows:

**INTRODUCTION**

Plaintiff Jose Cruz ("Cruz") alleges that he was wrongfully prosecuted and convicted for the 1993 murder of Antwane Douglas and the attempted murder of Vernon Meadors. (Dkt. 44, Amend. Compl., ¶ 1.) On July 11, 2022, Cruz's conviction was vacated, and the charges against him were dropped. (*Id.* at ¶ 8.) On July 4, 2023, Cruz filed the instant lawsuit against the Defendant Officer Defendants, the City of Chicago,, Assistant State's Attorney Edward Maloney, and Cook County. (*See generally*, *Id.*) On August 9, 2023 Cruz was granted a Certificate of Innocence ("COI"). (*Id.* at ¶ 8.)

1

Cruz is suing Defendants for his alleged wrongful detention, prosecution, and conviction, and claims, *inter alia*, that Defendants maliciously prosecuted him, and fabricated and withheld exculpatory evidence in violation of his due process right to a fair trial. (*Id.* at ¶¶ 12, 176–241.) To defend against Cruz's claims, Officer Defendants issued a subpoena to the CCPDO on October 16, 2023, seeking a copy of its file from the underlying criminal case. (Ex. A, Subpoena.)

Nearly two months later, on or about December 13, 2023, the CCPDO produced a first batch of 953 pages of documents. Included in this first batch were several communications between Cruz and Assistant Public Defender Andrea Monsees ("APD Monsees"). On or about January 25, 2024, the CCPDO produced a second batch of 112 pages of documents, along with a privilege log. (Ex. B, CCPDO Privilege Log.) The privilege log reflects that the CCPDO is withholding 594 pages of documents.

According to the privilege log, the CCPDO was withholding communications between Cruz and APD Monsees on the basis of attorney-client privilege. Also, the CCPDO was withholding numerous documents on the basis of the work product privilege doctrine. The CCPDO has mistakenly asserted the attorney-client and work product privileges over documents which are subject to the Officer Defendants' record subpoena. The attorney-client privilege has already been waived by the client, and the CCPDO cannot assert the work product privilege because it is not a party to this case.

Based on these disputes to the CCPDO's privilege assertions, on March 4, 2024, counsel for Officer Defendants sent a letter to counsel for the CCPDO which challenged 1) its assertion of attorney-client privilege over the communications between Cruz and APD Monsees, and 2) requested additional information regarding the basis for its assertion of the work product

privilege related to memorandum between Assistant Public Defenders and the CCPDO's investigators. (Ex. C, 03/04/2024 Letter to CCPDO). To address the attorney-client privilege objections, counsel for Officer Defendants advised that Cruz has waived any attorney-client privilege with the CCPDO because on December 12, 2006, Cruz filed a pro se motion in the Circuit Court of Cook County that publicly disclosed several of his confidential communications with his Assistant Public Defender. (*Id*.) Disclosure of confidential attorney-client communications results in waiver. *Eagle Compressors, Inc. v. HEC Liquidating Corp*, 206 F.R.D. 474, 477 (N.D. Ill. 2002); *see also Shelby v. O'Dea*, 2017 IL App (1st) 151572, ¶ 34. Since the attorney-client privilege has already been waived by the client, the CCPDO is now foreclosed from asserting it.

Additionally, the CCPDO cannot assert a claim of work product privilege as a non-party to this case. "This court and many others have held that non-parties may not invoke the work product doctrine to withhold documents sought via Rule 45 subpoena." *Walls v. Vaselli*, 2022 WL 1004248, *3 (N.D. Ill. Apr. 4, 2022). Alternatively, the CCPDO has not provided sufficient detail in its privilege log for the Officer Defendants to determine if the CCPDO has properly asserted the work product privilege.

On March 12, 2024, counsel for Officer Defendants and counsel for the CCPDO participated in a telephonic meet-and-confer. During this conference, counsel for the CCPDO: 1) agreed that Cruz waived the attorney-client privilege over communications with APD Monsees; 2) agreed to produce the communications between Cruz and APD Monsees; and 3) said the CCPDO needed more time to consider its assertion of the work product privilege over the communications between CCPDO investigators and assistant public defenders as well as a memoranda drafted by CCPDO investigators. (Ex. D, Email Communications Between Counsel.)

