*Cruz v. Guevara, et al.*
Case No.: 23 CV 4268

# EXHIBIT C



James G. Sotos
John J. Timbo
Caroline P. Golden
Joseph M. Polick
Jeffrey R. Kivetz
Laura M. Ranum
Josh M. Engquist
Lisa M. Meador
David A. Brueggen
___
Daniel J. McGinnis
George J. Yamin, Jr.
Kyle T. Christie
Maurice C. Hunt
Thomas J. Sotos
Elizabeth R. Fleming
Allison L. Romelfanger
Alexis M. Gamboa
Claudia C. Fantauzzo
Jeffrey C. Grossich
___
Of Counsel
Jeffrey N. Given
Mark F. Smolens

Writer's direct dial: 630-735-3319
jgrossich@jsotoslaw.com

March 4, 2024

**SENT VIA ELECTRONIC MAIL**

Emily L. Mallor
FOIA & Subpoena Response Officer
Law Offices of the Cook County Public Defender
69 West Washington Street, 16th Floor
Chicago, Illinois 60602
Emily.Mallor@cookcountyil.gov
Itzi.Llamas-Medina@cookcountyil.gov

RE:   *Jose Cruz v. Reynaldo Guevara, et al.*
       Case No.: 23-CV-4268 (N.D. Ill.)

Dear Ms. Mallor:

I represent Defendants Stephen Gawrys, Robert Rutherford, Anthony Riccio, Edward Mingey, Anthony Wojcik, Robert Boris, and Geri Lynn Yanow, as Special Representative of Ernest Halvorsen, in the matter *Jose Cruz v. Reynaldo Guevara, et al.*, No. 23-cv-4268 (N.D. Ill.) (the "Federal Case"). I am writing with regards to our subpoena to the Law Offices of the Cook County Public Defender ("CCPDO"), dated October 16, 2023.

In response to our subpoena, on or about December 13, 2023, the CCPDO sent to our office a first batch of 953 pages of documents (the "First Batch"). Included in this First Batch were several communications between Jose Cruz and Assistant Public Defender Andrea Monsees ("APD Monsees"). On December 22, 2023, our office produced the First Batch of documents to all counsel of record in the Federal Case.

On or about January 25, 2024, the CCPDO sent to our office a second batch of 112 pages of documents (the "Second Batch"), along with a privilege log. The privilege log states that the CCPDO is withholding 594 pages of documents. On January 25, 2024, our office produced the Second Batch of documents and privilege log to all counsel of record in the Federal Case.

According to the privilege log, the CCPDO is withholding numerous communications between Jose Cruz and APD Monsees on the basis of attorney-client privilege. However, it is clear from the information provided in the privilege log that some of these communications were already produced by the CCPDO with the First Batch of documents. For example, the privilege log states that Bates stamped documents CCPDO000473-476 consist of correspondence from APD Monsees to Jose Cruz, dated October 12 and 16, 2006. In the First Batch of documents, the CCPDO produced letters from APD Monsees to Mr. Cruz from these same dates. Therefore, Bates stamped documents CCPDO000473-476 (which the privilege log states are being withheld on the basis of attorney-client privilege) were already produced with the First Batch of documents.

141 W. Jackson Blvd.,
Suite 1240A,
Chicago, IL 60604
(630) 735-3300
(630) 773-0980 Fax

www.jsotoslaw.com



Law Office of the Cook County Public Defender
March 4, 2024
Page 2

Our office has also already produced these documents to all counsel of record in the Federal Case. To date, Mr. Cruz's counsel has not raised any objection to the production of these purportedly privileged documents. Since the CCPDO has already produced communications between Mr. Cruz and APD Monsees, and these communications have already been produced to all counsel of record in the Federal Case without objection from Mr. Cruz's counsel, we respectfully request that the CCPDO produce the remaining documents that it is withholding on this basis.

