## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSE CRUZ, | ) | |
| | ) | Case No. 23-cv-4268 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Daniel |
| v. | ) | Magistrate Judge Fuentes |
| | ) | |
| FORMER DETECTIVE REYNALDO | ) | |
| GUEVARA, et al, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## MOTION TO COMPEL COOK COUNTY STATE'S
## ATTORNEY'S OFFICE TO COMPLY WITH SUBPOENA

Defendants Stephen Gawrys, Robert Rutherford, Anthony Riccio, Edward Mingey, Anthony Wojcik, Robert Boris, and Geri Lynn Yanow as special representative for Ernest Halvorsen, deceased ("Officer Defendants"), through their attorneys, The Sotos Law Firm, move this Court to enter an order compelling subpoena respondent Cook County State's Attorney's Office (CCSAO) to comply with Officer Defendants' record subpoena, and state as follows:

### INTRODUCTION

Plaintiff alleges that he was wrongfully prosecuted and convicted for the 1993 murder of Antwane Douglas and the attempted murder of Vernon Meadors. (Dkt. 44, Am. Compl., ¶ 1.) On July 11, 2022, Plaintiff's conviction was vacated, and the charges against him were dropped. (*Id.*, ¶ 8.) On July 4, 2023, Plaintiff filed the instant lawsuit against the Officer Defendants, the City of Chicago, Assistant State's Attorney Edward Maloney and Cook County. (*See generally Id.*) On August 9, 2023, Plaintiff was granted a Certificate of Innocence (COI). (*Id.*, ¶ 8.)

Plaintiff alleges *inter alia* that Defendants maliciously prosecuted him, and fabricated and withheld exculpatory evidence in violation of his due process right to a fair trial, leading to his

wrongful conviction. (*Id.*, ¶¶ 12, 176–241.) To defend against Plaintiff's claims, Officer Defendants issued a subpoena to the CCSAO on September 8, 2023, seeking a copy of the prosecution file from the underlying criminal case, including all Felony Review Unit documents, case logs including "bluebacks," and documents related to the post-conviction proceedings, and seeking a copy of the Conviction Integruity Unit files. (Ex. A, CCSAO Subpoena.)

Four months later, on January 12, 2024, the CCSAO produced the first batch of requested documents and notified Officer Defendants they were asserting various privileges over the requested documents by way of a three-page privilege log ("Privilege Log 1"). (Ex. B, CCSAO Privilege Log 1.) On January 22, 2024, counsel for Officer Defendants requested a corrected privilege log, explaining that the CCSAO had failed to provide information necessary to support its privilege designations or to enable Officer Defendants to assess whether the privileges were appropriately invoked and if the production was complete. (Group Ex. C, Communications between Officer Defendants' counsel and CCSAO, p. 2.) For example, the privilege log identifies Bates-stamped document SDT-CCSASO 239 as "ASA Notes," and asserts it is redacted under the deliberative process privilege. (Ex. B at p. 2.) However, the entire document is redacted, and the privilege log provides no information to determine what the document is or whether the privilege was properly invoked. Nonetheless, the same day, the CCSAO responded that it would not amend the privilege log to provide any additional information. (Group Ex. C, p.3.) On January 30, 2024, the CCSAO produced another set of responsive documents with its own privilege log. (Ex. D, CCSAO Privilege Log 2 ("Privilege Log 2").)

That same day, January 30, Officer Defendants emailed CCSAO explaining again the privilege logs were inadequate and again requested amended privilege logs pursuant to Rule 26. (Ex. C, p.4.) On February 6, 2024 CCSAO sent an amended privilege log for the first set

documents it had produced. (Ex. E, CCSAO Amended Privilege Log 1.) ASA Hallet advised:

"This is as detailed as the law allows us to get." (Ex. C, p. 7.) However, this amended Privilege

Log 1 did not provide any new or clarifying details regarding the documents in order to support

the privilege claims. To date, Privilege Log 2 has not been amended.

Counsel for Officer Defendants has conferred with counsel for the CCSAO several times

and made multiple requests for the CCSAO to reconsider its position to avoid motion practice,

but the CCSAO stands on its position that the details contained within both privilege logs are

adequate. In addition, the CCSAO has indicated that additional documents are forthcoming, but

those documents are being copied by an outside entity. After the copying is completed, the

CCSAO will then provide the records to ASA Hallet for privilege review and redaction. ASA

Hallet has stated that he is unable to determine when that production will be made. (Ex. C, p.

