IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Jose Cruz, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | No. 23-CV-4268 |
| ) | Hon. Jeremy C. Daniel |
| Reynaldo Guevara, et al., ) | Magistrate Judge Gabriel A. Fuentes |
| ) | |
|       Defendants. ) | |

**THIRD PARTY RESPONDENT COOK COUNTY STATE'S ATTORNEY'S OFFICE'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL**

Third-Party Cook County State's Attorney's Office ("CCSAO" or "Respondent"), by its attorney, Kimberly M. Foxx, State's Attorney of Cook County, through her Assistant State's Attorney, Brian R. Hallett, brings this Response to the Motion to Compel filed by Stephen Gawrys, Robert Rutherford, Anthony Riccio, Edward Mingey, Anthony Wojcik, Robert Boris, and Geri Lynn Yanow (on behalf of Ernest Halvorson, deceased) (collectively "Defendant Officers") with respect to a subpoena that was issued to CCSAO. In support, the Respondent states:

**INTRODUCTION**

Plaintiff Jose Cruz ("Plaintiff") filed a complaint on July 4, 2023, against the Defendant Officers, the City of Chicago, and now-Judge Edward Maloney, alleging Due Process violations, Brady violations, malicious prosecution, and conspiracy. *See* Docket (Dkt. 1). The root of Plaintiff's cause of action stems from his 1996 conviction for the murder of Antwane Alfonso Douglas, a conviction that was overturned by the Cook County Circuit Court in 2022. *Id*.

Without even attempting to meet and confer on these issues, in direct defiance of Federal Rule of Civil Procedure 37.2 and the Local Rules, the Defendant Officers filed the instant motion seeking both documents they are not legally entitled to, and documents that the CCSAO is strictly

forbidden from producing (such as HIPAA-protected medical records and Grand Jury documents) without an appropriate court order. Approximately 50 pages of the nearly 5500 produced by the CCSAO are protected by the deliberate process and mental impressions privileges. The Defendant Officers' counsel has participated in a number of malicious prosecution cases representing the City of Chicago and related officer defendants (collectively "City"), and knows full well the extensive limitations sister courts in the Northern District of Illinois have placed on the City's ability to discover the pre-decisional communications and impressions of the CCSAO and its ASAs. Instead of addressing these issues candidly and cogently, the Defendant Officers have chosen to ignore these rulings as if they did not exist. The CCSAO asks this Court to protect these privileges, just as the other judges in this district have done: *see Arthur Brown v. City of Chicago, et al.*, 18-cv-7064 (N.D. Ill. July 30, 2020), ECF No. 203; *DeLeon-Reyes v. Guevara*, 2021 U.S. Dist. LEXIS 136736, *13-16 (N.D. Ill. July 22, 2021); *Fulton v. City of Chicago, et al.,* No. 17-cv-08696 (N.D. Ill. Dec. 4, 2020), ECF No. 293; *Coleman v. City of Chicago, et al.,* No. 17-cv-00998; *Negron v. Guevara, et al*, 18-cv-2701, (N.D. Ill Sept. 20, 2021) ECF No. 161; *Almodovar v. Guevara, et al*, 18-cv-2341 (N.D. Ill. Sept. 20, 2021), ECF No. 168.[1] We ask that this Court follow suit and deny the motion to compel.

## RELEVANT FACTS

On October 2, 2023, the Defendant Officers served a subpoena on CCSAO seeking records in the possession of CCSAO. A true and accurate copy of this subpoena is attached hereto as Exhibit ("Ex.") 1. CCSAO sent the first batch of the production to counsel for the Defendant Officers on January 12, 2024, after discussing and agreeing with Defendant Officers counsel to

---

[1] In each of these cases, the courts found that the deliberative process privilege applies to the CCSAO, and in most cases limited or significantly limited the information the respective city defendants were entitled to discover.

produce discovery on a rolling basis. The second rolling production occurred on January 30, 2024, and the third and final production was completed on March 19, 2024.

On March 15, 2024, the Defendant Officers filed a motion to release grand jury documents in the Circuit Court of Cook County. *See* Ex. 2. Subsequently, Defendant Officers filed the instant motion to compel against CCSAO on March 18, 2024. *See* Dkt. 135. No Rule 37.2 conference was held and no communications satisfying the Local Rules of the Northern District of Illinois took place prior to the filing, though CCSAO would have been and continues to be willing to meet and confer with counsel.

