UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE CRUZ, | ) | |
| | ) | Case No. 23-cv-4268 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Daniel |
| v. | ) | Magistrate Judge Fuentes |
| | ) | |
| FORMER DETECTIVE REYNALDO | ) | |
| GUEVARA, et al, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**OFFICER DEFENDANTS REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO COMPEL COOK COUNTY STATE'S ATTORNEY'S OFFICE**

Defendants, Stephen Gawrys, Robert Rutherford, Anthony Riccio, Edward Mingey, Anthony Wojcik, Robert Boris, and Geri Lynn Yanow as special representative for Ernest Halvorsen, deceased ("Officer Defendants"), through their attorneys, The Sotos Law Firm, submit their reply to Cook County State's Attorney's Office's ("CCSAO") Response to Defendants Motion to Compel ("Response").

On March 18, 2024, Officer Defendants moved to compel the CCSAO to comply with their document subpoena ("Motion") under Fed. R. Civ. Proc. 45 because its privilege logs failed to identify and describe the nature of the documents withheld and/or redacted to provide sufficient basis to assess whether the privileges were properly invoked under Fed. R. Civ. Proc. 26(b)(5). (Dkt. 135, pp. 4-7.) In addition to the insufficiency of the privilege logs, the Motion explained that the CCSAO's response to the subpoena did not address its inability to assert work product privilege as a third party (*id.*, pp. 7-9) nor did the CCSAO meet its burden to support its deliberative process privilege claims (*id.*, pp. 9-11).

On March 22, 2024, this Court held a hearing on the Motion and pointedly directed the CCSAO to address the insufficiency of its privilege logs which barely identify the records redacted and/or withheld, do not support many of the privileges claimed, and rely on state court statutes rather than federal law. In addition, this Court inquired as to the basis for redacting and/or withholding information when the records can be produced under the Protective Order in place. This Court further suggested that the CCSAO may very well have waived its privileges by virtue of the four-month delay in providing any response to the subpoena. The CCSAO requested time to respond in writing and filed its Response on March 29, 2024. (Dkt. 141.) On April 1, 2024, this Court entered an Order allowing Officer Defendants to file a reply to address the Response. (Dkt. 142.)

The CCSAO Response does nothing to cure the insufficiency of its privilege logs. Instead, it disregards entirely the lack of information set forth in those logs and the absence of any description of the documents redacted and/or withheld. Substantively, the CCSAO still has not met its burden to establish a basis to withhold documents under a deliberative process privilege claim and fails to address in any way that work product privilege does not apply to third parties. Lastly, the CCSAO's months-long delay in producing the records and continued reliance on improper privilege claims in obstruction of the discovery process, even after this Court's specific directives, demonstrate that the claims have been waived.

At bottom, the CCSAO has not met its burden to support any of its privilege claims and its continued failure to address the insufficiencies serves only to thwart the discovery process and spawn an unnecessary waste of attorney and judicial resources. To avoid further expense and delay, this Court should determine that the CCSAO has waived its objections and order

production of the information and documents, or in the alternative order production to this Court for an *in camera* review to determine the propriety of the CCSAO's privilege claims.

I.     **The CCSAO Has Not Cured The Insufficiency of its Privilege Logs**

Since the CCSAO first produced its original privilege log in January 2024, counsel for Officer Defendants has repeatedly requested that it provide missing information necessary to assess its privilege claims as required under Fed. R. Civ. Proc. 26(b)(5). (Motion to Compel, Ex. C.) However, the CCSAO has maintained that its privilege logs were "as detailed as the law allows us to get." (*Id*., Ex. C, p. 7.) And even in the face of this Court's admonition, the CCSAO Response fails to address the fundamental flaw with its privilege claims—a complete lack of identification and description of the documents redacted and/or withheld sufficient to assess whether the privilege claims are properly invoked as required under Fed. R. Civ. Proc. 26(b)(5).

