*Cruz v. Guevara, et al.*
Case No.: 23 CV 4268

# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, CRIMINAL DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 93 CR 25151 |
| | ) | |
| v. | ) | |
| | ) | Hon. Judge Erica L. Reddick |
| JOSE CRUZ, | ) | |
| | ) | |
| Defendant. | ) | |

**FILED MAR 0 8 2024 IRIS Y MARTINEZ CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL**

### MOTION TO RELEASE GRAND JURY MATERIALS

Reynaldo Guevara, Anthony Wojcik, Robert Rutherford, Anthony Riccio, Robert Boris, Stephen Gawrys, Sergeant Edward Mingey, Geri Lynn Yanow, as the Special Representative of Ernest Halvorsen, deceased, the City of Chicago, and former Assistant State's Attorney Edward Maloney (collectively "Petitioners"), by and through their undersigned attorneys, respectfully request that this Honorable Court enter an Order releasing the grand jury materials in this case, including transcripts, evidence, and subpoenas, and state as follows:

### INTRODUCTION

Twenty-eight years ago, Jose Cruz ("Cruz") was convicted of first-degree murder and attempted murder, and sentenced to ninety years in prison. In 2022, Cruz's conviction was vacated, and he was released from prison. Now, Cruz is suing Chicago police officers, Reynaldo Guevara, Anthony Wojcik, Robert Rutherford, Anthony Riccio, Robert Boris, Stephen Gawrys, Sergeant Edward Mingey, Ernest Halvorsen (through his estate), the City of Chicago, and former Assistant State's Attorney Edward Maloney ("Petitioners"), alleging that he was wrongfully prosecuted and convicted. Cruz has filed suit in federal court and is seeking compensatory and punitive damages, *Cruz v. Guevara, et al.*, 23 CV 4268 (N.D. Ill).

1

What happened during Cruz's criminal case is central to his claims in the federal lawsuit. For example, one of the ultimate questions in the federal lawsuit is whether there was probable cause for Cruz's arrest and prosecution. In the underlying criminal case, Cruz was indicted by a grand jury. An indictment by a grand jury is *prima facie* evidence that there was probable cause. *Wade v. Collier*, 783 F.3d 1081, 1085 (7th Cir. 2015). Cruz can rebut this presumption by presenting evidence that Petitioners obtained the indictment through improper or fraudulent means. *Id.* Therefore, transcripts of the grand jury proceedings, which contain a record of the evidence and testimony presented, are central to Cruz's claims and Petitioners' defenses.

Additionally, the grand jury materials will shed light on: (1) Cruz's guilt or innocence, (2) which officers and witnesses were interviewed by the Cook County State's Attorney ("CCSAO") before Cruz's indictment, (3) the knowledge and information the CCSAO had at the time the indictment was sought, (4) whether evidence was fabricated, and (5) whether witnesses were coerced. These matters are squarely at issue in the federal lawsuit.

Petitioners thus have a compelling and particularized need for the grand jury materials. Without the grand jury materials, Petitioners will be prevented from presenting a fulsome and effective defense to the claims against them. Additionally, the grand jury materials are necessary for impeachment, refreshing the recollections of witnesses, and testing witnesses' credibility. Petitioners would be greatly prejudiced if they were denied this crucial evidence for their defense.

The reasons for keeping the grand jury materials secret in this case are no longer compelling. The grand jury proceedings in this case occurred over twenty-eight years ago, and the jurors have been long since discharged. Cruz has been tried, convicted, sentenced, and released. At this juncture, there is no concern that Cruz will escape from custody, that the grand jury's deliberations will be improperly influenced, that witnesses will commit perjury before the grand

jury or at the criminal trial, or that witnesses will be discouraged from testifying freely. Additionally, there is no reason to protect Cruz from unwarranted exposure. He has already brought exposure by filing a federal lawsuit.

The grand jury materials in this case are necessary to prevent a substantial injustice in the federal lawsuit. At this stage, over twenty-eight years after the indictment, the need for disclosure far outweighs the need for continued secrecy. Petitioners' request is narrowly tailored to cover only those materials needed for defense of the federal claims. Petitioners are only seeking the grand jury materials from this criminal case. For all of these reasons, Petitioners respectfully request that this Honorable Court grant this Motion, and enter the attached proposed order allowing Petitioners to obtain the grand jury materials in this case. (Ex. A, Proposed Order.)

