IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE CRUZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FORMER DETECTIVES REYNALDO ) <br> GUEVARA, et al., ) <br> ) <br> Defendants. ) <br> ) | No. 23-cv-04268 <br><br> Hon. Jeremy C. Daniel |

**MALONEY'S REPLY IN SUPPORT OF HIS SUPPLEMENTAL
<u>MOTION TO COMPEL AGAINST PLAINTIFF</u>**

NOW COMES defendant, former Assistant State's Attorney and current Cook County Associate Judge, EDWARD MALONEY ("Maloney"), by and through his attorneys, Oberts Galasso Law Group, and submits this reply in support of Maloney's supplemental motion to compel against Plaintiff. In support thereof, Maloney states the following:

**A. MALONEY IS ENTITLED TO A RESPONSE FROM PLAINTIFF AS TO HIS ALLEGATIONS AGAINST MALONEY**

Plaintiff's responses identify several reasons in which Plaintiff believes he does not have to respond to "contention" interrogatories. First and foremost, Plaintiff claims that because his attorneys filed a "detailed" complaint, Plaintiff himself need not respond to what he deems "contention" interrogatories. This argument is a non-starter.

Plaintiff's First Amended Complaint (FAC) was signed by his attorney Ariel Olstein. The interrogatories at issue are directed to Plaintiff and seek Plaintiff's answers, under oath, with respect to his allegations against Maloney. A complaint signed by an attorney is no substitute for written discovery responses from the party itself. Maloney is entitled to full and complete

1

responses to his interrogatories pursuant to Rule 33 and Plaintiff cannot hide behind the allegations contained in the FAC.

**B. PLAINTIFF COULD HAVE RAISED THE ALLEGED DEPRAVATION OF HIS CONSTITUTIONAL RIGHTS DURING HIS CRIMINAL AND POST-CONVICTION PROCEEDINGS WHILE FIGHTING FOR HIS FREEDOM.**

Plaintiff response seems to imply that the only way Plaintiff could have raised the alleged constitutional violations at issue that are directed at Maloney is in a subsequent civil action. That is simply not true. If Plaintiff, through his agents, attorneys and investigators, truly believed Maloney violated his Constitutional Rights while memorializing statements from Pedro Jaramillo and Luis "Danny" Rodriguez, he had countless opportunities to bring these alleged violations to the state court's attention for redress. As part of the original prosecution, Plaintiff could have filed a motion to suppress Jaramillo and Rodriguez' statements or moved *in limine* to bar their introduction at trial. After his conviction, he could have raised constitutional claims with respect to Maloney's role taking witness statements in his Petition for Post-Conviction Relief. The entire point of Illinois Post-Conviction hearing process is to provide an avenue to redress constitutional and due process violations after conviction. In fact, Plaintiff's Successive Post-Conviction Petition does raise a laundry list of alleged due process violations, just none against Maloney. Despite multiple avenues to redress the alleged constitutional violations, Plaintiff now asserts allegations against Maloney seeking monetary damages, but his investigation apparently revealed no basis to do so for the past 30 years while fighting for his freedom as he never made such allegations.

Plaintiff's invocation of *Heck v Humphrey,* 513 U.S. 477 is nothing more than a red herring. Plaintiff need not bring a Section 1983 claim, as in the present case, in order to obtain court ordered relief for depravations of one's constitutional rights. Since more that 30 years have passed since the alleged incident, Plaintiff responses to the interrogatories at issue will help

2

Maloney understand what, if any, evidence Plaintiff has to support his allegations and what good faith bases he had to bring such a claim in the first place.

    C.  **MALONEY IS ENTITLED TO ISSUE HIS OWN SET OF DISCOVERY AND PLAINTIFF'S RESPONSES THERETO.**

Plaintiff response makes a lot of hay regarding Defendants not coordinating their issuance of written discovery to Plaintiff, as if this in any way justifies Plaintiff's deficient discovery responses to Maloney. The City of Chicago, Maloney, Defendant Guevara, the other police officer Defendants are all represented by different sets of attorneys from different sets of law firms. There are different allegations against each Defendant. Plaintiff has also asserted certain allegations against police officer defendants during his criminal proceedings yet made no such allegations against Maloney. Each counsel is duty bound to represent their client and under no obligation to coordinate their defense strategy for the benefit of Plaintiff's counsel.

Maloney's interrogatories to Plaintiff are distinct and focused on Maloney's role in the alleged occurrence. They pertain to the allegations brought forth by Plaintiff's counsel, who signed FAC, on behalf of his client against Maloney and seek to learn the factual basis therein. As an example, Plaintiff's FAC alleges that Maloney had "non-prosecutorial, investigatory responsibilities." Dkt. #44, ¶ 21. Maloney's interrogatory No. 2, asks Plaintiff to state every activity, action, or task known to Plaintiff *to date* in which Plaintiff contends Maloney acted as in "investigator." During L.R. 37.2 discussions, Defendants clarified that "to date" referred to the date of filing the FAC. To make said allegation, Mr. Olstein must have had evidentiary support *at the time of filing* per Rule 11. This interrogatory is unique to Maloney and seeks information known up to the date of filing. It is not a "contention" interrogatory in which Plaintiff must secure additional discovery.

