UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE CRUZ, | ) |
| Plaintiff, | ) Case No. 23 C 4268 <br> ) <br> ) District Judge Jeremy C. Daniel |
| v. | ) <br> ) Magistrate Judge Gabriel A. Fuentes |
| REYNALDO GUEVARA, et al., | ) <br> ) |
| Defendants. | ) |

### ORDER

The remainder of the Officer Defendants' Motion to Compel (D.E. 135) production of documents by the third party Cook County State's Attorney's Office ("CCSAO") pursuant to a subpoena is before the Court.

### BACKGROUND

In an order dated April 10, 2024 ("4/10/24 Order": D.E. 147), the Court previously allowed the CCSAO a second opportunity to establish the *prima facie* case necessary for its assertion of the deliberative process privilege as a ground to shield from discovery two classes of withheld documents that the 4/10/24 Order described as "ASA Notes" and "ASA Trial Preparation Materials." The CCSAO promptly filed an amended privilege log (D.E. 151) and an amended declaration ("Second Henretty Declaration"; D.E. 150) to avail itself of that opportunity. The Court has reviewed the CCSAO's supplemental submissions, as well as the CCSAO's *in camera* submission (D.E. 155) of the ASA Notes, the ASA Trial Preparation Materials, a document the Court has described as the Conviction Integrity Unit Memorandum ("CIU Memo"), and materials withheld under the Illinois Juvenile Court Act, 705 ILCS 405 et seq. The amended declaration and amended privilege log re-assert

1

the work-product doctrine as a further ground to withhold the foregoing documents. Accordingly, the Court is now in a position to decide the 4/10/24 Order's undecided remainder: (1) whether the CCSAO has been able to establish, on its second try, the *prima facie* case for applicability of the deliberative process privilege as to the ASA Notes and ASA Trial Preparation Materials; (2) with the Court having already found, in the 4/10/24 Order, that the CCSAO established that *prima facie* case as to the CIU Memo, whether the Officer Defendants have a substantial need for the CIU Memo so that it ought to be produced notwithstanding the privilege; (3) the applicability of the work-product doctrine to the third-party CCSAO's effort to block production of the foregoing documents to the Officer Defendants under their Rule 45 subpoena in this matter; and (4) whether the 39 pages of withheld juvenile records should be produced despite any applicable protection of these materials by the Illinois Juvenile Court Act. The Court previously summarized the allegations made in this action by Plaintiff Jose Cruz ("Plaintiff"), *see* 4/10/24 Order at 1-2, and the Court need not repeat that summary here.

## DISCUSSION

The Court decides the Officer Defendants' motion to compel production of documents by the CCSAO within its discretion to manage discovery and to promote the just, speedy and inexpensive determination of this matter. *Jones v, City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013); Fed. R. Civ. P. 1.

    **I.**    **The CCSAO Has Not Made the *Prima Facie* Case for Deliberative Process Privilege Protection of the ASA Notes and the ASA Trial Preparation Materials.**

The Court's 4/10/24 Order found the CCSAO's description of the ASA Notes and the ASA Trial Preparation Materials in the CCSAO's first Henretty Declaration inadequate

to establish the *prima facie* case for the CCSAO's claim that the materials are protected from federal civil discovery by the deliberative process privilege. As the Court stated in the 4/10/24 Order, "the deliberative process privilege protects communications that are part of the decision-making process of a governmental agency." *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). The privilege "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001) (internal quotation marks and citation omitted). It "covers documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Id.* at 8 (internal quotation marks omitted). "[T]he Seventh Circuit also has applied the privilege in cases where the communications at issue involved how a governmental agency intended to rule in a particular, individual situation." *Fed. Deposit Ins. Corp. v. Giancola*, No. 13 C 3230, 2015 WL 5559599, at *2 (N.D. Ill. Sept. 18, 2015), citing *Farley*, 11 F.3d at 1389.

For the necessary *prima facie* case, the CCSAO was required to submit a sworn declaration setting forth: (1) the formal privilege claim from the department head with control over the matter, after personal consideration of the problem; (2) precise and certain reasons for preserving the confidentiality of the documents in question; and (3) a specific identification and description of the documents. *Rodriguez v. City of Chicago*, 329 F.R.D. 182, 186 (N.D. Ill. 2019). Fulfillment of these steps allows a court to decide whether the materials withheld are "both predecisional in the sense that it is actually antecedent to the

adoption of an agency policy, and deliberative in the sense that it is actually related to the process by which policies are formulated." *Enviro Tech Int'l Inc. v. U.S. E.P.A.*, 371 F.3d 370, 375 (7th Cir. 2004). The first Henretty Declaration, even if considered with the CCSAO's briefing, described the ASA Notes and ASA Trial Preparation as, respectively, (1) "notes from the trial that convey the thought process behind the trial," and "case notes written during the actual preparation of the case leading up to the trial which convey the thought process behind the way the prosecutor presented the information he had" (the ASA Notes), and (2) "drafts of trial preparation materials that convey the planning of arguing the State's positions, including internal worksheets" (the ASA Trial Preparation Materials). 4/10/24 Order at 5-6. The Court found these descriptions inadequate to establish the *prima facie* case required for assertion of the deliberative process privilege, giving the CCSAO a second chance to submit another declaration. *Id.* at 6.

