IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSE CRUZ,                        )
                                 )
            Plaintiff,           )
                                 )
        -vs-                      )   No. 2023 CV 4268
                                 )
REYNALDO GUEVARA, et al.,        )   **CERTIFIED TRANSCRIPT**
                                 )
            Defendant.           )


            REPORT OF TELEPHONIC PROCEEDINGS had
before the HONORABLE GABRIEL A. FUENTES, Judge of
said Court, taken before Gina Fick, CSR, RPR, CRR,
Illinois CSR 084-003872, taken on Friday, the 30th
day of August, 2024, commencing at 9:45 a.m.



CRUZ v REYNALDO GUEVARA, ET AL                                    Page 2
HEARING  , 08/30/2024

```
 1    PRESENT VIA ZOOM:

 2        CHANEN & OLSTEIN
          8822 Niles Center Road
 3        Suite 100
          Skokie, Illinois 60077
 4        BY:  Stuart J. Chanen, Esq.
          (847)469-4669
 5        stuart@chanenolstein.com
                    for the Plaintiff;
 6

 7        BORKAN & SCAHILL, LTD
          20 South Clark Street
 8        Suite 1700
          Chicago, Illinois 60603
 9        BY:  Krystal Gonzalez, Esq.
          (312)580-1030
10        kgonzalez@borkanscahill.com
                    for Defendant Reynaldo Guevara;
11

12        OBERTS GALASSO LAW GROUP
          161 North Clark Street
13        Suite 1600
          Chicago, Illinois 60601
14        BY:  Kevin Kirk, Esq.
               William B. Oberts, Esq.
15        (312)741-1024
          kirkkev.kirk@gmail.com
16                  for Defendant Edward Maloney;

17

18        ROCK FUSCO & CONNELLY, LLC
          333 West Wacker Drive
19        19th Floor
          Chicago, Illinois 60606
20        BY:  Catherine M. Barber, Esq.
          (312)494-1000
21        cbarber@rfclaw.com
                    for Defendant City of Chicago;
22

23

24
```



```
 1   PRESENT VIA ZOOM:

 2       THE SOTOS LAW FIRM
         141 West Jackson Boulevard
 3       Suite 1240A
         Chicago, Illinois 60604
 4       BY:  Lisa M. Meador, Esq.
         (630)735-3300
 5       lmeador@jsotoslaw.com
                     for Defendants Stephen Gawyrs,
 6                   Robert Rutherord, Anthony Ricci,
                     Edward Mingey, Anthony Wojcik
 7                   and Robert Boris;

 8

 9       ODELSON, MURPHEY, FRAZIER & MCGRATH, LTD
         3318 West 95th Street
10       Evergreen Park, Illinois 60805
         BY:  Michael J. McGrath, Esq.
11       (708)424-5678
         mmcgrath@omfmlaw.com
12                   for Kevin Byrne;

13

14       COOK COUNTY STATE'S ATTORNEY'S OFFICE
         Assistant State's Attorney
15       500 Richard J. Daley Center
         Chicago, Illinois 60602
16       BY:  David A. Adelman, Esq.
         (312)603-3151
17       david.adelman@cookcountysao.org
                     for Cook County State's
18                   Attorney's Office;

19

20

21

22

23

24
```



```
 1              P R O C E E D I N G S

 2

 3              THE COURT:  This is a dispute, and

 4    I only will do this if I'm sure that things

 5    are being transcribed, and so my request of

 6    you is, are you currently having us on the

 7    record and transcribing or can you tell me

 8    when you're able to start doing that and

 9    have started?

10              THE REPORTER:  Yes, I am now.

11              THE COURT:  Okay.  So we're on the

12    record, right?

13              THE REPORTER:  Yes.

14              THE COURT:  Okay.  So this is

15    Judge Fuentes, and this is Matter No.

16    23CV4268, Cruz versus Guevara.

17              To make our record, I was

18    contacted -- Chambers was contacted a little

19    earlier this morning by Attorney Gonzalez about

20    a request for judicial intervention in some

21    kind of a discovery dispute during the

22    deposition.

23              It's my practice that when I'm able

24    to do that it's efficient and it facilitates,
```



CRUZ v REYNALDO GUEVARA, ET AL                                    Page 5
HEARING  , 08/30/2024

1   you know, the movement of discovery under

2   Rule 1, I will attempt to do that, and we'll

3   see if it can be resolved quickly or not.  So

4   that's why I said let's call in at 9:45.

5           So maybe we can have attorneys

6   identify themselves for our record, beginning

7   with attorneys for Plaintiff Cruz.

8           MR. CHANEN:  Good morning.  Stuart

9   Chanen on behalf of the Plaintiff Jose Cruz.

10          THE COURT:  All right.  Anyone

11  else on the line, Mr. Chanen, for the

12  Plaintiff?

13          MR. CHANEN:  I -- I believe all

14  Defendants are represented, and they can --

15  no one else is on the line for the

16  Plaintiff, no.

17          THE COURT:  Okay.  That was my

18  question.

19          So who wants to appear or can appear

20  for the City?

21          MS. BARBER:  Good morning, Your

22  Honor.  This is Catherine Barber for

23  Defendant City of Chicago.

24          THE COURT:  Okay.  How about for



```
 1   Assistant State's Attorney Maloney?

 2            MR. OBERTS:  Good morning, Your

 3   Honor.  Bill Oberts and Kevin Kirk on the

 4   line for former ASA Maloney.

 5            THE COURT:  Okay.  How about the

 6   officer defendants besides Guevara, so this

 7   would be Wojcik, Rutherord, Ricci, Boris

 8   Gawyrs, Mingey?

 9            MS. MEADOR:  Good morning, Your

10   Honor.  Lisa Meador.

11            THE COURT:  All right.  And how

12   about for Defendant Guevara?

13            MS. GONZALEZ:  Good morning, Your

14   Honor.  Krystal Gonzalez.

15            THE COURT:  Okay.  Terrific.

16   So --

17            MR. ADELMAN:  And good morning.

18            THE COURT:  -- if I missed --

19            MR. ADELMAN:  And, good morning,

20   Your Honor.  Also --

21            THE COURT:  Is there someone

22   else --

23            MR. ADELMAN:  Yeah, I apologize,

24   Your Honor.  Assistant State's Attorney
```



1  David Adelman on behalf of the Cook County

2  State's Attorney's Office.

3          THE COURT:  Okay.  Great.

4          MR. McGRATH:  And, Judge, one

5  more, I'm sorry.  Mike McGrath.  We've been

6  assigned as Special Assistant State's

7  Attorney appearing here today with the

8  deponent, Kevin Byrne.

9          THE COURT:  Okay.  And, I'm sorry,

10 can you spell the name of the deponent for

11 me?

12         MR. McGRATH:  Kevin, common

13 spelling, and Byrne is B-y-r-n-e.

14         THE WITNESS:  That's correct, and

15 I'm also on the line, Your Honor.

16         THE COURT:  Okay.  And you being

17 probably Mr. Byrne, right?

18         Now, also on the line, is that

19 Mr. McGrath who spoke up?

20         MR. McGRATH:  It was, Judge.

21         THE COURT:  Okay.  So what we need

22 to do, because our court reporter maybe

23 knows some of you, maybe doesn't know me

24 that well, is when you do begin to kind of



 1  state something do us all a favor and

 2  identify yourself for our court reporter

 3  whoever may have to speak.

 4          So the next question is, do we have

 5  an oral motion today concerning Mr. Byrne's

 6  deposition, and whoever has one, tell us who

 7  you are and what kind of relief you want to ask

 8  for.

 9          MR. ADELMAN:  Well, Your Honor,

10  this is Assistant State's Attorney David

11  Adelman.

12          Basically the issue -- and counsel

13  can jump in here, too, I'm sure.  The issue is

14  that they're objecting to my presence at the

15  deposition and my ability to make objections

16  relating to deliberative process privilege

17  only.

18          And as I'm sure Your Honor knows that

19  the State's Attorney's Office is the keeper of

20  the -- is the only one who can assert the

21  deliberative process privilege, not Mr. Byrne,

22  not his attorney, and none of the other

23  attorneys who are present.

24          We -- we have a -- there is in



1  pattern and practice on all of these civil

2  rights cases that within this, you know, is

3  assigned outside counsel and then a

4  representative from the State's Attorney's

5  Office will appear for the purpose solely of

6  making deliberative process objections.

