IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jose Cruz, | ) | |
|               Plaintiff, | ) | No. 23 cv 4268 |
| v. | ) | |
| | ) | The Honorable Georgia Alexakis |
| Reynaldo Guevara, et al. | ) | The Honorable Gabriel A. Fuentes |
| | ) | |
|               Defendants. | ) | |

**PLAINTIFF JOSE CRUZ'S MOTION (1) TO QUASH SEVEN DOCUMENT SUBPOENAS SERVED AFTER THE CLOSE OF WRITTEN FACT DISCOVERY**

Plaintiff Jose Cruz respectfully moves this Court to quash the seven attached document subpoenas, Group Exhibit 1 (the "Document Subpoenas"), which Defendant Guevara sent to Plaintiff Cruz Friday, August 30, at 2:00 p.m. and had indicated he intended to serve today, September 3. Guevara's counsel has since agreed to hold off on service of the Document Subpoenas until this dispute is resolved. Implicit in the Motion to Quash is also a request that the Court clarify paragraph 2 of its May 20, 2024 Order, Dkt.175. In that Order, the Court held:

    (a) the fact discovery cutoff is extended from 6/14/24 to 9/27/24;

    (b) **all written discovery** including on Monell **must be served and responded to** (taking account of time needed for any motion practice) so that written Monell discovery is completed, by plaintiff and defendants, **no later than 8/30/24**, as Monell discovery is to proceed during the current phase of fact discovery;

    . . .

    (e) the depositions of the 7−10 witnesses noted by Defendants in Part 2(B) of their status report, all Rule 404(b) witnesses, and any other witnesses either side seeks to depose **must be completed by the 9/27/24 cutoff** . . .. If a reasonable amount of additional time is needed after 9/27/24 to complete the Monell depositions, it will be allowed.

Dkt.175 (emphasis added). With certain exceptions to which Plaintiff has agreed at Defendants' request (such as the extended RTA responses and the handwriting and ink

testing of original documents and related exemplars), all written fact discovery closed on August 30. Plaintiff Cruz believes that Guevara's Document Subpoenas fall within that deadline, and Defendant Guevara disagrees.

## THE PARTIES' MEET AND CONFER

On Friday, August 30, Guevara's counsel wrote to all counsel, "Please see the attached subpoenas we intend to serve September 3, 2024."

On September 3, Cruz's counsel wrote to Guevara's counsel:

Mr. Scahill and Ms. Finley,

We object to each of the subpoenas Ms. Finley attached to her August 30 email. With the exception of discovery issued on or before July 31 (such as Plaintiff's RTAs to the City, the exemplar request to Defendant Wojcik, and the request to review and test original documents), all fact discovery is closed. You cannot demand documents from these third parties on September 13 when fact discovery closed on August 30. Please either withdraw the subpoenas or we will move to quash them and request as part of that motion that you contact each recipient to inform them that no documents need be produced.

Clearly, I erred in stating "all fact discovery" when I absolutely meant and should have said, "all *written* fact discovery," but I corrected that error 20 minutes later when I directed counsel specifically to paragraph (b) of this Court's May 20 Order, in which the Court set the *written fact discovery* cutoff as August 30. *See* Courts's Order quoted above.

The City's counsel, Ms. Rosen, promptly replied, "That provision speaks to written discovery, not subpoenas. Fact discovery remains open until 9/27." Cruz disagrees with that interpretation of "written discovery." We do not believe that it is what the Court intended. We believe that written discovery includes all document demands (whether under either Rule 34 or 45), as well as the document objections and productions emanating from such demands. Put another way, for purposes of a "written discovery" cutoff, a document subpoena under Rule 45(a)(1)(D) & (a)(4) is written discovery, while a deposition subpoena under Rule 45 is oral discovery. In addition to Ms. Rosen's response, Mr. Scahill also responded on behalf of

2

Guevara, stating,

> Hi Stu,
>
> Eileen's characterization is accurate. I believe we were operating under the reading that the order was referring to the written discovery exchanged between the parties (i.e. rogs, RTA, PRs, etc.) not third party subpoenas. They have not been sent out as of yet since we received your objection to same. Given that, if you are intending on issuing subpoenas on your own end, my assumption is we will not be lodging a timing objection but I suppose could have other objections.
> Thanks,
>
> Tim

Cruz then proposed a compromise as to all Defendants, indicating that he would not object to the Document Subpoenas if Defendants permitted Cruz to file written requests this week. None of the 20 counsel representing the various defendants ever responded to this proposal.

We believe these exchanges comply with the intent of Rule 37.2 in that we have made a good faith attempt to resolve our different interpretations of the Court's May 20 Order, but were unable to reach an accord. We also believe it was necessary to move promptly before the Court because it would be better not to engage the six third parties unnecessarily; a prompt resolution from the Court may very well avoid the six third parties from undertaking document searches and/or producing documents unnecessarily. We also believe that further Rule 37.2 exchanges would not be productive because this is a dispute between the parties *solely on an interpretation of this Court's prior order*. The dispute does not require any consideration of disputed facts or interpretations of law. Therefore, little would be gained by a further Rule 37.2 process when only this Court knows what it actually intended in its May 20 Order. (In addition, Defendants are not responding, so we have moved forward with this Motion.)

If the Court denies this Motion and permits Defendants to engage in additional written discovery in the month of September, Cruz requests that the Court adopt the very compromise he offered, and that the Court also permit Cruz to serve written discovery on the City no later than the day of the Court's ruling. (This discovery is additional RTAs that Cruz desired to serve in August *but did not do so* because they could not have been answered by August 30, as ordered by the Court. Now that that deadline is being disregarded by Defendants, however, Plaintiff should also have the opportunity to serve the final written discovery he wished to serve.)

For these reasons, Plaintiff Cruz respectfully requests this Court to quash Document Subpoenas, and – with the exception of certain discovery pre-July 31 that has not yet been answered – again hold that written fact discovery is closed.

Dated: September 4, 2024

> Respectfully submitted,
> *Plaintiff Jose Cruz*
>
> By: /s/ Stuart J. Chanen

Stuart J. Chanen | Ariel Olstein
CHANEN & OLSTEIN
8222 Niles Center Road Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@chanenolstein.com