**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSE CRUZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23 C 4268 |
| | ) | Hon. Georgia N. Alexakis |
| REYNALDO GUEVARA, et al., | ) | Magistrate Judge Gabriel A. Fuentes |
| | ) | |
| Defendants. | ) | |

## THIRD PARTY RESPONDENT CCSAO'S MOTION TO QUASH SUBPOENA FOR DEPOSITION OF STATES ATTORNEY KIMBERLY M. FOXX

Third-Party Cook County State's Attorney's Office ("CCSAO"), by its attorney, Kimberly M. Foxx, State's Attorney of Cook County, through her Assistant State's Attorney, David A. Adelman, brings this motion to quash the subpoena received from Joshua M. Engquist of The Sotos Law Firm, P.C., attorney for Individual Officer Defendants ("Defendants"). The subpoena seeks the deposition of States Attorney Foxx and is attached hereto as Exhibit A.  In support thereof, Respondent states:

## INTRODUCTION

Plaintiff Jose Cruz ("Plaintiff") filed a complaint on July 4, 2023, against the Defendant Officers, the City of Chicago, and now-Judge Edward Maloney, alleging Due Process violations, Brady violations, malicious prosecution, and conspiracy. *See* Docket (Dkt. 1). The root of Plaintiff's cause of action stems from his 1996 conviction for the murder of Antwane Alfonso Douglas, a conviction that was overturned by the Cook County Circuit Court in 2022. *Id.*  The Defendants seek to depose the sitting State's Attorney, purportedly so she can testify about a short (less than a minute or so) conversation she had with the Plaintiff at an event at Stateville Correctional Center in 2022, shortly before the CCSAO moved to vacate his conviction. It is

1

undisputed that the conversation was non-substantive, and there is absolutely no value in forcing the State's Attorney to appear for a deposition in this matter. Nothing about this conversation, where the State's Attorney told Plaintiff she recognized his name and that his case was under review, is relevant to the outcome of Plaintiff's claims against the Defendants. Defendants have been unable to articulate how this evidence is relevant to any claim or defense in the case. Incredibly, the Defendants have also suggested that they intend to use this short conversation as a wedge to learn the State's Attorney's knowledge and deliberations with respect to the decision to vacate the conviction, evidence clearly protected by the deliberative process privilege.

Further, any information that could conceivably be gleaned from the deposition is available to the Defendants from other sources, such as the Plaintiff himself, and the Plaintiff's criminal attorney, who also spoke with the State's Attorney about her conversation with his client. The CCSAO even offered to provide an affidavit from the State's Attorney providing her account of the very brief conversation she had with the Plaintiff. Defendants refused out of hand, as they believe it is their right to depose the highest-ranking legal official in Cook County for seven hours about a non-substantive conversation she had two years ago. Even to the extent Defendants believe that they are entitled to additional evidence from the State's Attorney related to the underlying case, such evidence can be gleaned by deposing the attorneys who worked directly on the case. As such, we respectfully ask this Court to quash the subpoena.

## **ARGUMENT**

The CCSAO moves to quash the subpoena from Defendants for at least two reasons. First, it would violate the Apex Doctrine by improperly requiring the elected State's Attorney to appear for deposition when the sought testimony is both irrelevant and could be garnered by other means. Second, Defendants have not provided *any* legitimate basis for deposing a sitting State's Attorney,

and any relevant information she could theoretically provide is barred by the deliberative process privilege.

## I. THE APEX DOCTRINE PROTECTS STATE'S ATTORNEY KIMBERLY FOXX FROM APPEARING IN THIS SUBPOENA IN ALL FORMS

Forcing State's Attorney Kimberly Foxx ("Foxx") to appear in this subpoena would violate the Apex Doctrine. The Apex Doctrine protects high ranked officials in an office or executives from deposition "if: (1) the official has no unique personal knowledge of the matter in dispute; (2) the information can be garnered from other witnesses; (3) the information can be garnered from other discovery methods; or (4) sitting for the deposition would impose a hardship in light of the officer's other duties." *DeLeon-Reyes v. Guevara*, No. 1:18-cv-01028, 2021 U.S. Dist. LEXIS 136736, at *10 (N.D. Ill. July 22, 2021); *see also Martesa Lee v. City of Chicago, et al,* Docket No. 20 C 1508, (N.D.Ill. June 11, 2021) *citing Little v. JB Pritzker for Governor*, No. 18 C 6954, 2020 WL 868528 at *1 (N.D.Ill. Feb. 21, 2020). The Apex Doctrine test and principles can be extended to cover appearances in court that go on the record. The Apex Doctrine is "not an ironclad rule, [it] bespeaks sensitivity to the risk that very valuable executive time would be wasted where the officer has no real information." *Id*, quoting *Dyson, Inc. v. Sharkninja Operating LLC*, No. 1:14-CV-0779, 2016 U.S. Dist. LEXIS 54267, 2016 WL 1613489, at *1 (N.D. Ill. Apr. 22, 2016).

