IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| JOSE CRUZ, | ) | |
|       *Plaintiff,* | ) | |
| v. | ) | |
| | ) | |
| REYNALDO GUEVARA, | ) | No. 23-cv-4268 |
| ERNEST HALVORSEN, | ) | |
| ANTHONY WOJCIK, | ) | The Honorable Georgia N. Alexakis |
| ROBERT RUTHERFORD, | ) | |
| ANTHONY RICCO, | ) | The Honorable Gabriel Fuentes |
| ROBERT BORIS, | ) | |
| STEPHEN GAWRYS, | ) | |
| EDWARD MINGEY, | ) | |
| FORMER ASA EDWARD MALONEY, and | ) | |
| THE CITY OF CHICAGO, | ) | |
| | ) | |
|       *Defendants.* | ) | |

**PLAINTIFF JOSE CRUZ's STATUS REPORT**

Plaintiff Jose Cruz respectfully files this Status Report pursuant to this Court's Orders, Dkts. 175, 191, 206, directing the parties to file a September 17, 2024 joint report on the status of fact discovery (the "Joint Status Report").

Earlier today at 9:25 a.m., Cruz's counsel sent a draft status report to Defendants' attorneys, requesting any proposed additions and edits by 5:00 p.m. today in order to avoid a rush tomorrow and considering other Tuesday conflicts. No defense attorney responded to the draft Status Report. At 5:55 p.m., one of Guevara's counsel responded that Defendants would be moving to extend the filing date of the Status Report to Friday, September 20, just one week before the close of discovery. Cruz opposes the extension on numerous grounds and believes this Court should have this Status Report now. *See* Exhibit 1. Cruz therefore now files this morning's draft as "Plaintiff's Status Report." With the sole exceptions of (1) change of title; (2) this added explanatory paragraph; and (3) some ministerial clean-ups, this Status Report is the same as what Cruz sent Defendants this morning.

1.   **The Fact Discovery Cutoff**

The Court has ordered – several times – that the fact discovery cutoff for this case is Friday, September 27 (the "Cutoff"). *See* Dkts.175, 185, 191, 203. On Friday, September 13, the Court ordered one exception to that deadline by extending until October 4 the time for all ink experts to finish their collection and testing of ink-related evidence. Dkt.222. At various times in the past two weeks, Plaintiff Cruz, Defendant Wojcik, and Defendant City have each requested of the other an additional exception to the Cutoff, exceptions that were to be presented to the Court once the parties reached agreement:

- The City requested that the deposition of non-defendant Chicago Police Officer Keith Fleming be pushed from September 11 until October 4 to accommodate Mr. Fleming's work schedule. Plaintiff has no objection to accommodating that request (provided that Plaintiff's lone request for a brief extension (#2 below) is also agreed to). Plaintiff communicated his agreement to the two extensions on September 6, but the City responded, "we are still evaluating our position on that." Therefore, we do not know whether the City will agree to Plaintiff's proposed mutual extensions.

- On September 7, 2024, Plaintiff Cruz served additional requests to admit ("RTAs") on Defendant City of Chicago, a copy of which is attached as Exhibit 2. Cruz did so only after Defendants had continued to issue and produce additional written discovery well beyond the Court's August 30 deadline for written discovery, including both third-party subpoenas to numerous witnesses and the continuing production of additional documents, including documents to which Defendants had access well before the August 30 deadline. Cruz has proposed a mutual agreement Fleming's deposition after September 27 and the City's response to the additional RTAs on October 7, 2024; the City has yet to respond.

- On July 31, Cruz served a demand on Defendant Wojcik for handwriting exemplars, to be presented August 19. On August 18, Wojcik's counsel indicated he would not appear on that date, and the Defendants have yet to propose a specific date for him to appear. This was the subject of a motion to compel, Dkt.215. *See also* Dkt.218 (denying motion w/o prejudice.) Recently, Defendant Wojcik requested to push until October 1, 2, 3, 4, or 7 the giving of his handwriting exemplars to accommodate one of his counsel. While Plaintiff would prefer to have Wojcik provide exemplars prior to September 27 (so the handwriting expert may begin his analysis), Plaintiff nevertheless agreed to Wojcik's requested extension to one of those dates, provided only that he commits now to a date and time certain and that Plaintiff's sole request for an extension (#2 above) is also agreed to.

Plaintiff Cruz requests the Court to approve all three requests as exceptions to the September 27 Cutoff, but otherwise hold September 27 as the close of fact discovery.

