IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE CRUZ, | ) | |
| | ) | Case No. 23-cv-4268 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Daniel |
| v. | ) | Magistrate Judge Fuentes |
| | ) | |
| FORMER DETECTIVE REYNALDO GUEVARA, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' STATUS REPORT**

Defendants, by and through their undersigned counsel, and pursuant to this Honorable Court's order (Dkt. 228), submit the following Status Report regarding progress toward the closure of fact discovery:

1. **Status of Discovery:**

The following issues related to written discovery remain outstanding:

- This court permitted Defendant Guevara to issue six record subpoenas to reporters and/or journalists on September 3, 2024. (Dkt. 209). These subpoenas have a return date of September 16, 2024.

- Defendant Guevara is waiting for responses to these subpoenas for records. These subpoenas seek, but are not limited to documents, articles, audio, video, notes, and/or media postings relating to the Plaintiff Jose Cruz. Counsel for Defendant Guevara was recently contacted by two attorneys who accepted service on behalf of certain individuals to whom the subpoenas were directed to.

- Defendant Guevara received a certified mail receipt confirming mail delivery of the subpoena for records to Jericka Duncan.

1

- Counsel for Buzz Feed, Christopher Hicks, acknowledged receipt of Guevara's subpoena for records to Melissa Segura on September 17, 2024. Counsel has not asserted any objections to producing documents but requested an extension to review and produce responsive documents until September 24, 2024.

- On September 17, 2024, counsel for Margaret Byrne, Brendan Healy, tendered to Counsel for Guevara Ms. Byrne's Objections and Responses to Defendant Guevara's subpoena. Counsels for Margaret Byrne and Defendant Guevara engaged in Local Rule 37.2 discussions on September 17, 2024. These issues are not yet ripe for court intervention.

- Defendant Guevara issued a records subpoena to Esther Hernandez with a return date of September 24, 2024. On September 18, 2024, Defendant Guevara was informed that Ms. Hernandez is represented by counsel, Loevy & Loevy. Ms. Hernandez's counsel raised issues regarding the service of this subpoena on Ms. Hernandez directly as opposed to through their office and asked that it be "withdrawn." While defendant Guevara's counsel was not aware that the Loevy firm represented Ms. Hernandez for the purposes of this case at the time the subpoena was issued, Defendant Guevara's counsel advised that personal service on a represented third-party witness of a subpoena is not only proper but required under Fed. R. Civ. P. 45(b)(1) and declined to "withdraw" this subpoena. Defendant's counsel, however, advised the Loevy firm that it had no issue with them responding to the subpoena on Ms. Hernandez's behalf and filtering any further contact through their firm. It is unclear at present whether Ms. Hernandez will comply with this subpoena, in whole or in part. Defendant Guevara is

following up as to the status of service of the other outstanding subpoenas and anticipates the outstanding third parties will require an extension of time from the return date of September 16, 2024, to review and produce responsive documents.

- Plaintiff identified 22 individuals, in Plaintiff's Amended Disclosures of Rule 404(b) witnesses. The parties have exchanged some correspondence regarding Defendant Officers' request that Plaintiff reasonably limit and identify the 404(b) witnesses Plaintiff intends to call for trial. To present date, Plaintiff has refused to reasonably identify which witnesses apply to the respective Defendant Officers and has refused to limit his number of 404(b) witnesses to a reasonable amount. To present date Plaintiff has not indicated whether he will further limit and/or amend his R. 404(b) witnesses' disclosures. Defendant Officers propose the parties meet and confer regarding this issue. If a resolution cannot be reached, these issues will be ripe for court intervention and Defendant Officers anticipate motion practice will help resolve the dispute.

- Defendants intend to supplement their Rule 26(a) disclosures by no later than September 20, 2024 to contact information for previously identified witnesses.

