**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSE CRUZ, | ) | |
| | ) | Case No. 23-cv-4268 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Alexakis |
| v. | ) | Magistrate Judge Fuentes |
| | ) | |
| FORMER DETECTIVE REYNALDO | ) | |
| GUEVARA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CONSOLIDATED FILING REGARDING EXTENSION OF TIME**
**TO COMPLETE ORAL FACT DISCOVERY**

The parties, pursuant to this Honorable Court's September 17, 2024 order (Dkt. 230) hereby submit this consolidated filing regarding Defendants' request for a 45-day extension of time (until November 11, 2024) to complete oral fact discovery. Plaintiff Cruz opposes the extension, and the parties have conferred regarding this filing, and it contains the parties' respective positions on the proposed extension.

**DEFENDANTS' MOTION FOR EXTENSION OF TIME**
**TO COMPLETE ORAL DISCOVERY**

Defendants, former Chicago Police Officers Stephen Gawrys, Robert Rutherford, Anthony Riccio, Edward Mingey, Anthony Wojcik, Robert Boris, and Geri Lynn Yanow, as Special Representative for Ernest Halvorsen, deceased, and Reynaldo Guevara ("Officer Defendants"), the City of Chicago, and former Assistant State's Attorney Edward Maloney (collectively "Defendants"), by their respective undersigned counsel, move for a 45-day extension of time (until November 11, 2024) to complete oral fact discovery, and state:

**A. Introduction and Factual Background**

1.      Plaintiff filed his original Complaint in this case on July 4, 2023, a mere fifteen

1

months ago. (Dkt. 1.)

2.      As this Court has acknowledged, this is a very important case in which Plaintiff makes serious allegations of misconduct against eight former Chicago police officers and a former assistant state's attorney who is now a sitting judge. Plaintiff alleges that these Defendants intentionally violated his constitutional rights, leading him to spend over 28 years in prison for crimes he claims he did not commit. Plaintiff is seeking $87 million from Defendants, including punitive damages.

3.      On August 30, 2023, the parties filed their Initial Joint Status Report. (Dkt. 42.) In this Status Report, Defendants proposed a discovery schedule with a fact discovery closure date of October 15, 2024. (*Id*. at 5.)

4.       On September 7, 2023, this Honorable Court entered an order setting a fact discovery closure date of June 14, 2024. (Dkt. 51.)

5.      On May 20, 2024, this Court entered an order extending the fact discovery closure date to September 27, 2024. (Dkt. 175.)

6.      On September 17, 2024, this Court ordered the parties to file any motion to extend fact discovery by noon on September 25, 2024. (Dkt. 230.)

7.      Defendants now bring the present motion and respectfully request that this Honorable Court grant a 45-day extension of time (until November 11, 2024) to complete oral fact discovery.

**B.  Discovery Completed To Date**

8.      Throughout the pendency of this case, the parties have engaged diligently in discovery.

9.      Plaintiff's criminal case lasted for nearly 30 years, starting with the original

criminal proceedings, and going through multiple appeals to the Illinois Appellate Court,

petitions for leave to appeal to the Illinois Supreme Court, state and federal habeas petitions, and

original and successive post-conviction petitions. This multiplicity of court proceedings

generated an enormous number of documents and transcripts.

      10.     Defendants have issued over a dozen record subpoenas to entities such as the

Cook County State's Attorney's Office, the Office of the Cook County Public Defender, the

Cook County Department of Corrections, the Cook County Medical Examiner, the Center on

Wrongful Convictions, the Illinois Department of Corrections, the Illinois Attorney Registration

and Disciplinary Commission, the Illinois Appellate Clerk, and St. Mary's Hospital.

      11.     The parties have filed and litigated eleven motions to compel (five by Plaintiff,

six by Defendants) and two motions to quash. (Dkt. 117, 120, 129, 133, 134, 135, 143, 148,

178, 195, 208, 215, 223.)

