IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE CRUZ, ) | |
| ) | Case No. 23-cv-4268 |
| Plaintiff, ) | |
| ) | Honorable Judge Alexakis |
| v. ) | Magistrate Judge Fuentes |
| ) | |
| FORMER DETECTIVE REYNALDO ) | |
| GUEVARA, et al., ) | |
| ) | |
| Defendants. ) | |

**OFFICER DEFENDANTS' OBJECTION TO PLAINTIFF'S
ASSERTION OF PRIVILEGE AND ATTEMPTED CLAWBACK**

Defendants Stephen Gawrys, Robert Rutherford, Anthony Riccio, Edward Mingey, Anthony Wojcik, Robert Boris, and Geri Lynn Yanow, as Special Representative for Ernest Halvorsen, deceased (collectively, "Officer Defendants"), through their attorneys, The Sotos Law Firm, and pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), hereby object to Plaintiff's assertion of privilege and attempt to clawback the retainer agreement produced as Bates stamped document CWC005865-5868 and state as follows:

**INTRODUCTION**

1. Plaintiff is belatedly attempting to assert a privilege and clawback a document that was produced nearly six months ago. On March 29, 2024, Plaintiff produced 6492 pages of documents from the Center on Wrongful Convictions ("CWC") at Northwestern University. These documents were produced by the CWC in response to Officer Defendants' subpoena. Prior to the CWC documents being produced to Defendants, Plaintiff's counsel conducted a privilege review. After the privilege review, Plaintiff produced the CWC documents to Defendants along with a privilege log. Included in the production was a retainer agreement, Bates stamped

1

document CWC005865-5868. (Exhibit A, Retainer Agreement, provisionally filed under seal.) This retainer agreement was not listed on the privilege log. Now, almost half a year later, Plaintiff is asserting attorney-client privilege over this document and attempting to claw it back from Defendants. For the reasons set forth herein, Plaintiff's privilege assertion should be deemed waived and the attempted clawback should be barred.

## FACTUAL BACKGROUND

2. Plaintiff was represented in his underlying criminal case by attorneys from the CWC.

3. On February 2, 2024, Officer Defendants sent a subpoena for records to the CWC. (Exhibit B, 02/02/2024 Subpoena.) The return date for the subpoena was February 16, 2024.

4. The CWC did not produce any records pursuant to the subpoena and did not tender a written objection to the subpoena pursuant to Fed. R. Civ. P. 45(d)(2)(B). As a result, Officer Defendants filed a motion to compel on March 18, 2024. (Dkt. 134.)

5. On March 21, 2024, Plaintiff's counsel, for the first time, advised counsel for the Officer Defendants that they sought to conduct a privilege review of the subpoena response from the CWC prior to the documents being produced to Defendants. Despite the lateness of this requests, counsel for the Officer Defendants agreed to allow this review.

6. On March 22, 2024, there was a hearing before this Honorable Court on the motion to compel. (Dkt. 139.) Counsel for the CWC did not appear at the hearing, and the Court granted Officer Defendants' motion to compel. (*Id.*)

7. On March 26, 2024, counsel for the CWC stated that the CWC's entire file had been made available to Plaintiff's counsel, and that the CWC was not redacting or withholding any responsive records. On or about the same day, Plaintiff's counsel told counsel for the Officer

2

Defendants that they would complete their privilege review and produce the CWC documents to Defendants by 5:00 PM on March 29, and produce a privilege log no later than April 1, 2024.

8. On March 29, 2024, the parties filed a Joint Status Report that updated the Court on the CWC's response to the record subpoena. (Dkt. 140.) After the parties field this Joint Status Report, the Court converted its ruling on the motion to compel and denied it without prejudice as moot. (Dkt. 142.)

9. That same day, Plaintiff produced to Defendants 6492 pages of documents from the CWC along with a privilege log. (Exhibit C, 03/29/2024 Privilege Log.) This privilege log listed eight documents that Plaintiff was withholding from the CWC production.

10. One of the documents that Plaintiff did not withhold was a 4-page retainer agreement between Plaintiff and Plaintiff's counsel, Bates stamped document CWC005865-5868. This retainer agreement was produced to Defendants by Plaintiff on March 29, 2024. The retainer agreement was produced to Defendants, was not withheld, and was not listed on the privilege log.

