# EXHIBIT 5
# RESPONDENT MARGARET BYRNE'S OBJECTIONS AND RESPONSES TO REYNALDO GUEVARA'S SUBPOENA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| JOSE CRUZ,<br><br>       Plaintiff,<br><br>v.<br><br>REYNALDO GUEVARA, et al.,<br><br>       Defendants. | Case No. 23-cv-4268<br><br>Hon. Georgia N. Alexakis<br><br>Mag. Judge Gabriel A. Fuentes |

**RESPONDENT MARGARET BYRNE'S OBJECTIONS
AND RESPONSES TO REYNALDO GUEVARA'S SUBPOENA**

Respondent Margaret Byrne, by and through her undersigned attorney, makes the following objections and responses to Plaintiff Reynaldo Guevara's subpoena for Ms. Byrne dated September 5, 2024 in the above-captioned proceeding (the "Subpoena"):

**GENERAL OBJECTIONS**

1. Ms. Byrne objects to the Subpoena, the requests contained therein, the location of production, and the definitions and instructions contained therein, to the extent that they are inconsistent with, and/or seek to impose burdens, obligations, or requirements in excess of those imposed by Rule 45 and/or any Local Rules of this Court.

2. Ms. Byrne objects to the Subpoena to the extent that it seeks the production of documents protected from disclosure by any applicable privilege, immunity, or privacy right.

3. Ms. Byrne objects to the requests made in the Subpoena because they subject her to an undue burden and because they seek information that is not relevant. Ms. Byrne is a journalist. In *Bond v. Utreras*, another case in which a journalist was subpoenaed and that involved allegations of police wrongdoing, the court quashed the subpoena and stated: "Though clearly not free of bias here, Mr. Kalven is nonetheless a journalist and, according to his deposition testimony, his work at

1

the Stateway Gardens development is ongoing. Given this, disclosure and production of his notes and his research materials would certainly harm Mr. Kalven's 'street cred'; he fancies himself as being a voice of the people in the projects; if he is seen as being one who hands over people's stories to the Police - especially when those stories sometimes involve allegations that the Police have been abusive - people might be less willing to come to him, and his journalistic endeavors, such as they are, would be undermined." 2006 U.S. Dist. LEXIS 46279, at *13-14. (N.D. Ill. June 27, 2006). As was the case with Mr. Kalven, if Ms. Byrne were forced to disclose her reporting materials, she would also risk losing credibility with sources, and her reporting and sources would likely be chilled. The concerns about overreaching discovery are particularly strong here where the film *To Catch a Case*, formerly known as *Corruption Capital,* is still in production. In fact, Ms. Byrne is still doing reporting in connection with the documentary. Any reporting done in connection with Mr. Cruz was decades after the events at issue in the lawsuit, and the film concerns dozens of cases, not just Mr. Cruz's. With regard to burden, simply storing the materials requested could cost thousands of dollars, and it would be a significant effort for an individual to locate and produce the voluminous records requested. As the court emphasized in *Utreras*, "concerns about the burden imposed on Mr. Kalven might be counterbalanced if the defendants could establish that the evidence they seek is highly probative of issues relevant to the case. But they have not. They have not established that the subpoena seeks information that they don't already have or that is otherwise unavailable to them." *Id.* at 15. Defendant Guevara will be unable to meet that standard here. Accordingly, as in *Utreras*, "[b]ecause the defendants have failed to establish that enforcing compliance with the subpoena will serve any real benefit, and because Mr. Kalven has established that compliance will unduly burden him, the Court will deny the defendants' petition regarding the subpoena." *Id.* at 17. *See also Hobley v. Burge*, 223 F.R.D. 499, 505 (N.D. Ill. 2004) (quashing subpoena for reporter's notes based on "undue burden"); *Patterson v. Burge*, 2005 U.S. Dist. LEXIS 1331, at

2

\*\*11-15 (N.D. Ill. Jan. 6, 2005) (quashing subpoena for reporters' video and audio footage and raising concern that "the news organizations become the indentured servant of the litigants, and their ability to do their important work will be severely impaired"); *Fairley v. Andrews*, No. 03 CV 5207, Dkt. 285 (July 13, 2005 order granting motion to quash subpoenas served on non-party journalists) denying motion to serve subpoena on journalists). A court will engage in a balancing test in determining the propriety of a subpoena. Here, there will be a thumb on the scale in favor of Ms. Byrne because the court will consider the many interests that production of the requested records will compromise or injure and because the discovery sought is so tangential to this case.

