UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE CRUZ, ) | |
| ) | Case No. 23 C 4268 |
| Plaintiff, ) | |
| ) | District Judge Georgia N. Alexakis |
| v. ) | |
| ) | Magistrate Judge Gabriel A. Fuentes |
| REYNALDO GUEVARA, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

With fact discovery closing today in this case, the opposed motion by all defendants in this case for an extension of fact discovery to November 11, 2024, to complete oral discovery ("Extension Motion"; D.E. 239) was the subject of a motion hearing and oral argument on September 26, 2024. (D.E. 258). Plaintiff also set forth in writing his opposition to the Extension Motion in the consolidated briefing (D.E. 239) and in a supplemental memorandum. (D.E. 240.) The parties had a full opportunity to be heard during a 90-minute-plus oral argument at which various other motions were heard and decided. The magistrate judge has broad discretion in managing discovery in civil matters on referral, *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013), to promote the just, inexpensive and speedy determination of the matter. Fed. R. Civ. P. 1. The Court also acts under its considerable discretion to enforce its deadlines, as such enforcement is a necessary part of case management. *Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015).

The Court has acted within that discretion by partially granting and partially denying the Extension Motion, for the reasons stated on the record at the September 26

1

hearing and as refined and restated in this Order. This Order offers additional detail on the particulars of the Court's decision, at the risk of being repetitive, but in the interest of clarity and avoidance of misunderstanding in this hotly contested matter. In the event of any conflict between the hearing transcript and this order, the Order controls. Counsel is advised to read this Order carefully, because it refines a few issues not discussed, or addressed slightly differently, at the hearing, such as additional subpoenas on witnesses not mentioned in the Extension Order, and October deadline dates for (1) discovery motion practice on any permitted discovery that is disputed before the final December 3 cutoff; and (2) service of responses and objections to Cruz's second set of Rule 36 requests and defendants' contention interrogatories upon Cruz.

Primarily, the Court has remained committed to moving discovery along in this matter, with a low tolerance for avoidable delays. On May 20, 2024, the fact discovery cutoff was set to occur on June 14, but the Court partially granted a defense motion to extend the cutoff to September 27, giving them less time than the six to nine months they wanted. (D.E. 175.) The Court was careful in its language that day, stating that depositions of any witnesses "either side wishes to depose must be completed by the 9/27/24 cutoff, with any motions to compel (or for a protective order) as to these latter depositions [i.e., "any other witnesses either side wishes to depose"] due at noon on 7/31/24." (*Id.*). Despite being on notice that the deposition process, including motion practice, needed to be planned to ensure deposition completion by the September 27 cutoff, not all of the depositions were noticed (or witnesses subpoenaed) to allow sufficient time to schedule and conduct them, allowing for issues with witness scheduling and possible motion practice – common timing concerns that arise in every case should reasonably be accounted for in planning.

Nonetheless, the Court has sought to avoid rigid denials of important discovery amid extenuating circumstances and human factors. When plaintiff moved to quash seven subpoenas served by Defendant Guevara in early September 2024 after an August 31 cutoff for such subpoenas, the Court denied that motion, reasoning that a matter of a few days' tardiness did not warrant quashing the subpoenas. (D.E. 209). The Court stated in that order, though, that "[t]he Court will have little patience for extended delays due to the late service and slow response time on any of these subpoenas, so Guevara should be arranging now for prompt compliance and/or motion practice." (*Id.*).

Apparently, at least as to those and other subpoenas, service, if it occurred at all, is too late (and the Court was advised at the September 26 hearing that additional subpoenas in the same vein by Guevara have not yet been served but may be planned, and that some of the served Guevara subpoenas are opposed by the third parties) to ensure that the depositions could be conducted. That was just one complication leading all defendants to move to extend the cutoff to November 11. The parties incurred difficulties with witness and counsel scheduling, as conducting many depositions in a compressed period of time can be challenging. They encountered a raging Florida hurricane that postponed a deposition, of witness Rios; that deposition is being allowed after the cutoff by agreement. The Court heard the full context of the reasons for the requested extension at the motion hearing and asked questions about them, as the parties' briefing effectively set forth what the problems were. Keeping in mind that full context, the parties' concerns, the Court's discretion under *Jones*, and Rule 1, the Court specifically rules as follows in partially granting and partially denying the Extension Motion:

3

- The partial grant of the Extension Motion is to December 3, 2024, and is limited to the specifically enumerated remaining discovery discussed at the hearing (and in the Extension Motion) and allowed, as set forth further below.

- The motion is granted as to the depositions of witnesses Fleming, Rios (by agreement), and Mejias. *But the new December 3 fact cutoff date is final, and waiting until nearer the end of the extended period to conduct these depositions would be at the peril of the noticing party.*

- The motion is denied as to witness Rodriguez, upon whom service is not imminent now that fact discovery is effectively over and we are now in "extended time." The Officer Defendants had no projection as to whether or when Rodriguez would ever be found and served. It is now too late to depose Rodriguez.

- The motion is denied without prejudice as to witnesses Marite Amborebrieta and Margaret Byrne, who are journalists. As the Court stated at hearing, the Court first wishes to address the substantive objections Byrne has made or will make through her media attorney, as well as any objections Amborebrieta may wish to make along the same lines. The scheduling of such motion practice has yet to occur but will occur promptly, and if that discovery is found to be substantively permissible, the Court will consider the scheduling after September 27. The Court fronted for the parties that it was interested in hearing the litigants address the issue of what burden, under Rule 45, these sorts of subpoenas may place on constitutionally protected newsgathering activities per the First Amendment.

