UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.1)
Eastern Division

Jose Cruz
                    Plaintiff,
v.                                              Case No.: 1:23−cv−04268
                                                Honorable Georgia N Alexakis
Reynaldo Guevara, et al.
                    Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, October 15, 2024:

MINUTE entry before the Honorable Gabriel A. Fuentes: The Court's 9/27/24 Order (doc. #[260]) is modified to exclude waiver as a ground for the quashing of the Duncan, Segura, Budnick, and Hernandez subpoenas, as the record in fact reflects that motion practice concerning these witnesses was mentioned in passing in Defendants' extension motion (Extension Motion (doc. #[239]) at 12), so that their inclusion in the additional discovery sought by Defendants after the 9/27/24 fact cutoff cannot be deemed to have been waived. As to these witnesses: (1) Duncan was not even served until late September (id. at 12) and had not produced documents as of 10/1/24, at which time, according to Guevara, Duncan had yet to secure legal representation, prompting Defendant Guevara to state that Guevara intend[ed] to endeavor to give Ms. Duncan a reasonable amount of additional time to respond as necessary (so long as this Court permits same) (10/1/24 Guevara Status Report (doc. #[264]) at 2–3). All of this confirms for the Court subpoena compliance could not or will not occur within the brief time the Court anticipated allowing for these subpoenas when it denied Plaintiff's motion to quash them as untimely, stating that it will have little patience for extended delays due to the late service and slow response time on any of these subpoenas, so Guevara should be arranging now for prompt compliance and/or motion practice. (9/5/24 Order (doc. #[209]). With no reasonable assurance that subpoena compliance by Duncan will occur any time soon, and now that we are well past the 9/27/24 cutoff in place at the time the Court allowed this already tardy subpoena to be served, the Duncan subpoena remains quashed within the Court's discretion to manage discovery for the reasons stated here. Jones v. City of Elkhart, Ind., 737 F.3d 1107, 1115 (7th Cir. 2013); (2) Segura also was not served until at least on or about 9/17/24, and as of 10/1/24, she and counsel were engaged in Local Rule 37.2 discussions that had not generated motion practice, with judicial intervention deemed likely by Guevara. (Guevara Status Report at 3). Looking at the Segura subpoena again, and based on the information Guevara provided on 10/1/24, this subpoena is quashed as untimely in the Court's discretion, for largely the same reason as the Duncan subpoena is quashed, as subpoena compliance anytime soon is not on the horizon; (3) Budnick apparently could not be served quickly, and service had not been effected as of 10/1/24 (id. at 3), meaning that that the Budnick subpoena is also out of time as a consequence of the service efforts having begun so late during fact discovery, and that subpoena remains quashed; and (4) service upon Hernandez apparently was effected on or

about 9/10/24, but by 10/1/24, the date for compliance and the 9/27/24 fact closure date had passed, with motion practice apparently under discussion with counsel for Hernandez but not having been initiated, and with Guevara indicating on 10/1/24 that he intend[ed] to endeavor to give Ms. Hernandez a reasonable amount of additional time to respond as necessary (so long as this Court permits same). Id. at 4. The Hernandez subpoena poses the same issues and problems with timeliness as the Duncan subpoena and remains quashed. In sum, Guevara bit off more than he could chew with the large number of subpoenas he sought leave to serve after the 8/30/24 written discovery cutoff, and although the Court was willing to allow him a reasonable opportunity to obtain prompt compliance, he was unable to do so. The Court in its discretion confirms the quashing of the Duncan, Segura, Budnick, and Hernandez subpoenas (and not the Byrne and Amorebrieta/NBCUniversal subpoenas), but for the foregoing reasons and not because of waiver in the Extension Motion. Mailed notice. (lxk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.