# EXHIBIT 6

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSE CRUZ, ) | |
| ) | Case No. 23-cv-4268 |
| Plaintiff, ) | |
| ) | Honorable Judge Daniel |
| v. ) | Magistrate Judge Fuentes |
| ) | |
| FORMER DETECTIVE REYNALDO ) | |
| GUEVARA, et al, ) | JURY DEMAND |
| ) | |
| Defendants. ) | |

**DEFENDANTS' JOINT THIRD
SUPPLEMENTAL RULE 26(a)(1)(A)(i) DISCLOSURES**

Defendants Reynaldo Guevara, Anthony Wojcik, Robert Rutherford, Robert Boris, Stephen Gawrys, Anthony Riccio, Edward Mingy, Geri Lynn Yanow, as Special Representative for Ernest Halvorsen, deceased, and the City of Chicago, (collectively "City Defendants"), by and through their attorneys, jointly and pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), hereby provide their third supplemental disclosures:

City Defendants' third supplemental disclosures are based on information and documents currently available to their respective counsel. They are not exhaustive and are subject to further supplementation after City Defendants have had an opportunity to conduct additional discovery. City Defendants reserve the right to further supplement or amend their disclosures at any time. City Defendants further reserve the right to call any witness disclosed by Plaintiff and/or persons listed in documents, reports, and/or transcripts provided in discovery, including witnesses disclosed in documents received in response to subpoenas duces tecum to non-parties.

1

**FRCP 26(a)(1)**

*26(a)(1)(A)(i) The name and, if known, the address and telephone number of each individual likely to have discoverable information-along with the subjects of that information-that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.*

**Jose Cruz, Plaintiff;** *may be contacted through his counsel only*.
Plaintiff Cruz is likely to have discoverable information regarding the allegations in his Complaint, the events that form the basis of this lawsuit, including the October 6, 1993, murder of Antwane Douglas and attempt murder of Vernon Meadors at issue in this case and the subsequent investigation, any statements he made and the damages he alleges to have suffered. In addition, Plaintiff has information regarding the underlying criminal proceedings, including any post-conviction proceedings, his involvement in the Latin Kings street gang and his previous criminal activity, history, and convictions.

**Reynaldo Guevara, Defendant**; *may be contacted through his counsel only*.
Defendant Guevara may have information about the events that are the subject of this lawsuit, including the October 6, 1993, murder of Antwane Douglas and attempt murder of Vernon Meadors at issue in this case and his actions, investigation, observations, and contact with Plaintiff, any statements made by Plaintiff, as well as any reports he authored or assisted in authoring, his training and experience, and his personal assets and liability should Plaintiff seek an award of punitive damages.

**Anthony Wojcik, Defendant**; *may be contacted through his counsel only*.
Defendant Wojcik is likely to have discoverable information about the events that are the subject of this lawsuit including the October 6, 1993, murder of Antwane Douglas and attempt murder of Vernon Meadors at issue in this case, his actions, observations, information he received, his training and experience, and his personal assets and liability should Plaintiff seek an award of punitive damages.

**Robert Rutherford, Defendant**; *may be contacted through his counsel only*.
Defendant Rutherford is likely to have discoverable information about the events that are the subject of this lawsuit including the October 6, 1993, murder of Antwane Douglas and attempt murder of Vernon Meadors at issue in this case, his actions, observations, information he received, his training and experience, and his personal assets and liability should Plaintiff seek an award of punitive damages.

**Robert Boris, Defendant**; *may be contacted through his counsel only*.
Defendant Boris is likely to have discoverable information about the events that are the subject of this lawsuit including the October 6, 1993, murder of Antwane Douglas and attempt murder of Vernon Meadors at issue in this case, his actions, observations, information he received, his training and experience, and his personal assets and liability should Plaintiff seek an award of punitive damages.

**Stephen Gawrys, Defendant**; *may be contacted through his counsel only*.
Defendant Gawrys is likely to have discoverable information about the events that are the subject of this lawsuit including the October 6, 1993, murder of Antwane Douglas and attempt murder of Vernon Meadors at issue in this case, his actions, observations, information he received, his training and experience, and his personal assets and liability should Plaintiff seek an award of punitive damages.