3

However, the CCPDO has not yet produced the communications between Cruz and APD Monsees, the communications between CCPDO investigators and assistant public defenders, or the memoranda drafted by the CCPDO investigators.

Because these disputes have not been fully resolved given this Court's deadline for filing motions to compel, both counsel agreed that the present Motion is proper in order to preserve the Officer Defendants arguments and to ensure compliance with the court-imposed deadline.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 permits a party to issue a subpoena directing a non-party to "produce designated documents, electronically stored information, or tangible things in that person's possession." Fed. R. Civ. P. 45(a)(1)(A)(iii). "[T]hrough a Rule 45 subpoena, parties may seek discovery 'regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Trustees of the Chicago Regional Council of Carpenters Pension Fund v. Drive Construction, Inc.*, 2023 WL 9315453, *2 (N.D. Ill. May 8, 2023) (quoting Fed. R. Civ. P. 26(b)(1)). If the party served with the subpoena fails to comply, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

## ARGUMENT

**I.      The Work Product Privilege Does Not Apply**

The privilege log reflects that the CCPDO is withholding hundreds of pages of documents on the basis of the work product doctrine. (*See generally*, Ex. B.) Besides asserting the work product privilege over communications between CCPDO investigators and assistant public defenders, the CCPDO also asserts the work product privilege over notes, internal memos, and investigation requests. (*Id*.). However, as a non-party, the CCPDO cannot assert a claim of work

4

product privilege. Therefore the CCPDO must produce **all documents** over which it is asserting the work product privilege.

An instructive case is *Walls v. Vaselli*, 2022 WL 1004248, *1 (N.D. Ill. Apr. 4, 2022) where plaintiff alleged that defendant officers beat him while responding to a 911 call and conspired to cover up the beating by fabricating evidence and police reports which caused him to be charged with felony aggravated battery to a police officer. *Id.* After charges were dropped, he sued for excessive force, conspiracy, deprivation of liberty and malicious prosecution. *Id*.

During the litigation, the plaintiff subpoenaed the CCSAO seeking its file from the plaintiff's underlying criminal case. *Id.* The CCSAO produced some documents, but withheld others on the basis of the work product and deliberative process privileges. *Id*. at *2. With regard to work product, the court found:

> [Plaintiff] argues that the CCSAO may not claim work product protection over the redacted notes because it is not a party to this case. The Court agrees. Rule 26(b)(3) governs application of the work product doctrine in civil litigation and states: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" absent a showing of "substantial need" and an inability to obtain equivalent materials by other means. Id. By its own terms, "the rule limits protection to one who is a party (or a party's representative) to the litigation in which discovery is sought." *Hawkins v. S. Plains Int'l Trucks, Inc.*, 139 F.R.D. 682, 684 (D. Colo. 1991). This court and many others have held that non-parties may not invoke the work product doctrine to withhold documents sought via Rule 45 subpoena. See, e.g., *Hill v. City of Chicago*, 2015 WL 12844948, *2 (N.D. Ill. May 28, 2015) (collecting cases).

*Walls*, 2022 WL 1004248 at *2-3.

*Walls* is directly on point. The CCPDO is not a party to this case, nor are any of its employees. Thus, the CCPDO cannot invoke the work product doctrine to withhold documents sought by a Rule 45 subpoena.

5

In addition, a party who can show a "substantial need," may obtain documents which qualify as work product privileged. Fed. R. Civ. P. 26(b)(3)(A-B). In this case, Cruz is suing Defendants for his alleged wrongful investigation, prosecution and conviction, for which he spent over twenty-eight years in custody. Cruz will likely seek tens of millions of dollars of damages from Defendants. To defend against his claims that Officer Defendants and a former felony review assistant state's attorney fabricated and withheld exculpatory evidence from Cruz. (Amend. Compl., Dkt. 44, ¶¶ 176–241.) Defendants have a substantial need for CCSAO documents that inform the critical question of what the CCSAO possessed and what was tendered to Cruz's defense counsel.