More importantly, Mr. Cruz has already waived any attorney-client privilege that existed between him and APD Monsees. On or about December 12, 2006, Mr. Cruz filed a "Motion Requesting Leave to File and Containing Petitioner's Pro-Se Supplemental Post-Conviction Petition, and Requesting to Defend Myself Pro-Se" in the Circuit Court of Cook County. (Motion attached as Exhibit A). In Mr. Cruz's pro se motion, he stated, in relevant part:

> Petitioner has been corresponding back and forth through letters with appointed counsel [APD Monsees]. During the course of these correspondences, petitioner brought to the attention of counsel that he believes that he has suffered a violation of state statute 725 ILCS 5/109-3.1 and wanted counsel to file this issue on his behalf in the pending post-conviction petition. (see Exhibits #Ac attached hereto). Petitioner was informed by counsel in a letter from her dated October 19, 2006, that the Judge (Lacy) "…denied our request to file your supplemental pro se petition. He did, however, hold out hope of accepting it if you were to request to discharge counsel and proceed pro se – and, If I understood him correctly, even if you were to request representation by different counsel. Though in the second instance he most likely contemplated a situation which other counsel were to adopt your argument."

Cruz Pro Se Motion, Ex. A, pp. 1-2. Mr. Cruz attached six separate letters from APD Monsees to Mr. Cruz to his pro se motion. (Ex. A, pp. 4-9).

"The attorney-client privilege belongs to the client, rather than the attorney, although the attorney asserts the privilege on behalf of the client." *Center Partners, Ltd. v. Growth Head GP, LLC*, 2012 IL 113107, ¶ 35. "Only the client may waive the privilege." *Id*. "[G]enerally, a client waives an attorney-client privilege if it discloses privileged information to a third party." *Shelby v. O'Dea*, 2017 IL App (1st) 151572, ¶ 34. "The attorney-client privilege, like most privileges, may be waived by the client when he voluntarily testifies to the privileged matter." *Profit Management Development, Inc. v. Jacobson, Brandwick & Anderson, Ltd*., 309 Ill. App. 3d 289, 299 (2nd Dist. 1999). "Any disclosure by the client is inherently inconsistent with the policy behind the privilege of facilitating a confidential attorney-client relationship and therefore, must result in a waiver of the privilege." *Id*.

As the client, Mr. Cruz was the holder of the privilege, and he had the ability to waive it. Mr. Cruz put confidential attorney-client communications in the body of a motion that he publicly filed with the court. Mr. Cruz also attached confidential correspondence from APD Monsees



Law Office of the Cook County Public Defender
March 4, 2024
Page 3

to Mr. Cruz as exhibits to his publicly filed motion. By publicly filing these confidential attorney-client communications, Mr. Cruz waived any attorney-client privilege that existed between Mr. Cruz and APD Monsees. Thus, we respectfully request that the CCPDO produce any and all communications between Mr. Cruz and APD Monsees, as any claim of attorney-client privilege has been waived.

Additionally, the privilege log reflects that the CCPDO is withholding numerous communications between CCPDO investigators and assistant public defenders on the basis of the work product doctrine. The privilege log also reflects that the CCPDO is withholding memoranda drafted by CCPDO investigators on the basis of work product doctrine. For example, the privilege log states that the Bates stamped document CCPDO000022 consists of "[n]otes regarding investigation of case" from Investigator Mary Clements to APD Andrea Monsees.

We respectfully request that the CCPDO provide more information regarding the basis for asserting the work product privilege over these documents. It is highly likely that these documents contain facts that are not attorney work product. Furthermore, the Cook County State's Attorney's Office ("CCSAO") regularly produces memoranda drafted by their investigators and communications between their investigators and assistant state's attorneys. In fact, the CCSAO is required to produce such materials to criminal defendants pursuant to their obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). At the very least, the CCPDO should be able to produce redacted versions of these documents.

According to the privilege log, the CCPDO is also asserting the work product privilege over an "Unfiled affidavit regarding research of police misconduct" by Thomas Streed, Ph.D. (CCPDO000055-74 and CCPDO000595-615). We respectfully request that the CCPDO provide more information regarding the basis for asserting the work product privilege over these documents.

In the Federal Case, the parties currently have a fact discovery cutoff date of June 14, 2024. The deadline for discovery motions directed at third party subpoena recipients is 5 p.m. on March 14, 2024. In light of this tight discovery schedule, I would like to discuss these matters by end of the day on Thursday, March 7th. Please let me know your availability.