14.) Given the current impasse on the sufficiency of the privilege logs, it is anticipated that the

same issues will arise with respect to the yet to be disclosed documents.

The CCSAO has not provided complete production of records in response to the

subpoena. In addition, both privilege logs lack the information required under Fed. R. Civ. Proc.

26(b)(5) as well as pertinent details necessary to establish that the CCSAO has properly invoked

a privilege over the records, and further prevents Defendants from assessing those claims. This

Court should compel the CCSAO to produce all records responsive to the subpoena and privilege

logs which conform with the requirements of Rule 26(b)(5).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 45 permits a party to issue a subpoena directing a non-

party to "produce designated documents, electronically stored information, or tangible things in

3

that person's possession." Fed. R. Civ. P. 45(a)(1)(A)(iii). "[T]hrough a Rule 45 subpoena, parties may seek discovery 'regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Trustees of the Chicago Regional Council of Carpenters Pension Fund v. Drive Construction, Inc*., 2023 WL 9315453, \*2 (N.D. Ill. May 8, 2023) (quoting Fed. R. Civ. P. 26(b)(1)). If the party served with the subpoena fails to comply, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

## ARGUMENT

I. **The CCSAO's Privilege Logs Are Insufficient**

If a subpoenaed non-party is "withholding subpoenaed information under a claim that it is privileged," then the non-party *must* (1) "expressly make the claim" and (2) "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45 (e)(2)(A)(i)–(ii); *see also Young v. City of Chicago.*, 2017 WL 25170, \*6 (N.D. Ill. Jan. 3, 2017) ("Rule 45(e) specifies additional requirements when a person withholds subpoenaed material based on a claim of privilege or work-product protection, including a requirement that the person expressly make the claim…and prepare a privilege log." (citations and quotations omitted)). In this District, courts require "that a privilege log identify 'for *each* separate document the following information: the date, the author and all recipients, along with their capacities, the subject matter of the document, the purpose for its production and a specific explanation of why the document is privileged.'" *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 218 (N.D. Ill. 2013) (providing string cite of supporting authority) (emphasis in original).

Rule 45 gives a "subpoenaed nonparty responding to discovery a choice: prepare an adequate privilege log or risk an order compelling disclosure of the allegedly privileged material." *Young*, 2017 WL 25170 at *6; *see also Mosley v. City of Chicago*, 252 F.R.D. 445, 449 n.5 (N.D. Ill. 2008) (rejecting respondent's excuse for failing to provide a privilege log); *Schaeffer v. City of Chicago*, No. 19 C 7711, 2020 WL 7395216, at *1, n.1 (N.D. Ill. Aug. 12, 2020) (collecting cases that hold "if any party or non-party submits a privilege log that does not comply with applicable law, then the failure to provide a proper privilege log may result in waiver.").

It has long been held that "[t]he party seeking to invoke the privilege has the burden of establishing all of its essential elements" and "a blanket claim of privilege is unacceptable." *U.S. v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983) (citing *U.S. v. First State Bank*, 691 F.2d 332, 335 (7th Cir. 1982)). Indeed, Magistrate Judge Finnegan recently rebuked litigants for asserting "a blanket privilege" because it "is insufficient to establish that documents are privileged…much less to allow the opposing party or the Court to analyze the claim." *BCSM, Inc. v. Walgreen Co.*, No. 20 C 01853, 2023 WL 3737724, at *8 (N.D. Ill. May 31, 2023).

As indicated on its privilege logs, the CCSAO invokes numerous bases for withholding and/or redacting documents including the work product and deliberative process privileges. (Ex. E.) However, the logs do not adequately describe the nature of the documents. For example, many documents are described merely as "ASA Notes" (Ex. E) and invoke both the work product and deliberative process privileges without any further description to provide any context. There should be more specific descriptors, such as "trial notes of Assistant State's Attorney [Name]," "ASA [Name] notes of conversation with investigating officer [NAME]"—

each according different treatment for purposes of production. It also is not clear if these documents are protecting facts or protecting opinions.