## ARGUMENT

The CCSAO respectfully requests that Defendants' motion be denied in its entirety for the following reasons: 1) CCSAO properly asserted its privileges in a timely manner; 2) CCSAO is entitled to assert the deliberative process privileges; 3) CCSAO correctly followed the law prohibiting Grand Jury disclosure; 4) Personal Identity Information is redactable for the protection of individuals' privacy; 5) HIPAA protects medical records from release, even for those who are deceased; 6) LEADS data was properly withheld pursuant to Illinois law and CCSAO contracts; and 7) Juvenile records were properly withheld since there was no release by the juvenile courts.

**I.     CCSAO DID NOT WAIVE PRIVILEGE IN THE AGREED UPON EXTENSION OF TIME IN PRODUCING RELEVANT MATERIALS.**

The CCSAO receives hundreds of subpoenas a year, many from the City of C0hicago and its employees related to malicious prosecution cases. In the instant case, the CCSAO fully complied with Rule 45 after receiving the Defendant Officers' subpoena. CCSAO provided an acknowledgement letter immediately following receipt of the subpoena. A true and accurate copy of this letter is attached hereto as Exhibit 3. This letter notified Defendant Officers that CCSAO

3

would be requesting an extension to respond due to the high volume of subpoena requests received and the time it takes to comply with them. As counsel for the Defendant Officers is aware, these extensions are routinely granted by City defendants in other cases.

The Defendant Officers rely on *Young v. City of Chicago* to incorrectly claim that the CCSAO has waived all objections and privileges with respect to the subpoena, including (apparently) objections mandated by law. There is simply no basis for this claim, and *Young* is readily distinguishable. In *Young*, the City did not produce a privilege log for several months in response to a valid subpoena, even after producing discovery. *Id*. The court acknowledged that "[a] finding a waiver of a privilege for procedural violations was "a harsh sanction." *Id*. Such a sanction "may only be imposed where a party displays willfulness, bad faith, or fault." *Young*, at 18, quoting *Am. Nat'l Bank & Trust Co. v. Equitable Life Assur. Soc'y of U.S.*, 406 F.3d 867, 877 (7th Cir. 2005) (quoting *Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir.1997))." The Court found that the City had acted unreasonably in not providing a timely privilege log when it was eventually supplied months later. *Id*.

That is not the case here. There was no delay in the assertion of privilege, it happened as the materials were reviewed and could not be claimed any faster than it was. The CCSAO properly asserted privilege claims and accurately depicted the pages covered by the privileges alongside the production. CCSAO did not purposely delay production as the City was accused of in *Young*. CCSAO was open with the Defendant Officers throughout the production process and engaged in open discourse pertaining to the timing of producing documents. The undersigned held numerous phone conversations with an attorney for the Defendant Officers (including at the undersigned's request) covering these delays, in order to be as open and helpful as possible in achieving full disclosure. The Defendant Officers never raised concerns and stated they were understanding of

4

the delays that CCSAO faced due to technical issues and illnesses in early 2024 that briefly impacted the response. There was no bad faith or purposeful delay of production, and CCSAO did not waive its privileges. CCSAO remains open to amending its privilege logs to add more, as permitted under the law, to the descriptions.

## II. DELIBERATIVE PROCESS IS PROPERLY ASSERTED AND PROTECTS THE INTEGRITY OF CCSAO'S LEGAL PREPARATIONS.

The CCSAO's assertion of the deliberative process privilege in this case is targeted and narrow. In fact, CCSAO has only asserted the privilege on 50 pages out of the nearly 5500 that have been tendered. As such, the Defendant Officers' claims of "blanket" objection are objectively incorrect. As the Defendant Officers know, the CCSAO's deliberative process privilege has been applied to significantly limit the City's discovery of the CCSAO's decision-making. *See DeLeon-Reyes v. Guevara*, 2021 U.S. Dist. LEXIS 136736 (N.D. Ill. July 22, 2021) (granting the CCSAO deliberative process protection with respect to entire topics identified for depositions). Ironically, despite being so significantly limited in the past, the City now cavalierly seeks actual attorney work product/notes, claiming there are entitled to the most basic building blocks of the CCSAO's deliberative process. They are not.