   A.    **The CCSAO fails to assert a proper basis to withhold personal identity information**

Officer Defendants objected to the CCSAO's blanket claims of multiple privileges over large swaths of documents without any indication of what privilege applies to each redaction and/or record withheld. Among those multiple privilege claims was "Personal Identity Information." At the hearing on the Motion to Compel, this Court inquired about the legitimacy of this privilege. The CCSAO Response acknowledges that this claim is not a privilege at all, but now contends that it is prohibited from disclosing victim information per Illinois statute, citing a general reference to 725 ILCS §120/4. (Response, pp. 9-10.) However, this statute does not delineate any such prohibitions. *Id*. In addition, the CCSAO's reliance on 815 ILCS 530 (the Illinois Personal Information Protection Act) (*id*.) is equally misplaced because the law applies to "data collectors" that own or license personal information such as financial institutions and requires notification if a breach occurs rather than address any prohibition on disclosure by the

3

CCSAO in response to a federal subpoena. To be sure, the CCSAO does not identify any federal basis for this claimed privacy privilege. A cursory review of the records for which the redactions were applied indicate that many are made to the Chicago Police Department ("CPD") police reports from the underlying criminal investigation—information that is both relevant and necessary to defend against Plaintiff's allegations here. If this Court finds it necessary, these records can be produced pursuant to the Protective Order in place. (Dkt. No. 111.)

**B. The CCSAO inadequately addresses withholding under HIPAA**

At the motion hearing, this Court further inquired about the withholding of medical information under HIPAA. As counsel for Officer Defendants advised, the CCSAO fails to provide any specificity as to the nature of the documents withheld and does not even identify the individual about whom the documents pertain in order to support the privilege claim. Even if further specificity was provided, the CCSAO has provided no basis to establish that HIPAA prohibits its production of records responsive to a subpoena here. The CCSAO argues under the general misconception that HIPAA prohibits any and all entities from producing medical related records or information without a waiver from the individual. (Response, pp. 10-11.) However, the CCSAO is not a covered entity under HIPAA (*see* 45 C.F.R. §164.104), and even if it were, a subpoena or court order requires compliance (45 C.F.R. §164.512(e)).

Even though the CCSAO privilege log provides no detail about what these records are or to whom they pertain, a review of the surrounding records appears to indicate that the records consist of: 1) Plaintiff's jail intake and bruise sheet (CCSAO 000204-000205), 2) Plaintiff's jail medical records (CCSAO 000206-000211, 000832-000837, 000894-000898), and 3) a one-page response to a subpoena issued in the underlying criminal case for medical records related to witness Pedro Jaramillo for the date of the shooting (CCSAO 000715). If the CCSAO believed a

4

waiver was necessary, it has never proffered that it sought a waiver from either Plaintiff or Jaramillo over the many months the subpoena has been outstanding. Because Plaintiff has put his own medical state at issue here, his intake and jail medical records should be produced. In addition, a single-page subpoena response for Jaramillo's medical records infers that no records were produced, so Officer Defendants request an *in camera* review to assess whether the privilege has been appropriately invoked.

        C.        **The privilege log provides insufficient information for withholding LEADS data**

While the CCSAO's argument pertaining to withholding of LEADS records (Response, pp. 11-12) is responsive to this Court's inquiry during the motion hearing, the fact remains that the privilege logs do not provide sufficient description to assess whether the claim is properly invoked. Instead, the CCSAO appears to claim that it is unable to disclose LEADS records it obtains under any circumstances pursuant to state statute and federal regulations which prohibit disclosure of criminal history information as well as terms under its LEADS contract with the Illinois State Police. (Response, pp. 11-12.) However, the privilege log (and Response) does not indicate whether the LEADS information at issue was obtained through its own data search or if the records were provided to it by the Chicago Police Department ("CPD") as part of the Officer Defendants' underlying criminal investigation. If CPD is the source, it is unclear why the CCSAO cannot produce those records back to the source of that data. In addition, if received from CPD as part of the underlying criminal investigation or if obtained by the CCSAO as part of the underlying criminal prosecution, then those records are relevant and necessary for the probable cause inquiry at issue here and can be produced under the existing Protective Order.

        D.        **The privilege logs lack sufficient detail to assess withheld juvenile records**

Similarly, the CCSAO has withheld documents it vaguely describes as "juvenile records," citing to the Illinois Juvenile Court Act as the basis. As explained in Officer Defendants' Motion to Compel and as discussed at the motion hearing, absent further details regarding what specific documents the CCSAO is classifying as "juvenile records" the Officer Defendants (and this Court) are unable to ascertain if these documents are properly withheld. For example, if the "juvenile records" contain juvenile court file documents, Officer Defendants understand that it would be necessary to petition the juvenile court to release those records. However, the "juvenile records" at issue appear, at least in part, to be CPD reports related to a juvenile victim and/or witness in the underlying criminal investigation which do not warrant any such prohibition on production. Accordingly, Officer Defendants requesting an *in camera* review of these records to determine whether the privilege appropriately applies or order the CCSAO to provide sufficient information to properly assess the CCSAO assertions.