## FACTUAL BACKGROUND

On October 6, 1993, Antwane Alfonso Douglas ("Douglas") and Vernon Jay Meadors ("Meadors") were shot while standing near the intersection of North and Kedzie in Chicago. Douglas died from his wounds. After an investigation by Chicago police and the CCSAO, Jose Cruz was charged and later indicted by a grand jury. On January 30, 1996, Cruz was convicted of the first-degree murder of Douglas and the attempted murder of Meadors. Cruz was sentenced to ninety years in prison. On July 11, 2022, Cook County Circuit Court Judge Tyria Walton vacated Cruz's conviction and dismissed his indictment. Cruz was released from prison the next day.

On July 4, 2023, Cruz filed a federal lawsuit against Reynaldo Guevara, Anthony Wojcik, Robert Rutherford, Anthony Riccio, Robert Boris, Stephen Gawrys, Sergeant Edward Mingey, Ernest Halvorsen (through his estate), Assistant Cook County State's Attorney Edward Maloney, and the City of Chicago, in United States District Court for the Northern District of Illinois, styled *Jose Cruz v. Reynaldo Guevara, et al.*, Case No. 23-cv-04268 (the "Civil Action") *See*, Ex. B, First

Amended Complaint. In the Civil Action, Cruz alleges that the Petitioner Chicago Police officers who investigated the shootings of Douglas and Meadors violated his civil rights and caused his alleged wrongful conviction. The allegations of the Civil Action include, *inter alia*, violations of due process, withholding exculpatory evidence, malicious prosecution, unlawful detention, failure to intervene, conspiracy to violate constitutional rights, intentional infliction of emotional distress, and willful and wanton conduct. Petitioners bring the present Motion to Release Grand Jury Materials, including transcripts and subpoenas in this case, for use in the Civil Action.

## ARGUMENT

**I.**     **Petitioners Have a Compelling and Particularized Need for the Grand Jury Materials**

This Court should permit the disclosure of the grand jury materials in this case because Petitioners have a compelling and particularized need which vastly outweighs any continued need for secrecy. Section 112-6(b)(3) of the Illinois Code of Criminal Procedure states that grand jury materials may be disclosed "when the court, preliminary to or in connection with a judicial proceeding, directs such in the interest of justice or when the law so directs." 725 ILCS 5/112-6(b)(3). In deciding whether to permit disclosure, Illinois courts apply a three-pronged test: (1) whether the material is needed to avoid a possible injustice in another judicial proceeding; (2) whether the need for disclosure is greater than the need for continued secrecy; and (3) whether the request is structured to cover only the materials needed. *Board of Educ. v. Verisario*, 143 Ill. App. 3d 1000, 1010-11 (2nd Dist. 1986); *see also Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222 (1979) ("Parties seeking grand jury transcripts under [Fed. R. Crim. Pro.] 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.") In this case, all three prongs favor disclosure.

The grand jury materials in this criminal case are crucial to the Civil Action. For example, one of the ultimate questions in the Civil Action is whether there was probable cause for Cruz's arrest, detention, and prosecution. The existence of probable cause defeats many of Cruz's claims. *See e.g.*, *Haynes v. City of Chicago*, 2022 WL 1016392, *2 (N.D. Ill. Apr. 5, 2022) ("The existence of probable cause defeats an unlawful detention claim."); *Johnson v. Target Stores, Inc.*, 341 Ill. App. 3d 56, 73 (1st Dist. 2003) ("[T]he failure to prove a lack of probable cause is fatal to a claim of malicious prosecution.").

"[T]he purpose of the grand jury is to decide whether probable cause exists such that a charge should be brought." *People v. O'Dette*, 2017 IL App (2d) 150884, ¶ 67. An Illinois grand jury indictment is *prima facie* evidence of probable cause. *Coleman v. City of Peoria, Illinois*, 925 F.3d 336, 351 (7th Cir. 2019). In this case, Cruz was indicted by a grand jury. This is *prima facie* evidence of probable cause that can only be rebutted by evidence that the Petitioners obtained the indictment through improper or fraudulent means. *Id*. Therefore, the grand jury materials are necessary to show what evidence and testimony were presented to obtain the indictments.

The materials also will reveal the evidence that Petitioners had available at the time and that formed their good faith basis for the existence of probable cause. This is critical to the Petitioner officers' affirmative defense of qualified immunity. Thus, the entirety of the grand jury materials in this case is relevant to the claims and defenses in the Civil Action. If Petitioners are denied access to the grand jury materials it will cause a substantial injustice and Petitioners will be severely prejudiced.