3

Similarly, Interrogatory No, 9 asks Plaintiff if he alleges Maloney suppressed any evidence. Plaintiff's FAC alleges a *Brady* claim against Maloney and there must have been a good faith basis to bring said claim. This interrogatory is also unique to Maloney. Plaintiff's counsel must have had some evidentiary basis, and one would assume can be answered now and supplemented in the future if new evidence is learned. Rather than answering and supplementing later, Plaintiff refuses to make any substantive response. Maloney is entitled to know what evidence Plaintiff alleges was withheld or unconstitutionally suppressed by Maloney.

Lastly, Maloney's Interrogatory No. 3 simply asked Plaintiff "what evidence was introduced at your criminal trial that you contend was created by Maloney." Plaintiff's FAC brings a claim of "Violation of Due Process-Fabrication of Evidence Used at Trial" against Maloney. Again, this interrogatory is unique to Maloney. Plaintiff and his counsel must have had some good faith basis and can answer said interrogatory now based upon the information known at the date of filing the FAC and certainly supplemented later if there is new information. Rather than answering and supplementing later, Plaintiff refused to make any substantive response. Maloney is entitled to know what evidence he allegedly "fabricated" that was used against Plaintiff at trial.

### D. PLAINTIFF'S INVOCATION OF WORK PRODUCT AND WHOLESALE REFUSAL TO ANSWER IS INAPPRORATE IN THIS CONTEXT

Plaintiff's FAC alleges Maloney conspired with CPD Detectives to coerce two witnesses, Pedro Jaramillo and Luis "Danny" Rodriguez to give false statements. Plaintiff's FAC further alleges, on information and belief, that Maloney had knowledge of the alleged misconduct by Detective Guevara. Interrogatories No. 14 and 15 seek to secure basis of said claims, if one exists. The underlying facts these interrogatory seek are the facts underlying the allegations themselves, not facts pertaining to the murder of Antwane Douglas and shooting of Vernon

Meadors. Plaintiff's response feigns ignorance as to what underlying facts Maloney is seeking that would not be protected by any applicable work product privilege. Did Mr. Jaramillo or Mr. Rodriguez (or anyone) tell anyone acting on Plaintiff's behalf that Maloney did the things Plaintiff is now alleging? Was that statement or conversation reduced to writing? What information did Plaintiff base his "information and belief" that Maloney knew of the alleged misconduct of Detective Guevara? Or where those allegations pled on "hopes and dreams" rather than "information and belief"? Plaintiff, his attorneys, agents and investigators defended Plaintiff in the criminal proceedings and produced a statement and/or affidavit from Jaramillo as part of the criminal/post-conviction proceedings. Jaramillo made no claims of wrongdoing against Maloney. How could he? Jaramillo only speaks Spanish and Maloney does not. All communication was via a CPD officer who translated Maloney's English to Spanish and Jaramillo's Spanish to English. Yet, the CPD Officer is not a defendant. Maloney needs the type of information Interrogatories No. 14 and 15 seek, information to which Maloney is entitled to under the Rules.

  Furthermore, if Plaintiff is withholding documents of the type described above on the basis of a purported work product privilege, he is required to produce a privilege log of said materials pursuant to Rule 26(b)(5). Plaintiff did not produce a privilege log in conjunction with his responses to Maloney's written discovery responses and it is unclear what, if anything, he is withholding based on the asserted privilege.

  Plaintiff's FAC makes several allegations against Maloney. As discussed in Maloney's motion to compel, the only documents produced to date conceivably related to Plaintiff's claims against Maloney is the transcript of an interview by Cruz investigators and Mr. Jaramillo and an affidavit produced thereafter. Dkt. #148, ¶ 13-17. In the interview and affidavit, Mr. Jaramillo

5

makes no claim that Maloney pressured him or otherwise coerced him in any way. *Id.* As such, Maloney seeks to learn what evidentiary support Plaintiff had in bringing his claims against Maloney when the FAC was filed.

In objecting and refusing to respond to Maloney's interrogatories, Plaintiff seeks to have it both ways. In response to interrogatories issued to Maloney he seeks specific facts regarding particular claims or allegations and for Maloney to verify his answers. Yet in answer to Maloney's interrogatories Plaintiff argues that they are contention interrogatories that he should be allowed to answer at the end of the discovery to see what information he learns. Plaintiff's argument fails to recognize that Plaintiff and his counsel must have had a good faith basis for asserting the allegations at the time of filing the complaint. Furthermore, Plaintiff's criminal case is over, Plaintiff and his counsel have all the documents and are aware of the evidence, which presumably formed the basis of Plaintiff's FAC. Plaintiff asserts serious claims against Maloney. Maloney simply seeks the basis for the claims asserted against him.

**WHEREFORE**, defendant, former Assistant State's Attorney and current Cook County Associate Judge EDWARD MALONEY respectfully requests this Honorable Court strike Plaintiff's generalized "Objections," strike Plaintiff's specific objections to Maloney's First Set of Interrogatories 2, 3, 5, 9, 14, 15, and 17, order Plaintiff to provide full and complete responses to said interrogatories, and any further relief this Court deems just and fair.

Respectfully submitted,

s/ William B. Oberts
Special State's Attorney for
defendant, Edward Maloney

William B. Oberts - #6244723
Kevin C. Kirk -  # 6329937
Oberts Galasso Law Group
161 N. Clark St. Suite 1600

6

Chicago, IL 60601

**<u>CERTIFICATE OF SERVICE</u>**

    I, Amy Kunzer, hereby certify that on May 8, 2024, I filed the foregoing v CM/ECF, thereby delivering an electronic copy to all counsels of record.

s/<u>Amy M. Kunzer</u><br>
an attorney