The Second Henretty Declaration did not advance the CCSAO's position on the *prima facie* case for its deliberative process privilege invocation as to the ASA Notes and ASA Trial Preparation Materials. The Second Henretty Declaration described those materials collectively as follows:

> notes taken prior to and contemporaneously with the prosecution of Plaintiff Cruz. These documents include hand-written synopses, notes on witnesses (including impressions), notes regarding what occurred during the trial, a draft opening statement, what appears to be a draft closing statement/impression about the case, a draft witness list, and other assorted notes.

Second Henretty Declaration ¶ 8.[1] That description sounds much more like a characterization of attorney work-product than the pre-decisional or deliberative internal

---

[1] The Second Henretty Declaration also identified the ASA Notes and the ASA Trial Preparation Materials as having the following Bates numbers: CCSAO 13-16, CCSAO 130-134, CCSAO 136,

4

discussions of an agency. Nothing about the CCSAO's description can lead the Court to conclude that disclosure would undermine the agency's decisional functions or expose its pre-decisional or deliberative processes in any way that would trigger protection of the deliberative process privilege. That privilege claim fails as to the ASA Notes and the ASA Trial Preparation Materials. The CCSAO's deliberative process privilege objection to producing the ASA Notes and the ASA Trial Preparation Materials is overruled.

##### II. The Officer Defendants Have No Substantial Need for the CIU Memo.

The CCSAO's *prima facie* case for the applicability of the deliberative process privilege to the CIU Memo may be overcome if the Officer Defendants establish a particularized and substantial need for the information in the CIU Memo to defend this case. *DeLeon-Reyes v. Guevara*, No. 18-cv-1028, 2021 WL 3109662, at *4 (N.D. Ill. July 22, 2021). But the Court's *in camera* review of the CIU Memo and of the supplemental submissions by the Officer Defendants (D.E. 167, 171) persuades the Court that no substantial need exists to override the deliberative process privilege's protection of the CIU Memo from discovery in this case.

The CIU Memo's content may be described as having roughly three components. First, most of the memorandum contains the CCSAO's recitation of the history of the investigation and prosecution of Plaintiff as gleaned from publicly available records from Plaintiff's journey through the state courts. Nothing about this recitation of the known history of the case suggested a substantial need for that aspect of the CIU Memo. Second, the CIU Memo summarizes the evidence that the CCSAO's own investigators developed,

CCSAO 239, CCSAO 353, CCSAO 372-373, CCSAO 376, CCSAO 378, CCSAO 385, CCSAO 393-403, CCSAO 440-444, CCSAO 913, CCSAO 958-962, and CCSAO 4519-4533. *Id.*

through their interviews, concerning Cruz's actual innocence claims. This second portion of the CIU Memo was the only portion that came close to indicating a substantial need for the Officer Defendants' discovery of the information therein. Third, the memorandum contains the CCSAO's substantive conclusions about the merits of those actual innocence claims. This third aspect of the CIU Memo was entirely pre-decisional and deliberative, as it discusses the CCSAO's consideration and deliberation about what if any action the CCSAO might take with regard to Plaintiff's innocence claims, and why – this component of the CIU Memo thus contained the CCSAO's opinions and impressions and did not support a finding that the Officer Defendants had a substantial need for that information to defend this matter. The opinions and conclusions of the CCSAO about Plaintiff's innocence are not sufficiently relevant to any claim or defense in the case, and their production in the litigation in derogation of the deliberative process privilege is disproportionate to the needs of the case, given the Officer Defendants' possession of the very same purported witness statements on which the CCSAO deliberative opinions and impressions were based.

      Accordingly, we discuss only the second aspect of the CIU Memo and specifically its factual summaries of (1) CCSAO investigators' interviews of witnesses Pedro Jaramillo and Ivan Rios, citing to CCSAO memoranda of interview concerning those two witnesses; (2) the CIU Memo's brief reference to a CCSAO interview of Francisco Valverde, without citing to a CCSAO interview memorandum; and (3) a November 2, 2021, email communication from attorney Greg Swygert, currently the interim director of the Center on Wrongful Convictions, which is said in the CIU Memo to have "had involvement Plaintiff's case for many years" pre-dating the 2020 death of witness Vernon Meadors, to