7          No questions have been asked yet, so

8  we haven't reached that point.  They're just

9  basically objecting to -- first to my presence,

10 and now if I say that, they don't -- they're

11 objecting to me making any objections, and

12 that's where we're at.

13         THE COURT:  So, Mr. Adelman,

14 you're the party technically initiating the

15 request for judicial intervention today,

16 right?

17         MR. ADELMAN:  Well, actually this

18 was at Mr. Gonzalez's and the other City --

19 or officers' attorney's request.

20         THE COURT:  Okay.  So let me just

21 be careful, because for our record we have

22 to indicate kind of who the movant is; so,

23 Ms. Gonzalez and Mr. Meador, are the movants

24 Defendant Guevara and the other officer



CRUZ v REYNALDO GUEVARA, ET AL                                    Page 10
HEARING   , 08/30/2024

```
 1   defendants?  Is that an accurate statement?
 2             MS. MEADOR:  Well, I guess -- this
 3   is Lisa Meador.  I guess, Your Honor, the
 4   issue is that we had intended to proceed
 5   with the deposition today and advised the
 6   State's Attorney's Office that if they
 7   sought to intervene in the deposition and
 8   make objections, they should file a motion
 9   and request the ability to do so
10   particularly since there is no indication
11   that there is a deliberative process
12   privilege at issue here with this with
13   regard to the deponent.
14             This witness is the trial ASA who
15   handled the underlying criminal case against
16   the Plaintiff, Mr. Cruz.
17             THE COURT:  Okay.
18             MS. MEADOR:  But that wasn't done.
19   And we started today, and Mr. Adelman
20   indicated that he intends to participate in
21   the deposition and make objections.
22             MR. ADELMAN:  And if I may, Your
23   Honor --
24             THE COURT:  Well, hold on a
```



CRUZ v REYNALDO GUEVARA, ET AL                           Page 11
HEARING  , 08/30/2024

```
 1   minute.
 2           Mr. Meador, is Mr. Byrne a former
 3   Assistant State's Attorney?
 4           MS. MEADOR:  He is.  He's a former
 5   Cook County State's Attorney.
 6           THE COURT:  Okay.
 7           MS. MEADOR:  And Ms. Gonzalez can,
 8   I think, speak to it a little bit better.
 9   This was pursuant to her subpoena.
10           But Mr. Byrne indicated that he was
11   not represented and he would appear, and then
12   recently we -- she obtained notification from
13   Mr. McGrath that he would be appearing.
14   There's been some confusion about whether or
15   not he is representing this witness and holds
16   an attorney-client privilege relationship with
17   the witness particularly because they haven't
18   spoken --
19           THE COURT:  Okay.
20           MS. MEADOR:  -- yet.
21           THE COURT:  Let me ask a couple
22   more questions.
23           Mr. Adelman, are you there at the
24   deposition to represent Mr. Byrne or to
```



CRUZ v REYNALDO GUEVARA, ET AL                        Page 12
HEARING  , 08/30/2024

1  represent the Cook County State's Attorney's

2  Office or both?  Tell me.

3          MR. ADELMAN:  Certainly, Your

4  Honor.  Well, we represent -- I'm here

5  representing the Cook County State's

6  Attorney Office and Mr. Byrne in his

7  official capacity.  He has outside counsel

8  which also represents him in an official

9  capacity.

10          And this has been the standard for

11  what we do, just like Mr. Oberts represents a

12  party who's a former Assistant State's Attorney

13  in his official capacity as well.

14          And we've conducted all of these --

15  you know, numerous depositions and this issue

16  does not usually come up, so.

17          THE COURT:  Okay.  So,

18  Mr. McGrath, are you there as Mr. Byrne's

19  outside counsel representing him?

20          MR. McGRATH:  Yeah.  I am, Judge.

21  We were assigned as -- or my office as

22  Assistant -- Special Assistant State's

23  Attorneys.  We've done this on a number of

24  cases, and we appear with various deponents



1    in their official capacity.

2              THE COURT:  Okay.  Mr. McGrath,

3    just to be sure I understand it, because as

4    a Special Assistant State's Attorney you're

5    representing Mr. Byrne, that makes you

6    Mr. Byrne's lawyer, but if you were to also

7    represent or, I guess, defend or stand up

8    for the interests of the Cook County State's

9    Attorney's Office, that would be a form of

10   dual representation, and it might involve a

11   little more complexity as to the

12   relationship with Mr. Byrne.

13             And you tell me if I'm right, you're

14   just representing Mr. Byrne and not also the

15   State's Attorney's Office; is that right?

16             MR. McGRATH:  That's correct,

17   Judge.

18             THE COURT:  Okay.  So,

19   Mr. Adelman, another question for you -- and

20   I appreciate you all answering my questions.

21             Mr. Adelman, I think what you're

22   telling me is, the interest of the State's

23   Attorney's Office are implicated by this

24   discovery and some of these questions, and is



1  it your position that if you're not present to

2  make objections and raise issues relative to

3  privilege or deliberative process privilege,

4  there's no other party or attorney present who

5  really could do that while representing the

6  holder of the privilege, the State's Attorney's

7  Office.  Is that an accurate statement of what

8  you're saying?

9           MR. ADELMAN:  Absolutely, Your

10 Honor.

11          THE COURT:  Okay.  And you're

12 saying this has been done in the past in

13 other matters?

14          MR. ADELMAN:  Correct.

15          THE COURT:  Give me a couple of

16 examples.  What other matters have you shown

17 up at a deposition to raise these privilege

18 objections and that has either been allowed

19 by a Court or maybe was not objected to?

20 Give me a couple of examples.

21          MR. ADELMAN:  Okay.  Well, whether

22 it was me or other representatives of the

23 Cook County State's Attorney's Office, like

24 there's Solache-Reyes, Fulton Coleman,



 1   there's Marcell Brown's case, and -- you

 2   know, and I could put together a litany of

 3   others.

 4            And like Mr. McGrath had mentioned,

 5   there are other cases that his firm has been

 6   involved in as well as, you know, we appoint

 7   other attorneys as well.

 8            THE COURT:  Okay.  So that's

 9   helpful.

10            Let me turn to Ms. Meador first.

11   Ms. Meador, does your client -- do your

12   clients, the other officer defendants, do they

13   object to Mr. Adelman's presence and,

14   therefore, his assertion of objections at this

15   deposition?  And if you do, what's the grounds?

16            MS. MEADOR:  So, Your Honor, we

17   don't object to Mr. Adelman's presence and

18   indicated that he could attend.

19            We do object to him making objections

20   because he doesn't have standing here in this

21   case.  He doesn't have an appearance.  The

22   State's Attorney's Office is not a party.  Cook

23   County is not a party.  And he has not filed

24   any request to intervene and do so.



1            We are at a disadvantage here because

2    there is a blanket claim of deliberative

3    process privilege related to this witness, but

4    we haven't been given the opportunity to

5    explore whether or not that's valid and address

6    it with the Court prior to this witness's

7    deposition taking place, that then results in

8    individual questions being answered and then we

9    ask to seek the Court's -- either seek the

10   Court's intervention at each one as each one

11   comes up or we, you know, hold our -- you know,

12   like maintain our objections and then seek to

13   redepose him.

14           You know, this isn't -- it's my

15   understanding that counsel for the State's

16   Attorney's Office had notice of this deposition

17   and didn't raise the issue until late yesterday

18   afternoon or evening.