Magistrate Judge Sunil Harjani acknowledged that the "indiscriminate depositions of high-ranking government officials" could "discourage [people] from accepting positions as public servants irrespective of whether those deposed were current or former officials." *DeLeon-Reyes* 2016 U.S. Dist. LEXIS 136737, *12, n.3 *quoting Lee v. City of Chicago*, No. 20 CV 1508, 2021 U.S. Dist. LEXIS 109939, 2021 WL 2399999, at *6 (N.D. Ill. June 11, 2021) (internal quotation marks and citations omitted). Assuming that Defendants intend to ask questions about the underlying criminal case itself (and not merely the conversation with Plaintiff), these questions

3

should be posed to the Assistant State's Attorneys that handled the case, and not the individual responsible for running the entire office.

The first element of the Apex Doctrine is that an official must have "no unique, personal knowledge of the matter in dispute." *Id*. In this matter, Foxx has no direct knowledge of the case other than recognizing Cruz's name from a batch of Detective Guevara cases the CCSAO reviewed. The State's Attorney had no direct participation in the prosecution or post-conviction dealings of Plaintiff. As such, there is no unique personal knowledge that can be provided by compelling the appearance of the State's Attorney, and the first element fails.

The second element of the Apex Doctrine is that the information sought can be sourced from other sources. Pursuant to subpoena, CCSAO already tendered the underlying criminal files *People v. Jose Cruz*, Case No. 93 CR 1347801, 93 CR 25151 (Appellate Case No. 99-3215). CCSAO produced its files related to Jose Cruz's criminal case, Defendant Officers filed a Motion to Compel [Dkt 135] and this Honorable Court ordered the production of certain unredacted documents [Dkt. 173], and the CCSAO complied. None of the information contained in the files has to be provided by the State's Attorney herself because there are far less obtrusive methods of obtaining the information sought, including deposing the Assistant State's Attorneys involved in the criminal prosecution. As such, this second element fails.

Additionally, Defendant Officers seek to take State's Attorney Foxx's deposition to ask her about essentially a one-minute conversation between her and Cruz at Stateville Correctional Center where she told him to "hold on tight" as the CCSAO review of Detective Guevara cases was proceeding but did not make any promises. Information about the conversation can be obtained from other sources as it was in public and reported by the Chicago Tribune. *Inmate Exits Statesville Correctional Center A Month After Chance Encounter With Cook County State's*

*Attorney*, By Megan Crepeau, Chicago Tribune, July 13, 2022, attached hereto as <u>Exhibit B</u>. Moreover, Defendant Officers can ask Cruz himself or Cruz's criminal lawyer, who talked to the State's Attorney shortly after her meeting with his client. Thus, there are alternate sources for the information sought, and as such the second element fails on this ground as well.

The third element of the Apex Doctrine deals with whether the information requested can be received through discovery methods other than a personal appearance or formal deposition. Defendant Officers are already in possession of CCSAO criminal files related to the present case. Moreover, as outlined above, the Defendants could speak to Cruz himself, or his attorney about the conversation and the Assistant State's Attorneys who actually worked on the underlying case. The CCSAO even offered to provide an affidavit setting forth the State's Attorney's recollection of the meeting, which attorneys for Defendant Officers have rejected out of hand. Due to the viable alternatives of seeking information in this case, and Defendant Officers' refusal to even consider them, the third element of the Apex Doctrine fails.

The fourth and final element of the Apex Doctrine is whether the appearance of the ranking official or executive would impose a hardship on the executive based on their duties as an executive. CCSAO is the second largest office of its kind within the United States. Due to the size and volume of matters handled by the office, the executive team has a great many responsibilities.