2

II. **Depositions Taken and Document and Deposition Subpoenas Remaining**

From February 28 through July 31, 2024, Plaintiff completed 11 of the 12 fact depositions he will take in this case:

1. Defendant Boris on February 28, 2024
2. Defendant Gawrys on March 4, 2024
3. Defendant Guevara on March 8, 2024
4. Defendant Rutherford on March 24, 2024
5. Eyewitness Pedro Jaramillo on June 3 and 4, 2024
6. Gas Station owner and Jaramillo's boss Franscisco Valverde on June 3, 2024
7. Detective and Translator Maria (Soto) Maher on June 21, 2024
8. Defendant Riccio on June 24, 2024
9. Defendant Mingey on July 25, 2024
10. Defendant Wojcik on July 29, 2024
11. Defendant Maloney on July 31, 2024

The twelfth deposition is non-party Officer Keith Fleming, originally scheduled for July 22, postponed to September 11 at Fleming's request, and postponed a second time at Fleming's request, with a new proposed date of October 4, subject to Court approval.

During those same six months (February through July), and the six months of open discovery preceding those months (August 2023 through January), Defendants did not notice any depositions (w/ one exception, Cruz, which Defendants canceled prior to the deposition date). From August 26 to September 13, 2024, Defendants took three depositions:

1. Cruz's friend Yvette Velez on August 26, 2024;
2. Prosecutor Kevin Byrne on August 30, 2024; and
3. Cruz's post-conviction attorney Greg Swygert on September 13, 2024.

Defendants have confirmed dates for two additional depositions:

4. Plaintiff Jose Cruz (September 18)
5. Eyewitness Ivan Rios (September 25)

In August 2024, Defendants issued the following five deposition subpoenas. All of them, however, were (a) withdrawn; (b) postponed by the witness or the Defendants without being rescheduled; or (c) postponed through a motion to quash.

3

6. Prosecutor Richard Cenar for deposition **(subpoena withdrawn)**
7. Prosecutor Carol Rogala for deposition **(twice canceled, not rescheduled)**
8. Public Defender Andrea Monses for deposition **(subpoena withdrawn)**
9. Prosecutor Kim Foxx for deposition (**currently subject to a Motion to Quash**)
10. Public Appellate Defender Ann McAllister for deposition **(canceled, not rescheduled)**

In September 2024, Defendants served the following additional document and deposition subpoenas.

11. Esther Hernandez, the mother of Juan and Rosendo Hernandez, two other exonerated individuals who had been framed by Guevara and other Area 5 Detectives, for documents **(served 9-11 for compliance by 9-16)**
12. Film Producer Scott Budnick for documents **(served 9-12 for compliance by 9-16)**
13. Filmmaker Margart Byrne for documents **(served 9-12 for compliance by 9-16)**
14. Attorney Robert Fisher (who represented Pedro Jaramillo in 1993 and then again at his recent deposition in 2024) for deposition **(served 9-16 for compliance 9-23)**
15. Filmmaker Margaret Byrne for deposition **(not yet served)**
16. NBC News Producer Maite Amborebieta for documents **(not yet served)**
17. NBC News Producer Maite Amborebieta for deposition **(not yet served)**
18. Journalist Jericka Duncan for documents **(to the best of our knowledge, not yet served; although Plaintiff has requested from defendants the deponent's phone number, if known, and confirmation of the deposition date; Plaintiff has not received either)**.
19. Journalist Melissa Segura for documents **(same)**
20. Jose Mejias, a victim, although uninjured, of a separate 1993 shooting to which Cruz pled guilty, for deposition **(same).**

Plaintiff submits that Defendants are not going to be able to complete the vast majority of this discovery by September 27, and Plaintiff opposes any further extension of discovery beyond the lone exception already ordered by the Court and those currently being requested.