2. **Status of Oral Discovery:**

Party depositions are complete. Defendants anticipate that approximately nine (9) more depositions are necessary, including the following:

- Third-party Chicago police officer K. Fleming;
- Third-party witnesses Ivan Rios, Jose Mejias, Maite Amborebrieta, Margaret Byrne, and Robert Fischer;
- Two CCSAO prosecutors: Kim Foxx, and Carol Rogala; and

- Plaintiff's alibi witness Luis Rodriguez.

Ivan Rios's deposition is currently scheduled and confirmed for September 25, 2024. Jose Mejias's deposition was scheduled for September 26, but Plaintiff's counsel has a conflict.

Defendants attempted to schedule the depositions of Keith Fleming (and, in fact, did schedule Fleming's deposition on August 22, which, as explained below, Plaintiff cancelled), ASA Carol Rogala, Robert Fischer, Maite Amborebieta, and Margaret Byrne prior to the close of fact discovery deadline on September 27, 2024. Due to conflicts in Keith Fleming's, ASA Carol Rogala's, and Robert Fischer's schedules these witnesses are unavailable to appear for their respective depositions before the fact discovery deadline. Defendants are gathering these witnesses' October dates of availability for their respective depositions. Plaintiff has only agreed to an extension of fact discovery to October 7, 2024, to allow for the deposition of Keith Fleming to occur on October 4, 2024.

Defendants made multiple attempts to schedule Plaintiff's deposition. Despite those requests, it did not take place until yesterday, September 19, 2024. At Plaintiff's deposition, Plaintiff's counsels objected to nearly every question regarding conversations Plaintiff had with his former criminal defense attorney Fred Cohn. Defendants argue that Plaintiff completely waived his attorney client privilege with respect to Fredrick Cohn's representation by filing documents in the public record describing his conversations with counsel an asserting his ineffectiveness. The parties were not able to reach an accord during the deposition as to this line of questioning. Defendants anticipate motion practice for resolution of this dispute.

Additionally, at his deposition, Plaintiff raised for the first time new allegations against Defendant Officers. Plaintiff did not answer contention interrogatories including this information, nor did he raise the allegations in his complaint or any of his post-conviction

4

pleadings. Defendants, therefore, did not have the benefit of having the information sought prior to Plaintiff's deposition. Defendants are evaluating whether any new discovery is necessary as a result of learning these new allegations.

Defendants' intend to file their Response in opposition to Plaintiff's Motion to Compel Defendant Wojcik's writing exemplar due to the Court tomorrow September 20, 2024.

Defendant Guevara issued Notice of Subpoenas for depositions for Maite Amborebieta and Margaret Byrne on September 6, 2024. On September 12, 2024, counsel for Defendant Guevara was informed that Margaret Byrne may be evading service. Thereafter, On September 17, 2024, Margaret Byrne's counsel tendered to Defendant Guevara's counsel Ms. Byrne's Objections and Responses to Guevara's Subpoena. As indicated above, counsel for Guevara and counsel for Ms. Byrne are currently engaged in local rule 37.2 discussions as it relates to her document production and will also discuss her October availability to appear for her deposition. Defendant Guevara is following up on the status of service on Maite Amborebieta, with the goal of obtaining her October availability for her deposition.

Officer Defendants and third-party respondent CCSAO are in the process of briefing the CCSAO's Motion to Quash Officer Defendants' subpoena on the sitting Cook County State's Attorney. (Dkt. 230). After briefing, Officer Defendants must await the Court's ruling prior to issuing a notice of deposition for Kim Foxx. While the CCSAO has complied with the Court's order instructing them to provide available dates for State's Attorney Foxx, all of the dates provided are outside the close of fact discovery.