      12.     The parties also filed motions to unseal and to obtain grand jury materials in the

Circuit Court of Cook County, Illinois. These motions were vehemently opposed by the Cook

County State's Attorney's Office ("CCSAO") and the hearings on these motions were

continually delayed through no fault of the parties to this action.

      13.     To date, approximately 126,000 pages of documents have been produced in this

case. The parties have also received audio recordings of approximately 900 phone calls from the

Illinois Department of Corrections.

      14.     The parties have taken the following fifteen depositions:

- Plaintiff Jose Cruz
- Defendant Robert Boris
- Defendant Stephen Gawrys
- Defendant Reynaldo Guevara
- Defendant Robert Rutherford
- Defendant Anthony Riccio

- Defendant Edward Mingey
- Defendant Anthony Wojcik
- Defendant Edward Maloney
- Francisco Valverde
- Pedro Jaramillo
- Maria Maher
- Ivette Velez
- Gregory Swygert
- Kevin Byrne

15.     Counsel for the parties traveled out-of-state for the depositions of Francisco Valverde, Pedro Jaramillo, and Maria Maher (Florida) and Ivette Valez (Tennessee).

**C. Anticipated Additional Discovery**

16.     Defendants anticipate taking nine additional depositions, including the following:

    a.  Third-party Chicago police officer K. Fleming;

    b.  Other third-party witnesses,  Ivan Rios, Luis Rodriguez, Jose Mejias, Maite Amborebrieta, Margaret Byrne, and Robert Fischer; and

    c.  Cook County State's Attorney Prosecutors: Kim Foxx and Carola Rogala.

17.     On September 12, 2024, Officer Defendants emailed counsel for the parties that Jose Mejias's deposition was confirmed for September 26 at 1:00 P.M. Plaintiff's counsel responded that they were not available on that date. The parties were unable to reschedule this deposition for a date before the close of fact discovery.

18.     Officer Defendants served witness Ivan Rios with a deposition subpoena on September 9, 2024. The deposition was to proceed in person in Riverview, Florida, on September 25, 2024. Rios confirmed with counsel for the Officer Defendants that he would be present for his deposition on that date. The day before Rios's deposition, on September 24, 2024, the parties canceled the deposition by agreement, as the Florida Gulf Coast was under a hurricane watch that was expected to last for the next few days. Plaintiff's counsel stated that,

4

given the circumstances, Plaintiff would not object to rescheduling this deposition for after the current deadline for the completion of fact discovery.

19.     Defendants attempted to schedule the depositions of Keith Fleming (and, in fact, did schedule Fleming's deposition on August 22, which Plaintiff canceled to accommodate a hearing set by the Court), ASA Carol Rogala, Robert Fischer, Maite Amborebieta, and Margaret Byrne prior to the September 27 fact discovery deadline. Due to conflicts in Keith Fleming's, ASA Carol Rogala, and Robert Fischer's schedules, these witnesses are unavailable to appear for their respective depositions before the fact discovery deadline.

20.     Defendants made multiple attempts to schedule Plaintiff's deposition. Despite those attempts, Plaintiff's deposition did not take place until September 19, 2024. At Plaintiff's deposition, Plaintiff's counsel objected to nearly every question regarding conversations Plaintiff had with his former criminal defense attorney, Fred Cohn. Defendants argued that Plaintiff completely waived his attorney-client privilege with Cohn by filing public documents in court describing his conversations with Cohn and claiming Cohn rendered ineffective assistance of counsel in the original criminal proceedings. The parties were not able to reach an agreement on this issue during Plaintiff's deposition, and Defendants anticipate filing a motion requesting additional time to depose Plaintiff.