11. On September 13, 2024, the parties took the deposition of Gregory Swygert, an attorney from the CWC who represented Plaintiff during his successive post-conviction petition in Illinois state court. Mr. Swygert testified that, after the CWC's clients are "exonerated," the CWC regularly helps those clients find legal representation for their subsequent civil cases against the police officers and assistant state's attorneys involved in their criminal prosecutions. Mr. Swygert further testified that the CWC refers its clients to a select group of Plaintiff's civil rights firms and that the CWC usually accepts a referral fee from these firms. Mr. Swygert testified that this referral fee is usually 10% of any recovery in the civil cases.

3

12. At Mr. Swygert's deposition, counsel for the Officer Defendants marked the at-issue retainer agreement as Exhibit 12 to the Swygert deposition and attempted to ask Mr. Swygert questions about it. Plaintiff's counsel objected, claimed that they did not know the document had been produced to Defendants, directed Mr. Swygert not to answer questions about the document, and stated that they would be clawing the document back. Counsel for the Officer Defendants objected to any attempted clawback, as the retainer agreement had been produced nearly six months prior, after Plaintiff's counsel performed a privilege review, and this was the first time Plaintiff was claiming any privilege over the document.

13. On September 18, 2024, Plaintiff's counsel sent an email to Defense counsel, demanding a clawback of the retainer agreement. (Exhibit D, 09/18/2024 Email.)

## ARGUMENT

14. Officer Defendants object to Plaintiff's privilege claim and attempted clawback of the retainer agreement. The retainer agreement is relevant to Mr. Swygert's bias and credibility as a witness. "Proof of bias is always relevant because the jury, as finder of fact and weigher of credibility, is entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." *Goswami v. DePaul University*, 8 F. Supp. 3d 1004, 1018, n. 12 (N.D. Ill. 2014) (citing United States v. Abel, 469 U.S. 45, 52 (1984)). Additionally, Plaintiff produced the retainer agreement over six months ago, after Plaintiff's counsel claimed that it conducted a privilege review of all the documents produced by the CWC. Any attempt to clawback the retainer agreement on the basis of the attorney-client privilege or any other privilege has long been waived.

15. Federal Rule of Civil Procedure 26(b)(5)(B) states, in relevant part, that a party opposing a belated claim of privilege over information that was already produced "may promptly

4

present the information to the court under seal for a determination of the claim." Fed. R. Civ. P. 26(b)(5)(B).

16. Federal Rule of Civil Procedure 26(b)(1) states, in relevant part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" Fed. R. Civ. P. 26(b)(1). "[A]s with nearly all provisions in the Rules, this limitation as to privileged documents is not self-executing." *Ritacca v. Abbott Lab.*, 203 F.R.D. 332, 334-35 (N.D. Ill. 2001) "Instead, parties asserting an objection to discovery on the ground of privilege must present that objection in a timely and proper manner as defined by the Rules. *Id*. "[D]elay in claiming [a] privilege can result in waiver." *Baxter Travenol Lab., Inc. v. Abbott Lab.*, 117 F.R.D. 119, 121 (N.D. Ill. 1987) (holding that several-month delay in claiming attorney-client privilege over inadvertently produced document resulted in waiver). "[E]vidence of foot-dragging or a cavalier attitude towards following court orders and the discovery rules supports finding waiver." *Ritacca*, 203 F.R.D. at 335 (holding that four-month delay in claiming attorney-client privilege resulted in waiver).

17. "The party invoking a privilege has the burden to establish all essential elements of the privilege, including the lack of waiver." *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 616 F. Supp. 3d 769, 782 (2022). "In general, Federal Rule of Evidence 502(b) governs whether a party inadvertently disclosed a document and whether disclosure waived privilege." *In re Testosterone Replacement Therapy Products Liability Litigation*, 301 F. Supp. 3d 917, 924 (N.D. Ill. 2018). "Under Rule 502(b), a disclosure made in a federal proceeding does not waive the privilege if (1) the disclosure is inadvertent; (2) the privilege-holder took reasonable steps to prevent disclosure; and (3) the privilege holder promptly took reasonable steps to rectify the

error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)." *Id*. "Determining whether a party took reasonable steps to prevent disclosure and to rectify the error requires considering a variety of factors including the procedures followed to avoid producing the privileged material, the volume and timing of the production, and overriding issues of fairness." *Excel Golf Prods v. MacNeil Eng'g Co.*, No. 11-cv-1928, 2012 WL 1570772, *2 (N.D. Ill. May 3, 2012).