4. Ms. Byrne objects to the Subpoena to the extent that it is harassing in seeking information relating to her reporting activities.

5. These General Objections are continuing and explicitly incorporated into each of the responses set forth below, even if not further referred to in such responses. By responding to the Subpoena, Ms. Byrne does not waive, but rather explicitly reserves, all of her reservations and objections, both general and specific, as set forth in the responses.

6. Ms. Byrne's objections and response are made solely for the purpose of the action and are subject to all objections as to competence, authenticity, relevance, materiality, propriety, admissibility, and all other objections and grounds that would or could require or permit the exclusion from evidence of any document or testimony produced or proffered in the action, all of which objections and grounds are reserved and may be lodged in the future.

7. The response herein is based on Ms. Byrne's present state of information, recollection, knowledge, and belief. Ms. Byrne's response, including the objections and limitations contained herein, is subject to and without waiver of: (a) the right to make additional or supplemental objections to the document requests and the Subpoena, including any objections with respect to defective service of the Subpoena, and (b) the right to revise, correct, amend, or

3

modify her response upon, among other things, the discovery of additional facts and materials, further investigation, and other developments in this proceeding.

8. By setting forth specific objections in response to the document requests, Ms. Byrne does not intend to waive, limit, or restrict any of the General Objections set forth herein. The submission of these objections and response does not waive, limit, or restrict Ms. Byrne's rights pursuant to the Federal Rules of Civil Procedure to bring a motion to quash or modify the Subpoena.

## SPECIFIC OBJECTIONS

Subject to and without waiving any of the General Objections set forth above, Ms. Byrne responds to the document requests as follows:

1. Any and all video and audio related to IDOC video visits with Jose Cruz.

**RESPONSE:** Ms. Byrne objects to this Request because, for the reasons set forth in the General Objections above, it is overbroad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Ms. Byrne also objects on the grounds of vagueness because it is not clear whether this Request is limited to IDOC video visits by Ms. Byrne. Ms. Byrne further objects to this Request to the extent it calls for documents that are not in her possession, custody, or control.

2. Any and all video and audio related to Jose Cruz.

**RESPONSE:** Ms. Byrne objects to this Request because, for the reasons set forth in the General Objections above, it is overbroad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Ms. Byrne also objects on the grounds of vagueness because it is not clear whether this Request is limited to video and audio materials captured by Ms. Byrne. Ms. Byrne further objects to this Request to the extent it calls for documents that are not in her possession, custody, or control.

4

    3.    Any and all documents, transcriptions, notes, correspondence, and/or communications related to Jose Cruz and/or his family.

    **RESPONSE:** Ms. Byrne objects to this Request because, for the reasons set forth in the General Objections above, and not reasonably calculated to lead to admissible evidence. Ms. Byrne also objects on the grounds of vagueness because it is not clear whether this Request whose documents, transcriptions, notes, correspondence, and/or communications are being requested. Ms. Byrne further objects to this Request to the extent it calls for documents that are not in her possession, custody, or control.

    4.    Any and all documents, notes, articles, and/or communications related to Jose Cruz and/or his family.

    **RESPONSE:** Ms. Byrne objects to this Request because, for the reasons set forth in the General Objections above, and not reasonably calculated to lead to admissible evidence. Ms. Byrne also objects on the grounds of vagueness because it is not clear whether this Request whose documents, notes, articles, and/or communications are being requested. Ms. Byrne further objects to this Request to the extent it calls for documents that are not in her possession, custody, or control.

    5.    Any and all documents, notes, articles, internet/social media postings and/or communications and/or communications related to "Corruption Capital" a documentary in post-production and Jose Cruz.