- The motion is denied as to witnesses Robert Fischer and Carol Rogala. These witnesses are attorneys with prior involvement in the underlying matters, including

4

representation of witness Jaramillo (Fischer) and of the State of Illinois, at the line level, in plaintiff's post-conviction proceedings. Compliance with these subpoenas is simply out of time, and the relevance of these witnesses as explained by the Officer Defendants at the hearing are not so clear and compelling that the Court would put more time on the clock to accommodate their depositions. Fischer was said to have information relevant to the prosecution's *Brady* obligations in the underlying criminal case, and Rogala, the Cook County prosecutor who handled the Cruz post-conviction case before State's Attorney Kim Foxx dropped the State's opposition to that petition, is said to have information, possibly, about supposedly underlying, unstated reason why the State's Attorney dropped its opposition, as in whatever politics may have been involved in that decision, or whatever behind-the-scenes machinations of "what was going on in the State's Attorney's Office at the time" (as the Officer Defendants' counsel put it at hearing) could be relevant to the case. Aside from being out of time, the Court reasoned that the Rogala deposition basis is highly speculative and so marginally relevant as to not warrant extending the clock, insofar as line assistant prosecutors may or may not have disagreements with the decisions by the agency at an executive level, and their line-level views or opinions (or other further insight, which at this point is speculative) have a far smaller degree of probative value than whatever deliberative process the agency might have completed. The agency decision is apparently what the Officer Defendants want to explore with the current sitting State's Attorney, who has moved to quash the deposition subpoena in a not yet fully briefed motion (D.E. 223) asserting the deliberative process privilege. The

5

Fischer and Rogala discovery is so far at the penumbra of Rule 26(b)(1) relevancy that the Court in its substantial discretion is denying the extension as to these witnesses, and if these depositions were so important to the case, the witnesses should have been noticed, subpoenaed, and deposed in time to beat the clock. (D.E 175); *Flint*, 791 F.3d at 768. They were not. The Federal Rules of Civil Procedure ordinarily allow post-deadline extensions only in cases of excusable neglect, which is generally not found when a party "should have acted before the deadline, or when a party's lack of diligence is to blame for its failure to secure discoverable information." *Id.*; Fed. R. Civ. P. 6(b)(1)(B). The Court cannot find excusable neglect in connection with the Fischer and Rogala depositions not having occurred before the September 27 cutoff.

- The motion is denied as moot as to State's Attorney Foxx, because the Court already has granted leave to conduct that deposition after September 27 if her motion to quash is denied.

- Any further deposition of Cruz is not permitted after September 27 except by motion, and that motion must be filed no later than October 22, 2024.

- The motion is granted as to any defendant's responses to Cruz's second set of Rule 36 requests, and those responses and objections are now due by noon on October 22. The Court moved the due date up from November 11 (as mentioned at the September 26 hearing) to allow time for any needed motion practice, due no later than October 29.

- Cruz's responses to defendants' contention interrogatories will be due October 22 (and not the later date mentioned at the September 26 hearing), to allow time for any needed motion practice, due on October 29.

- On further consideration after the hearing and in the preparation of this Order, the Court concluded that although the deposition subpoenas on journalists Byrne and Amborebrieta have been already served with leave of Court and so the substantive objections to them may be litigated, further subpoenas to other journalists (such as Scott Budnick, Jericka Duncan, and Melissa Segura) are simply too late to proceed, for the same reasons (procedurally) that the Court reached the conclusion it did as to witnesses Fischer and Rogala. Moreover, although these other journalists' subpoenas (and some of them may not have been served yet) came up in passing at the September 26 hearing, the Court reviewed the Extension Motion again and saw that they are not mentioned in that motion. Efforts to include them in the additional discovery therefore have not truly been advanced, and any effort to depose these journalists after September 27 is waived. Discovery is not being allowed as to Budnick, Duncan, and Segura, and the Court orders those subpoenas quashed to the extent any of them were served.

- Also on further consideration, an additional subpoena may have been served on a witness names Esther Hernandez. *See* Plaintiff's Status Report (D.E. 227) at 4. This witness's subpoena also was not mentioned in the Extension Motion, so that any deposition of Hernandez after September 27 also is waived and is not permitted as being out of time, for the same reasons the Court noted in ruling on the Fischer,

7

Rogalsa, Budnick, Duncan, and Segura discovery. Any subpoena served on witness Hernandez also is quashed.

All good things must come to an end. Or, as Chaucer put it, "at the laste, as every thing hath ende, She took hir leve, and nedes wolde wende." Geoffrey Chaucer, Troilus and Criseyde, Book III, Verse 88 (ca. 1380), reprinted in Mortimer Adler, Great Books of the Western World, Vol. 22 at 66 (Encyclopaedia Britannica 1952). So it is with federal civil discovery, which is not the gold medal men's basketball game at the 1972 Olympics. *See Flint*, 791 F.3d at 768 ("case management depends on enforceable deadlines, and discovery 'must have an end point'"), quoting *Stevo v. Frasor*, 662 F.3d 880, 886 (7th Cir. 2011).

Finally, the Court chose December 3 as the final discovery extension date – and we do mean "final" – to allow plaintiff's counsel to complete their mid-November trial without granting their request to move the date backward in time from the November 11 date that the Officer Defendants requested. All fact discovery must be completed by December 3, including any discovery that is disputed. That is why the Court set its October 22 and 29 deadline dates for the filing of any Rule 37.2-compliant discovery motion practice, to allow enough time to get those motions decided and to allow the trial-bound plaintiff's counsel the opportunity to be available to litigate them as necessary.

**SO ORDERED.**

                                                **ENTER:**

                                                **GABRIEL A. FUENTES**
                                                **U.S. Magistrate Judge**

**Dated: September 27, 2024**