**Anthony Riccio, Defendant**; *may be contacted through his counsel only*.
Defendant Riccio is likely to have discoverable information about the events that are the subject of this lawsuit including the October 6, 1993, murder of Antwane Douglas and attempt murder of Vernon Meadors at issue in this case, his actions, observations, information he received, his training and experience, and his personal assets and liability should Plaintiff seek an award of punitive damages.

**Chicago Police Department**

The following current or former members of the Chicago Police Department, all of whom may be contacted through counsel for Defendant City only:

**Officers K. Fleming, # 12318, C. Odegard, # 13258, T. Murphy, # 14930, J. Butzen, #8582, Craig Letrich # 6198, Eliezar Ortiz, # 10979, Hector Vergara, #14416, Thomas Shouse, #4522**
Likely to have discoverable information about their response to the October 6, 1993, murder of Antwane Douglas and attempt murder of Vernon Meadors, including but not limited to actions and observations on October 6, 1993 at the crime scene, conversations regarding this investigation, as well as any reports they authored or assisted in authoring, or in which they are referenced, and their training and experience.

**Sergeants N. Gaudio, # 1167, L. Kuehn, # 2117**
Likely to have discoverable information about their response to the October 6, 1993, murder of Antwane Douglas and attempt murder of Vernon Meadors, including but not limited to actions and observations on October 6, 1993 at the crime scene, conversations regarding this investigation, as well as any reports they authored or assisted in authoring, or in which they are referenced, and their training and experience.

**Detectives James Cornelison, # 20157, Maria Soto, # 20657, Kevin McDonald, #20994** Likely to have discoverable information about the investigation of the October 6, 1993, murder of Antwane Douglas and attempt murder of Vernon Meadors, including but not limited to actions and observations at the medical examiner's office, well as any reports they authored or assisted in authoring, or in which they are referenced, and their training and experience.

**Evidence Technicians Ronald Ferrari, # 5150, Bembynista, #15359, James Hogan, # 6414, Larry Krause, # 3372**
Likely to have discoverable information regarding the events that are the subject of this lawsuit, including the evidence that was recovered from the scene of the October 6, 1993, murder of

3

Antwane Douglas and attempt murder of Vernon Meadors, and then inventoried. They also have knowledge and information regarding any reports they authored or assisted in authoring, any statements they gave, and their training and experience as evidence technicians at the Chicago Police Department.

**Crime Lab Technician, James Van Tilburg**
Mr. Van Tilburg is likely to have information regarding the events that are the subject of this lawsuit, including any evidence that was recovered, inventoried, and examined from the scene of the October 6, 2023, murder of Antwane Douglas and attempted murder of Vernon Meadors. He also has knowledge and information regarding any reports he authored or assisted in authoring, any statements he gave, and his training and experience as a crime lab technician at the Chicago Police Crime Lab.

**Officer Michael Hallinan #4709**
Officer Hallinan may have discovery information about the events and investigation of the May 26, 1993 attempted murder of Jose Mejias and attempted murder of Michael Hallinan, including but not limited to his contact with detectives, as well as his actions, observations, and contact with Plaintiff, other witness and/or accomplices in the shooting, any statements made by Plaintiff, any conversations with any counsel or agents representing Plaintiff, participation in the criminal prosecution of Plaintiff, as well as any reports he authored or assisted in authoring, and his training and experience.

**Cook County**

The following current or former employees of Cook County, all of whom should only be contacted through counsel for Cook County, Cook County State's Attorney's Office, 69 W. Washington St., Chicago:

**Assistant States Attorney Edward Maloney, Defendant**
Defendant Maloney is likely to have discoverable information about the events that are the subject of this lawsuit, including but not limited to his contact with detectives investigating the October 6, 1993, murder of Antwane Douglas and attempt murder of Vernon Meadors, at issue in this case, as well as his actions, observations, and contact with Vernon Meadors, Pedro Jaramillo, Luis Rodriguez, Santiago McClaren, and Plaintiff, other witness and/or accomplices in the shooting, any statements made by Plaintiff, his approval of felony charges against Plaintiff, as well as any reports he authored or assisted in authoring, and his training and experience.