Illustrative on this issue, Magistrate Judge Kim recently held in a reversed conviction case, that the CCSAO, which had prosecuted the underlying criminal case, could not invoke the work product privilege, "'because the CCSAO is not an adversarial party in this case and the criminal matter has long since resolved, [and as a result], the purposes of work product protection ... are not of significant concern.'" *Williams v. City of Chicago*, No. 22 CV 3773, 2023 WL 6213716 (N.D. Ill. Sept. 25, 2023), *quoting, Walls*, 2022 WL 1004248, at *2), *citing Hobley v. Burge* 433 F.3d 946, 949 (7th Cir. 2006). This Court should similarly follow Magistrate Judge Kim's refusal "to stray from the clear line of cases holding that 'the work product doctrine does not protect a prosecutor's files in a subsequent, related civil action.'" *Id*. *quoting Hill v. City of Chi*cago, No. 13 CV 4847, 2015 WL 12844948, at *2 (N.D. Ill. May 28, 2015).

The court's reasoning in *Wall*s is directly applicable to this case. The CCPDO is not a party to this case. As a non-party the CCPDO cannot invoke the work product doctrine to withhold documents sought by a Rule 45 subpoena. Additionally, the underlying criminal matter in this case has long since been resolved, and there is no need for further work product protection. For these

reasons, the CCPDO's assertion of the work product privilege must be rejected, and the CCPDO must produce ***all documents*** over which it is asserting the privilege.

**II.     Alternatively, the CCPDO's Privilege Log is Insufficient**

The privilege log reflects that the CCPDO is withholding the following documents (among others) on the basis of the work product doctrine: 1) communications between CCPDO investigators and assistant public defenders; and 2) memoranda drafted by CCPDO investigators. (*see generally*, Ex. B). The privilege log fails to provide sufficient information to support the privilege to enable Officer Defendants to properly assess its claim of work product privilege over these documents. On March 13, 2024, the CCPDO agreed to produce "investigator replies" sent to assistant state's attorneys. However, the CCPDO has not yet produced these replies and is still asserting work product privilege over the other communications between CCPDO investigators and assistant state's attorneys, and the memoranda drafted by CCPDO investigators.

If a subpoenaed non-party is "withholding subpoenaed information under a claim that it is privileged," then the non-party *must* (1) "expressly make the claim" and (2) "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45 (e)(2)(A)(i)–(ii); *see also Young v. City of Chicago*, 2017 WL 25170, *6 (N.D. Ill. Jan. 3, 2017) ("Rule 45(e) specifies additional requirements when a person withholds subpoenaed material based on a claim of privilege or work-product protection, including a requirement that the person expressly make the claim . . . and prepare a privilege log.") (citations and quotations omitted). In this District, courts require "that a privilege log identify 'for *each* separate document the following information: the date, the author and all recipients, along with their capacities, the subject matter of the document, the purpose for its production and a specific explanation of why

7

the document is privileged.'" *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 218 (N.D. Ill. 2013) (providing string cite of supporting authority) (emphasis in original).

Rule 45 gives a "subpoenaed nonparty responding to discovery a choice: prepare an adequate privilege log or risk an order compelling disclosure of the allegedly privileged material." *Young*, 2017 WL 25170 at *6; *see also Mosley v. City of Chicago*, 252 F.R.D. 445, 449 n.5 (N.D. Ill. 2008) (rejecting respondent's excuse for failing to provide a privilege log); *Schaeffer v. City of Chicago*, No. 19 C 7711, 2020 WL 7395216, at *1, n.1 (N.D. Ill. Aug. 12, 2020) (collecting cases that hold "if any party or non-party submits a privilege log that does not comply with appliable law, then the failure to provide a proper privilege log may result in waiver.").

It has long been held that "[t]he party seeking to invoke the privilege has the burden of establishing all of its essential elements" and "a blanket claim of privilege is unacceptable." *U.S. v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983) (citing *U.S. v. First State Bank*, 691 F.2d 332, 335 (7th Cir. 1982)). "[A] blanket privilege is insufficient to establish that documents are privileged . . . much less to allow the opposing party or the Court to analyze the claim." *BCSM, Inc. v. Walgreen Co.*, No. 20 C 01853, 2023 WL 3737724, at *8 (N.D. Ill. May 31, 2023).