I hope we can resolve these issues amicably without the courts' intervention. Thank you for your consideration to this matter. I look forward to speaking with you.

       Very truly yours,

       THE SOTOS LAW FIRM, P.C.

       Jeffrey C. Grossich



Law Office of the Cook County Public Defender
March 4, 2024
Page 4

JCG/eal

cc:     All counsel of record

Enclosure

*Cruz v. Guevara, et al.*
Case No.: 23 CV 4268

# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-CRIMINAL DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | No. 93 CR 25151 |
|     Plaintiff-Respondent, | ) | |
| | ) | Collateral Relief |
| vs. | ) | |
| | ) | The Honorable |
| JOSE CRUZ, | ) | William Lacy |
|     Defendant-Petitioner, | ) | Presiding on Post-conviction |

## MOTION

REQUESTING LEAVE TO FILE AND CONTAINING PETITIONER'S PRO-SE SUPPLEMENTAL POST-CONVICTION PETITION, AND REQUEST TO DEFEND MYSELF PRO-SE.

NOW COMES, petitioner Jose Cruz, pro-se, and respectfully requests leave to file the attached supplemental petition seeking post-conviction relief, and to defend himself pro-se, in support whereof petitioner states as follows:

1. That petitioner currently has a post-conviction petition pending in this court, on which attorney Andrea Monsees has been appointed to represent petitioner.

2. Petitioner has been corresponding back and forth through letters with appointed counsel. During the course of these correspondances, petitioner brought to the attention of counsel that he beleives that he has suffered a violation of state statute 725 ILCS 5/109-3.1.; and wanted counsel to file this issue on his behalf in the pending post-conviction petition. (see Exhibits #Ac attached hereto)

3. Petitioner was informed by counsel in a letter from her dated October 19, 2006, that the Judge (Lacy) "...denied our request to file your supplemental pro se petition. He did, however, hold out hope of accepting it if you were to request to discharge counsel and

proceed pro se - - and, if I understood him correctly, even if you were to request representation by different counsel. Though in the second instance he most likely contemplated a situation in which other counsel were to adopt your argument." (Exhibit #A)

4. Petitioner has attached to this motion a copy of the issue that he wants added to the record in the currentlt pending proceeings. Petitioner wants current counsel to supplement this issue to the record and argue it before the court on petitioner's behalf along with the other pending issues, however, if the court will not allow the issue to be filed and considered while petitioner is represented by attorney Andrea Monsees, petitioner has no choice but the request leave to defend himself pro se in accord with his Sixth Amendment right to do so. Thus, if the court is of the position as relayed to petitioner in the attached letter from her, petitioner at this time request to go pro se.

5. Petitioner request that the issues already filed by attorney Monsees in this matter be incorporated into, and made apart of the single issue being presented to the court now. Petitioner is not in any way withdrawing the issues that are already apart of the record. Petitioner only seeks to add the attached issue to the record to be ruled on by this court.

6. Alternatively, petitioner request the appointment of new counsel who can add this single issue to the record if this court will allow. Because petitioner is not familiar with the law or the post-conviction process. Someone else typed up the issue petitioner seeks to add to the record. Petitioner needs counsel to represent him in this matter. However, if this court will only allow the issue to be filed if it is filed pro se, petitioner then desires to go pro se in order to file said issue and protect his rights in this area.

7. If this court grants petitioner's request to defend himself pro se, petitioner further request to be brought to court to be present on status dates. Stateville has a specific writ team that takes writs to court every day. It wouldn't be any inconvience for petitioner to be writed in for each court date then returned to Stateville.

Wherefore, petitioner respectfully request that this honorable court grant the relief sought herein.

_____
Jose Cruz

SUBCRIBED AND SWORN TO BEFORE ME
THIS THE 12th DAY OF December 2006.