In addition, both CCSAO privilege logs list numerous reasons for withholding and/or redacting large swaths of records but do not indicate which reason applies to each. As such, Officer Defendants are unable to determine whether those documents are being withheld and/or redacted based on a privilege or some other reason. For example, one entry in amended Privilege Log 1 (Ex. E) addresses 200 pages of documents (Bates-stamped CCSAO 240-447), stating there is redaction and/or withholding of "DOBs, Addresses, Telephone Numbers, SSNs, Biographic Data, ASA Notes" based on three different privileges: "Personal Identity Information, Attorney Work Product, Deliberative Process." (Ex. E). The privileges are not allocated to specific redactions within the 200-page document group and four of the pages are redacted entirely (Bates-stamped CCSAO 440-444), leaving Officer Defendants unable to know the basis for the redactions or which of the three privileges applies to each redaction. Without the descriptions delineated under Fed. R. Civ. Proc. 26(b)(5), the CCSAO cannot support its privilege designations and Officer Defendants are unable to assess the propriety of its assertions. Moreover, on information and belief, almost the entirety of the CCSAO's second batch of documents is reproduction of exhibits attached to Plaintiff Cruz's publicly filed petitions for post-conviction relief (Bates stamped CCSAO 1102-4439). Accordingly, no redactions or withholding is warranted.

The CCSAO also identifies certain documents withheld under the Juvenile Court Act (Ex. E, p. 4.), but the logs provide no description of those documents to determine what records are being withheld. (*Id.*) Plaintiff Cruz was not a juvenile during the time of his arrest and prosecution, so the privilege cannot be related to him. The records likely relate to the juvenile

6

victim or a juvenile witness who provided a written statement to police and/or an assigned Assistant State's Attorney, but this is speculation because the logs do not describe the records with sufficient information to properly assess the basis for withholding and whether it is appropriately designated for withholding since the prosecution of Cruz was not a juvenile proceeding.

The CCSAO privilege logs are plainly insufficient under Rule 26(b)(5) and its blanket assertions of privilege are unacceptable.

## II. Work Product Privilege Does Not Apply

The privilege log reflects that the CCSAO is withholding numerous documents on the basis of the work product doctrine (Ex. E.)  However, as a non-party, the CCSAO cannot assert a claim of work product privilege.

An instructive case is *Walls v. Vaselli*, 2022 WL 1004248, *1 (N.D. Ill. Apr. 4, 2022), where plaintiff alleged that defendant officers beat him while responding to a 911 call and conspired to cover up the beating by fabricating evidence and police reports which caused him to be charged with felony aggravated battery to a police officer. *Id.* After charges were dropped, he sued for excessive force, conspiracy, deprivation of liberty and malicious prosecution. *Id.*

During the litigation, the plaintiff subpoenaed the CCSAO for its criminal prosecution file. *Id.* The CCSAO produced some documents, but withheld others on the basis of the work product and deliberative process privileges. *Id.* at *2. With regard to work product, the court found:

> [Plaintiff] argues that the CCSAO may not claim work product protection over the redacted notes because it is not a party to this case. The Court agrees. Rule 26(b)(3) governs application of the work product doctrine in civil litigation and states: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" absent a showing of "substantial need" and an inability to obtain

7

equivalent materials by other means. Id. By its own terms, "the rule limits protection to one who is a party (or a party's representative) to the litigation in which discovery is sought." *Hawkins v. S. Plains Int'l Trucks, Inc.*, 139 F.R.D. 682, 684 (D. Colo. 1991). This court and many others have held that non-parties may not invoke the work product doctrine to withhold documents sought via Rule 45 subpoena. *See, e.g.*, *Hill v. City of Chicago*, 2015 WL 12844948, *2 (N.D. Ill. May 28, 2015) (collecting cases).

*Walls*, 2022 WL 1004248 at *2-3.

*Walls* is directly on point. The CCSAO is not a party to this case and, thus, cannot invoke the work product doctrine to withhold documents sought by a Rule 45 subpoena.

In addition, a party who can show a "substantial need," may obtain documents that qualify as work product privileged. Fed. R. Civ. P. 26(b)(3)(A-B). In this case, Plaintiff is suing Defendants for his alleged wrongful prosecution and conviction. To defend against his claims that Officer Defendants and a former felony review assistant state's attorney fabricated and withheld exculpatory evidence from Plaintiff (Am. Compl., Dkt. 44, ¶¶ 176–241). Plaintiff is likely to seek tens of millions of dollars in damages. Defendants have a substantial need for CCSAO documents that inform the critical question of what the CCSAO possessed and what was tendered to Cruz's defense counsel.