The deliberative process privilege which "protects communications that are part of the decision-making process of a governmental agency." *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993) (citation omitted). The reason is to encourage candid discussion among government agents "[s]ince frank discussion of legal and policy matters is essential to the decision-making process of a governmental agency, communications made prior to and as a part of an agency determination are protected from disclosure." *Id*. The deliberative process privilege "typically does not justify the withholding of purely factual material," but covers "predecisional policy discussions

5

. . . and [] factual matters inextricably intertwined with such discussions[.]" *Enviro Tech Int'l, Inc. v. U.S. E.P.A.*, 371 F.3d 370, 375 (7th Cir. 2004) (citations omitted). In order to qualify for the deliberative process privilege, information must be both predecisional and deliberative. *Id*. (citations omitted).

CCSAO has properly asserted the deliberative process privilege. CCSAO has not applied this privilege in a blanket manner and has used it narrowly to withhold an extremely small portions of core attorney information as is outlined in each privilege log. To assert the deliberative process privilege, the CCSAO must establish that "(1) the department head with control over the matter must make a formal claim of privilege, after personal consideration of the problem; (2) the responsible official must demonstrate, typically by affidavit, precise and certain reasons for preserving the confidentiality of the documents in question; and (3) the official must specifically identify and describe the documents." *Ferrell v. United States HUD*, 177 F.R.D. 425, 428 (N.D. Ill. 1998). With regard to the identification and description of the documents, the categorization of documents being withheld is permitted. If there are additional documents that don't fit easily into one of the categories, additional information can be added to properly describe the materials. *Id*. If these three elements are satisfied, the privilege is valid and satisfied. *Id*.

Here, CCSAO can meet all three elements of deliberative process to protect privileged documents from release. As to the first and second elements, Assistant States Attorney Lyle Henretty, Chief of the Advice, Business, and Complex Litigation Division of the Civil Actions Bureau, has prepared an affidavit of privilege regarding CCSAO's deliberative process with respect to the documents at issue. ASA Henretty's affidavit is attached hereto as Exhibit 4. This affidavit is thorough and complete in its reasoning as to why CCSAO has claimed privilege over the documents in question. It lays out the many relevant reasons why CCSAO chose to exercise

6

the deliberative process privilege in this case and states that ASA Henretty is the supervisor empowered to make such an assertion on behalf of the CCSAO. As such, the first two elements are satisfied in and through ASA Henretty's affidavit.

As to the third element, it falls on this writing to include specificity as to the documents protected. Only 50 documents out of the 5485 provided as discovery in this matter are covered under the deliberative process privilege. The documents that CCSAO has asserted privilege over fall into four categories, the descriptions of which are permitted under *Ferrell* as adequate for determination of their contents. The first includes ASA handwritten notes from trial that convey the thought process behind the trial. The second are documents that consist of ASA case notes written throughout the actual preparation of the case leading up to trial which convey the thought process behind the way the prosecutor presented the information he had. The third category includes documents that are drafts of trial preparation materials that convey the planning of arguing the State's positions, including internal worksheets. Fourth, there is a multipage internal memo written during preparation for conviction integrity proceedings.

As such, all three elements are met for an assertion of deliberative process, and the Defendant Officers' motion to compel should be denied.

### III.  GRAND JURY MATERIALS WERE PROPERLY WITHHELD DUE TO THE RESTRICTIONS OF LAW.

Grand Juries empaneled in the state of Illinois are protected by the Grand Jury Secrecy Act. The Act provides that "matters other than the deliberations and vote of any grand juror shall not be disclosed by the State's Attorney…". 725 ILCS § 5/112-6(c). The Act further provides that disclosure otherwise prohibited by this Section of matters occurring before the Grand Jury may also be made when the court, preliminary to or in connection with a judicial proceeding, directs

7

such in the interests of justice or when a law so directs. *Id*. The Act also includes criminal penalties for any individual (Grand Juror or Officer of the Court) that improperly discloses matters of the Grand Jury without being in compliance with subsection C of the Act. Id.

Additionally, Grand Jury materials may not be disclosed without a court order from the presiding judge of the criminal division of the Circuit Court of Cook County. *See* 725 ILCS § 5/112-6(c)(3). Due to the statutory limitations the Act places on disclosure, and the potential for personal liability on any individual who makes an improper disclosure, CCSAO does not disclose Grand Jury materials absent a court order.