**II.     This Court Has the Authority to Order the Disclosure of Grand Jury Materials**

At the motion hearing, this Court questioned the CCSAO's basis for withholding the grand jury materials from the underlying criminal investigation and prosecution. As counsel for Officer Defendants explained upon this Court's prompting, they had filed a motion to release the materials in the criminal court and the CCSAO requested briefing to argue its objections to the motion, which were the same reasons argued in another similar reversed-conviction case, *People v. Juan and Rosendo Hernandez*, No. 97 CR 21329. (Ex. A, Motion for Release of Grand Jury Materials, *People v. Jose Cruz*; Ex. B, Motion for Release of Grand Jury Materials, CCSAO Response, and Order granting motion, *People v. Juan and Rosendo Hernandez*.) Upon learning that those same arguments were rejected by the criminal court, counsel for Officer Defendants suggested to the CCSAO that it reconsider its objection in light of this recent decision. (Ex. C,

6

Email Correspondence.) Oddly, the CCSAO Response argues that counsel for Officer Defendants was "attempt[ing] to leverage ASA Hallett via email to drop CCSAO's objection to release [the grand jury materials]." (Response, p. 8.) Quite to the contrary, Officer Defendants merely sought to promote judicial economy and expeditiously move this case forward by avoiding lengthy and unnecessary briefing on an issue that already has been addressed by the criminal court.

The CCSAO contends that this Court lacks the authority to release state court grand jury materials. (Response, p. 7-9.) This simply is not the case. In *Washington, et al. v. City of Chicago*, Judge Shah addressed this very issue and ordered the Cook County Public Defender's Office ("CCPDO") to release grand jury materials pursuant to subpoena. *Washington, et al. v. City of Chicago*, 20 CV 00442, Dkt. No. 34 (N.D. Ill. April 13, 2020). Of note, the CCPDO did not object to the release of the grand jury materials and simply requested a court order in order to do so. *Id*. Given the CCSAO's concerns about potential penalties for releasing the materials without court order (Response, pp. 8-9), the same can be accomplished here while achieving substantial savings of expense, time, and judicial resources.

**III.     The CCSAO Has Not Properly Asserted Deliberative Process Privilege**

Despite numerous requests by Officer Defendants for sufficient information to support its deliberative process privilege claims and months of delay, the CCSAO belatedly contends that it has now done so, relying solely on the affidavit of Assistant State's Attorney Lyle Henretty ("ASA Henretty"), which was only recently produced after facing the Motion to Compel and this Court's indication that its claims were unsupported. (Response, Ex. 4.) While the affidavit indicates that ASA Henretty is the department head with control over the respective documents, the CCSAO still has not provided the precise and certain reasons for preserving the

7

confidentiality of the records sought—described merely as "internal memoranda," "testimony," and "ASA notes"—and no explanation of the reasons why they these particular records should be kept confidential as required. *See Ferrell v. United States Dep't of Housing and Urban Dev.*, 177 F.R.D. 425, 428 (N.D. Ill. 1998.)

The CCSAO now argues that the records fall within four vague categories: 1) "ASA handwritten notes from trial that convey the thought process behind the trial," 2) "ASA case notes written throughout the actual preparation of the case leading up to trial which convey the thought process behind the way the prosecutor presented the information he had," 3) "documents that are drafts of trial preparation materials that convey the planning of arguing the State's positions, including internal worksheets," and 4) "a multipage internal memo written during preparation for conviction integrity proceedings." (Response, p. 7.) However, this minimal detail still falls short of the specificity required to enable assessment of the propriety of the privilege invocation. The CCSAO fails to provide even the most basic requirements for a privilege log to identify specific details for *each* document, such as the author of each note, the date on which it was drafted, to whom the note was intended, and it further is silent as to the true depth of topics that could cover the trial thought processes.

Further, the CCSAO has provided no basis to establish that any of these records rise to the level of deliberative process privilege which covers "documents reflecting advisory opinions, recommendations and deliberations comprising part of the process by which governmental decisions and policies are formulated." *Dept. of Interior v. Klamath Water Users Protective Assoc.*, 532 U.S. 1, 9 (2001). For the privilege to apply, the document or communication must be "pre-decisional" and "deliberative." *Evans v. City of Chicago*, 231 F.R.D. 302, 316 (N.D. Ill. 2005). Further, it extends only to records that are generated before the adoption of policy and

reflect the give-and-take of the consultative process. *United States v. Bd. Of Ed. Of City of Chi.*, 610 F.Supp. 695, 698 (N.D. Ill. 1985). In addition, the decisions themselves are not protected, nor are the reasons for those decisions, or the facts discovered in the course of investigating and considering the decisions, because that information is either post-decisional or non-deliberative. *See Saunders v. City of Chicago*, 2015 WL 4765424 at *10 (N.D. Ill. Aug. 12, 2015).