The grand jury materials also are needed for impeachment, refreshing witnesses' recollection, and testing credibility. *See In re Cement-Concrete Block, Chicago Area*, 381 F. Supp. 1108, 1110 (N.D. Ill. 1974) (permitting disclosure of grand jury transcripts to attorneys in

5

subsequent civil case "for use in litigation only for purposes of impeachment, refreshing the witnesses' recollection, and testing credibility"). In this case, multiple witnesses identified Cruz as a shooter. Upon information and belief, one or more of these witnesses may have testified before the grand jury. The grand jury transcripts are therefore necessary to refresh these witnesses' recollections and for impeachment in the Civil Action if necessary.

Additionally, the surviving victim of the shooting, Meadors, passed away in 2020. During the initial investigation of the shooting, Meadors identified Cruz as a shooter to Petitioner officers. Petitioners do not know if the State presented Meadors for testimony at the grand jury. If he did testify, this testimony will be especially important because he is no longer available to testify in the Civil Action.

Furthermore, the grand jury materials will shed light on Cruz's guilt or innocence, which officers and witnesses were interviewed by the CCSAO, what knowledge and information the CCSAO had prior to seeking the indictment, whether evidence was fabricated, and whether witnesses were coerced. This is all highly relevant to Cruz's claims in the Civil Action. For all of these reasons, there is a compelling and particularized need for the grand jury materials in the Civil Action and they should be released.

## II. There is No Compelling Need for the Continued Secrecy of the Grand Jury Materials

Considering this criminal case's age and ultimate conclusion, there is no compelling need for the continued secrecy of the grand jury materials. Grand jury proceedings are kept secret for the following reasons: (1) to prevent the escape of an indicted person; (2) to ensure the grand jury freedom; (3) to prevent perjury of witnesses before the grand jury and later at the criminal trial; (4) to encourage witnesses to freely testify about the commission of crimes; and (5) to protect an

innocent person who is accused but exonerated against unwarranted exposure. *Verisario*, 143 Ill. App. 3d at 1010-11. None of these reasons is compelling here.

In this case, the grand jury returned its indictment in the mid-1990s. There is no fear that Cruz will flee, that the grand jury deliberations will be improperly influenced, or that witnesses will testify falsely before the grand jury or at the criminal trial. The release of the grand jury materials, after a delay of twenty-eight years, will do little to discourage witnesses from testifying freely. To be sure, any testimony by the now-deceased victim of the underlying crime has become more crucial in light of his death. Furthermore, there is no need to protect the privacy of the accused because Cruz was indicted. *See Verisario*, 143 Ill. App. 3d at 1011 ("The fifth reason is inapplicable where the accused is indicted."). Indeed, it is Cruz himself who brought attention to his criminal case by filing a federal lawsuit. For all of these reasons, there is no compelling need for continued secrecy, and the grand jury materials should be released.

### III. Petitioners Seek Indispensable Materials

Petitioners seek these grand jury materials needed for their defense in the Civil Action. Cruz has put his criminal case (including the grand jury proceedings) at issue by filing the Civil Action and accusing Petitioners of, *inter alia*, arresting and prosecuting him absent probable cause. *See Anilao v. Spota*, 918 F. Supp. 2d 157, 164 (E.D.N.Y 2013) (holding that all of the grand jury materials were "indispensable" to addressing probable cause determinations at issue in false arrest and malicious prosecution claims). As explained, *supra*, Petitioners seek the grand jury materials here because they are relevant and indispensable to the Civil Action.

### IV. This Court Consistently Allows Parties to Obtain Grand Jury Materials in Reversed Conviction Cases

In reversed conviction civil cases such as the Civil Action, courts consistently permit parties to obtain grand jury materials including transcripts from the underlying criminal cases,

7

even when the CCSAO objects. *See e.g.*, Orders granting motion to obtain grand jury materials in reversed conviction civil cases, *People v. Jaime Rios*, Case No. 1989 CR 16525 (May 23, 2023) Ex. C; *People v. Iglesias*, Case No. 1993 CR 15199 (March 25, 2022) Ex. D; *People v. D. Johnson*, Case No. 1991 CR 19833 (January 12, 2022) Ex. E; *People v. C. Johnson*, 1996 CR 497 (July 26, 2019) Ex. F. In this case, the claims in the Civil Action are similar or identical to those in the cases cited above, and, accordingly, should be released here for the same reasons.

### V. Cruz Does Not Oppose This Motion

On March 7, 2024, Mr. Cruz's counsel in the Civil Action indicated that Mr. Cruz does not oppose this Motion.

### CONCLUSION

WHEREFORE, Petitioners respectfully request that this Honorable Court enter an order releasing the grand jury materials in this case, and allowing the Public Defender's Office and Cook County State's Attorney's Office to produce the grand jury materials in their possession to Petitioners, and allowing the transcription of the proceedings by Official Court Reporters to be produced to Petitioners.