6

AUSA Cathleen DeWald concerning Meadors. As to the CIU Memo's information about the CCSAO interviews of Jaramillo, Rios, and Valverde, the CIU Memo provides no information not contained in the three interview memos that, according to the Officer Defendants, were produced to the Officer Defendants already in the litigation. (D.E. 167.) The produced Jaramillo and Rios memos are dated the same as those cited in the CIU Memo, and although the CIU Memo did not cite to the Valverde memo, the Court compared the information in the CIU Memo about Valverde's purported statements with the copy of the Valverde CCSAO interview memo produced in the litigation, and the statement of Valverde noted in the CIU Memo is contained in the Valverde interview memo. Finally, the Court cleared up the question of whether the Officer Defendants already possessed the content of the Swygert communication about Meadors (as quoted in the CIU Memo) by asking the Officer Defendants received the Swygert November 2, 2021, email, and the Officer Defendants confirmed that they received this email in discovery. (D.E. 171.) Accordingly, the Court's review of the three produced CCSAO interview memoranda of Jaramillo, Rios, and Valverde, of the Officer Defendants' confirmation that they possess the Swygert email referenced in the CIU Memo about Meadors, and of the CIU Memo's discussion of those four sources of information confirmed that the Officer Defendants have no substantial need for the CIU Memo, as they may draw their own independent conclusions about the information about these witnesses or their information based on that very same information being contained in the interview memoranda and email already produced to them.

      Accordingly, the CCSAO's deliberative process privilege objection to producing the CIU Memo is sustained in full, and the motion to compel is denied as to the CIU Memo.

    **III.    The CCSAO's Work-Product Objections to Producing the ASA Notes and the ASA Trial Preparation Materials Must Be Overruled.**

The Court ruled earlier that the CCSAO abandoned its efforts to assert the work-product privilege to block production of the ASA Notes and the ASA Trial Preparation Materials by not arguing that privilege in the CCSAO's response (D.E. 141) to the Officer Defendants' motion to compel. 4/10/24 at 2 n.2. The Court noted that the CCSAO asserted its work-product objections again in the Second Henretty Declaration as well as its most recently revised privilege log (D.E. 151). The Court proceeded to consider the work-product argument anyway. The Court must reject that argument because the CCSAO is not a party to the case, and the materials in question therefore were not prepared by or for a party in the case. As such, the CCSAO cannot claim the work-product doctrine to bar production of the ASA Notes and the ASA Trial Preparation Materials to the Officer Defendants under the Rule 45 subpoena that those defendants served on the CCSAO. *Hill v. City of Chicago*, No. 13 C 4847, 2015 WL 12844948, at *2-3 (N.D. Ill. May 28, 2015). The CCSAO might have argued that production of these materials might be disproportionate to the needs of the case, Fed. R. Civ, P, 26(b)(1), as an undue burden the social policies and interests behind the work-product doctrine. But the CCSAO did not advance that argument, and the Court does not reach it in this matter. The CCSAO's work-product objection to production of the ASA Notes and the ASA Trial Preparation Materials is therefore overruled.

    **IV.    The Court Sustains the CCSAO's Objection to Production of Juvenile Records.**

The Illinois Juvenile Court Act protects, among other things: "records of arrest, station adjustments, fingerprints, probation adjustments, the issuance of a notice to appear,

8

or any other records or documents maintained by any law enforcement agency relating to a minor suspected of committing an offense." 705 ILCS 405/1-3(8.2). The Court has reviewed *in camera* the 39 pages withheld by the CCSAO on the ground that they are confidential records protected from disclosure by the Act. The Court was able to confirm that these 39 pages are indeed confidential Juvenile Court records the State of Illinois has protected by allowing the sealing of Juvenile Court records. Specifically, the 39 pages appear to be the contents of the CCSAO's office file on a Cook County Juvenile Court juvenile delinquency petition stemming from a Chicago police arrest in January 1999. The matter concerned the minor respondent's alleged possession of a stolen motor vehicle and criminal trespass to a vehicle. The file includes a file jacket, police reports, various iterations of a petition for adjudication of wardship, several subpoenas, a juvenile probation officer's assessment of the minor respondent, and attorney notes. The Court could see no obvious relevance of these documents to this case and thus no reason why any of the file ought to be produced in the face of the Illinois statute's prohibition on disclosure of confidential Juvenile Court records, as well as the significant privacy interest underlying that statute. The Officer Defendants' motion to compel is denied as to the 39 pages of juvenile records.

## CONCLUSION

For the foregoing reasons, the undecided remainder of the Officer Defendants' motion to compel against the CCSAO (D.E. 135) is partially granted and partially denied as follows: (1) the motion is granted as to the ASA Notes and the ASA Trial Preparation Materials, which are to be produced no later than May 31, 2024; (2) the motion is denied as to the CIU Memo; and (3) the motion is denied as to the juvenile records.

**SO ORDERED.**

                            **ENTER:**

                            _____
                            **GABRIEL A. FUENTES**
                            **U.S. Magistrate Judge**

**Dated: May 17, 2024**