19           And with regard to the cases that I

20   have been involved in where an individual from

21   the State's Attorney's Office has attended and

22   made objections, that's based on filing of

23   motions to quash, et cetera, and it has been

24   solely related to attorneys on the



CRUZ v REYNALDO GUEVARA, ET AL                              Page 17
HEARING  , 08/30/2024

```
 1   post-conviction arena where deliberative
 2   process privilege could be invoked as the
 3   results of the issues of dismissal of charges,
 4   determinations as to whether a new trial would
 5   be sought, and determinations on whether or not
 6   to object to the Certificates of Innocence.
 7   But with regard to the trial ASAs, that has not
 8   taken place, and I have deposed several and
 9   participated in several cases where the trial
10   ASAs have been deposed and no one from the
11   State's Attorney's Office has been present,
12   including Fulton Coleman, the Marquette Park
13   Four cases, and others, I'm sure, that my
14   co-counsel, defense counsel can identify.
15            THE COURT:  Okay.  Ms. Meador,
16   here's a question for you then:  Can you
17   tell me a scenario in which deposition
18   questioning about the conduct of a criminal
19   trial in 1992 could give rise to a
20   deliberative process privilege assertion as
21   to any deposition answer, understanding the
22   purposes of that privilege being to kind of
23   protect the internal deliberations and final
24   really or -- or nonfinal internal
```



```
 1   discussions of an agency?  Can you think of

 2   any scenario arising out of a 1992 criminal

 3   trial that was, what, 32 years ago where

 4   there could be a deliberative process

 5   privilege objection of that kind?

 6            MS. MEADOR:  I cannot, Your Honor,

 7   and that's essentially what our concern is.

 8            You know, this former Assistant

 9   State's Attorney, you know, our intent is to

10   ask him about his process, his procedures, what

11   he did in the criminal trial, what witnesses he

12   called, what discussions he had with witnesses,

13   with detectives, et cetera.

14            These are all from our perspective

15   his personal decisions and impressions, not

16   ones that invoke some sort of apex doctrine or,

17   you know, internal deliberations as to ultimate

18   decisions held by the Agency or the State's

19   Attorney's Office itself.

20            THE COURT:  Okay.  And,

21   Ms. Meador, given that you've told me that

22   you've seen this type of representation and

23   interjection of privilege objections in

24   depositions involving post-conviction
```



CRUZ v REYNALDO GUEVARA, ET AL                    Page 19
HEARING  , 08/30/2024

```
 1   counsel, but you've not seen it with trial
 2   counsel, I'm wondering if you're aware, and
 3   just looking for your help here, of any
 4   matter in this district where the question
 5   teed up today, that is ability to assert
 6   deliberative process privilege objections to
 7   past criminal trials, where that's ever been
 8   litigated and decided by a Court in this
 9   district, is there anything you're aware of
10   without asking you to do the research that
11   you could point me to right now?  Okay if
12   no, but I'm just wondering.
13            MS. MEADOR:  I don't have any with
14   regard to a trial Assistant State's Attorney
15   because it hasn't come up in my experience.
16            We do have litigation with regard
17   to -- and decisions held by Judges, including
18   Magistrate Judge Harjani in the Fulton Coleman
19   case, with regard to the post-conviction
20   Assistant State's Attorneys, but I think we
21   would agree that that is an arena that could
22   potentially invoke deliberative process
23   privilege.
24            THE COURT:  Okay.
```



```
 1              MS. MEADOR:  But I don't have

 2   anything -- as Your Honor asked me, I don't

 3   have anything specific with regard to a

 4   trial Assistant State's Attorney.

 5              THE COURT:  Okay.  So let me just

 6   stop you for a second.  And I'm going to

 7   turn back to Mr. Adelman.

 8              I have a couple of follow-up

 9   questions for you, Mr. Adelman.

10              MR. ADELMAN:  Yes, Your Honor.

11              THE COURT:  My question is, you

12   mentioned that this is kind of a regular

13   practice where the State's Attorney's Office

14   is represented by someone in your position

15   to kind of assert the Agency's position on

16   deliberative process privilege and that's

17   kind of a regular thing.

18              And Ms. Meador's response is, well,

19   yes, in the post-conviction deposition context,

20   but not really deposition of trial counsel.

21              I'm wondering if you can tell me, if

22   you're aware, of any other case where you or

23   another representative of the State's

24   Attorney's Office sought to appear and make
```



1   objections at a deposition of past criminal

2   trial counsel?  Have you ever done that or has

3   the office ever done that?

4           MR. ADELMAN:  Your Honor, I don't

5   have like an itemized list before me, but in

6   my experience, though, we haven't

7   encountered this objection yet.

8           And if I may just correct slightly

9   something is that we're not asserting a

10  blanket -- we're not making a blanket assertion

11  right now.  It's -- our position is that it's

12  premature.  It depends on the questions that

13  are asked.

14          It's very possible there may be no

15  questions that come up that would invoke

16  deliberative process --

17          THE COURT:  Okay.

18          MR. ADELMAN:  -- you know, and at

19  that point --

20          THE COURT:  Just interrupting

21  you -- yeah, just interrupting you for a

22  second, because I --

23          MR. ADELMAN:  Sure.

24          THE COURT:  -- kind of sympathize



1   with your position that there's not really a

2   privilege objection that's been teed up

3   here.

4           But my question really was not

5   whether you've ever encountered this objection,

6   which is what you -- what your answer was.  My

7   question was, have you ever tried to appear or

8   your office tried to appear at a deposition of

9   trial counsel in one of these post-conviction

10  cases for the purpose of asserting this

11  privilege objection?  Has that ever happened?

12          MR. ADELMAN:  I believe so, Your

13  Honor.  I'd have to go through our list and

14  see who's trial counsel and who's

15  post-conviction counsel, because, you know,

16  if -- based on when I have that hand, I

17  can't tell at the moment.

18          THE COURT:  Okay.

19          MR. ADELMAN:  But like I -- just

20  to finish my thought, though, is that, you

21  know, like I said, there may be no

22  questions, or counsel can start asking, why,

23  why did you make this decision, what was --

24  what procedures did you follow, what was the



1   reason behind this decision, stuff like

2   that, that would be deliberative process,

3   and so I need to be here in order to be able

4   to make that objection because no one else

5   is qualified for that, so it all depends --

6           THE COURT:  Let me interrupt you

7   for a second.  Doesn't privilege not apply

8   when an Agency decision is final?

9           MR. ADELMAN:  Well, it would apply

10  if it -- if they start getting into the why,

11  like why did you do this, why did you do

12  that, what was the policy at the time,

13  because, you know, you're talking about

14  policy decisions, so --

15          THE COURT:  Isn't there a

16  difference between the Agency's

17  deliberations internally and the decision of

18  an individual in a criminal proceeding

19  whether or not to call a witness, whether or

20  not to file a motion on why they may have

21  done so?  There's -- revelation of that

22  information, do you really believe it's

23  covered by this deliberative process

24  privilege?



1            MR. ADELMAN:  Not to sound like a

2    lawyer, Your Honor, but it all kind of

3    depends.

4            THE COURT:  It does.

5            MR. ADELMAN:  It depends on the

6    question and it depends what the answer is

7    going to be, because, yeah, there are

8    situations where it could be both.

9            But at the very least I need to be

10   there to be able to assert any objection, and

11   then if over -- if there's something specific

12   that counsel wants to contest, then they're

13   free to do so, and then we should come back.

14           But basically this wholesale banning

15   of an ability to make objections before the

16   questions are even asked, you know, our

17   position is that it would be improper, Your

18   Honor.

19           THE COURT:  Okay.  And here's

20   where I was going with that really was just

21   to tell you, my reaction to the way you

22   framed context in which you could make a

23   valid privilege objection sounded to me to

24   be pretty broad and pretty aggressive.



1               But, you know, I would reserve

2    judgment until a specific objection was in

3    front of me and could evaluate it.  So I

4    respect your ability to make those objections.

5               Another question for you, that is

6    same question asked of Ms. Meador, are you

7    aware of any authority in this district about

8    the applicability of deliberative process

9    privilege to discovery sought from criminal

10   trial counsel in the underlying criminal case

11   in a wrongful conviction matter anywhere where

12   that's been litigated besides this district?

13          MR. ADELMAN:  I don't think

14   there's any distinction between the two.  It

15   all compounds such a question --

16          THE COURT:  That wasn't --

17          MR. ADELMAN:  -- so I don't

18   have --

19          THE COURT:  That wasn't the

20   question.

21          MR. ADELMAN:  -- so I don't have

22   anything at hand that would say that --

23          THE COURT:  Okay.

24          MR. ADELMAN:  -- one way or the



```
 1   other.

 2             THE COURT:  Okay.  You know, we

 3   spoke over each other.  I'm sorry.  I

 4   shouldn't have done that.  The court

 5   reporter can only hear one of us at a

 6   time --

 7             MR. ADELMAN:  I apologize, Your

 8   Honor.

 9             THE COURT:  -- and I just was -- I

10   was just speaking that that wasn't really my

11   question.  But I think you've then answered

12   it in the sense that you don't at the moment

13   anyway know of any such authority.

14             So let me tell you where this is

15   going.  First of all, before giving you a

16   ruling, I want to make sure there isn't anyone

17   else, any other parties represented by counsel

18   who wanted to be heard or wanted to at least

19   state that they are joining in the request by

20   Ms. Meador for officer defendants to force

21   Mr. Adelman and the State's Attorney's Office

22   to do this by motion as opposed to the way it's

23   being done today.

24             Is there anyone else who wants to
```



 1   join in that objection or be heard about it?