Recently, in granting a motion to quash the deposition subpoena of First Assistant State's Attorney Risa Lanier, the district court in the matter of *Solache v. City of Chicago* (Seeger, J.) expressed serious concerns about the proliferation of third-party discovery requests to the CCSAO:

> "Getting discovery from the Cook County State's Attorney's Office [is] a serious thing. They have a job to do. They've got a really important job to do. Discovery is distracting and disruptive and burdensome for anybody, let alone a public agency. So anytime you're in the territory of getting discovery from a public agency, it's -- it's serious business, let alone a prosecutor's office. I mean, there is a real public interest in having them devoted to their mission. That's not

to say there aren't other interests at play. There obviously are. But you start from the standpoint that they've got a pretty important job to do, and distracting them and burdening them is something you don't do lightly. I think everybody would probably agree with that…. I do think, in general, federal courts need to tread lightly when invading the province of state prosecutors. So it's not something I do lightly. This particular would-be deponent is the first assistant. I understand it's the number two person in the Cook County State's Attorney's Office. Sometimes high-ranking people are deposed, but, again, you don't do it lightly. ***I have some concern that once a high-ranking person is deposed in one case, it could be a bursting of the dam[] and everybody is going to want their piece of this person in every other case.***"

*Solache v. City of Chicago, Guevara, et al.*, 18-cv-2312/18-cv-1028 (N.D. Ill.) (Dkt. No. 501,502) (emphasis added). The present case involves the actual State's Attorney, as opposed to the First Assistant in *Solache*, effectively underlining Judge Seeger's point.

No one carries more responsibility than the elected State's Attorney. Ms. Foxx runs an office responsible for tens of thousands of prosecutions per year, civil cases with hundreds of millions of dollars at risk and oversees more than 700 attorneys. Requiring the State's Attorney to spend *seven hours[1]* answering questions about her brief interaction with Plaintiff would not be in the public interest. As such, this fourth element must fail as well, and the Apex Doctrine prevents the appearance of State's Attorney Foxx in this matter.

## II.   ANY INFORMATION DEFENDANTS SEEK TO OBTAIN REGARDING THE STATE'S ATTORNEY OR CCSAO'S DECISION MAKING PROCESS WOULD BE PRIVILEGED

Decisions regarding *why* CCSAO did not oppose cases involving Detective Guevara or why Cruz's post-conviction petition was not opposed would be subject to the deliberative process privilege. *See United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993) ("The deliberative process privilege protects communications that are part of the decision-making process of a

---

[1]   To the extent this Court disagrees with the CCSAO, and orders a deposition of State's Attorney Foxx, we ask that it be strictly limited to thirty minutes. This is a very narrow topic, and her recollections can be fully vetted in this timeframe.

governmental agency. Since frank discussion of legal and policy matters is essential to the decision making process of a governmental agency, communications made prior to and as part of an agency determination are protected from disclosure") (citations omitted); *Santiago v. City of Chicago*, No. 09 C 3137, 2010 WL 1257780, at *4 (N.D.Ill. Mar. 26, 2010) ("The City . . . has a legitimate interest in preserving the confidentiality of an ongoing IPRA investigation"). "[T]estimony about the deliberations of the CCSAO attorneys in making decisions" are protected by the deliberative process privilege. *Watts*, pp. 12-13. That is, the privilege protects discovery that seeks "to learn the internal dialogue about a proposed decision, what positions and recommendations were expressed by those involved and any debate that occurred, and what weight was given to each of the various factors considered, or to any particular piece of evidence, and why." *Id.*

Further, "Cruz is suing Defendants for his alleged wrongful detention, prosecution, and conviction and claims *inter alia* that Defendants maliciously prosecuted him, and fabricated and withheld exculpatory evidence in violation of his due process rights to a fair trial." *Officer Defendants' Response to Motion for Extension of Time by the Cook County State's Attorney's Office*, p.1,2. [Dkt. 216], *citing to* Dkt. 44, ¶¶ 12, 176-241.

Other than vague assertions, Defendant Officers have not provided any specific reasoning or logical basis how a one-minute conversation between the State's Attorney and Cruz at Stateville Correctional Center where she told him to "hold on tight" as the CCSAO review of Detective Guevara cases was proceeding but did not make any promises has any relevance to this case. Exhibit B. At this point, it is entirely unclear what questions the Defendants intend to ask State's Attorney Foxx. The statement above, as well as the Rule 37.2 conversations with the undersigned, suggest that they expect to be able to ask her *anything* about the case, including questions that

specifically run afoul of the deliberative process privilege. This is anathema to the law, including many cases involving these Defendants and their attorneys. *See Brown v. City of Chicago*, 18-cv-07064; *Solache v. City of Chicago, et al., 18-cv-2312; Reyes v. Guevara, et al., 18-cv-1028.; In re Watts Coordinated Pretrial Proceeding, 19-cv-1717, Fulton v. City of Chicago*, et al., 17-cv-08696, Coleman v. City of Chicago, 18-cv-00998.*