### III. Two Motions Pending Before The Court

In addition to the three specific Cutoff exceptions that Cruz, Wojcik, and the City seek, there are two substantive motions pending before the Court:

1. On September 6, 2024, Plaintiff moved to compel Wojcik's handwriting exemplars. Dkt.215. The Court denied the motion the same day without prejudice and directed the parties to confer further. Dkt.218. During the week of September 9, 2024, Defendants repeatedly demanded documents between Cruz's counsel and Cruz's

4

handwriting expert, which are protected from discovery as work product under Federal Rule of Civil Procedure 26(b)(4)(C). In addition, Rule 26(a)(2)(b)(i-vi) provides that the documents Wojcik sought last week are to be produced when Cruz's handwriting expert issues his Rule 26(a) written report, and therefore the parties' dispute over expert documents is wholly independent of Wojcik's obligation to provide handwriting exemplars. On September 13, Cruz confirmed that he would not provide the requested documents, and Wojcik's counsel declared that the parties were "at an impasse" regarding Wojcik's exemplars. Cruz therefore renews his Motion to Compel, Dkt.215. *See* Dkt.218 (directing Plaintiff to renew the motion through the Status Report if the parties did not reach agreement).

      2.     On Friday, September 13, 2024, Cook County State's Attorney Kim Foxx moved to quash the deposition subpoena directed to her, primarily on the ground of the deliberative process privilege, but also on the ground that the one conversation between the State's Attorney and Cruz at Stateville is not sufficiently material to permit the State's Attorney's deposition. Dkt.223. The Court has not yet set a schedule on that motion.

## IV.    Plaintiff's Proposed Expert Discovery Schedule

On August 13, 2024, Ariel Olstein sent a proposed expert discovery schedule to the Defendants, attached as Exhibit 2. That email stated:

> Counsel,
>
> As you know, Judge Fuentez has directed the parties to file, by noon 8/30/24 [later changed to 9/17/24], a joint status report including a contested or agreed schedule for expert discovery (Dkt. 175). We propose the following:
>
> September 27 to November 1, 2024
> Plaintiff will identify their handwriting, ink, police practices, and *Monell* experts on November 1, with report.
> Defendants will identify their affirmative experts (anyone not in these four areas), if any, on November 1, with report.

5

<u>November 1 to December 6, 2024</u>
Defendants will identify their rebuttal experts on handwriting, ink, police practices, and *Monell*, if any, on December 6, with report.
Plaintiffs will identify their rebuttal experts, if any, on December 6, with report.

<u>December 9 to January 17, 2025</u>
All parties will take all expert depositions during the weeks of December 9-13, December 16-20, January 6-10, and January 13-17.

Please let us know if you agree to the above schedule.
Thanks.  Ariel

None of Defendants' attorneys to whom the email was sent responded to the email.

On August 18, 2024, Mr. Olstein sent the same Plaintiff's proposed expert discovery schedule to the Defendants, stating, "We haven't heard back from you regarding my email copied below.  Please let us know your position on our proposed expert discovery schedule.  Thank you."  Exhibit 2.  Again, however, no defense attorney responded.

Since sending those emails, Plaintiff has added one additional eyewitness identification expert, bringing his total number to five, whose reports would be served under his proposed schedule on November 1, 2024.  Defendants have never proposed an expert discovery schedule (including today when Plaintiff expected to see their proposal for the first time).  For these reasons, Plaintiff has not been able to negotiate a schedule with Defendants.

If the Court keeps the September 27 Cutoff and denies the three additional exceptions requested above on page 2, Plaintiff respectfully requests the Court to set the expert discovery identified above.

If, however, the Court either extends the Cutoff to October 7 or otherwise grants the three additional exceptions identified on page 2, Cruz respectfully requests the Court to enter the same basic schedule – but with approximately 10 days added to each deadline, as follows:

6

<u>November 11, 2024</u>
Plaintiff will identify their handwriting, ink, police practices, eyewitness identification, and *Monell* experts on November 11, with reports.
Defendants will identify their affirmative experts (anyone not in these five areas), if any, on November 11, with reports.

<u>December 16, 2024</u>
Defendants will identify their rebuttal experts on handwriting, ink, police practices, eyewitness identification, and *Monell*, if any, on December 16, with reports.
If Defendants identify any affirmative experts, Plaintiff will identify rebuttal experts on December 16, with reports.

<u>January 6 to February 10, 2025</u>
All parties will take all expert depositions during the weeks of January 6, 13, 20, 27, and February 6.

Dated: September 16, 2024

                                                            Respectfully submitted,
                                                            *PLAINTIFF JOSE CRUZ*
                                                            By: <u>/s/ *Stuart J. Chanen*</u>

Stuart J. Chanen
Ariel Olstein
Chanen & Olstein, LLP
8822 Niles Center Road Suite 100
Skokie, IL  60077
(847) 469-4669
stuart@chanenolstein.com
ariel@chanenolstein.com