3. The City's position regarding Plaintiff's request for additional time to issue a second set of requests to admit in light of the fact that Defendant Guevara served notice of subpoenas for

5

documents on September 3, 2024 and the previously set September date for third-party officer Fleming's deposition now conflicts with his work schedule:

- As set forth in the status report Plaintiff filed, Plaintiff is seeking additional time in discovery to issue another set of requests to admit to the City. For the following reasons, it is not reasonable for Plaintiff to issue written discovery to the City in exchange for accommodating Mr. Fleming's work schedule. Mr. Fleming is a third-party witness. His deposition was previously scheduled for August 22. After the deposition was scheduled, the Court set a hearing on one of Plaintiff's motions to compel for that day. Despite Mr. Fleming's request that the deposition proceed on August 22, the deposition was rescheduled to September 11. September 11th then conflicted with Mr. Fleming's new work schedule. Rescheduling the deposition is not due to any delay caused by the City, Mr. Fleming, or other Defendants. In fact, the City expressed a preference for presenting Mr. Fleming as originally scheduled on August 22, but Plaintiff and Defendant Maloney preferred to reschedule it. (See Exhibit 1, email chain). Thus, contrary to Plaintiff's statement in his status report, Mr. Fleming's deposition did not go forward on August 22 *despite* his request that it proceed, not "at his request" that it be rescheduled, as Plaintiff represented to the Court. Further, October 4 is just one week beyond the current discovery deadline set by the Court. Additionally, the City has already served its answers to Plaintiff's first requests for admission on September 13. The new requests Plaintiff seeks to issue concern the *same subject* matter as the first request. (*See* Dkt. 227, ex. 2). Just like the first requests for admission, the new requests, again, concern allegations made against Jon Burge in 1982, a *decade* before Plaintiff's arrest in this case. Not only has Plaintiff already received the answers to the first requests to admit on that same topic, but issues involving Jon Burge are too remote in time to be relevant to this case. In fact, Jon Burge was separated from the Chicago Police Department before Plaintiff was even convicted in this case. Further, Plaintiff makes no allegation of excessive force in this case, which he confirmed yesterday at his deposition. What's more, just like the first set of requests to admit, the new requests do not comply with Rule 36. They are not simple and direct so that they can be readily admitted or denied, rather they appear to seek information as opposed to narrow the issues for trial. *Andersen v. City of Chicago*, No. 16 C 1963, 2018 WL 11651212, at *1 (N.D. Ill. Mar. 12, 2018) (Rule 36 is not a discovery device but rather a procedure for obtaining admissions for the record of facts already known by the seeker). On top of that, the City issued interrogatories to Plaintiff at the end of July, in accordance with the Court's schedule, and Plaintiff still has not substantively answered them. Instead, he merely copied and pasted portions of his Complaint in answer to one request and stated for the rest, "that Defendants' contention interrogatories do not request an answer until at or near the close of fact discovery, Cruz will therefore answer this interrogatory on or about Monday, October 3." This is despite the fact that discovery is currently set to close on September 27, 2024, such that Plaintiff is seeking to answer *after* the close of fact discovery is prejudicial to the City. Accordingly, Plaintiff has not provided any good cause

6

as to why he could not issue the second set of requests for admission previously. Finally, the City is evaluating Plaintiff's second requests to admit, but, given the City has already answered requests as to the same subject matter, and its objections in according with Rule 36, additional motion practice may arise. If the Court issues an order permitting Plaintiff to issue the second set of request to admit to the City, the City states it will need 30 days from the Court's order to respond.

5. **Defendants' position on an extension of time to complete fact discovery:**

Defendants anticipate filing a Motion for Extension of time to complete fact discovery on or before the Court's deadline on September 25, 2024. (Dkt. 230).

6. **Defendants' position on Plaintiff's proposed expert discovery schedule:**

Per the Court's latest order expert discovery setting is deferred at this time. Defendants object to Plaintiff's proposed expert discovery schedule with two rounds simultaneous expert disclosures.