21.     Officer Defendants and third-party respondent CCSAO are in the process of briefing the CCSAO's Motion to Quash the Officer Defendants' Deposition Subpoena of State's Attorney Kim Foxx. (Dkt. 223.) Officer Defendants filed their Response on September 23, 2024. (Dkt. 236.) The CCSAO was ordered to file their Reply on September 30, 2024 by 5:00 P.M. (Dkt. 230.) Prior to the parties briefing, this Court ordered the CCSAO to provide available dates for State's Attorney Foxx's deposition. (Dkt. 219.) The CCSAO only provided Defendants with

dates in October, outside the close of fact-discovery.

22.     Counsel for Officer Defendants have made numerous attempts to contact and locate Luis Rodriguez, who appears to be evading service. On June 6, 2024 investigators for Officer Defendants conducted an investigation into every available addresses associated with Rodriguez in Chicago. Investigators spoke with neighbors at the various locations, as well as left voicemails with known associated telephone numbers. On August 10, 2024, upon request, Counsel for Plaintiff provided Officer Defendants with a telephone number for Rodriguez. On August 12, 2024, Counsel for Officer Defendants Alexis Gamboa ("Attorney Gamboa") spoke with Rodriguez who stated he was available to sit for a deposition and would be generally available in September. On August 29, 2024, Attorney Gamboa spoke to Rodriguez about confirming a deposition date of September 24, 2025. Rodriguez asked Attorney Gamboa to call him back in a few days so he could check his schedule. On September 3, 2024, Attorney Gamboa called Rodriguez who stated he would call back after his "meeting." Attorney Gamboa called Rodriguez later that day and left a voicemail requesting a call back. September 3, 2024 was the last time Officer Defendants heard from Rodriguez. On September 6, 9, 2024, Attorney Gamboa left Rodriguez a voicemail requesting a call back. Subsequently, on September 14, 2024, investigators spent approximately 90 minutes around the 3334 W. Beach, address in Chicago after Rodriguez previously confirmed with them, and Attorney Gamboa that he still resides at this address. Investigators were unable to make contact with Rodriguez.

23.     Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

24.     "[M]agistrate and district courts enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind*., 737 F.3d 1107, 1115 (7th Cir. 2013).

25.     This is a 2023 case that is little over a year old. Defendants' requested extension of time is reasonable and is only 27 days longer than their original proposal that fact discovery close on October 15, 2024. (Dkt. 42, p. 5.)

26.     Despite the parties' diligence, the age and complexity of this case, the difficulty of locating and deposing witnesses, the proliferation of discovery motions, and the intransigence of certain third-parties (particularly the CCSAO) have prevented the parties from completing oral fact discovery prior to the September 27 deadline. Defendants are only seeking an extension of time to complete the remaining depositions that could not be scheduled and completed before the September 27, 2024 cut off.  Thus, there is good cause for an extension of time to complete fact discovery.

WHEREFORE, Defendants respectfully request that this Honorable Court grant a 45-day extension of time (until November 11, 2024) to complete fact discovery.

## PLAINTIFF'S RESPONSE

It was not until yesterday, September 24, at 4:13 p.m. that Defendants alerted Plaintiff that they intended to file a motion for extension of time beyond the several, agreed, limited "exceptions" that the Court had recently identified and that the parties had been discussing between them.  See Exhibit 1 (Jeff Grossich email to Chanen and to Olstein, stating, "I called you both and it went to voicemail.  Defendants intend to file a motion by noon tomorrow requesting a 45-day extension of time (until November 11, 2024) to complete fact discovery. Please let us know Plaintiff's position.")

It was not until this morning, September 25 – at 7:58 a.m. that Defendants sent a draft

Motion for Extension of Time, a motion this Court ordered eight days ago must be filed by noon

today and would require the parties to confer.  See Dkt.230:

> Meanwhile, any motion to extend fact discovery past 9/27/24, by agreement or otherwise in whole or in part, must be filed no later than noon on 9/25/24 and must state what post−cutoff discovery is being requested, good cause and/or agreement for such requests, and proposed time frames for completion. Further, on any such motion to extend fact discovery, the Court requires a consolidated motion of no more than 25 pages after conferral, with all parties including their respective positions on contested aspects of any proposed extension. Expert discovery setting is deferred at this time.