18. Here, Plaintiff's failure to timely assert any privilege over the retainer agreement resulted in waiver. Plaintiff claimed to have performed a privilege review of the CWC documents before producing said documents to Defendants. Plaintiff produced the CWC documents, including the retainer agreement, nearly six months ago. Evidently, Plaintiff's counsel did not conduct a careful and thorough privilege review. Defendants should not be prejudiced by this failure. Plaintiff's counsel's inadequate privilege review and delay in asserting the privilege and attempting the clawback constitute a waiver of any privilege.

19. This is the second time in this case that Plaintiff's counsel has belatedly asserted a claim of privilege and attempted to clawback documents. Previously, Plaintiff attempted to assert a privilege and clawback documents produced by the Office of the Cook County Public Defender five months after Defendants served the Public Defender with a subpoena. (*See generally*, Dkt. 133, 139, 152, 163.) After the extensive briefing on that issue, Plaintiff's counsel should have been on notice that they needed to be more expeditious in asserting claims of privilege and more careful in reviewing the documents before they are produced. However, the parties are again this situation, where Plaintiff is attempting to assert privileges and clawback documents months after the fact. Respectfully, this Honorable Courts should deem Plaintiff's

6

privilege assertion waived and bar Plaintiff's attempt to clawback the at-issue retainer agreement.

## CONCLUSION

WHEREFORE, Officer Defendants respectfully request that this Honorable Court deem Plaintiff's privilege assertion waived and bar Plaintiff's attempt to clawback the retainer agreement, Bates stamped document CWC005865-5868.

Dated: September 25, 2024

Respectfully submitted,

/s/ Jeffrey C. Grossich
JEFFREY C. GROSSICH, Atty. No. 6316511
*Special Assistant Corporation Counsel for Defendants Officers*

James G. Sotos
Josh M. Engquist
Lisa M. Meador
Alexis M. Gamboa
Jeffrey C. Grossich
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd, Suite 1240A
Chicago, IL 60604
P: (630) 735-3300
jgrossich@jsotoslaw.com

7

**CERTIFICATE OF SERVICE**

      I certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that on September 25, 2024, I electronically filed the foregoing **Officer Defendants' Objection to Assertion of Privilege and Attempted Clawback** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list.

***Attorneys for Plaintiff***
Stuart J. Chanen (Stuart@ChanenOlstein.com)
Ariel Olstein (Ariel@ChanenOlstein.com)
CHANEN & OLSTEIN LLP
8822 Niles Center Rd., Suite 100
Skokie, IL 60077
P: 847-469-4669

Jack Samuel Tenenbaum
Northwestern Pritzker School of Law
375 E. Chicago Ave., Suite 411
Chicago, IL 60611
P: 312-503-4808
s-tenenbaum@law.northwestern.edu

***Attorneys for the City of Chicago***
Eileen E. Rosen (erosen@rfclaw.com)
Andrew J. Grill (agrill@rfclaw.com)
Austin G. Rahe (arahe@rfclaw.com)
Catherine M. Barber (cbarber@rfclaw.com)
Lauren M. Ferrise (lferrise@rfclaw.com)
Theresa B. Carney (tcarney@rfclaw.com)
Rock, Fusco & Connelly
333 West Wacker Drive, 19th Floor
Chicago, IL 60606
P: (312) 494-1000

***Attorneys for Reynaldo Guevara***
Steven B. Borkan (Sborkan@borkanscahill.com)
Timothy P. Scahill (tscahill@borkanscahill.com)
Graham P. Miller (gmiller@borkanscahill.com)
Emily E. Schnidt (eschnidt@borkanscahill.com)
Molly Boekeloo (mboekeloo@borkanscahill.com)
Whitney Hutchinson (whutchinson@borkanscahill.com)
Mischa Itchhaporia (mitchhaporia@borkanscahill.com)
Krystal Gonzalez (kgonzalez@borkanscahill.com)
Andrea F. Checkai (acheckai@borkanscahill.com)
Borkan & Scahill

20 S. Clark Street, Suite 1700
Chicago, IL 60603
P: (312)-580-1030

***Attorneys for Edward Maloney***
William B. Oberts (wboberts@tribler.com)
Kevin C. Kirk (kckirk@tribler.com)
Oberts Galasso Law Group
161 N. Clark Street, Suite 1600
Chicago, IL 60601
P: (312) 741-1024

/s/ Jeffrey C. Grossich
JEFFREY C. GROSSICH, Atty No. 6191975