    **RESPONSE:** Ms. Byrne objects to this Request because, for the reasons set forth in the General Objections above as well as seeking records relating to a documentary that concerns many individuals other than Mr. Cruz, it is overbroad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Ms. Byrne further objects to this Request to the extent it calls for documents that are not in her possession, custody, or control.

    6.    Any and all video and/or audio outtakes related to IDOC video visits with Jose Cruz.

**RESPONSE:** Ms. Byrne objects to this Request because, for the reasons set forth in the General Objections above, it is overbroad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Ms. Byrne also objects on the grounds of vagueness because it is not clear whether this Request is limited to video and audio outtakess captured by Ms. Byrne. Ms. Byrne further objects to this Request to the extent it calls for documents that are not in her possession, custody, or control.

7. Any and all video and/or audio outtakes related to "Corruption Capital", a documentary in post-production and Jose Cruz.

**RESPONSE:** Ms. Byrne objects to this Request because, for the reasons set forth in the General Objections above as well as seeking records relating to a documentary that concerns many individuals other than Mr. Cruz, it is overbroad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Ms. Byrne further objects to this Request to the extent it calls for documents that are not in her possession, custody, or control.

8. Any and all video and/or audio outtakes related to any film and/or media production and Jose Cruz.

**RESPONSE:** Ms. Byrne objects to this Request because, for the reasons set forth in the General Objections above, it is overbroad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Ms. Byrne further objects to this Request to the extent it calls for documents that are not in her possession, custody, or control.

9. Any and all data, metadata, modifications, edits, documents, copies, memorandums, etc. related to the syncing of audio and video related to Jose Cruz.

**RESPONSE:** Ms. Byrne objects to this Request because, for the reasons set forth in the General Objections above and particularly related to technical synching issues, it is overbroad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Ms. Byrne

further objects to this Request to the extent it calls for documents that are not in her possession, custody, or control.

10. Any and all data, metadata, modifications, edits, documents, copies, memorandums, etc. related to the syncing of audio and video related to "Corruption Capital", a documentary in post-production and Jose Cruz.

**RESPONSE:** Ms. Byrne objects to this Request because, for the reasons set forth in the General Objections above as well as seeking records relating to a documentary that concerns many individuals other than Mr. Cruz, it is overbroad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Ms. Byrne further objects to this Request to the extent it calls for documents that are not in her possession, custody, or control.

Respectfully submitted,

*/s/ Brendan J. Healey*

Brendan J. Healey (ARDC No. 6243091)
Baron Harris Healey
150 South Wacker Drive
Suite 2400
Chicago, IL 60606
Tel: (312) 741-1029
bhealey@bhhlawfirm.com

*Attorney for Margaret Byrne*

Dated: September 16, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of September, 2024, I served the foregoing Respondent Margaret Byrne's Objections and Responses To Reynaldo Guevara's Subpoena on counsel of record for Reynaldo Guevara via email sent to the address set forth below:

| | |
|---|---|
| Steven Blair Borkan | Kathryn E. Boyle |
| Timothy P. Scahill | Wood Smith Henning & Berman, LLP |
| Andrea Felicia Fabian-checkai | 222 S. Riverside Plaza, Ste. 640 |
| Emily Erin Schmidt | Chicago, IL 60606 |
| Graham P. Miller | (312) 766-4448 |
| Krystal Gonzalez | kboyle@wshblaw.com |
| Misha Itchhaporia | |
| Molly Boekeloo | |
| Whitney Newton Hutchinson | |
| Borkan & Scahill, Ltd. | |
| 20 S. Clark Street, Suite 1700 | |
| Chicago, IL 60603 | |
| (312) 580-1030 | |
| sborkan@borkanacahill.com.com | |
| tscahill@borkanscahill.com | |
| acheckai@borkanscahill.com | |
| eschmidt@borkanscahill.com | |
| gmiller@borkanscahill.com | |
| kgonzalez@borkanscahill.com | |
| mboekeloo@borkanscahill.com | |
| whutchinson@borkanscahill.com | |

_____
Brendan J. Healey