**Assistant States Attorney Kevin Byrne, may be contacted through his attorney, Michael McGrath, Odelson, Murphy, Frazier & McGrath, Ltd. (708)-424-5678, mmcgrath@omfmlaw.com**
Mr. Byrne is likely to have discoverable information about the events that are the subject of this lawsuit, including but not limited to his contact with detectives investigating the October 6, 1993, murder of Antwane Douglas and attempt murder of Vernon Meadors at issue in this case, as well

4

as his actions, observations, and contact with Plaintiff, other witness and/or accomplices in the shooting, any statements made by Plaintiff, any conversations with any counsel or agents representing Plaintiff, participation in the criminal prosecution of Plaintiff, as well as any reports he authored or assisted in authoring, and his training and experience. Mr. Byrne may also have discoverable information about the events and investigation of the May 26, 1993 attempted murder of Jose Mejias and attempted murder of Michael Hallinan, including but not limited to his contact with detectives, as well as his actions, observations, and contact with Plaintiff, other witness and/or accomplices in the shooting, any statements made by Plaintiff, any conversations with any counsel or agents representing Plaintiff, participation in the criminal prosecution of Plaintiff, as well as any reports he authored or assisted in authoring, and his training and experience.

**Assistant States Attorney Earl Grinbarg**
Mr. Grinbarg is likely to have discoverable information about the events that are the subject of this lawsuit, including but not limited to his contact with detectives investigating the October 6, 1993, murder of Antwane Douglas and attempt murder of Vernon Meadors at issue in this case, as well as his actions, observations, and contact with Plaintiff, other witness and/or accomplices in the shooting, any statements made by Plaintiff, participation in the criminal prosecution of Plaintiff, as well as any reports he authored or assisted in authoring, and his training and experience.

**Assistant States Attorney Fahey**
Mr./Ms. Fahey is likely to have discoverable information about events that are the subject of this lawsuit, including but not limited to his/her contact with detectives investigating the October 6, 1993, murder of Antwane Douglas and attempted murder of Vernon Meadors at issue in this case, as well as his/her actions, observations and contact with Plaintiff, other witness(es) and/or accomplice(s) in the shooting, any statements made by Plaintiff, participation in the criminal prosecution of Plaintiff, as well as any reports he/she authored or assisted in authoring, and his/her training and experience.

**Assistant States Attorney Nicholas Arvanitis (Deceased)**
Likely to have discoverable information about the events that are the subject of this lawsuit, including but not limited to his contact with detectives investigating the October 6, 1993, murder of Antwane Douglas and attempt murder of Vernon Meadors at issue in this case, his actions, observations, and contact with Plaintiff and/or other witness(es) to the shooting, any statements made by Plaintiff, his participation in the criminal prosecution of Plaintiff, and his education, training, and experience.

**Assistant States Attorney Cathleen Dewald**
Likely to have discoverable information about the events that are the subject of this lawsuit, as well as any conviction integrity investigation, including but not limited to her contact with witnesses, Plaintiff's criminal defense attorney, documents obtained during the criminal prosecution in Case No. 93 CR 25151, and her education, training, and experience.

**Assistant States Attorney Carol Rogala, may be contacted through her attorney, Matthew J. Daley, Odelson, Murphy, Frazier & McGrath, Ltd. (708)-424-5678, mdaley@omfmlaw.com**
Likely to have discoverable information about the events that are the subject of this lawsuit, as well as her involvement with any post-conviction proceedings, including but not limited to her

5

contact with witnesses, Plaintiff's criminal defense attorney, documents obtained during the criminal prosecution of Case No. 93 CR 25151, any post-conviction proceedings, and her education, training, and experience.