Here, the privilege log reflects that the CCPDO is withholding communications between CCPDO investigators and assistant public defenders and memoranda drafted by CCPDO investigators. (*See generally*, Ex. B.) For example, the privilege log states that the Bates stamped document CCPDO000022 consists of "[n]otes regarding investigation of case" from Investigator Mary Clements to APD Andrea Monsees. (*Id*. at p. 2.) As another example, the privilege log states that Bates stamped document CCPDO000100 is a "[r]eply to investigative request regarding witnesses." (*Id*. at p. 4). The CCPDO is also asserting the work product privilege over an "[u]nfiled affidavit regarding research of police misconduct" by Thomas Streed, Ph.D. (*Id*. at pp. 2, 16). The

8

CCPDO has not provided enough information regarding the basis for asserting the work product privilege over these documents. It is highly likely that these documents contain witness statements and facts that are not attorney work product. At the very least, the CCPDO should be able to produce redacted versions of these documents.

The CCPDO's privilege log is insufficient under Rule 26(b)(5). The CCPDO has failed to provide a sufficient basis for its assertion of the work product privilege over these documents, and must provide further information to enable the Defendant Officer to assess its claim of privilege.

**III.    The CCPDO Has Agreed that Cruz Has Waived the Attorney-Client Privilege and Will Produce Those Records**

The CCPDO initially claimed attorney-client privilege over communications between Cruz and APD Monsees. After communications between counsel, the CCPDO recently agreed that Cruz has waived the attorney-client privilege and confirmed it will produce the communications between Cruz and APD Monsees. However, the CCPDO has not yet produced the communications at issue and, for the sake of preserving their argument, Officer Defendants set forth here their argument as to why Cruz has waived his attorney-client privilege with APD Monsees.

On or about December 12, 2006, Cruz filed a "Motion Requesting Leave to File and Containing Petitioner's Pro-Se Supplemental Post-Conviction Petition, and Requesting to Defend Myself Pro-Se" in the Circuit Court of Cook County. (Ex. E, Cruz Pro Se Motion). In Cruz's pro se motion, he stated, in relevant part:

> Petitioner [Cruz] has been corresponding back and forth through letters with appointed counsel [APD Monsees]. During the course of these correspondences, petitioner brought to the attention of counsel that he believes that he has suffered a violation of state statute 725 ILCS 5/109-3.1 and wanted counsel to file this issue on his behalf in the pending post-conviction petition. (see Exhibits #Ac attached hereto). Petitioner was informed by counsel in a letter from her dated October 19, 2006, that the Judge (Lacy) "…denied our request to file your

9

supplemental pro se petition. He did, however, hold out hope of accepting it if you were to request to discharge counsel and proceed pro se – and, If I understood him correctly, even if you were to request representation by different counsel. Though in the second instance he most likely contemplated a situation in which other counsel were to adopt your argument."

(Ex. E, pp. 1-2). Cruz attached six separate letters from APD Monsees to Cruz to his pro se motion. (*Id*. pp. 4-9).

"The attorney-client privilege belongs to the client, rather than the attorney, although the attorney asserts the privilege on behalf of the client." *Center Partners, Ltd. v. Growth Head GP, LLC*, 2012 IL 113107, ¶ 35. "Only the client may waive the privilege." *Id*. Disclosure of attorney-client privileged information by the client "'is inconsistent with the attorney-client confidential relationship and thus waives the privilege.'" *Eagle Compressors, Inc. v. HEC Liquidating Corp*, 206 F.R.D. 474, 477 (N.D. Ill. 2002), *quoting Powers v. CTA*, 890 F.2d 1355, 1359 (7th Cir. 1989)); *see also Shelby v. O'Dea*, 2017 IL App (1st) 151572, ¶ 34 (holding that "[t]he client is the holder of the attorney-client privilege and once a client discloses confidences to a third party, the privilege is deemed waived.") "The widely applied standard for determining the scope of a waiver is that the waiver applies to all other communications relating to the same subject matter." *Medicines Co v. Mylan, Inc.*, 936 F. Supp. 2d 894 (N.D. Ill. 2013) (quoting *In re Cont'l Ill. Secs. Litig.*, 732 F.2d 1302, 1314, n. 18 (7th Cir. 1984)).