_____
NOTARY PUBLIC.

"OFFICIAL SEAL"
Phyllis Baker
Notary Public, State of Illinois
My Commission Exp. 01/21/2007



Law Office of the
## COOK COUNTY PUBLIC DEFENDER
69 W. WASHINGTON • 15TH FLOOR • CHICAGO, IL 60602 • (312) 603-0600

Edwin A. Burnette • Public Defender

May 31, 2006

Mr. Jose Cruz
B 73735
Route 53
P.O. Box 112
Joliet, IL 69434

                    Re: *People v. Jose Cruz*
                          93 CR 25151
                          Request for Collateral Relief
                          Hon. William Lacy, Judge Presiding

Dear Mr. Cruz:

      Thank you for your letter approving of the supplemental petition we filed and asking about the effect of 725 ILCS 5/109-3.1 on your case. I began some research, and my first impression was that it would not assist you - - I won't bore you with the reasons. But then I gave it some more thought, and decided that additional research is in order. I hope to complete the research in the next week or so, and whether it bears good fruit. [*will let you know*]

      I'll keep you advised.

Sincerely,

Andrea Monsees
Assistant Public Defender

pc: H. Winston, LRD Supervisor

SDT- CCPDO 000762



Law Office of the
## COOK COUNTY PUBLIC DEFENDER
69 W. WASHINGTON • 15TH FLOOR • CHICAGO, IL 60602 • (312) 603-0600

**Edwin A. Burnette • Public Defender**

9/29/06

September 22, 2006

Mr. Jose Cruz
B-73735
P.O. Box 112
Joliet, IL 60434

                Re: *People v. Cruz*
                     93 CR 25151
                     Collateral relief request

Dear Mr. Cruz:

    This is to acknowledge your undated letter, received September 18, 2006. As for my reasons for not filing a supplemental based on 725 ILCS 5/109-3.1, they are in my letter of August 22, 2006.

    I will file your materials as a supplemental, along with a motion requesting leave to file it. And I will keep you advised.

    One additional point. Please send me the names, addresses and phone numbers of three Chicago-based friends/relatives who you think might be willing to help. Keep it to 3 and make it mature and responsible (very honest) adults. We're not doing very well locating your alleged witnesses.

Sincerely,

Andrea Monsees
Assistant Public Defender

pc H. Winston, LRD Supervisor

SDT- CCPDO   000763



Law Office of the
**COOK COUNTY PUBLIC DEFENDER**

69 W. WASHINGTON • 15TH FLOOR • CHICAGO, IL 60602 • (312) 603-0600


8/24/06

Edwin A. Burnette • Public Defender

August 22, 2006

Mr. Jose Cruz
B-73735
P.O. Box 112
Joliet, IL 60434

                              Re: *People v. Cruz*
                                     93 CR 25151
                                   Collateral relief request

Dear Mr. Cruz:

    After carefully reviewing your question about relief for a violation of 725 ILCS 5/109-3.1, I regret to inform you that I do not believe it offers an avenue of relief. There are a number of reasons for this -- some of them provide for interesting legal analysis. But, I will stick with the most direct one. According to the Circuit Court Clerk's records you were given a preliminary examination and the court found probable cause on the day after your arrest. So it looks like you received the preliminary examination that the statute requires.

    Enclosed is a copy of the Circuit Court Clerk's printout showing that you received that hearing in case number 93114315401. As you can see, this tracks the number 93-143154 that is on the copy of the "Information Indictment Return Sheet" you sent me. Page two shows that your indictment (93 CO251511) took over this case -- where it says "SUPERCEDED BY DIRECT INDICTMENT."

    Now, as promised, I have prepared the text of a *pro se* petition for you on this issue, and it is enclosed. You will have to fill in the blanks with your own handwriting. If you decide to file it, have it notarized before mailing it back to me. There is also a cover sheet with directions to me. This tells me either to file the supplemental or not file it. Review them and return them to me as soon as possible in the enclosed stamped, self-addressed envelope.