Illustrative on this issue, Magistrate Judge Kim recently held in a reversed-conviction case, that the CCSAO, which had prosecuted the underlying criminal case, could not invoke the work product privilege, "'because the CCSAO is not an adversarial party in this case and the criminal matter has long since resolved, [and as a result], the purposes of work product protection ... are not of significant concern.'" *Williams v. City of Chicago*, No. 22 CV 3773, 2023 WL 6213716 (N.D. Ill. Sept. 25, 2023), *quoting, Walls*, 2022 WL 1004248, at *2), *citing Hobley v. Burge* 433 F.3d 946, 949 (7th Cir. 2006). This Court should similarly follow Magistrate Judge Kim's refusal "to stray from the clear line of cases holding that 'the work product doctrine does

8

not protect a prosecutor's files in a subsequent, related civil action.'" *Id. quoting Hill v. City of Chicago*, No. 13 CV 4847, 2015 WL 12844948, at *2 (N.D. Ill. May 28, 2015).

Because the CCSAO cannot maintain work product privilege as a non-party and alternatively Defendants have a substantial need for the records that overcomes any privilege, the Court should reject the CCSAO"s assertion of the work product privilege.

### III. Deliberate Process Privilege Burden Has Not Been Met

This Court should similarly reject the CCSAO's blanket assertion of deliberative process privilege. As discussed above, another magistrate judge in this district recently rebuked litigants for asserting "a blanket privilege" because it "is insufficient to establish that documents are privileged…much less to allow the opposing party or the Court to analyze the claim." *BCSM, Inc. v. Walgreen Co.*, 2023 WL 3737724, at *8.

To assert the deliberative process privilege, the CCSAO must first make a *prima facie* showing that the privilege applies. *Ferrell v. United States Dep't of Housing and Urban Dev.*, 177 F.R.D. 425, 428 (N.D. Ill. 1998). To satisfy this burden three things must happen: (1) the department head with control over the matter must make a formal claim of privilege, after personal consideration of the issues; (2) the responsible official must demonstrate, typically by affidavit, precise and certain reasons for preserving the confidentiality of the information sought; and (3) the official must specifically identify and describe the protected information. *Id*. If the threshold showing is satisfied, the burden shifts to Defendants to demonstrate a "particularized need" for the documents. *United States* v. *Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993).

In the instant case, the CCSAO has not satisfied even one of these requirements. Instead, it merely asserts a general blanket privilege of documents described merely as "ASA Notes" withheld or redacted under "Attorney Work Product, Deliberative Process" (Ex. E,) leaving

Defendants with no way to analyze what is being withheld and whether the privilege is properly invoked. *See U.S. v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983) (citing *U.S. v. First State Bank*, 691 F.2d 332, 335 (7th Cir. 1982)). Further, objective facts, as opposed to opinions and recommendations, generally are not protected by the deliberative process privilege. *Saunders v. City of Chicago*, 2015 WL 4765424, at *10 (N.D. Ill. Aug. 12, 2015).

CCSAO has not even attempted to meet its burden to show that any of the claimed documents are protected by the deliberate process privilege by merely invoking deliberative process privilege for "ASA Notes" (Ex. E) without any further description to provide any context. Indeed, its privilege logs do not provide a formal declaration of the privilege by the department head with control over the matter, or an attestation identifying the precise and certain reasons for preserving the confidentiality of the information sought, or describe the protected information. (Ex. E.) The CCSAO assertion of deliberative process privilege wholly lacks the information and specificity required to meet the foundational requirements to claim such a privilege. *See Evans v. City of Chicago*, 231 F.R.D. 302 (2005) (finding that governmental agency failed to make a *prima facie* showing to support deliberative process privilege where it failed to submit an affidavit by a person in control of the documents and with personal knowledge of the reasons for asserting the privilege and there were no precise and certain reasons for assertion of the privilege).

In addition, the CCSAO has not met the requirements imposed by Fed. R. Civ. P. 26(b)(5), which obligates the CCSAO to "describe the nature of the documents…and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim [of privilege]. Fed. R. Civ. Proc. 26(b)(5). Instead, the privilege logs here lack any information whatsoever beyond "ASA Notes." (Ex. E.) In similar situations, courts in this

District have required the CCSAO to produce records for *in camera* inspection or ordered

production of records when it improperly invoked privilege. *See Walls v. Vasselli*, No. 19 CV

06468, 2022 WL 1004248, at *2 (N.D. Ill. April 4, 2022) (court required production of some

privilege-designated records directly and others for *in camera* inspection because privilege log

failed to "describe the nature of the withheld documents in a manner that will enable the parties

to assess the claim"); *see also*, *Hill v. City of Chicago*, No. 13 C 4847, 2015 WL 12844948 (N.D.