This process to access Grand Jury materials has long been in place with regard to Cook County Grand Jury proceedings and is well known. Defendant Officers demonstrated they know they must seek Grand Jury materials from the presiding judge of the criminal division because they have already done so in this case. Defendant Officers filed their motion to unseal the privileged Grand Jury materials in the criminal court prior to filing the instant motion. *See* Ex. 5. The motion in the criminal court was heard before the Honorable Erica Reddick on March 21, 2024, just one day before the presentment hearing on the instant motion to compel. Judge Reddick gave CCSAO time to file a written response, after which oral arguments will be held in late April 2024. After this briefing schedule was set, Defendant Officers attempted to leverage ASA Hallett via email to drop CCSAO's objection to release, which ASA Hallett stated CCSAO could not do. The Defendant Officers then brought it before this Court the following day.

As counsel for the Defendant Officers knows, it is the state criminal court, and not the federal district court, that has the authority to release Grand Jury documents. *See* 725 ILCS § 5/112-6(c)(3). CCSAO will of course comply with Judge Reddick's order. However, due to the criminal penalties that CCSAO and its ASAs face should documents be released by any body other

8

than Circuit Court of Cook County, CCSAO cannot release the documents prior to such an order being entered. An order from this Court to release the documents does not absolve CCSAO and its attorneys from criminal liability as the penalty falls under Illinois state law.

Even if this Court disagrees with the CCSAO's legal analysis, we ask that the Court abstain from ruling on the grand jury issue while it is being considered by Judge Reddick pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Federal Courts are required "to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Tobey v. Chibucos*, 890 F.3d 634, 651 (7th Cir. 2018) (cleaned up). In *Tobey*, a petitioner asked the Northern District of Illinois to take action that interfered with an ongoing matter in the state courts of Illinois and Florida both. *Id*. The Seventh Circuit found that the federal court has no place interfering under *Younger* when there are valid remedies in state court pursuant to the ongoing matters. *Id*.

Here, the Defendant Officers are asking this Court to interfere with a motion that is pending in the Illinois state courts. *Younger* bars federal intervention when remedies are available in the state court where proceedings are occurring. The Defendant Officers are seeking recourse in the state court currently and have not been aggrieved in any way by such; in fact, argument has not commenced yet in the proceedings and no ruling has yet been issued by the state court. As this matter is a state matter and any ruling here would interfere with ongoing state matters, *Younger* bars this motion by Defendant Officers.

## IV. CCSAO CORRECTLY REDACTED PERSONAL IDENTITY INFORMATION TO PROTECT THE PRIVACY OF INDIVIDUALS WHO HAVE NOT CONSENTED TO ITS RELEASE

CCSAO has listed personal identity information on its privilege log as the basis for redacting a variety of individuals' personal data, such as telephone numbers, social security

numbers, and more. However, the listing of this information and the redacting is not in itself a privilege that CCSAO is claiming. CCSAO is the custodian of a great deal of personal information that belongs to individuals in our community, including, but not limited to, phone numbers, addresses, social security numbers, dates of birth, and the names of those citizens doing their civic duty as jurors. It is the duty of CCSAO to safeguard the information that has been entrusted to it.

There are various statutes that form a basis for CCSAO withholding personal data to protect individuals in the community it serves. For example, in Illinois, crime victims' information, such as phone numbers and their address(es) are prohibited from being released by statute. *See* 725 ILCS § 120/4. Illinois also has statutory protections for citizens information such as social security numbers, driver's license numbers, medical information, and personal contact information by all custodians of such, not limited just to government agencies. *See* 815 ILCS 530. Through these statutes, the State of Illinois has made safeguarding private information a cornerstone that goes hand in hand with the possession of private personal information. The Defendant Officers have made no effort to show why they need the personal identity information of anyone whose information CCSAO has redacted, or why such a need would trump the privacy interests concerned.

As such, the motion to compel against CCSAO should be denied and the personal information included in these documents should not be released. CCSAO has a duty to protect the privacy of the community it serves and there is no reason to violate that trust in this case.