The CCSAO's generic assertion that all trial preparation notes constitute deliberative process is wholly inadequate. ASA Henretty's affidavit lacks any identification or description of the information over which it claims privilege, nor does it set forth the precise and certain reasons for preserving confidentiality. Accordingly, the CCSAO has failed to satisfy even the threshold showing necessary to make a *prima facie* showing of deliberative process here. *See, id*. (the official must specifically identify and describe the documents subject to the privilege); *Saunders v. City of Chicago*, 2015 WL 4765424 at *10 (discussion of objective facts, as opposed to opinions and recommendations, generally is not protected by the deliberative process privilege.); *Fulton v. Benoit, et al.*, 17 CV 8696, Dkt. 290 (Dec. 4, 2020) (CCSAO motion to quash depositions of decision-makers based on deliberative process privilege denied).

Without the descriptions and reasoning required to support its deliberative process privilege claims, it is impossible to determine if even one document is correctly withheld or redacted. Again, the burden is on the CCSAO to establish that its privilege claims are properly invoked, and it has failed to do so. Accordingly, the documents should be produced for *in camera* review on the propriety of the privilege claims or, in this Court's discretion, produced in their entirety.

**IV.     The CCSAO Ignores The Work Product Privilege Issues Entirely**

The CCSAO also invokes a blanket claim of work product privilege over myriad documents. *See*, Motion to Compel, pp. 5-9. However, as explained in Defendants' Motion to Compel, the CCSAO cannot avail itself of this privilege as a non-party. *Id*. Courts in this district have clearly held that "non-parties may not invoke the work product doctrine to withhold documents sought via Rule 45 subpoena." *See*, *e.g*., *Hill v. City of Chicago*, 2015 WL 12844948, *2 (N.D. Ill. May 28, 2015) (collecting cases). In addition, Defendants have established a substantial need for these documents. The CCSAO provides no response whatsoever to address these work product privilege issues.

## V. Waiver

At the hearing on the Motion to Compel, this Court suggested that the CCSAO may have waived its privilege claims due to its failure to timely respond to the subpoena and assert the privileges. The CCSAO argues there is no waiver based on the initial extension of time requested to respond to the subpoena. (Response, pp. 3-4.) However, while counsel for Officer Defendants accepted the CCSAO's initial request for additional time, no extension covered its inability to timely provide responsive records—which still have not been fully produced—or its adequate privilege logs. Counsel for Officer Defendants has continually requested production of the records and proper privilege logs, but were ultimately required to file the instant Motion to Compel which warrants a finding of waiver. *See Young v. City of Chicago.*, 2017 WL 25170, *6 (N.D. Ill. Jan. 3, 2017) (a subpoenaed nonparty must "prepare an adequate privilege log or risk an order compelling disclosure of the allegedly privileged material."); *see also Mosley v. City of Chicago*, 252 F.R.D. 445, 449 n.5 (N.D. Ill. 2008) (rejecting respondent's excuse for failing to provide a privilege log); *Schaeffer v. City of Chicago*, No. 19 C 7711, 2020 WL 7395216, at *1, n.1 (N.D. Ill. Aug. 12, 2020) (collecting cases that hold "if any party or non-party submits a

privilege log that does not comply with applicable law, then the failure to provide a proper privilege log may result in waiver.").

The CCSAO's claim of timeliness (Response, p. 4) is belied by the record which establishes that it did not produce records or a privilege log for four months after the subpoena was issued. (Motion to Compel, p. 2.) And now six months later, we still have not received the entirety of the file materials or adequate privilege logs. Both Fed. R. Civ. P. 45 and 26(b)(5) offer the CCSAO a choice to provide an adequate privilege log or face the possibility of this court compelling disclosure of the asserted privilege material. See *Young v. City of Chicago.*, 2017 WL 25170, *6 (N.D. Ill. Jan. 3, 2017.) Officer Defendants are in no better position now, in April, than in January when the CCSAO began its rolling production of documents. The CCSAO has refused attempts to cure the defects in its privilege logs as repeatedly requested by Officer Defendants in order to avoid the instant motion practice. Instead, the CCSAO continues to stand on its insufficient and unsupported privilege assertions even after this Court stated during the motion hearing that its privilege logs were deficient.