Dated: March 8, 2024                                                RESPECTFULLY SUBMITTED,

s/ Catherine M. Barber                                              /s/ Jeffrey C. Grossich
CATHERINE M. BARBER                                       JEFFREY C. GROSSICH, Atty No. 6316511
*One of the Attorneys for Defendant*                           *One of the Attorneys for Defendant Wojcik, Riccio*
*City of Chicago*                                                         *Rutherford, Boris, Gawrys, Mingey, and Yanow*

Eileen E. Rosen                                                           James G. Sotos
Theresa B. Carney                                                       Josh M. Engquist
Austin G. Rahe                                                             Lisa M. Meador
Catherine M. Barber                                                    Alexis M. Gamboa
Lauren M. Ferrise                                                        Jeffrey C. Grossich
Andrew Grill                                                                 THE SOTOS LAW FIRM, P.C.
Jessica Zehner                                                              141 W. Jackson Blvd., Suite 1240A
ROCK FUSCO & CONNELLY, LLC                             Chicago, IL 60604
333 W. Wacker, 19th Floor                                           Tel: (630) 735-3300

8

| | |
|---|---|
| Chicago, IL 60606<br>P: (312) 494-1000<br>cbarber@rfclaw.com | jgrossich@jsotoslaw.com |
| /s/ Emily E. Schnidt<br>EMILY E. SCHNIDT<br>*One of the Attorneys for Defendant Guevara* | s/ Kevin C. Kirk<br>KEVIN C. KIRK<br>*One of the attorneys for Edward Maloney* |
| Steven B. Borkan<br>Timothy P. Scahill<br>Graham P. Miller<br>Emily E. Schnidt<br>Molly Boekeloo<br>Borkan & Scahill, Ltd.<br>20 S. Clark St., Suite 1700<br>Chicago, Illinois 60603<br>P: (312) 580-1030<br>eschnidt@borkanscahill.com | William B. Oberts<br>Kevin C. Kirk<br>Tribler Orpett and Meyer, P.C.<br>225 West Washington St., Suite 2550<br>Chicago, IL 60606<br>P: (312) 201-6400<br>kckirk@tribler.com |

9

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2024, I filed the foregoing **Motion to Release Grand Jury Materials** with the Clerk of the Court and will send notification of such filing to the following participants listed on the below Service List via email:

**_Attorneys for Plaintiff_**
Stuart J. Chanen (Stuart@ChanenOlstein.com)
Ariel Olstein (Ariel@ChanenOlstein.com)
CHANEN & OLSTEIN LLP
7373 Lincoln Ave., Suite 100
Lincolnwood, IL 60712
P: 847-469-4669

Jack Samuel Tenenbaum
Northwestern Pritzker School of Law
375 E. Chicago Ave., Suite 411
Chicago, IL 60611
P: 312-503-4808
s-tenenbaum@law.northwestern.edu

**_Attorneys for the City of Chicago_**
Eileen E. Rosen (erosen@rfclaw.com)
Andrew J. Grill (agrill@rfclaw.com)
Austin G. Rahe (arahe@rfclaw.com)
Catherine M. Barber (cbarber@rfclaw.com)
Jessica Zehner (jzehner@rfclaw.com)
Lauren M. Ferrise (lferrise@rfclaw.com)
Theresa B. Carney (tcarney@rfclaw.com)
Rock, Fusco & Connelly
333 West Wacker Drive, 19th Floor
Chicago, IL 60606
P: (312) 494-1000

**_Attorneys for Reynaldo Guevara_**
Steven B. Borkan (Sborkan@borkanscahill.com)
Timothy P. Scahill (tscahill@borkanscahill.com)
Graham P. Miller (gmiller@borkanscahill.com)
Emily E. Schnidt (eschnidt@borkanscahill.com)
Molly Boekeloo (mboekeloo@borkanscahill.com)
Whitney Hutchinson (whutchinson@borkanscahill.com)
Mischa Itchhaporia (mitchhaporia@borkanscahill.com)
Krystal Gonzalez (kgonzalez@borkanscahill.com)
Borkan & Scahill
20 S. Clark Street, Suite 1700
Chicago, IL 60603

P: (312)-580-1030

***Attorneys for Edward Maloney***
William B. Oberts (wboberts@tribler.com)
Kevin C. Kirk (kckirk@tribler.com)
Tribler Orpett and Meyer, P.C.
225 West Washington St., Suite 2550
Chicago, IL 60606
P: (312) 201-6400

/s/ Jeffrey C. Grossich
JEFFREY C. GROSSICH