 2            MS. BARBER:  Your Honor, this is

 3   Catherine Barber.  I just wanted to make one

 4   additional point to the discussion, if I

 5   may, and that's that Defendant Maloney, who

 6   is a former Assistant State's Attorney, was

 7   deposed in this case, and there was no

 8   representative, to my memory, from the

 9   State's Attorney's Office at that

10   deposition.

11            THE COURT:  Okay.  And he was --

12   he was deposed in the then official capacity

13   as the Cook County State's Attorney's Office

14   trial counsel in the 1992 trial; is that

15   right?

16            MS. BARBER:  He was the felony

17   review prosecutor in the case.

18            THE COURT:  Okay.  His role in the

19   underlying prosecution and felony review

20   probably would have been prior to 1992,

21   right?

22            MS. BARBER:  Well, he was

23   felony -- he was felony review at the time

24   of the case, which was 1993.



```
 1              THE COURT:  Yeah.  Okay.  Well,
 2   before the trial.
 3              MS. BARBER:  Yes.
 4              THE COURT:  All right.
 5              THE REPORTER:  I'm sorry, there's
 6   interference, Mr. Oberts.
 7              MR. OBERTS:  Sorry.
 8              THE COURT:  Yeah.  Let me just
 9   stop for a minute.
10              So this is not directed at
11   Ms. Meadors -- or, I'm sorry, Ms. Meador or
12   Mr. Adelman or Ms. Barber, who kind of have
13   already been heard.  Is there any other
14   attorney representing anyone at this deposition
15   who wants be heard on Attorney Meador's
16   request?
17              MS. GONZALEZ:  Your Honor, this is
18   Krystal Gonzalez for Defendant Guevara.  I
19   would just like to add that I'll be joining
20   Ms. Meador's request.
21              THE COURT:  Okay.  Anything else
22   you wanted to add?
23              MS. GONZALEZ:  Not at this time.
24              THE COURT:  Okay.  Does anyone
```



 1   else need to be heard on this question?

 2              Okay.  Hearing nothing, I think

 3   everyone has been heard.

 4              MS. MEADOR:  Your Honor, I

 5   apologize.  This is Ms. Meador again.  If I

 6   could add, one of the issues I would like

 7   Your Honor to be aware of also, which was

 8   why we would have requested the State's

 9   Attorney's Office address this by motion, is

10   because we have also issued a deposition

11   subpoena for the State's Attorney herself,

12   Kim Foxx, because she engaged in

13   communications directly with Mr. Cruz, and

14   we believe that the -- there's substantial

15   deliberative process privilege waived, and

16   so, you know, there's a lot of confusion on

17   our part as to what the intent is on exactly

18   the deliberative process privilege to be

19   raised here, if I can just add that.

20              THE COURT:  Thank you.

21              I'm sorry, I couldn't really hear.

22   When you were saying who that State's Attorney

23   witness was, I couldn't hear who you said it

24   was.



```
 1              MS. MEADOR:  The State's Attorney

 2   herself, Kim Foxx.

 3              THE COURT:  Okay.  And do you have

 4   a deposition subpoena out to State's

 5   Attorney former -- well, she's not former

 6   yet, I suppose, current State's Attorney

 7   Foxx?

 8              MS. MEADOR:  We do, Judge.

 9              THE COURT:  Okay.

10              MS. MEADOR:  And the State's

11   Attorney's Office has indicated an

12   objection, but we are trying to engage with

13   them as to, you know, 37.2 discussions

14   essentially --

15              THE COURT:  Okay.

16              MS. MEADOR:  -- on that issue.

17              THE COURT:  And when is that

18   deposition supposed to happen, if it's

19   scheduled yet?

20              MS. MEADOR:  I believe that the

21   date passed for her deposition.  We were

22   to -- the State's Attorney's Office raised

23   an objection, and we were to have a

24   conference with them on Monday.  They asked
```



```
 1    for some additional time.

 2            I believe that was supposed to be

 3    happening today, but Mr. Adelman is here in

 4    this deposition, so I don't know if he has

 5    sought to reschedule that.

 6            THE COURT:  Okay.  So let me help

 7    you with that one.  The question of whether

 8    Mr. Adelman or another representative of the

 9    State's Attorney's Office could appear and

10    represent the interest of the State's

11    Attorney's Office in making privilege

12    objections is a little more complicated

13    because she's currently the City's State's

14    Attorney, and I'm not really sure how her

15    representation should be played out, would

16    the State's Attorney have a Special

17    Assistant represent her as well, and then

18    that assumedly would not be a dual

19    representation, meaning if Mr. Adelman or

20    one of his colleagues don't show up, the

21    State's Attorney's Office interest then

22    would not be represented, so I can imagine

23    that they would want to be there.  And I

24    can't resolve that today because it's not
```



1   really before me.

2              I will tell you, I will tell

3   everybody, that as to that issue, today is

4   Friday, the 30th, I'd like to see that teed up

5   by motion, and after the 37.2 conference, I'd

6   like to see a motion on that question, and I'd

7   like it filed by noon on Friday.

8              Does that time frame work for you,

9   Ms. Meador?

10             MS. MEADOR:  I would -- I would

11  say that is fine for us, Your Honor.

12             I didn't mean to infer to you I

13  wanted you to resolve that issue.  I think I

14  was just trying to point out that we recognize

15  the difference between the testimony that would

16  be provided by Ms. Foxx versus the testimony

17  from the trial ASA, which is why it's taking a

18  different path.

19             THE COURT:  I understand.  And I

20  wasn't trying to --

21             MS. MEADOR:  Yeah.

22             THE COURT:  -- make a suggestion

23  or jumping the horse, you know.

24             MS. MEADOR:  Okay.



```
 1            THE COURT:  To me, the

 2   circumstances surrounding the deposition of

 3   the current sitting State's Attorney are

 4   sensitive and important enough that if there

 5   are issues as to who is to be there and who

 6   may object, definitely it ought to be

 7   resolved first by motion if you have not

 8   reached an agreement.  And it's possible

 9   that --

10            MS. MEADOR:  That sounds fine.

11            THE COURT:  -- you will.  Yeah.

12   But I want a motion on that on Friday by

13   noon.

14            And I will tell you, Mr. Adelman, I

15   think I would -- I haven't done the research,

16   but I think a standing objection to the State's

17   Attorney's Office itself filing such a motion

18   probably would not get very far in that

19   context.

20            So whoever files the motion, I don't

21   care, but I would like it to be on file Friday

22   at noon, and you can expect that we'll want to

23   get that resolved quickly.

24            And I will further tell the parties
```



1   that enough conference hopefully can take place

2   next week that I could get a motion by Friday

3   at noon that has the movant's position and the

4   non-movant's position consolidated memorandum,

5   and we need to get it decided quickly.  Quick

6   decisions can be helpful in cases like this

7   one, particularly its fate.  The cutoff of

8   relief is September 27th.  So that's what we'll

9   do with that question.

10           Let's get back to the other question,

11  which is what do we do with Mr. Adelman today.

12  I'll tell you.  I could very well grant

13  Ms. Meador's request.  I could very well force

14  the State's Attorney's Office to file a motion

15  in advance of this deposition.  I think that

16  would probably result in today's deposition

17  having to be reconvened in its entirety.

18           And when I receive that motion, I'm

19  very likely to determine that there's no way I

20  can really rule on the ability to make those

21  objections in the abstract.  I would much

22  prefer to see the context of the questions that

23  are asked and objected to.  And so I

24  probably -- I don't know what I would do with a



 1   motion like that.

 2          But I can't imagine being hostile to

 3   the Agency's request to be present and to make

 4   privilege objections that it feels are

 5   well-grounded, and so, to me, that advances

 6   Rule 1 of, you know, just median and extent to

 7   the resolution of the case to allow them to

 8   make those objections at the deposition,

 9   because I'm afraid that once the information is

10   disclosed, they're then in a very bad position

11   to try to assert that objection and put the

12   genie back in the bottle, procedurally that

13   does not make a lot of sense to me.