Defendants' subpoena establishes that the Defendants seek the CCSAO's rationale for positions it took with respect to the above-mentioned post-conviction proceedings ("PC") and Certificate of Innocence proceedings ("COI"). Such reasoning is protected by the deliberative process privilege which "protects communications that are part of the decision making process of a governmental agency." *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993) (citation omitted). The reason is to encourage candid discussion among government agents "[s]ince frank discussion of legal and policy matters is essential to the decisionmaking process of a governmental agency, communications made prior to and as a part of an agency determination are protected from disclosure." *Id.* The deliberative process privilege "typically does not justify the withholding of purely factual material," but covers "predecisional policy discussions . . . and [] factual matters inextricably intertwined with such discussions[.]" *Enviro Tech Int'l, Inc. v. U.S. E.P.A.*, 371 F.3d 370, 375 (7th Cir. 2004) (citations omitted). In order to qualify for the deliberative process privilege, information must be both predecisional and deliberative. *Id.* (citations omitted).

There is a two-part test for evaluating the deliberative process privilege assertion. *Rodriguez v. City of Chicago*, 329 F.R.D. 182, 186 (N.D. Ill. 2019). First, the government agency asserting the privilege [*13] has to make a prima facie case by doing the following: "(1) the department head with control over the matter must make a formal claim of privilege, after personal consideration of the problem; (2) the responsible official must demonstrate, typically by affidavit,

precise and certain reasons for preserving the confidentiality of the documents in question; and (3) the official must specifically identify and describe the documents." *Id*. (internal quotation marks and citation omitted).

If the government agency succeeds in the first step, the analysis advances to the second step, in which the discovering party "has the burden of showing that it has a particularized need for the documents." *K.L. v. Edgar*, 964 F. Supp. 1206, 1209 (N.D. Ill. 1997) (citing *Farley*, 11 F.3d at 1389). In assessing the second step, the Court balances the discovering party's "need for disclosure against the government's need for secrecy, considering such factors as (1) the relevance of the [information] to the litigation; (2) the availability of other evidence that would serve the same purpose as the [deposition] sought; (3) the government's role in the litigation; (4) the seriousness of the litigation and the issues involved in it; and (5) the degree to which [the deposition] sought would [*14] tend to chill future deliberations within government agencies, that is, would hinder frank and independent discussion about governmental policies and decisions." *Id*. (citations omitted).

In the present case, CCSAO submits the Declaration of Lyle K. Henretty, Division Chief of the Advice, Business & Complex Litigation Division of the Cook County State's Attorney's Office's Civil Actions Bureau, attached hereto as <u>Exhibit C</u> and incorporated as fully set forth herein. The CCSAO formally claims the deliberative process privilege over the decision to move to vacate the charges against Plaintiff, including the internal dialogue about a proposed decision, what positions and recommendations were expressed by those involved and any debate that occurred, and what weight was given to each of the various factors considered, or to any particular piece of evidence, and why. *Id*. The CCSAO preserves confidentiality of such testimony because "[t]o divulge the process by which the CCSAO investigated and determined how to approach a

decision to vacate a case would open the process up to outside influence. Interested individuals outside of the CCSAO may try to manipulate the process itself in order to achieve a favored outcome." *Id.* Finally, the CCSAO has identified the privileged information at play, to the extent it can be gleaned from the Defendants. *Id.* The CCSAO's affidavit meets all three the *Rodriguez* requirements and makes a *prima facie* showing.

Any differences in recollection between State's Attorney Foxx and Jose Cruz are irrelevant to Cruz's conviction and reversal, and irrelevant to the claims and defenses of the civil case, to which the CCSAO is not a party.

## <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, the Cook County State's Attorney's Office respectfully requests that this Court grant its motion to quash the subpoena served on the office for State's Attorney Foxx's deposition. The subpoena is barred by the Apex Doctrine, would be overly burdensome on the elected State's Attorney, seeks information that is protected by the deliberative process privilege and other information that is irrelevant and obtainable by other sources, and would set an adverse precedent. The CCSAO prays for relief from such.

Alternatively, in the event this motion is not granted, CCSAO respectfully requests that this Honorable Court limit the deposition to 30 minutes.

<div style="margin-left:40%">

Respectfully submitted,

</div>

Dated September 13, 2024        KIMBERLY M. FOXX
State's Attorney of Cook County

By: */s/ David A. Adelman*
David A. Adelman
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3151
david.adelman@cookcountysao.org