Date: September 19, 2024                          Respectfully submitted,

/s/ Kevin Kirk                                     /s/ Jeffrey C. Grossich
WILLIAM B. OBERTS                                  JEFFREY C. GROSSICH
*Special States Attorney for Former*               *Special Assistant Corporation Counsel for*
*ASA Edward Maloney*                               *Defendant Officers*

William B. Oberts                                  James G. Sotos
Kevin C. Kirk                                      Josh M. Engquist
Oberts Galasso Law Group                           Alexis M. Gamboa
161 N. Clark Street, Suite 1600                    Jeffrey C. Grossich
Chicago, IL 60601                                  THE SOTOS LAW FIRM, P.C.
P: (312) 741-1024                                  141 W. Jackson Blvd, Suite 1240A
wboberts@obertsgalasso.com                         Chicago, IL 60604
                                                   P: (630) 735-3300
                                                   jgrossich@jsotoslaw.com


/s/Krystal Gonzalez                                /s/Catherine M. Barber
KRYSTAL GONZALEZ                                   CATHERINE M. BARBER
*One of the Attorneys for Defendant*               *One of the Attorneys for Defenant City of*
*Guevara*                                          *Chicago*

Steven B. Borkan                                   Eileen E. Rosen

7

Timothy P. Scahill
Graham P. Miller
Emily E. Schnidt
Molly Boekeloo
Whitney Hutchinson
Mischa Itchhaporia
Andrea Checkai
Krystal Gonzalez
Borkan & Scahill, Ltd.
20 S. Clark St., Suite 1700
Chicago, Illinois 60603
P: (312) 580-1030
kgonzalez@borkanscahill.com
eschnidt@borkanscahill.com

Andrew J. Grill
Austin G. Rahe
Catherine M. Barber
Jessica Zehner
Lauren M. Ferrise
Thereasa B. Carney
 Rock, Fusco, & Connelly
333 W. Wacker Drive, 19th Floor
Chicago, IL 60606
P: (312) – 494-1000
cbarber@rfclaw.com

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that September 19, 2024, I electronically filed the foregoing **Defendants' Status Report** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list.

*Attorneys for Plaintiff*
Stuart J. Chanen (Stuart@ChanenOlstein.com)
Ariel Olstein (Ariel@ChanenOlstein.com)
CHANEN & OLSTEIN LLP
7373 Lincoln Ave., Suite 100
Lincolnwood, IL 60712
P: 847-469-4669

Jack Samuel Tenenbaum
Northwestern Pritzker School of Law
375 E. Chicago Ave., Suite 411
Chicago, IL 60611
P: 312-503-4808
s-tenenbaum@law.northwestern.edu

*Attorneys for the City of Chicago*
Eileen E. Rosen (erosen@rfclaw.com)
Andrew J. Grill (agrill@rfclaw.com)
Austin G. Rahe (arahe@rfclaw.com)
Catherine M. Barber (cbarber@rfclaw.com)
Jessica Zehner (jzehner@rfclaw.com)
Lauren M. Ferrise (lferrise@rfclaw.com)
Theresa B. Carney (tcarney@rfclaw.com)
Rock, Fusco & Connelly
333 West Wacker Drive, 19th Floor
Chicago, IL 60606
P: (312) 494-1000

*Attorneys for Reynaldo Guevara*
Steven B. Borkan (Sborkan@borkanscahill.com)
Timothy P. Scahill (tscahill@borkanscahill.com)
Graham P. Miller (gmiller@borkanscahill.com)
Emily E. Schnidt (eschnidt@borkanscahill.com)
Molly Boekeloo (mboekeloo@borkanscahill.com)
Whitney Hutchinson (whutchinson@borkanscahill.com)
Mischa Itchhaporia (mitchhaporia@borkanscahill.com)
Kathryn E. Boyle (kboyle@borkanscahill.com)
Krystal Gonzalez (kgonzalez@borkanscahill.com)
Borkan & Scahill
20 S. Clark Street, Suite 1700

Chicago, IL 60603
P: (312)-580-1030

***Attorneys for Edward Maloney***
William B. Oberts (wboberts@obertsgalasso.com)
Kevin C. Kirk (kckirk@obertsgalasso.com)
Oberts Galasso Law Group.
161 N. Clark Street, Suite 1600
Chicago, IL 60601
P: (312) 741-1024

>  */s/ Krystal Gonzalez*
>  Krystal Gonzalez