Obviously, attempting to cobble together a response on this time frame is wholly unreasonable,

and before the Defendants try to turn it on Plaintiff by saying, "They never called us to determine

of we would be seeking an extension of time," we want to be really clear that it was not our

burden to begin the process that Defendants began, for all practical purposes, at 9:00 a.m. this

morning.

> Jeff, you told us for the first time yesterday at 4:13 that you would be seeking an extension, and you sent us a draft this morning at 8 a.m., which Ariel did not see until 9:00 a.m., and I did not see in California until 9:15 Central time, leaving us precisely 2 hours and 45 minutes to come up with a written response, which we are working on right now.  There will not be any time for additional conferral.  I wrote to you yesterday several of the reasons that we oppose your motion. Given the complete failure to give us any notice of this – even though the Court set today's deadline, I believe, more than a week ago, this "conferral" will have to suffice.
> You will get our written response as an edit to your "draft" in 1 hour.  Please file it promptly.
> Stuart Chanen

Therefore, for Plaintiff Cruz's opposition to Defendants' Request for Extension of the Fact

Discovery Cutoff (the "Motion"), Plaintiff Cruz states as follows, and the Court will please excuse

Cruz if there are typographical errors or blank spaces where docket or page numbers should be.

Cruz will also be fully prepared to address Defendants' Motion tomorrow.

I.      **Cruz Has Already Reasonably Agreed To Numerous Exceptions to the Fact Discovery Cutoff.**

Cruz has been more than reasonable in agreeing to brief exceptions to the September 27 Cutoff that Defendants have requested.  Defendants requested that Fleming's deposition be postponed from September 11 to October 4 to accommodate his work schedule.  Cruz agreed. Defendants requested that Wojcik's handwriting exemplars be put off until October 1 or after because Ms. Meador was in Europe until then.  Cruz agreed, and immediately offered October 1, 2, 3, 4, and 7.  Mr. Rios's deposition was postponed at Mr. Grossich's request because of impending hurricanes in Tampa, and Cruz immediately agree to seek the Court's approval of an "September 27 exception" on that basis.  The City will be seeking additional time to respond to Cruz's second set of requests for admission, and Cruz has absolutely no objection.  Indeed, Plaintiff Cruz already outlined at the very beginning of his September 16 Status Report (nine days ago) that he had agreed to several September 27 exceptions requested by Defendants.

This, however, is how all remaining requests for exceptions to the September 27 discovery cutoff should be handled – not as a blanket extension of the discovery cutoff until October 4.   As Defendants concede above in their paragraph 23, Federal Rule of Civil Procedure 6(b)(1)(A) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."  Here, the Court has set September 27 as the fact discovery cut-off four times:   Dkt.175 (setting September 27 as fact discovery cut-off; Dkt.191 ("the 9/27/24 fact discovery cut-off stands"); Dkt.203 ("Meanwhile, the 9/27/24 fact cutoff stands"); Dkt.230 ("The 9/27/24 discovery cutoff stands").   And in

_____

 The City states this is not accurate.  Plaintiff did not have leave to issue a second set of requests for admission the City incorporates what it stated in the last status report.

Dkt.230, the Court again emphasized the "good cause" requirement of Rule 6(b)(1)(A).

Here, Defendants have not even attempted to establish good cause for a blanket 45-day extension of the fact discovery cut-off. At most, they have identified a few (very few) additional bases for the Court to order individual exceptions to the September 27 Cutoff. But each additional exception Defendants request must be considered on its own merits. Is there good cause to extend the time to take the deposition of Luis Rodriguez because over the past 14 months that discovery has been opened, Defendants have not been able to locate him. See supra ¶ 24. Is there good cause for Defendants to take the document demands or depositions of journalists who they have known about since the case was filed and they certainly would object on the grounds of the reporter's privilege, but they nevertheless waited until September 3 to even prepare the subpoenas and for some of them waited until September 20? Respectfully, these are the individual questions that the Court should be asking itself, and instead Defendants are asking for a 45-day blanket discovery extension.