**Assistant State's Attorney Kevin Lamborn**
Mr. Lamborn may have discoverable information about the events and investigation of the May 26, 1993 attempted murder of Jose Mejias and attempted murder of Michael Hallinan, including but not limited to his contact with detectives, as well as his actions, observations, and contact with Plaintiff, other witness and/or accomplices in the shooting, any statements made by Plaintiff, any conversations with any counsel or agents representing Plaintiff, participation in the criminal prosecution of Plaintiff, as well as any reports he authored or assisted in authoring, and his training and experience.

**Assistant State's Attorney Ray Regner**
Mr. Regner may have discoverable information about the events and investigation of the May 26, 1993 attempted murder of Jose Mejias and attempted murder of Michael Hallinan, including but not limited to his contact with detectives, as well as his actions, observations, and contact with Plaintiff, other witness and/or accomplices in the shooting, any statements made by Plaintiff, any conversations with any counsel or agents representing Plaintiff, participation in the criminal prosecution of Plaintiff, as well as any reports he authored or assisted in authoring, and his training and experience.

**Assistant State's Attorney Maria McCarthy**
Ms. McCarthy may have discoverable information about the events and investigation of the May 26, 1993 attempted murder of Jose Mejias and attempted murder of Michael Hallinan, including but not limited to her contact with detectives, as well as her actions, observations, and contact with Plaintiff, other witness and/or accomplices in the shooting, any statements made by Plaintiff, any conversations with any counsel or agents representing Plaintiff, participation in the criminal prosecution of Plaintiff, as well as any reports she authored or assisted in authoring, and her training and experience.

**Medical Examiner Dr. Larry Simms, D.O.**
Dr. Simms is likely to have discoverable information about the events that are the subject of this lawsuit, including but not limited to his contact with detectives investigating the October 6, 1993, murder of Antwane Douglas at issue in this case, as well as his actions, observations, and any reports he authored, as well as his training and expertise in his field.

**Toxicologist, Dr. Nancy Wu Chen**
Dr. Wu Chen is likely to have discoverable information about the events that are the subject of this lawsuit, including but not limited to her contact with detectives investigating the October 6, 1993, murder of Antwane Douglas at issue in this case, as well as her actions, observations, and any reports she authored, as well as her training and expertise in her field.

**Gang Expert Frank Petrone**
Mr. Petrone is likely to have discoverable information about the events that are the subject of this lawsuit, including but not limited to his contact with detectives and Assistant States Attorneys'

involved in the investigation and prosecution of the October 6, 1993, murder of Antwane Douglas and attempt murder of Vernon Meadors at issue in this case, his knowledge of the Latin King, Vice Lords, and Maniac Latin Disciples street gangs at the time of the, October 6, 1993, murder of Antwane Douglas and attempt murder of Vernon Meadors his actions, and their testimony in the criminal trial of *People v. Jose Cruz*, 93CR25151, and information he received, his training and experience.

**Other Witnesses**

The following witnesses with knowledge or information relating to the circumstances surrounding the incident described in Plaintiff's complaint, with last known addresses when available:

**Vernon Meadors (Deceased)**
Mr. Meadors is likely to have discoverable information about the events that are the subject of this lawsuit, including but not limited to his observations prior to, during, and after the October 6, 1993, shooting and murder of Antwane Douglas and the attempted murder of himself at issue in this case, as well as his testimony provided at trial during the prosecution of Jose Cruz.

**Lisa Meadors**, *current address unknown*
Ms. Meadors is likely to have discoverable information about her observations prior to, during, and after the investigation into the October 6, 1993, murder of Antwane Douglas and attempted murder of Vernon Meadors, her observations of the Plaintiff, and her statements to detectives and police including any statements made to ASAs.

**Luis Tartabu,**
Mr. Tartabu is likely to have discoverable information about his observations prior to, during, and after the investigation into the October 6, 1993, murder of Antwane Douglas and attempt murder of Vernon Meadors, his observations of the Plaintiff, and his statements to detectives and police including any statements made to ASAs.

**Luis Rodriguez,**
Mr. Rodriguez is likely to have discoverable information about his observations prior to, during, and after the investigation into the October 6, 1993, murder of Antwane Douglas and attempt murder of Vernon Meadors, his observations of the Plaintiff, and their statements to detectives and police including any statements made to ASAs.