As the client, Cruz was the holder of the attorney-client privilege, and only he has the ability to waive it. Cruz voluntarily disclosed confidential attorney-client communications in the body of a motion that he publicly filed in the Circuit Court of Cook County. Cruz also attached to this motion as exhibits confidential correspondence from APD Monsees to Cruz. Cruz's voluntary disclosure of these communications waived any attorney-client privilege that existed between Cruz and APD Monsees regarding her representation of Cruz in his underlying criminal

10

case. Thus, the CCPDO must produce any and all communications between Cruz and APD Monsees, as any claim of attorney-client privilege regarding APD Monsees' representation of Cruz in the underlying criminal case has been waived.

## CONCLUSION

WHEREFORE, the Officer Defendants respectfully request that this Honorable Court compel Third Party CCPDO to comply with the subpoena and produce its entire file on the prosecution, conviction, appeal, and post-conviction proceedings of Cruz, including the communications between Cruz and APD Monsees, communications between CCPDO investigators and assistant public defenders, and memoranda drafted by CCPDO investigators.

Dated: March 18, 2024                Respectfully submitted,

/s/ Jeffrey C. Grossich
JEFFREY C. GROSSICH, Atty. No. 6316511
*Special Assistant Corporation Counsel for Defendants Officers*

James G. Sotos

Josh M. Engquist
Lisa M. Meador
Alexis M. Gamboa
Jeffrey C. Grossich
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd, Suite 1240A
Chicago, IL 60604
P: (630) 735-3300
jgrossich@jsotoslaw.com

## CERTIFICATE OF SERVICE

I certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that March 18, 2024, I electronically filed the foregoing **Defendants Motion to Compel Law Office of the Cook County Public Defender to Comply with Subpoena** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list.

***Attorneys for Plaintiff***
Stuart J. Chanen (Stuart@ChanenOlstein.com)
Ariel Olstein (Ariel@ChanenOlstein.com)
CHANEN & OLSTEIN LLP
7373 Lincoln Ave., Suite 100
Lincolnwood, IL 60712
P: 847-469-4669

Jack Samuel Tenenbaum
Northwestern Pritzker School of Law
375 E. Chicago Ave., Suite 411
Chicago, IL 60611
P: 312-503-4808
s-tenenbaum@law.northwestern.edu

***Attorneys for the City of Chicago***
Eileen E. Rosen (erosen@rfclaw.com)
Andrew J. Grill (agrill@rfclaw.com)
Austin G. Rahe (arahe@rfclaw.com)
Catherine M. Barber (cbarber@rfclaw.com)
Jessica Zehner (jzehner@rfclaw.com)
Lauren M. Ferrise (lferrise@rfclaw.com)
Theresa B. Carney (tcarney@rfclaw.com)
Rock, Fusco & Connelly
333 West Wacker Drive, 19th Floor
Chicago, IL 60606
P: (312) 494-1000

***Attorneys for Reynaldo Guevara***
Steven B. Borkan (Sborkan@borkanscahill.com)
Timothy P. Scahill (tscahill@borkanscahill.com)
Graham P. Miller (gmiller@borkanscahill.com)
Emily E. Schnidt (eschnidt@borkanscahill.com)
Molly Boekeloo (mboekeloo@borkanscahill.com)
Whitney Hutchinson (whutchinson@borkanscahill.com)
Mischa Itchhaporia (mitchhaporia@borkanscahill.com)
Kathryn E. Boyle (kboyle@borkanscahill.com)

Krystal Gonzalez (kgonzalez@borkanscahill.com)
Borkan & Scahill
20 S. Clark Street, Suite 1700
Chicago, IL 60603
P: (312)-580-1030

***Attorneys for Edward Maloney***
William B. Oberts (wboberts@tribler.com)
Kevin C. Kirk (kckirk@tribler.com)
Tribler Orpett and Meyer, P.C.
225 West Washington Street, Suite 2550
Chicago, IL 60606
P: (312) 201-6400

/s/ Jeffrey C. Grossich
JEFFREY C. GROSSICH, Atty. No. 6316511