Sincerely,

Andrea Monsees
Assistant Public Defender

encls: -- client copies information indictment return sheet and indictmetn
       -- printout copy 93114315401
       -- pro se text
       -- directions to counsel
pc H. Winston, LRD Supervisor



Law Office of the
## COOK COUNTY PUBLIC DEFENDER
69 W. WASHINGTON • 15TH FLOOR • CHICAGO, IL 60602 • (312) 603-0600

Edwin A. Burnette • Public Defender

Ex # A
11/15/06

November 13, 2006

Mr. Jose Cruz
B-73735
P.O. Box 112
Joliet, IL 60434

        Re: *People v. Cruz*
           93 CR 25151
           Collateral relief request - - Judge Lacy
           Next Court Date: January 11, 2006

Dear Mr. Cruz:

  Thank you for your letter inquiring about the Judge's authority to deny our request to file your supplemental pro se petition. The short answer is that His Honor has discretion. And, should we lose at this stage, his exercise of that discretion would be something to look at on appeal.

  As for how this differed from the supplemental petition filed earlier - - that was not *pro se*. I should be speaking with the new "Jesus Rodriguez"'s attorney this week. And, I'll let you know how that stands.

  As for our attempt to get a transcript of your preliminary examination, our docketing supervisor is double-checking. And I will let you know how that is going.

  I am sorry you do not have family members who might assist me in my search for the two men you seek. We'll just have to soldier on.

  Naturally, I will keep you advised as matters develop.

Sincerely,

Andrea Monsees
Assistant Public Defender


pc H. Winston, LRD Supervisor

7

SDT- CCPDO  000765



Law Office of the
**COOK COUNTY PUBLIC DEFENDER**     In my hand 10/24/06
69 W. WASHINGTON • 15TH FLOOR • CHICAGO, IL 60602 • (312) 603-0600

Edwin A. Burnette • Public Defender

October 19, 2006

Mr. Jose Cruz
B-73735
P.O.Box 112
Joliet, IL 60434

                Re:   *People v. Cruz*
                      93 CR 25151
                      Collateral relief request - - Judge Lacy
                      Next Court Date: January 11, 2006

Dear Mr. Cruz:

    This is to advise you that, as we expected, today Judge Lacy denied our request to file your supplemental pro se petition. He did, however, hold our the hope of accepting it if you were to request to discharge counsel and proceed *pro se* - - and, if I understood him correctly, even if you were to request representation by different counsel. Though in the second instance he most likely contemplated a situation in which other counsel were to adopt your arguments.

    I did speak with this new "Jesus Rodriguez"'s attorney. And, from what little he said it does not look to be our man from the lockup. But his attorney agreed to ask him more questions to establish a time time frame for his own earlier involvement in a murder case. This should tell us whether we can rule him out completely or whether we should ask more questions.

    As for our attempt to get a transcript of your preliminary examination, that has not worked out so well. Yesterday I received a note from our docketing supervisor that suggests there was no court reporter assigned to that courtroom on that date. I am asking her to double-check.

    I have not received any letter from you suggesting family members who might assist me in my search for the two men you seek. If you are going to provide this resorce, please do it by the end of this month.

    Naturally, I will keep you advised as matters develop.

Sincerely,

Andrea Monsees
Assistant Public Defender


pc  H.Winston, LRD Supervisor

SDT- CCPDO   000766



Law Office of the
## COOK COUNTY PUBLIC DEFENDER
69 W. WASHINGTON • 15TH FLOOR • CHICAGO, IL 60602 • (312) 603-0600

Edwin A. Burnette • Public Defender

October 12, 2006

Mr. Jose Cruz
B-73735
P.O. Box 112
Joliet, IL 60434

              Re: *People v. Cruz*
                  93 CR 25151
                  Collateral relief request - - Judge Lacy
                  Next Court Date:    October 19, 2006

Dear Mr. Cruz:

    This is to advise you that our next court date is October 19, 2006. Today the motion requesting leave to file your pro se supplemental petition was filed. On the next date we expect the State to request that the motion be stricken. And we expect Judge Lacy to grant that motion. But you wlil have your copy, and the transcripts, to show that you wanted to make this argument. A copy of the motion, with your requested supplemental petition attached is enclosed.

    I have not heard from you concerning my request that you refer me to some family members who might "hit the streets" with me to see if we can come up with anything. Let me know about this in the next 7-10 days.

Sincerely,

Andrea Monsees
Assistant Public Defender


encl:   motion requesting leave to file attached pro se supplemental petition


pc   H. Winston, LRD Supervisor

SDT- CCPDO   000767