Ill. May 28, 2015); *Ostrowski v. Holem*, No. 02 C 50281, 2002 WL 31956039 (N.D. Ill. Jan. 21,

2002) (Court found McHenry County State's Attorney's Office's privilege claims insufficient and

required production of files.)

## IV.    Remaining Production

Discussions among Counsel for Officer Defendants and the CCSAO to resolve issues

pertaining to documents which have neither been produced nor covered by a privilege log are

ongoing. On February 21, 2024, ASA Hallet advised counsel for Officer Defendants that

additional production of records from Plaintiff's post-conviction proceedings and the Conviction

Integrity Unit files was forthcoming.  According to ASA Hallett, those records have been sent to

an outside copy company, after which they will be returned to the CCSAO for privilege review,

and then produced to counsel for Officer Defendants. ASA Hallett was unable to provide a

timeframe for this production. Given the CCSAO's position on the prior privilege logs, however,

counsel for Officer Defendants anticipates similar issues will arise with subsequent productions.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Court compel subpoena

respondent CCSAO to comply with the subpoena by providing a more fulsome privilege log,

production of the remaining outstanding records, and production of the records over which the

CCSAO has improperly asserted privilege and for any other relief this Court deems appropriate.

Dated:  March 18, 2024                          Respectfully submitted,

                                                /s/ Alexis M. Gamboa
                                                ALEXIS M. GAMBOA, Atty. No. 6331348
                                                *Special Assistant Corporation Counsel for*
                                                *Defendants Officers*

James G. Sotos
Josh M. Engquist
Lisa M. Meador
Alexis M. Gamboa
Jeffrey R. Grossich
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd, Suite 1240A
Chicago, IL 60604
P: (630) 735-3300
agamboa@jsotoslaw.com

## CERTIFICATE OF SERVICE

I certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that March 18, 2024, I electronically filed the foregoing **Defendants Motion to Compel Cook County State's Attorney's Office to Comply with Subpoena** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list.

**_Attorneys for Plaintiff_**
Stuart J. Chanen (Stuart@ChanenOlstein.com)
Ariel Olstein (Ariel@ChanenOlstein.com)
CHANEN & OLSTEIN LLP
7373 Lincoln Ave., Suite 100
Lincolnwood, IL 60712
P: 847-469-4669

Jack Samuel Tenenbaum
Northwestern Pritzker School of Law
375 E. Chicago Ave., Suite 411
Chicago, IL 60611
P: 312-503-4808
s-tenenbaum@law.northwestern.edu

**_Attorneys for the City of Chicago_**
Eileen E. Rosen (erosen@rfclaw.com)
Andrew J. Grill (agrill@rfclaw.com)
Austin G. Rahe (arahe@rfclaw.com)
Catherine M. Barber (cbarber@rfclaw.com)
Jessica Zehner (jzehner@rfclaw.com)
Lauren M. Ferrise (lferrise@rfclaw.com)
Theresa B. Carney (tcarney@rfclaw.com)
Rock, Fusco & Connelly
333 West Wacker Drive, 19th Floor
Chicago, IL 60606
P: (312) 494-1000

**_Attorneys for Reynaldo Guevara_**
Steven B. Borkan (Sborkan@borkanscahill.com)
Timothy P. Scahill (tscahill@borkanscahill.com)
Graham P. Miller (gmiller@borkanscahill.com)
Emily E. Schnidt (eschnidt@borkanscahill.com)
Molly Boekeloo (mboekeloo@borkanscahill.com)
Whitney Hutchinson (whutchinson@borkanscahill.com)
Mischa Itchhaporia (mitchhaporia@borkanscahill.com)
Kathryn E. Boyle (kboyle@borkanscahill.com)
Krystal Gonzalez (kgonzalez@borkanscahill.com)

Borkan & Scahill
20 S. Clark Street, Suite 1700
Chicago, IL 60603
P: (312)-580-1030

***Attorneys for Edward Maloney***
William B. Oberts (wboberts@tribler.com)
Kevin C. Kirk (kckirk@tribler.com)
Tribler Orpett and Meyer, P.C.
225 West Washington Street, Suite 2550
Chicago, IL 60606
P: (312) 201-6400

/s/ Alexis M. Gamboa_____
Alexis M. Gamboa, Atty. No. 6331348