V. **HIPAA PROTECTS PRIVATE MEDICAL RECORDS WITHIN CCSAO'S POSSESSION FROM DISCOVERY.**

The Health Insurance Portability and Accountability Act, or HIPAA, exists to protect the health records and information of all individuals. The US Government enacted HIPAA as Public

Law 104-191 in 1996. The current federal HIPAA law expressly states that disclosure is limited to the one entity or person that a valid HIPAA waiver permits to gain access to the materials, with such a waiver having been knowingly granted by the individual who is the person to whom the records pertain. 42 C.F.R. § 2.32. The statute further states that the covered individual must authorize any further dissemination of the records, and that the disclosure of the record or testimony that describes the information in the health record is not permitted in any civil proceeding in any federal or state court absent such a waiver.

During the presentment of the Defendant Officers' motion, the question was raised as to whether HIPAA protects health data after death. HIPAA protects the health information of an individual for 50 years after the date of their death. *See* 45 C.F.R. § 160.103, Definition of Protected Health Information. As such, the death of any individual of whom health records are sought are still subject to the necessity of a HIPAA waiver if the person died within the last 50 years. If under applicable law an executor, administrator, or other person has authority to act on behalf of a deceased individual or on behalf of the individual's estate, a covered entity must treat such person as a personal representative under this subchapter, with respect to protected health information relevant to such personal representation. 45 C.F.R. § 164.502(g)(4).

As such, CCSAO cannot disclose protected health information without a court order or a valid HIPAA waiver.

## VI.    LEADS DATA WAS PROPERLY WITHHELD UNDER ILLINOIS AND FEDERAL LAW AS WELL AS CCSAO CONTRACTS.

LEADS data is generated and maintained by the Illinois State Police and is a form of criminal record/background check software. Illinois law provides that "LEADS data shall not be disseminated to any individual or organization that is not legally authorized to have access to the

11

information." 20 Ill. Adm. Code 1240.80. The statutes also provides that the organization receiving access to LEADS must be one which is a criminal justice agency, a police department, or under the control of a criminal justice agency in order to enter into an interagency agreement that authorizes access to the LEADS system. 20 Ill. Adm. Code 1240.30. Federal regulations similarly prohibit the release of criminal history record information that states hold and store. 28 C.F.R. § 20.20. Like the Illinois LEADS statute, federal regulations impose penalties on agencies and individuals that improperly disclose criminal history information. 28 C.F.R. § 20.25.

CCSAO is a criminal justice agency within the meaning of the Illinois LEADS statute and has an agreement with the Illinois State Police within the statute that prohibits the release of any data that is generated by LEADS. Under the LEADS statute and the C.F.R.'s, CCSAO would be subject to penalties including access to the LEADS network, which would severely hamper CCSAO's ability to perform its statutory criminal justice duties. No provision is made that permits the release of the materials.

As such, CCSAO requests that the motion to compel be denied with regard to LEADS data as it cannot be disclosed under the law and CCSAO could suffer severe harms if it is released.

### VII. JUVENILE RECORDS ARE PROPERLY WITHHELD UNDER ILLINOIS LAW.

CCSAO asserted privilege over juvenile records present within the materials responsive to the Defendant Officers' subpoena. These records are prohibited from disclosure under the Juvenile Court Act of 1987. The Act states that "All juvenile court records which have not been expunged are sealed and may never be disclosed to the general public or otherwise made widely available." 705 ILCS § 405/1-8. Similarly, "All juvenile law enforcement records which have not been expunged are confidential and may never be disclosed to the general public or otherwise made

widely available. 705 ILCS § 405/1-7. The release of any juvenile records may only ever happen with the consent of the juvenile court of competent jurisdiction. *Id*; 705 ILCS § 405/1-8. The Act also provides for personal liability for those that disclose without an order from the juvenile court. *Id*.

In the instant matter, there were 39 pages withheld under the Juvenile Court Act. CCSAO cannot disclose anything further under the Act without incurring liability for itself and its attorneys, unless an order from the Juvenile Court within the Circuit Court of Cook County issues an order of release. CCSAO will release these documents if the Juvenile Court so orders, which is the specified remedy under the law.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the Cook County State's Attorney's Office respectfully requests that this Court deny the Defendant Officers' Motion to Compel against the CCSAO.

Respectfully submitted,

Dated March 29, 2024	KIMBERLY M. FOXX
State's Attorney of Cook County

By: */s/ Brian R. Hallett*
Brian R. Hallett
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3187
brian.hallett@cookcountysao.org

13

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 29, 2024, I electronically filed the foregoing document with the Clerk of the Court for Northern District of Illinois, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

                                                                                  */s/ Brian R. Hallett*