Unfortunately, the CCSAO has established a pattern of such unsupported claims which have required extensive motion practice. *See e.g., Washington-Riley v. Chicago*, 19 CV 6160, Dkt. 90 (Oct. 15, 2020) (MJ Weisman) (noting "[t]he CCSAO has not, however, produced a privilege log or affidavit, or otherwise provided any explanation as to why the responsive documents are subject to privilege. Absent such information, the CCSAO has not shown the responsive documents are subject to privilege."); *Saunders v. City of Chicago*, 2015 WL 4765424 at *10 (N.D. Ill. Aug. 12, 2015) (discussion of objective facts, as opposed to opinions and recommendations, generally is not protected by the deliberative process privilege.); *Brown v. City of Chicago,* 18 CV 7064 (July 28, 2020) (denying in part the CCSAO's motion to quash

Case: 1:23-cv-04268 Document #: 145 Filed: 04/08/24 Page 12 of 14 PageID #:1808

depositions and identifying several discoverable topics claimed as deliberative process privileged which defendants were allowed to explore.); *Fulton v. Benoit, et al.*, 17 CV 8696, Dkt. 290 (Dec. 4, 2020) (CCSAO motion to quash depositions of decision-makers based on deliberative process privilege denied). Accordingly, a finding of waiver is warranted.

Wherefore, Officer Defendants respectfully request this Court order CCSAO to produce the redacted and/or withheld records as delineated herein.

Dated: April 8, 2024

Respectfully submitted,

/s/ Lisa M. Meador
LISA M. MEADOR, Atty. No. 6270259
*Special Assistant Corporation Counsel for Defendants Officers*

James G. Sotos
Josh M. Engquist
Lisa M. Meador
Alexis M. Gamboa
Jeffrey R. Grossich
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd, Suite 1240A
Chicago, IL 60604
P: (630) 735-3300
lmeador@jsotoslaw.com

12

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that April 8, 2024, I electronically filed the foregoing **Officer Defendants Reply In Support of Defendants' Motion to Compel Cook County State's Attorney's Office** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list.

***Attorneys for Plaintiff***
Stuart J. Chanen (Stuart@ChanenOlstein.com)
Ariel Olstein (Ariel@ChanenOlstein.com)
CHANEN & OLSTEIN LLP
7373 Lincoln Ave., Suite 100
Lincolnwood, IL 60712
P: 847-469-4669

Jack Samuel Tenenbaum
Northwestern Pritzker School of Law
375 E. Chicago Ave., Suite 411
Chicago, IL 60611
P: 312-503-4808
s-tenenbaum@law.northwestern.edu

***Attorneys for the City of Chicago***
Eileen E. Rosen (erosen@rfclaw.com)
Andrew J. Grill (agrill@rfclaw.com)
Austin G. Rahe (arahe@rfclaw.com)
Catherine M. Barber (cbarber@rfclaw.com)
Jessica Zehner (jzehner@rfclaw.com)
Lauren M. Ferrise (lferrise@rfclaw.com)
Theresa B. Carney (tcarney@rfclaw.com)
Rock, Fusco & Connelly
333 West Wacker Drive, 19th Floor
Chicago, IL 60606
P: (312) 494-1000

***Attorneys for Reynaldo Guevara***
Steven B. Borkan (Sborkan@borkanscahill.com)
Timothy P. Scahill (tscahill@borkanscahill.com)
Graham P. Miller (gmiller@borkanscahill.com)
Emily E. Schnidt (eschnidt@borkanscahill.com)
Molly Boekeloo (mboekeloo@borkanscahill.com)
Whitney Hutchinson (whutchinson@borkanscahill.com)
Mischa Itchhaporia (mitchhaporia@borkanscahill.com)
Kathryn E. Boyle (kboyle@borkanscahill.com)
Krystal Gonzalez (kgonzalez@borkanscahill.com)

Borkan & Scahill
20 S. Clark Street, Suite 1700
Chicago, IL 60603
P: (312)-580-1030

***Attorneys for Edward Maloney***
William B. Oberts (wboberts@tribler.com)
Kevin C. Kirk (kckirk@tribler.com)
Tribler Orpett and Meyer, P.C.
225 West Washington Street, Suite 2550
Chicago, IL 60606
P: (312) 201-6400

                                              /s/ Lisa M. Meador
                                              LISA M. MEADOR, Atty. No. 6270259