14          So I'm going to overrule Ms. Meador's

15   objection both -- well, not to the presence,

16   she's not objected to that, but to the ability

17   of Mr. Adelman to make deliberative process

18   privilege objections today, and I'm assuming

19   whatever objections he makes, he'll need to

20   make those in good faith, if he even makes any,

21   we'll have to see.

22          And my suggestion to the parties is,

23   if you feel another call with the Court would

24   be helpful with the goals of Rule 1 in mind,



1  and if I can do it, because I have a lot going

2  on today, if I'm available, I would be happy to

3  try to help you today and resolve that and help

4  you move forward.

5          But if I'm not available today or if

6  it doesn't make sense to the parties to reach

7  out to the Court again, then usually the

8  practice is to (inaudible) an instruction not

9  to answer.  It's not so much an objection as it

10 is an instruction not to answer, because you

11 may instruct not to answer to protect

12 privilege.  It's one of the only times you ever

13 can as counsel.

14          So as to any instructions not to

15 answer, typically those questions and those

16 answers get held to the end.  Then the

17 deposition is halted and a moving party comes

18 to the Court and says:  Here's what happened at

19 the deposition.  These objections were made.

20 You know, we need to have them ruled upon.  And

21 that would mean Mr. Byrne would have the

22 pleasant experience of returning to sit for a

23 second time.  That's what we'll do.

24          So today's ruling is no specific



```
 1   ruling on any privilege objection or any

 2   ability to assert a valid -- validity of any

 3   privilege objection.  But I am going to

 4   overrule the objection to Mr. Adelman's ability

 5   to assert that privilege when he deems it to be

 6   appropriate and that's going to include

 7   instructions not to answer.  So that's where we

 8   are.

 9            Ms. Meador, I think we've resolved

10   the issue, but you tell me if I missed

11   anything.

12            MS. MEADOR:  No.  I think that's

13   everything, Your Honor.  We appreciate your

14   time.

15            THE COURT:  Well, I appreciate you

16   reaching out to me.

17            Like I said, I can't always do this,

18   but when I can, I try to.  The other

19   alternative would have been for me to say,

20   forget it, this is not something that can be

21   resolved extemporaneously.  But I think we're

22   able to give you a little bit of guidance and

23   maybe you can keep plowing through.  And if we

24   see you again on this issue, we see you.
```



```
 1            I will also tell you that any motion
 2   concerning objections, deliberative process
 3   privilege, due date and time, noon,
 4   September 6, next Friday.  So --
 5            MS. BARBER:  Your Honor --
 6            THE COURT:  Go ahead, Ms. Meador.
 7   Is there something else you want to add
 8   before I say you're adjourned?
 9            MS. BARBER:  This is Ms. Barber,
10   Your Honor.
11            THE COURT:  Yes.
12            MS. BARBER:  I'm sorry.  Just one
13   very small housekeeping matter while we have
14   the Court's attention.  There is a slight
15   ambiguity, I think, as to whether our next
16   status report is due today in an hour and a
17   half or actually the 4th.
18            The later order, I think it indicates
19   that it was due the 4th.  I assume that's okay
20   with Your Honor.
21            THE COURT:  Yeah.  Let me tell you
22   something else as I was thinking about this
23   overnight.  It's due the 4th.  But I think
24   the revised answers would not have been
```



1   received yet.

2          I think the date that Mr. Chanen

3   received those or objections to those would not

4   be until the 13th, and so I'm inclined to push

5   that status report to a date after the 13th

6   where everybody will know more about what was

7   happening in the last two weeks of the

8   discovery period.

9          So I think a report on the 4th might

10  not be that helpful.  So I'm going to push it.

11  I don't have the date yet off the top of my

12  head.

13         The 15th is a Friday.  It's probably

14  going to be the following Monday or Tuesday.

15  So don't worry about today.  Don't worry about

16  the 4th, okay?

17         MS. BARBER:  Great.  Thank you,

18  Your Honor.

19         THE COURT:  Okay.  Are you okay

20  with that, Mr. Chanen, of giving them a

21  little time to figure out what you have

22  received and not received?

23         MR. CHANEN:  As you wish, Your

24  Honor.  I mean, the status reports are for



1   the benefit of the Court and to wait until

2   the 13th or near there, I'm absolutely fine

3   with that.

4            THE COURT:  I think it makes

5   sense.  I don't like to waste the parties'

6   resources with reports we don't really need

7   or that won't give us everything we need to

8   know.

9            So with that, I will adjourn the

10  Court's involvement.  I want to thank the

11  parties, the attorneys, Mr. Byrne, his

12  attorneys, the State's Attorney's Office, its

13  attorney, and also the court reporter today,

14  for calling this to our attention, and the

15  Court's involvement is adjourned.

16           I'm going to hang up the line.  And,

17  oh, before I do, the taker of this deposition,

18  is it you, Ms. Meador?

19           MS. MEADOR:  No, Your Honor.  It's

20  Ms. Gonzalez.

21           THE COURT:  Okay.  So

22  Ms. Gonzalez, the deposition taken and for

23  the hearing today you engaged the court

24  reporter, right?



```
 1                MS. GONZALEZ:  I'm sorry, Your
 2    Honor, I couldn't hear you that well.
 3                THE COURT:  Yes.  Ms. Gonzalez,
 4    you're the taker of this deposition, your
 5    client is, and, therefore, you engaged the
 6    court reporter, right?
 7                MS. GONZALEZ:  Yes.
 8                THE COURT:  Okay.  I would like
 9    you to please instruct the court reporter to
10    prepare a transcript of our hearing today,
11    to prepare it on an expedited basis and file
12    it with the Court as soon as possible.  Can
13    you do that?
14                MS. GONZALEZ:  Yes.
15                THE COURT:  Okay.  Great.  Now
16    we're adjourned.
17                Thanks, everybody, and have a nice
18    holiday weekend, please.
19                MR. ADELMAN:  Thank you, Your
20    Honor.
21                MS. MEADOR:  Thank you.
22                MR. CHANEN:  Thank you for your
23    time, Your Honor.
24                MR. KIRK:  Thank you, Your Honor.
```



CRUZ v REYNALDO GUEVARA, ET AL                                    Page 42
HEARING  , 08/30/2024

1    Have a great weekend.

2         (Which were all of the proceedings held

3    before The Court adjourning at 10:35 a.m.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24



CRUZ v REYNALDO GUEVARA, ET AL                                    Page 43
HEARING  , 08/30/2024

```
 1                          CERTIFICATE

 2

 3              I, GINA FICK, CSR No. 084-003872, RMR,

 4     CRR, who reported the proceedings had on said day in

 5     this cause, do hereby certify that I

 6     stenographically recorded the telephonic proceedings

 7     had in the aforementioned matter; that the foregoing

 8     was reduced to typewriting via computer-aided

 9     transcription under my personal direction and

10     supervision; and that the foregoing is a true and

11     accurate transcript of the telephonic proceedings

12     had.

13              IN TESTIMONY WHEREOF, I have hereunto set

14     my hand this 3rd day of September, 2024.

15

16                   _____

17                   GINA FICK, CSR, RMR, CRR

18

19

20

21

22

23

24
```



CRUZ v REYNALDO GUEVARA, ET AL
HEARING , 08/30/2024                                    Index: 1..based

**1**

**1** 5:2 35:6,24

**13th** 39:4,5 40:2

**15th** 39:13

**1992** 17:19 18:2 27:14,20

**1993** 27:24

**2**

**23CV4268** 4:16

**27th** 34:8

**3**

**30th** 32:4

**32** 18:3

**37.2** 30:13 32:5

**4**

**4th** 38:17,19,23 39:9,16

**6**

**6** 38:4

**9**

**9:45** 5:4

**A**

**ability** 8:15 10:9 19:5 24:15 25:4 34:20 35:16 37:2,4

**absolutely** 14:9 40:2

**abstract** 34:21

**accurate** 10:1 14:7

**add** 28:19,22 29:6,19 38:7

**additional** 27:4 31:1

**address** 16:5 29:9

**Adelman** 6:17,19,23 7:1 8:9,11 9:13,17 10:19,22 11:23 12:3 13:19,21 14:9,14,21 20:7,9,10 21:4,18,23 22:12,19 23:9 24:1,5 25:13,17,21,24 26:7,21 28:12 31:3,8,19 33:14 34:11 35:17 41:19