Discovery is not supposed to work this way. It is not consistent with the four Orders setting September 27 that this Court issued on May 22, July 31, September 6, and September 17, all stating that the September 27 deadline "stands." We truly expected Defendants to approach in the past eight days raising specific exceptions for specific discovery related to specific individuals or documents. We would have addressed them one by one.

In addition to the scoffing at the Court's September 27 deadline, Defendants also scoffed at the Court's August 31 deadline for written discovery. On September 3, three days after the Court had expressly closed written discovery, Defendants issued seven document subpoenas to individuals that Defendants had never mentioned to the Court, *at all*, and were not part of Defendants's 7-10 witness disclosure that they had used to obtain the Court's extension of

10

document discovery from May 20 to August 31. Notwithstanding that the document subpoenas were well past the deadline (and notwithstanding that Defendants knew the reporters would object on reporter's privilege grounds, and that Jaramillo's lawyer would object on attorney-client grounds, and that the State's Attorney's Office would continue to object on deliberative process privilege grounds, the Court allowed the subpoenas on three grounds/conditions:

> (a) that the violation of the Court's prior August 30 Order was de minimis; and

> (b) that "the [document] subpoenas will promote the fair and just resolution of the matter," citing Fed. R. Civ. P. 1, and

> (c) that the "Court will have little patience for extended delays due to the late service and slow response time on any of these subpoenas" and Guevara should be arranging now for prompt compliance and/or motion practice."

Dkt.XXX.

Apparently, Defendants felt emboldened by the fact that the Court would make an exception for their late-filed document subpoenas because they immediately started issuing deposition subpoenas to five of the seven individuals on whom they had served document subpoenas – even though several of them appear not to have been served at all, and even the ones that could not possibly be completed by September 27, 2024.

Despite clear warnings that the Court would have little patience with continuing delay for the completion of both written and oral discovery, Defendants purport to need more time to for the Court to resolve the following issues (lettered A-H) and for Defendants to complete the following tasks (numbered 1-20):

> A. Motion Practice brought by State's Attorney Kim Foxx to bar Defendants from taking her deposition, both on the ground of Deliberative Process Privilege and on the ground that her lone, extremely brief prison conversation with Jose Cruz is not a sufficient basis for the deposition.

> B. Likely Motion Practice based on Carol Rogala's assertion of the Work Product and Deliberative Process Privileges.

11

C. Motion Practice brought by at the very least Reporters Duncan, Segura, Amborebrieta, and Byrne, based on the Reporter's Privilege;

D. Potential Motion Practice brought by Esther Hernandez related to document and deposition subpoenas directed at her;

E. Motion Practice brought by Defendants related to Jose Cruz's assertion of the attorney-client privilege with his criminal defense lawyer;

F. Motion Practice brought by Defendants related to Rob Fisher's assertion of privilege with respect to his representation of his 1993 and 2024 client Pedro Jaramillo;

G. Motion Practice brought by Defendants related to the length of the list of Plaintiff's 404(b) witnesses (about which the parties met and conferred twice, once in _____ and again _____, and which, if Defendants were going to bring it, it should have been brought many monthys ago, and in any event, it is an issue which Judge Alexakis can easily address in relation to the trial);

H. If the Court permits Cruz's Second Set of *Monell* Requests to Admit Directed to the City of Chicago, because the return date was 10 days after September 27, and if the parties cannot reach agreement between themselves as to the City's request for additional time, Defendants' potential Motion Practice related to an extension of time for those RTAs.