**Santiago McClaren,**
Mr. McClaren is likely to have discoverable information about his observations prior to, during, and after the investigation into the October 6, 1993, murder of Antwane Douglas and attempt murder of Vernon Meadors, his observations of the Plaintiff, and his statements to detectives and police, including any statements made to ASAs.

**Pedro Jaramillo,** █████████████████████████████████████
Mr. Jaramillo is likely to have discoverable information about his observations prior to, during and after the investigation into the October 6, 1993, murder of Antwane Douglas and attempt murder of Vernon Meadors, his actions, his observations of the Plaintiff, and his statements to detectives and police, including any statements made to ASAs.

**Robert Fischer,** *Fischer Levine Law Group, LLP, 20 S. Clark St. Suite 700, Chicago, IL 60603*
Mr. Fischer is likely to have discoverable information about his observations prior to, during and after the investigation into the October 6, 1993, murder of Antwane Douglas and attempt murder of Vernon Meadors, his actions, his observations of Pedro Jaramillo and his statements to detectives and police, including any statements made to ASAs by him and/or Pedro Jaramillo.

**Ivan Rios,** █████████████████████████████████████
Mr. Rios is likely to have discoverable information about his observations prior to, during, and after the investigation into the October 6, 1993, murder of Antwane Douglas and attempt murder of Vernon Meadors, his actions, observations, and his statements to police and/or detectives during their investigation of same.

**Dr. Murdock, M.D.,** *current address unknown*
Dr. Murdock is likely to have discoverable information about the events that are the subject of this lawsuit, including but not limited to his contact with detectives investigating the October 6, 1993, murder of Antwane Douglas at issue in this case, as well as his actions, observations, and any reports he authored, as well as his training and expertise in his field.

**Dr. Krinsky, M.D.,** *St. Elizabeth's Hospital, 1431 N. Claremont Ave, Chicago IL*
Dr. Krinsky is likely to have discoverable information about the events that are the subject of this lawsuit, including but not limited to his/her contact with detectives investigating the October 6, 1993, murder of Antwane Douglas and attempted murder of Vernon Meadors, at issue in this case, as well as his/her actions in the treatment of Vernon Meadors, his/her observations, and any reports or records he/she authored, as well as his/her training and expertise in his/her field.

**Fredrick Cohn (Deceased),**
Likely to have discoverable information relating to the criminal prosecution and his representation of Plaintiff Jose Cruz for the murder of Antwane Douglas and attempted murder of Vernon Meadors, in *People v. Jose Cruz*, 93CR25151.

**Jacques Rivera,** *current address unknown*
May testify as to his relationship with Plaintiff Jose Cruz, his conversations with Plaintiff, and any knowledge of the events described in Plaintiff's Complaint.

**Ivette Velez,** █████████████████████████████████████
May testify as to her relationship with Plaintiff, her conversations with Plaintiff, including but not limited to Plaintiff's involvement in the underlying crime, gang activity, Plaintiff's damages, and Plaintiff's criminal proceedings, and any knowledge of the events described in Plaintiff's Complaint.

**Yesenia Grande,** *current address unknown*
May testify as to her relationship with Plaintiff, her conversations with Plaintiff, including but not limited to Plaintiff's involvement in the underlying crime, gang activity, Plaintiff's damages, and Plaintiff's criminal proceedings, and any knowledge of the events described in Plaintiff's Complaint. May testify consistently with any subject matter discussed in her deposition, if taken.

**Jose "Angel" Ortiz,** *current address unknown*
May testify as to his relationship with Plaintiff, his conversations with Plaintiff, including but not limited to Plaintiff's involvement in the underlying crime, gang activity, Plaintiff's damages, and Plaintiff's criminal proceedings, and any knowledge of the events described in Plaintiff's Complaint. May testify consistently with any subject matter discussed in his deposition, if taken.

**Esther Hernandez,** *can be contacted through her attorneys, Loevy & Loevy, Ltd., 311 N. Aberdeen St., Ste 300, Chicago, IL 60607*
May testify as to her relationship with Plaintiff, her conversations with Plaintiff, including but not limited to Plaintiff's involvement in the underlying crime, gang activity, Plaintiff's damages, and Plaintiff's criminal proceedings, and any knowledge of the events described in Plaintiff's Complaint. May testify consistently with any subject matter discussed in her deposition, if taken.