**Adelman's** 15:13,17 37:4

**adjourn** 40:9

**adjourned** 38:8 40:15 41:16

**advance** 34:15

**advances** 35:5

**advised** 10:5

**afraid** 35:9

**afternoon** 16:18

**agency** 18:1,18 23:8

**Agency's** 20:15 23:16 35:3

**aggressive** 24:24

**agree** 19:21

**agreement** 33:8

**ahead** 38:6

**allowed** 14:18

**alternative** 37:19

**ambiguity** 38:15

**answering** 13:20

**answers** 36:16 38:24

**apex** 18:16

**apologize** 6:23 26:7 29:5

**appearance** 15:21

**appearing** 7:7 11:13

**applicability** 25:8

**apply** 23:7,9

**appoint** 15:6

**arena** 17:1 19:21

**arising** 18:2

**ASA** 6:4 10:14 32:17

**ASAS** 17:7,10

**assert** 8:20 19:5 20:15 24:11 35:11 37:2,5

**asserting** 21:9 22:10

**assertion** 15:14 17:20 21:10

**assigned** 7:6 9:3 12:21

**Assistant** 6:1,24 7:6 8:10 11:3 12:12,22 13:4 18:8 19:14,20 20:4 27:6 31:17

**assume** 38:19

**assumedly** 31:18

**assuming** 35:18

**attempt** 5:2

**attend** 15:18

**attended** 16:21

**attention** 38:14 40:14

**attorney** 4:19 6:1,24 7:7 8:10,22 11:3,5 12:6,12 13:4 14:4 18:9 19:14 20:4 27:6 28:14,15 29:11, 22 30:1,5,6 31:14,16 33:3 40:13

**attorney's** 7:2 8:19 9:4,19 10:6 12:1 13:9,15,23 14:6,23 15:22 16:16,21 17:11 18:19 20:13,24 26:21 27:9,13 29:9 30:11,22 31:9, 11,21 33:17 34:14 40:12

**attorney-client** 11:16

**attorneys** 5:5,7 8:23 12:23 15:7 16:24 19:20 40:11,12

**authority** 25:7 26:13

**aware** 19:2,9 20:22 25:7 29:7

**B**

**B-Y-R-N-E** 7:13

**back** 20:7 24:13 34:10 35:12

**bad** 35:10

**banning** 24:14

**Barber** 5:21,22 27:2,3,16,22 28:3,12 38:5,9,12 39:17

**based** 16:22 22:16



CRUZ v REYNALDO GUEVARA, ET AL
HEARING , 08/30/2024                          Index: basically..deposed

**basically** 8:12 9:9 24:14

**basis** 41:11

**begin** 7:24

**beginning** 5:6

**behalf** 5:9 7:1

**benefit** 40:1

**Bill** 6:3

**bit** 11:8 37:22

**blanket** 16:2 21:10

**Boris** 6:7

**bottle** 35:12

**broad** 24:24

**Brown's** 15:1

**Byrne** 7:8,13,17 8:21 11:2,10,24
12:6 13:5,12,14 36:21 40:11

**Byrne's** 8:5 12:18 13:6

---

**C**

**call** 5:4 23:19 35:23

**called** 18:12

**calling** 40:14

**capacity** 12:7,9,13 13:1 27:12

**care** 33:21

**careful** 9:21

**case** 10:15 15:1,21 19:19 20:22
25:10 27:7,17,24 35:7

**cases** 9:2 12:24 15:5 16:19 17:9,
13 22:10 34:6

**Catherine** 5:22 27:3

**Certificates** 17:6

**cetera** 16:23 18:13

**Chambers** 4:18

**Chanen** 5:8,9,11,13 39:2,20,23
41:22

**charges** 17:3

**Chicago** 5:23

**circumstances** 33:2

**City** 5:20,23 9:18

**City's** 31:13

**civil** 9:1

**claim** 16:2

**client** 15:11 41:5

**clients** 15:12

**co-counsel** 17:14

**Coleman** 14:24 17:12 19:18

**colleagues** 31:20

**common** 7:12

**communications** 29:13

**complexity** 13:11

**complicated** 31:12

**compounds** 25:15

**concern** 18:7

**conduct** 17:18

**conducted** 12:14

**conference** 30:24 32:5 34:1

**confusion** 11:14 29:16

**consolidated** 34:4

**contacted** 4:18

**contest** 24:12

**context** 20:19 24:22 33:19 34:22

**conviction** 25:11

**Cook** 7:1 11:5 12:1,5 13:8 14:23
15:22 27:13

**correct** 7:14 13:16 14:14 21:8

**counsel** 8:12 9:3 12:7,19 16:15
17:14 19:1,2 20:20 21:2 22:9,14,
15,22 24:12 25:10 26:17 27:14
36:13

**County** 7:1 11:5 12:1,5 13:8
14:23 15:23 27:13

**couple** 11:21 14:15,20 20:8

**court** 4:3,11,14 5:10,17,24 6:5,
11,15,18,21 7:3,9,16,21,22 8:2

9:13,20 10:17,24 11:6,19,21
12:17 13:2,18 14:11,15,19 15:8
16:6 17:15 18:20 19:8,24 20:5,11
21:17,20,24 22:18 23:6,15 24:4,
19 25:16,19,23 26:2,4,9 27:11,18
28:1,4,8,21,24 29:20 30:3,9,15,17
31:6 32:19,22 33:1,11 35:23 36:7,
18 37:15 38:6,11,21 39:19 40:1,4,
13,21,23 41:3,6,8,9,12,15

**Court's** 16:9,10 38:14 40:10,15

**covered** 23:23

**criminal** 10:15 17:18 18:2,11
19:7 21:1 23:18 25:9,10

**Cruz** 4:16 5:7,9 10:16 29:13

**current** 30:6 33:3

**cutoff** 34:7

---

**D**

**date** 30:21 38:3 39:2,5,11

**David** 7:1 8:10

**decided** 19:8 34:5

**decision** 22:23 23:1,8,17

**decisions** 18:15,18 19:17 23:14
34:6

**deems** 37:5

**defend** 13:7

**Defendant** 5:23 6:12 9:24 27:5
28:18

**defendants** 5:14 6:6 10:1 15:12
26:20

**defense** 17:14

**deliberations** 17:23 18:17 23:17

**deliberative** 8:16,21 9:6 10:11
14:3 16:2 17:1,20 18:4 19:6,22
20:16 21:16 23:2,23 25:8 29:15,
18 35:17 38:2

**depends** 21:12 23:5 24:3,5,6

**deponent** 7:8,10 10:13

**deponents** 12:24

**deposed** 17:8,10 27:7,12



CRUZ v REYNALDO GUEVARA, ET AL
HEARING  , 08/30/2024                    Index: deposition..Harjani

**deposition**  4:22 8:6,15 10:5,7,21
11:24 14:17 15:15 16:7,16 17:17,
21 20:19,20 21:1 22:8 27:10
28:14 29:10 30:4,18,21 31:4 33:2
34:15,16 35:8 36:17,19 40:17,22
41:4