1. Obtaining documents from Reporter Jericka Duncan (not listed on May 17 as a potential witness; not as potential person with knowledge until August 21; not served with a subpoena until late September);

2. Obtaining documents to be produced by Reporter Melissa Segura (same);

3. Obtaining documents from Reporter and Filmmaker Margaret Byrne, to which she has already objected (same);

4. Obtaining documents from News Producer Maite Amborebrieta (same and despite the Court's warning, Ms. Amborebieta, according to Defendants' last filing, appears to still not have been served);

5. Obtaining documents from Film Producer Scott Budnick (same and also not served yet);

6. Obtaining documents from Esther Herandez, who is represented by Loevy & Loevy and is the mother of two other Guevara victims;

12

7.   Taking the Deposition of News Producer Maite Amborebrieta (who has not been served),

8.   Taking the Deposition of Scott Budnick (who has not been served)

9.   Taking the Deposition of Margaret Byrne (who has not been served).

10.  Taking the Deposition of Carol Rogala (who Defendants have known about since their Initial Disclosure in August 2023);

11.  Taking the Deposition of Kim Foxx (who did not make it onto their disclosure as a person with knowledge until _____);

12.  Taking the Deposition of Plaintiff's alibi witness Luis Rodriguez (who Defendants have known about since their Initial Disclosure in August 2023);

13.  Taking the Deposition of Jose Mejias, a witness to a different crime with which Cruz was charged (who Defendants have known about since their Initial Disclosure in August 2023);.

14.  Taking the Deposition of Jose Rodriguez, who has been on Cruz's Rule 26(a)(1) disclosure since August 2023;

15.  Issuing new discovery based on Defendants' decision to wait until September 18 to depose Jose Cruz, and now asserting that there are "new" issues about which they will need additional discovery.

And this is only a partial list that Cruz is preparing in a rush. Defendants have not established "good cause," as they concede they are required to do, for any of these exceptions. The fact that this is an important case is "not cause." The fact that they took only four depositions that they noticed from August 2023 through and including August 2024 – and started power-issuing deposition notices and subpoenas in September 2024 is not "good cause." The fact that they are having trouble locating or serving witnesses who they have known about since July 4, 2023 (the day the Complaint was filed) is not "good cause."

Discovery is not supposed to work this way. Rule 1 was specifically amended to place

the burden not just on the Court but on all parties to ensure the "just, speedy, and efficient" resolution of every case. We basically we repeat what we said previously when Defendants sought an extension back in May:

> Plaintiff submits that it is totally unreasonable for Defendants to go through eight months of discovery, notice only one deposition, take zero depositions, and then less than 30 days before the close of fact discovery, take the position – solely in a Status Report (not even in a motion to extend discovery) – that defendants intend to take ten more depositions, to be noticed at some indefinite time in the future (and not even identify the actual witnesses they intend to depose).

> Defendants casually request an extra six to nine months to address discovery they have not addressed at all in the past eight-and-a-half. Respectfully, such request violates Federal Rule of Civil Procedure 1. Your Honor should not reward months and months of Defendants avoiding active participation in discovery and then simply add six to nine months to the discovery deadline.

Dkt.XX.

In sum, the Court should not allow Defendants:

- to do virtually nothing in the 13 months between August 2023 and August 2024,

- stand by while written discovery is closed on August 31, 2024 without filing an extension motion, but still assume that document discovery will continue;

- ignore four Court Orders that oral fact discovery is still scheduled to close on September 27;

- pile onto the Court numerous disputed discovery issues when the Court previously told all counsel that they had to take such disputed discovery issues into account in meeting the August 31 and September 27 deadlines.