**Kelsey Clesen,** *current address unknown*
May testify as to her relationship with Plaintiff, her conversations with Plaintiff, including but not limited to Plaintiff's involvement in the underlying crime, gang activity, Plaintiff's damages, and Plaintiff's criminal proceedings, and any knowledge of the events described in Plaintiff's Complaint. May testify consistently with any subject matter discussed in her deposition, if taken.

**Margaret Byrne,** *can be contacted through her attorney, Brendan Healey, Baron Harris Healey, 150 S. Wacker Dr., Suite 2400, Chicago IL 60606, (312)-741-1029*
May testify as to her relationship with Plaintiff, her conversations with Plaintiff, including but not limited to Plaintiff's involvement in the underlying crime, gang activity, Plaintiff's damages, and Plaintiff's criminal proceedings, interviews, articles, film and/or media productions and/or internet/social media postings created by her or otherwise known to her relating to Plaintiffs damages and/or the allegations in his complaint and any knowledge of the events described in Plaintiff's Complaint. May also testify regarding any conversations or communications with any disclosed Fed. R. Evid. 404(b) witness, any statements made by those individuals, and her knowledge regarding their allegations against any Defendant in this matter. May testify consistently with any subject matter discussed in her deposition, if taken.

**Maite Amorebieta,**
May testify as to her relationship with Plaintiff, her conversations with Plaintiff, including but not limited to Plaintiff's involvement in the underlying crime, gang activity, Plaintiff's damages, and Plaintiff's criminal proceedings, interviews, articles, film and/or media productions and/or internet/social media postings created by her or otherwise known to her relating to Plaintiffs damages and/or the allegations in his complaint and any knowledge of the events described in Plaintiff's Complaint. May also testify regarding any conversations or communications with any disclosed Fed. R. Evid. 404(b) witness, any statements made by those individuals, and her

knowledge regarding their allegations against any Defendant in this matter. May testify consistently with any subject matter discussed in her deposition, if taken.

**Scott Budnick,** film producer,

May testify as to his relationship with Plaintiff, his conversations with Plaintiff, including but not limited to Plaintiff's involvement in the underlying crime, gang activity, Plaintiff's damages, and Plaintiff's criminal proceedings, interviews, articles, film and/or media productions and/or internet/social media postings created by him or otherwise known to him relating to Plaintiffs damages and/or the allegations in his complaint and any knowledge of the events described in Plaintiff's Complaint. May also testify regarding any conversations or communications with any disclosed Fed. R. Evid. 404(b) witness, any statements made by those individuals, and her knowledge regarding their allegations against any Defendant in this matter. May testify consistently with any subject matter discussed in her deposition, if taken.

**Mellisa Segura,** former Buzz Feed reporter,

May testify as to her relationship with Plaintiff, her conversations with Plaintiff, including but not limited to Plaintiff's involvement in the underlying crime, gang activity, Plaintiff's damages, and Plaintiff's criminal proceedings, interviews, articles, film and/or media productions and/or internet/social media postings created by her or otherwise known to her relating to Plaintiffs damages and/or the allegations in his complaint and any knowledge of the events described in Plaintiff's Complaint. May testify consistently with any subject matter discussed in her deposition, if taken. May also testify regarding any conversations or communications with any disclosed Fed. R. Evid. 404(b) witness, any statements made by those individuals, and her knowledge regarding their allegations against any Defendant in this matter. May testify consistently with any subject matter discussed in her deposition, if taken.

**Jericka Duncan,** CBS news reporter,

May testify as to her relationship with Plaintiff, her conversations with Plaintiff, including but not limited to Plaintiff's involvement in the underlying crime, gang activity, Plaintiff's damages, and Plaintiff's criminal proceedings, interviews, articles, film and/or media productions and/or internet/social media postings created by her or otherwise known to her relating to Plaintiffs damages and/or the allegations in his complaint and any knowledge of the events described in Plaintiff's Complaint. May also testify regarding any conversations or communications with any disclosed Fed. R. Evid. 404(b) witness, any statements made by those individuals, and her knowledge regarding their allegations against any Defendant in this matter. May testify consistently with any subject matter discussed in her deposition, if taken.