**depositions**  12:15 18:24

**detectives**  18:13

**determinations**  17:4,5

**determine**  34:19

**difference**  23:16 32:15

**directed**  28:10

**directly**  29:13

**disadvantage**  16:1

**disclosed**  35:10

**discovery**  4:21 5:1 13:24 25:9
39:8

**discussion**  27:4

**discussions**  18:1,12 30:13

**dismissal**  17:3

**dispute**  4:3,21

**distinction**  25:14

**district**  19:4,9 25:7,12

**doctrine**  18:16

**dual**  13:10 31:18

**due**  38:3,16,19,23

---

**E**

**earlier**  4:19

**efficient**  4:24

**encountered**  21:7 22:5

**end**  36:16

**engage**  30:12

**engaged**  29:12 40:23 41:5

**entirety**  34:17

**essentially**  18:7 30:14

**evaluate**  25:3

**evening**  16:18

**examples**  14:16,20

**expect**  33:22

**expedited**  41:11

**experience**  19:15 21:6 36:22

**explore**  16:5

**extemporaneously**  37:21

**extent**  35:6

---

**F**

**facilitates**  4:24

**faith**  35:20

**fate**  34:7

**favor**  8:1

**feel**  35:23

**feels**  35:4

**felony**  27:16,19,23

**figure**  39:21

**file**  10:8 23:20 33:21 34:14 41:11

**filed**  15:23 32:7

**files**  33:20

**filing**  16:22 33:17

**final**  17:23 23:8

**fine**  32:11 33:10 40:2

**finish**  22:20

**firm**  15:5

**follow**  22:24

**follow-up**  20:8

**force**  26:20 34:13

**forget**  37:20

**form**  13:9

**forward**  36:4

**Foxx**  29:12 30:2,7 32:16

**frame**  32:8

**framed**  24:22

**free**  24:13

**Friday**  32:4,7 33:12,21 34:2 38:4
39:13

**front**  25:3

**Fuentes**  4:15

**Fulton**  14:24 17:12 19:18

---

**G**

**Gawyrs**  6:8

**genie**  35:12

**give**  14:15,20 17:19 37:22 40:7

**giving**  26:15 39:20

**goals**  35:24

**Gonzalez**  4:19 6:13,14 9:23 11:7
28:17,18,23 40:20,22 41:1,3,7,14

**Gonzalez's**  9:18

**good**  5:8,21 6:2,9,13,17,19 35:20

**grant**  34:12

**great**  7:3 39:17 41:15 42:1

**grounds**  15:15

**guess**  10:2,3 13:7

**Guevara**  4:16 6:6,12 9:24 28:18

**guidance**  37:22

---

**H**

**half**  38:17

**halted**  36:17

**hand**  22:16 25:22

**handled**  10:15

**hang**  40:16

**happen**  30:18

**happened**  22:11 36:18

**happening**  31:3 39:7

**happy**  36:2

**Harjani**  19:18



CRUZ v REYNALDO GUEVARA, ET AL
HEARING   , 08/30/2024

**he'll** 35:19

**head** 39:12

**hear** 26:5 29:21,23 41:2

**heard** 26:18 27:1 28:13,15 29:1,3

**hearing** 29:2 40:23 41:10

**held** 18:18 19:17 36:16

**helpful** 15:9 34:6 35:24 39:10

**hold** 10:24 16:11

**holder** 14:6

**holds** 11:15

**holiday** 41:18

**Honor** 5:22 6:3,10,14,20,24 7:15 8:9,18 10:3,23 12:4 14:10 15:16 18:6 20:2,10 21:4 22:13 24:2,18 26:8 27:2 28:17 29:4,7 32:11 37:13 38:5,10,20 39:18,24 40:19 41:2,20,23,24

**horse** 32:23

**hostile** 35:2

**hour** 38:16

**housekeeping** 38:13

**I**

**identify** 5:6 8:2 17:14

**imagine** 31:22 35:2

**implicated** 13:23

**important** 33:4

**impressions** 18:15

**improper** 24:17

**inaudible** 36:8

**inclined** 39:4

**include** 37:6

**including** 17:12 19:17

**indication** 10:10

**individual** 16:8,20 23:18

**infer** 32:12

**information** 23:22 35:9

**initiating** 9:14

**Innocence** 17:6

**instruct** 36:11 41:9

**instruction** 36:8,10

**instructions** 36:14 37:7

**intended** 10:4

**intends** 10:20

**intent** 18:9 29:17

**interest** 13:22 31:10,21

**interests** 13:8

**interference** 28:6

**interjection** 18:23

**internal** 17:23,24 18:17

**internally** 23:17

**interrupt** 23:6

**interrupting** 21:20,21

**intervene** 10:7 15:24

**intervention** 4:20 9:15 16:10

**invoke** 18:16 19:22 21:15

**invoked** 17:2

**involve** 13:10

**involved** 15:6 16:20

**involvement** 40:10,15

**involving** 18:24

**issue** 8:12,13 10:4,12 12:15 16:17 30:16 32:3,13 37:10,24

**issued** 29:10

**issues** 14:2 17:3 29:6 33:5

**itemized** 21:5

**J**

**join** 27:1

**joining** 26:19 28:19

**Jose** 5:9

**Judge** 4:15 7:4,20 12:20 13:17 19:18 30:8

**Judges** 19:17

**judgment** 25:2

**judicial** 4:20 9:15

**jump** 8:13

**jumping** 32:23

**K**

**keeper** 8:19

**Kevin** 6:3 7:8,12

**Kim** 29:12 30:2

**kind** 4:21 7:24 8:7 9:22 17:22 18:5 20:12,15,17 21:24 24:2 28:12

**Kirk** 6:3 41:24

**Krystal** 6:14 28:18

**L**

**late** 16:17

**lawyer** 13:6 24:2

**Lisa** 6:10 10:3

**list** 21:5 22:13

**litany** 15:2

**litigated** 19:8 25:12

**litigation** 19:16

**lot** 29:16 35:13 36:1

**M**

**made** 16:22 36:19

**Magistrate** 19:18

**maintain** 16:12

**make** 4:17 8:15 10:8,21 14:2 20:24 22:23 23:4 24:15,22 25:4 26:16 27:3 32:22 34:20 35:3,8,13, 17,20 36:6

CRUZ v REYNALDO GUEVARA, ET AL
HEARING , 08/30/2024                          Index: makes..prefer

**makes** 13:5 35:19,20 40:4

**making** 9:6,11 15:19 21:10 31:11

**Maloney** 6:1,4 27:5

**Marcell** 15:1

**Marquette** 17:12

**matter** 4:15 19:4 25:11 38:13

**matters** 14:13,16

**Mcgrath** 7:4,5,12,19,20 11:13 12:18,20 13:2,16 15:4

**Meador** 6:9,10 9:23 10:2,3,18 11:2,4,7,20 15:10,11,16 17:15 18:6,21 19:13 20:1 25:6 26:20 28:11 29:4,5 30:1,8,10,16,20 32:9,10,21,24 33:10 37:9,12 38:6 40:18,19 41:21

**Meador's** 20:18 28:15,20 34:13 35:14

**Meadors** 28:11

**meaning** 31:19

**median** 35:6

**memorandum** 34:4

**memory** 27:8

**mentioned** 15:4 20:12

**Mike** 7:5

**mind** 35:24

**Mingey** 6:8

**minute** 11:1 28:9

**missed** 6:18 37:10

**moment** 22:17 26:12

**Monday** 30:24 39:14

**morning** 4:19 5:8,21 6:2,9,13,17, 19

**motion** 8:5 10:8 23:20 26:22 29:9 32:5,6 33:7,12,17,20 34:2,14,18 35:1 38:1

**motions** 16:23

**movant** 9:22

**movant's** 34:3

**movants** 9:23

**move** 36:4

**movement** 5:1

**moving** 36:17

---

**N**

**nice** 41:17

**non-movant's** 34:4

**nonfinal** 17:24

**noon** 32:7 33:13,22 34:3 38:3

**notice** 16:16

**notification** 11:12

**number** 12:23

**numerous** 12:15

---

**O**

**Oberts** 6:2,3 12:11 28:6,7

**object** 15:13,17,19 17:6 33:6

**objected** 14:19 34:23 35:16

**objecting** 8:14 9:9,11

**objection** 18:5 21:7 22:2,5,11 23:4 24:10,23 25:2 27:1 30:12,23 33:16 35:11,15 36:9 37:1,3,4

**objections** 8:15 9:6,11 10:8,21 14:2,18 15:14,19 16:12,22 18:23 19:6 21:1 24:15 25:4 31:12 34:21 35:4,8,18,19 36:19 38:2 39:3

**obtained** 11:12

**office** 7:2 8:19 9:5 10:6 12:2,6,21 13:9,15,23 14:7,23 15:22 16:16, 21 17:11 18:19 20:13,24 21:3 22:8 26:21 27:9,13 29:9 30:11,22 31:9,11,21 33:17 34:14 40:12