**This is the best that Cruz can do given the limited time he was given. Cruz requests leave to explain his position further at tomorrow's hearing.**

14

Date: September 25, 2024

Respectfully submitted,

/s/ Jeffrey C. Grossich
JEFFREY C. GROSSICH, Atty No. 6191975
*Special Assistant Corporation Counsel*
*Defendant Officers*

James G. Sotos
Josh M. Enquist
Alexis M. Gamboa
Jeffrey C. Grossich
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd, Suite 1240A
Chicago, IL 60604
P: (630) 735-3300
jgrossich@jsotoslaw.com

/s/Andrea F. Checkai
ANDREA F. CHECKAI
*One of the Attorneys for Defendant*
*Guevara*

Steven B. Borkan
Timothy P. Scahill
Graham P. Miller
Emily E. Schnidt
Molly Boekeloo
Whitney Hutchinson
Mischa Itchhaporia
Andrea Checkai
Krystal Gonzalez
Borkan & Scahill, Ltd.
20 S. Clark St., Suite 1700
Chicago, Illinois 60603
P: (312) 580-1030
acheckai@borkanscahill.com

/s/ Kevin C. Kirk
KEVIN C. KIRK
*One of the Attorneys for Defendant*
*Edward Maloney*

William B. Oberts
Kevin C. Kirk
Oberts Galasso Law Group
161 N. Clark Street, Suite 1600
Chicago, IL 60601
P: (312) 741-1024
kckirk@obertsgalasso.com

/s/ Catherine M. Barber
CATHERINE M. BARBER
*One of the Attorneys for Defendant City*
*of Chicago*

Eileen E. Rosen
Andrew J. Grill
Austin G. Rahe
Catherine M. Barber
Lauren M. Ferrise
Thereasa B. Carney
Kelly A. Krauchun
Rock, Fusco, & Connelly
333 W. Wacker Drive, 19th Floor
Chicago, IL 60606
P: (312) 494-1000
cbarber@rfclaw.com

## <u>CERTIFICATE OF SERVICE</u>

     I certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that on September 25, 2024, I electronically filed the foregoing **Consolidated Filing Regarding Extension of Time to Complete Oral Fact Discovery** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list.

### ***Attorneys for Plaintiff***
Stuart J. Chanen (Stuart@ChanenOlstein.com)
Ariel Olstein (Ariel@ChanenOlstein.com)
CHANEN & OLSTEIN LLP
8822 Niles Center Rd., Suite 100
Skokie, IL 60077
P: 847-469-4669

Jack Samuel Tenenbaum
Northwestern Pritzker School of Law
375 E. Chicago Ave., Suite 411
Chicago, IL 60611
P: 312-503-4808
s-tenenbaum@law.northwestern.edu

### ***Attorneys for the City of Chicago***
Eileen E. Rosen (erosen@rfclaw.com)
Andrew J. Grill (agrill@rfclaw.com)
Austin G. Rahe (arahe@rfclaw.com)
Catherine M. Barber (cbarber@rfclaw.com)
Lauren M. Ferrise (lferrise@rfclaw.com)
Theresa B. Carney (tcarney@rfclaw.com)
Rock, Fusco & Connelly
333 West Wacker Drive, 19th Floor
Chicago, IL 60606
P: (312) 494-1000

### ***Attorneys for Reynaldo Guevara***
Steven B. Borkan (Sborkan@borkanscahill.com)
Timothy P. Scahill (tscahill@borkanscahill.com)
Graham P. Miller (gmiller@borkanscahill.com)
Emily E. Schnidt (eschnidt@borkanscahill.com)
Molly Boekeloo (mboekeloo@borkanscahill.com)
Whitney Hutchinson (whutchinson@borkanscahill.com)
Mischa Itchhaporia (mitchhaporia@borkanscahill.com)
Krystal Gonzalez (kgonzalez@borkanscahill.com)
Andrea F. Checkai (acheckai@borkanscahill.com)
Borkan & Scahill

20 S. Clark Street, Suite 1700
Chicago, IL 60603
P: (312)-580-1030

***Attorneys for Edward Maloney***
William B. Oberts (wboberts@tribler.com)
Kevin C. Kirk (kckirk@tribler.com)
Oberts Galasso Law Group
161 N. Clark Street, Suite 1600
Chicago, IL 60601
P: (312) 741-1024

/s/ Jeffrey C. Grossich
JEFFREY C. GROSSICH, Atty No. 6191975

17