**Jose Mejias**,

Jose Mejias may have discovery information about the events and investigation of the May 26, 1993 attempted murder of Jose Mejias and attempted murder of Michael Hallinan, including but not limited to his contact with detectives, as well as his actions, observations, and contact with Plaintiff, other witness and/or accomplices in the shooting, any statements made by Plaintiff, any conversations with any counsel or agents representing Plaintiff, and his participation in the criminal prosecution of Plaintiff.

**Francisco "Frank" Valverde**, ███████████████████████
Mr. Valverde is likely to have discoverable information about his observations prior to, during and after the investigation into the October 6, 1993, murder of Antwane Douglas and attempt murder of Vernon Meadors, including his interactions with witness Pedro Jaramillo.

**Greg Swygert,** *Center on Wrongful Convictions*, *375 East Chicago Avenue, Chicago, IL*
May testify to his involvement in the post-conviction proceedings filed on behalf of Plaintiff, including but not limited to his contact with witnesses and documents obtained during the criminal defense in Case No. 93 CR 25151, his relationship with the Plaintiff, and any communications with Plaintiff.

**Alfredo Lopez**, *Center on Wrongful Convictions*, *375 East Chicago Avenue, Chicago, IL*
May testify to his involvement in the post-conviction proceedings filed on behalf of Plaintiff, including but not limited to his contact with witnesses and documents obtained during the criminal defense in Case No. 93 CR 25151, his relationship with the Plaintiff, and any communications with Plaintiff.

**Assistant Appellate Defender Ann C. Mcallister,** *Office of the State Appellate Defender, 100 W. Randolph St., Suite 5-500, Chicago, IL 60601,* ███████████
May testify to her involvement in the appellate and post-conviction proceedings filed on behalf of Plaintiff, including but not limited to her contact with witnesses and documents obtained during the criminal defense in Case No. 93 CR 25151, her relationship with the Plaintiff, and any communications with Plaintiff. May testify consistently with any subject matter discussed in her deposition, if taken.

**Assistant Public Defender Andrea Monsees, (Deceased)** *69 W. Washington, 15th Floor, Chicago, IL 60602* May testify to her involvement in the post-conviction proceedings filed on behalf of Plaintiff, including but not limited to her contact with witnesses and documents obtained during the criminal defense in Case No. 93 CR 25151, her relationship with the Plaintiff, and any communications with Plaintiff.

**Assistant Public Defender Lester Finkle,** *69 W. Washington, 15th Floor, Chicago, IL 60602*
May testify to his involvement in the post-conviction proceedings filed on behalf of Plaintiff, including but not limited to his contact with witnesses and documents obtained during the criminal defense in Case No. 93 CR 25151, his relationship with the Plaintiff, and any communications with Plaintiff. May testify consistently with any subject matter discussed in his deposition, if taken.

**Assistant Public Defender Jill Goldsmith**, *69 W. Washington, 15th Floor, Chicago, IL 60602*
Likely to have discoverable information relating her representation of Plaintiff Jose Cruz for the attempted murder of Jose Mejias and attempted murder of Officer Michael Hallinan, in *People v. Jose Cruz*, 93CR013478.

Investigation continues. This disclosure is not intended to be a final list of possible witnesses in this matter. City Defendants reserve the right to supplement this disclosure as the

investigation of this matter continues. City Defendants also reserve the right to call any witnesses disclosed by Plaintiff and/or persons listed in documents, reports, and transcripts provided in discovery, including witnesses disclosed in documents received in responses to subpoenas *duces tecum* to non-parties.