**officer** 6:6 9:24 15:12 26:20

**officers'** 9:19

**official** 12:7,8,13 13:1 27:12

**opportunity** 16:4

**opposed** 26:22

---

**oral** 8:5

**order** 23:3 38:18

**overnight** 38:23

**overrule** 35:14 37:4

---

**P**

**Park** 17:12

**part** 29:17

**participate** 10:20

**participated** 17:9

**parties** 26:17 33:24 35:22 36:6 40:11

**parties'** 40:5

**party** 9:14 12:12 14:4 15:22,23 36:17

**passed** 30:21

**past** 14:12 19:7 21:1

**path** 32:18

**pattern** 9:1

**period** 39:8

**personal** 18:15

**perspective** 18:14

**place** 16:7 17:8 34:1

**Plaintiff** 5:7,9,12,16 10:16

**played** 31:15

**pleasant** 36:22

**plowing** 37:23

**point** 9:8 19:11 21:19 27:4 32:14

**policy** 23:12,14

**position** 14:1 20:14,15 21:11 22:1 24:17 34:3,4 35:10

**post-conviction** 17:1 18:24 19:19 20:19 22:9,15

**potentially** 19:22

**practice** 4:23 9:1 20:13 36:8

**prefer** 34:22



CRUZ v REYNALDO GUEVARA, ET AL
HEARING   , 08/30/2024                    Index: premature..scheduled

**premature** 21:12

**prepare** 41:10,11

**presence** 8:14 9:9 15:13,17 35:15

**present** 8:23 14:1,4 17:11 35:3

**pretty** 24:24

**prior** 16:6 27:20

**privilege** 8:16,21 10:12 11:16 14:3,6,17 16:3 17:2,20,22 18:5,23 19:6,23 20:16 22:2,11 23:7,24 24:23 25:9 29:15,18 31:11 35:4, 18 36:12 37:1,3,5 38:3

**procedurally** 35:12

**procedures** 18:10 22:24

**proceed** 10:4

**proceeding** 23:18

**process** 8:16,21 9:6 10:11 14:3 16:3 17:2,20 18:4,10 19:6,22 20:16 21:16 23:2,23 25:8 29:15, 18 35:17 38:2

**prosecution** 27:19

**prosecutor** 27:17

**protect** 17:23 36:11

**provided** 32:16

**purpose** 9:5 22:10

**purposes** 17:22

**pursuant** 11:9

**push** 39:4,10

**put** 15:2 35:11

---

**Q**

**qualified** 23:5

**quash** 16:23

**question** 5:18 8:4 13:19 17:16 19:4 20:11 22:4,7 24:6 25:5,6,15, 20 26:11 29:1 31:7 32:6 34:9,10

**questioning** 17:18

**questions** 9:7 11:22 13:20,24 16:8 20:9 21:12,15 22:22 24:16

**34:22 36:15**

**Quick** 34:5

**quickly** 5:3 33:23 34:5

---

**R**

**raise** 14:2,17 16:17

**raised** 29:19 30:22

**reach** 36:6

**reached** 9:8 33:8

**reaching** 37:16

**reaction** 24:21

**reason** 23:1

**receive** 34:18

**received** 39:1,3,22

**recently** 11:12

**recognize** 32:14

**reconvened** 34:17

**record** 4:7,12,17 5:6 9:21

**redepose** 16:13

**regard** 10:13 16:19 17:7 19:14, 16,19 20:3

**regular** 20:12,17

**related** 16:3,24

**relating** 8:16

**relationship** 11:16 13:12

**relative** 14:2

**relief** 8:7 34:8

**report** 38:16 39:5,9

**reporter** 4:10,13 7:22 8:2 26:5 28:5 40:13,24 41:6,9

**reports** 39:24 40:6

**represent** 11:24 12:1,4 13:7 31:10,17

**representation** 13:10 18:22 31:15,19

**representative** 9:4 20:23 27:8 31:8

**representatives** 14:22

**represented** 5:14 11:11 20:14 26:17 31:22

**representing** 11:15 12:5,19 13:5,14 14:5 28:14

**represents** 12:8,11

**request** 4:5,20 9:15,19 10:9 15:24 26:19 28:16,20 34:13 35:3

**requested** 29:8

**reschedule** 31:5

**research** 19:10 33:15

**reserve** 25:1

**resolution** 35:7

**resolve** 31:24 32:13 36:3

**resolved** 5:3 33:7,23 37:9,21

**resources** 40:6

**respect** 25:4

**response** 20:18

**result** 34:16

**results** 16:7 17:3

**returning** 36:22

**revelation** 23:21

**review** 27:17,19,23

**revised** 38:24

**Ricci** 6:7

**rights** 9:2

**rise** 17:19

**role** 27:18

**rule** 5:2 34:20 35:6,24

**ruled** 36:20

**ruling** 26:16 36:24 37:1

**Rutherord** 6:7

---

**S**

**scenario** 17:17 18:2

**scheduled** 30:19



CRUZ v REYNALDO GUEVARA, ET AL
HEARING , 08/30/2024                    Index: seek..well-grounded

**seek** 16:9,12

**sense** 26:12 35:13 36:6 40:5

**sensitive** 33:4

**September** 34:8 38:4

**show** 31:20

**shown** 14:16

**sit** 36:22

**sitting** 33:3

**situations** 24:8

**slight** 38:14

**slightly** 21:8

**small** 38:13

**Solache-reyes** 14:24

**solely** 9:5 16:24

**sort** 18:16

**sought** 10:7 17:5 20:24 25:9 31:5

**sound** 24:1

**sounded** 24:23

**sounds** 33:10

**speak** 8:3 11:8

**speaking** 26:10

**Special** 7:6 12:22 13:4 31:16

**specific** 20:3 24:11 25:2 36:24

**spell** 7:10

**spelling** 7:13

**spoke** 7:19 26:3

**spoken** 11:18

**stand** 13:7

**standard** 12:10

**standing** 15:20 33:16

**start** 4:8 22:22 23:10

**started** 4:9 10:19

**state** 8:1 26:19

**State's** 6:1,24 7:2,6 8:10,19 9:4 10:6 11:3,5 12:1,5,12,22 13:4,8, 15,22 14:6,23 15:22 16:15,21

17:11 18:9,18 19:14,20 20:4,13, 23 26:21 27:6,9,13 29:8,11,22 30:1,4,6,10,22 31:9,10,13,16,21 33:3,16 34:14 40:12

**statement** 10:1 14:7

**status** 38:16 39:5,24

**stop** 20:6 28:9

**Stuart** 5:8

**stuff** 23:1

**subpoena** 11:9 29:11 30:4

**substantial** 29:14

**suggestion** 32:22 35:22

**suppose** 30:6

**supposed** 30:18 31:2

**surrounding** 33:2

**sympathize** 21:24

---

### T

**taker** 40:17 41:4

**taking** 16:7 32:17

**talking** 23:13

**technically** 9:14

**teed** 19:5 22:2 32:4

**telling** 13:22

**Terrific** 6:15

**testimony** 32:15,16

**thing** 20:17

**things** 4:4

**thinking** 38:22

**thought** 22:20

**time** 23:12 26:6 27:23 28:23 31:1 32:8 36:23 37:14 38:3 39:21 41:23

**times** 36:12

**today** 7:7 8:5 9:15 10:5,19 19:5 26:23 31:3,24 32:3 34:11 35:18 36:2,3,5 38:16 39:15 40:13,23 41:10

**today's** 34:16 36:24

**told** 18:21

**top** 39:11

**transcribed** 4:5

**transcribing** 4:7

**transcript** 41:10

**trial** 10:14 17:4,7,9,19 18:3,11 19:1,14 20:4,20 21:2 22:9,14 25:10 27:14 28:2 32:17

**trials** 19:7

**Tuesday** 39:14

**turn** 15:10 20:7

**type** 18:22

**typically** 36:15

---

### U

**ultimate** 18:17

**underlying** 10:15 25:10 27:19

**understand** 13:3 32:19

**understanding** 16:15 17:21

---

### V

**valid** 16:5 24:23 37:2

**validity** 37:2

**versus** 4:16 32:16

---

### W

**wait** 40:1

**waived** 29:15

**wanted** 26:18 27:3 28:22 32:13

**waste** 40:5

**week** 34:2

**weekend** 41:18 42:1

**weeks** 39:7

**well-grounded** 35:5



```
CRUZ v REYNALDO GUEVARA, ET AL
HEARING   , 08/30/2024                    Index: wholesale..yesterday
```

**wholesale** 24:14

**witness's** 16:6

**witnesses** 18:11,12

**Wojcik** 6:7

**wondering** 19:2,12 20:21

**work** 32:8

**worry** 39:15

**wrongful** 25:11

---

**Y**

---

**years** 18:3

**yesterday** 16:17