DATED: September 20, 2024                                            Respectfully Submitted,

| | |
|---|---|
| s/ Jeffrey C. Grossich | /s/ Catherine Barber |
| JEFFREY C. GROSSICH, Atty. No. 6316511 | |
| | |
| *Special Assistant Corporation Counsel the for Defendants Wojcik, Rutherford, Riccio, Boris, Gawrys, Mingey, and Special Representative Yanow* | *Special Assistant Corporation Counsel for City of Chicago* |
| | |
| James G. Sotos | Eileen E. Rosen |
| Josh M. Engquist | Andrew J. Grill |
| Lisa M. Meador | Austin G. Rahe |
| Alexis M. Gamboa | Catherine M. Barber |
| Jeffrey C. Grossich | Jessica Zehner |
| THE SOTOS LAW FIRM, P.C. | Lauren M. Ferrise |
| 141 W. Jackson Blvd, Suite 1240A | Theresa B. Carney |
| | Chicago, IL 60604 |
| | Rock Fusco & Connelly, LLC |
| | (630) 735-3300 |
| | 333 W. Wacker Dr., 19th Floor |
| | jgrossich@jsotoslaw.com |
| | Chicago, IL 60606 |

s/ Krystal Gonzalez
*One of the Attorney for Reynaldo Guevara*

Steven B. Borkan
Timothy P. Scahill
Graham P. Miller
Emily E. Schnidt
Molly Boekeloo
Andrea Checkai
Krystal Gonzalez
Whitney Hutchinson
Mischa Itchhaporia
Borkan & Scahill
20 S. Clark Street, Suite 1700
Chicago, IL 60603
P: (312)-580-1030

12

## **CERTIFICATE OF SERVICE**

I, Krystal Gonzalez, certify under penalty of perjury pursuant to 28 U.S.C.A § 1746 that the forgoing is true and correct, that on September 20, 2024, **Defendants' Joint Third Supplemental Rule 26(a)(1)(A)(i) Disclosures** was served upon counsel of record via electronic mail at the electronic mail addresses listed below:

*Attorneys for Plaintiff*
Stuart J. Chanen (Stuart@ChanenOlstein.com)
Ariel Olstein (Ariel@ChanenOlstein.com)
CHANEN & OLSTEIN LLP
7373 Lincoln Ave., Suite 100
Lincolnwood, IL 60712
P: 847-469-4669

Jack Samuel Tenenbaum
Northwestern Pritzker School of Law
375 E. Chicago Ave., Suite 411
Chicago, IL 60611
P: 312-503-4808
s-tenenbaum@law.northwestern.edu

*Attorneys for the City of Chicago*
Eileen E. Rosen (erosen@rfclaw.com)
Andrew J. Grill (agrill@rfclaw.com)
Austin G. Rahe (arahe@rfclaw.com)

Catherine M. Barber (cbarber@rfclaw.com) Jessica Zehner (jzehner@rfclaw.com)
Lauren M. Ferrise (lferrise@rfclaw.com) Theresa B. Carney (tcarney@rfclaw.com)
Rock, Fusco & Connelly
333 West Wacker Drive, 19th Floor
Chicago, IL 60606
P: (312) 494-1000

*Attorneys for Reynaldo Guevara*
Steven B. Borkan (Sborkan@borkanscahill.com)
Timothy P. Scahill (tscahill@borkanscahill.com)
Graham P. Miller (gmiller@borkanscahill.com)
Emily E. Schnidt (eschnidt@borkanscahill.com)
Molly Boekeloo (mboekeloo@borkanscahill.com)
Whitney Hutchinson (whutchinson@borkanscahill.com)
Mischa Itchhaporia (mitchhaporia@borkanscahill.com)
Andrea F. Checkai (acheckai@borkanscahill.com)
Krystal Gonzalez (kgonzalez@borkanscahill.com)
Borkan & Scahill
20 S. Clark Street, Suite 1700
Chicago, IL 60603

P: (312)-580-1030

***Attorneys for Edward Maloney***
William B. Oberts (wboberts@obertsgalasso.com)
Kevin C. Kirk (kckirk@obertsgalasso.com)
Oberts Galasso Law Group.
161 N. Clark Street, Suite 1600
Chicago, IL 60601
P: (312) 741-1024

*/s/ Krystal Gonzalez*
Krystal Gonzalez