# EXHIBIT 7

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE CRUZ, ) | |
| ) | Case No. 23-cv-4268 |
| Plaintiff, ) | |
| ) | Honorable Judge Daniel |
| v. ) | Magistrate Judge Fuentes |
| ) | |
| FORMER DETECTIVE REYNALDO ) | |
| GUEVARA, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF CRUZ'S RESPONSE TO**
**DEFENDANT BORIS'S SECOND SET OF INTERROGATORIES**

Plaintiff Jose Cruz serves this April 17, 2024 response to Defendant Boris' March 18, 2024 Interrogatories, as follows:

**OBJECTIONS**

1. Federal Rule of Civil Procedure 33(a)(2) states that while "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, . . . the court may order that the interrogatory need not be answered until after designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). Plaintiff Cruz objects without prejudice to each of Defendant's contention interrogatories set forth below. Contention interrogatories are interrogatories "used to elicit a description of the opposing party's theory and proof to be employed." *Tragoszanos v. City of Algoma*, 2011 WL 2650852, at *1 (E.D. Wis. July 6, 2011), *citing Zenith Electronics v. WH-TV Broadcasting Corp.*, 395 F.3d 416, 420 (7th Cir. 2005). Defendant's interrogatories below ask Cruz "whether he contends X" or whether he is "mak[ing] some specific contention" and then goes on to demand that Cruz "state all the *facts*" or "identify all the *evidence* on which [he] *bases* some specified contention."

Sometimes the interrogatory demands that Cruz explain or defend that position further, including spelling out the legal bases behind his contentions and/or to explain how the law applies to the facts. *See generally Tovar Snow Pros., Inc. v. ACE Am. Ins. Co.*, No. 20-CV-01060, 2021 WL 4745376, at *5 n.4 (N.D. Ill. Oct. 12, 2021) and *U.S. ex rel. Tyson v. Amerigroup Ill. Inc.*, 230 F.R.D. 538, 545 (N.D. Ill., 2005). See also *BASF Catalysts LLC v. Aristo, Inc.*, 2009 WL 187808, at *2 (N.D. Ind. Jan. 23, 2009) ("The basic premise of a contention interrogatory is to require a party to commit to a position and to give support for that position").

As Rule 33(a)(2) itself recognizes, and as the case law in relation to the rule particularly emphasizes, contention interrogatories are "most appropriate toward the close of discovery, or even after the close of discovery, to eliminate the possibility that a plaintiff . . . has not yet had time to gather the information to support its claim." *In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 C 864, 2019 WL 6498081, at *6 (N.D. Ill. Dec. 3, 2019), *citing and quoting Whitchurch v. Canton Marine Towing Co.*, 2017 WL 1165988, at *2 (C.D. Ill. Mar. 23, 2017) ("Contention interrogatories are often better answered after parties are near the end of discovery because they are better able to give complete responses.").

Courts in this district have routinely delay compelling responses to contention interrogatories until after "considerable discovery." *See Auto Meter Products, Inc. v. Maxima Technologies & Systems, LLC,* 2006 WL 3253636, at *2 (N.D. Ill. Nov. 6, 2006) ("When one party poses contention interrogatories *after considerable discovery,* and the opposing party refuses to answer the interrogatories, courts routinely compel the resisting party to answer the interrogatories") (emphasis added) (citations omitted). *See also* all cases cited above.

Contention interrogatories are particularly inappropriate here where Cruz has provided a tremendous amount of factual detail in his July 4, 2023 Complaint (Dkt.1), his September 1, 2023 First Amended Complaint (Dkt.44), and his October 9, 2023 Rule 26(a)(1) Initial Disclosures. By asking Cruz to answer Defendant's contention interrogatories at the very beginning of discovery, Defendant is simply asking Cruz to repeat what he has already outlined with particularity in his Complaints and Disclosure.

On all these grounds, Cruz objects to answering Defendant's contention interrogatories at this time, but without prejudice to answering them near or immediately after the close of discovery (hereafter, "Contention Interrogatory Objection").

2. Defendant objects to each attempt by Defendant to impose any duty, obligation, or restriction on Plaintiff's responses to interrogatories that exceed the requirements of the Federal Rules of Civil Procedure, including most specifically, Federal Rule of Civil Procedure 33.

3. Defendant objects to each of Defendant's interrogatories that seek information protected by the attorney-client privilege ("Attorney-Client Privileged Objection")

4. Defendant objects to each of Defendant's interrogatories that seek information protected by the work product doctrine ( "Work Product Objection").

5. Defendant objects to each of Defendant's interrogatories that are directed to Plaintiff's current counsel or former counsel, as opposed to Plaintiff himself. Federal Rule of Civil Procedure 33(b)(1)(A) and (B) provides that "interrogatories must be answered . . .

(A) by the party to whom they are directed; or

(B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party."

Because Mr. Cruz is not a "public or private corporation, a partnership, an association, or a governmental agency," Defendants may not demand that Plaintiff Cruz respond to interrogatories with information particularly within the knowledge of one his agents, including especially one of his former agents, such as an attorney who was appointed for him more than 30 years ago. Such a request is particularly problematic when Defendants demand to know what Plaintiff's current or former attorneys know, because such a request also impinges on the attorney-client privilege and work product doctrine. ("Agent Objection").

All of Mr. Cruz's responses to the interrogatories below are from Mr. Cruz's knowledge.

## RESPONSES TO INTERROGATORIES

1. Describe in detail any physical injuries claimed by you as a result of the alleged acts or omissions by each Defendant, which Defendant caused the injury, and what treatment you sought for the injury, including the name and address of each treater where you received the treatment, the inclusive dates of treatment, a list of any and all medications you were prescribed, and the amounts of the respective bills for services rendered to you.

**FIRST OBJECTION. Mr. Cruz is not claiming that any individual officer caused him physical injury on any specific occasion in which he interacted with that defendant. Mr. Cruz is claiming that all of the Defendants collectively engaged in a conspiracy to cause him to be wrongfully imprisoned. Mr. Cruz did suffer physical injury in prison, which he would not have suffered but for the acts of Defendants, but since you request to know "which Defendant caused the injury," we are assuming you are not referring to the kinds of injuries he suffered while in prison.**

**SECOND OBJECTION. This interrogatory is virtually identical to, and if not identical, extremely close to other interrogatories already previously asked by other defendants. The duplication is unnecessary and wasteful, and because interrogatory responses are sent to all counsel, you have already received an answer to this interrogatory.**

**ANSWER:** *See* **Jan. 8, 2024 Response to Wojcik's Dec. 11, 2023 First Set of Interrogatories.**

2. Describe in detail any psychological, mental, or emotional injuries claimed by you as a result of the alleged acts or omissions by each Defendant, which Defendant caused the injury, and what treatment you sought for the injury, including the name and address of each treater where you received the treatment, the inclusive dates of treatment, a list of any and all medications you were prescribed, and the amounts of the respective bills for services rendered to you.

**OBJECTION. This interrogatory is virtually identical to, and if not identical, extremely close to interrogatories already previously asked by other defendants. The duplication is unnecessary and wasteful, and because interrogatory responses are sent to all counsel, you have already received an answer to this interrogatory.**

**ANSWER:** *See* **Jan. 8, 2024 Response to Wojcik's Dec. 11, 2023 First Set of Interrogatories.**

3. Identify each element of loss or damages that you intend to seek at the trial of this action and for each, identify the specific dollar amounts that you are claiming, the manner in which each dollar amount has been computed, the date(s) that each such loss or damage was incurred, and all documentary and testimonial evidence you intend to introduce to prove your claimed loss or damages.

**OBJECTION: This is a contention interrogatory, which does not require a response until closer to the end of discovery.**

**ANSWER:** **Answering over that objection, Mr. Cruz states that he is seeking the following damages:**
  **$28,758,904 for his time he spent wrongfully incarcerated;**
  **$28,758,904 for the damage to his life from the time he was released to when he dies;**
  **$28,758,904 for punitive damages, to be allocated against each of the individual defendants held liable for conduct found to be unconstitutional or in violation of Illinois common law.**

**The remainder of the interrogatory seeking all documentary and testimonial evidence Cruz intends to introduce at trial is a contention interrogatory, which does not require a response to the end of discovery.**

4. Identify all employment positions held by Plaintiff from July 12, 2022, to the present, including the name, address, and telephone number of each employer, the dates of employment, position(s) held, whether the employment was full time or part time, the compensation, the name and telephone number of Plaintiff's immediate supervisor, and the reason for separation of employment.

**OBJECTION: Cruz objects to Defendant Boris's request for information related to the "reason for separation of employment," as it assumes facts for which Mr. Boris possesses no evidence whatsoever. Mr. Cruz has not suffered a separation from employment since July 12, 2022.**

**ANSWER:**
Company Name:
Company Address:
Dates of Employment:
Position Held:
Full Time Or Part Time:
Compensation:
Name of Immediate Supervisor:
Telephone Number of Supervisor:

     5.    Is Plaintiff claiming he is unable to work as a result of the alleged conduct of the Defendants? If so, please state why Plaintiff is unable to work and how his inability to work is related to the alleged conduct of each Defendant.

     **ANSWER:**    NO.

     6.    Does Plaintiff claim that he has a disability? If so, identify each and every disability Plaintiff claims to have, including the nature of the disability, who diagnosed the disability, when the disability was diagnosed, the nature of Plaintiff's physical or mental impairment as a result of the disability, and how the disability substantially limits one or more major life activities of Plaintiff, and how the disability was caused by the alleged conduct of the Defendants.

     **ANSWER:**    NO.

Dated:  April 17, 2024                                  Respectfully submitted,

                                                                   /s/ Stuart J. Chanen

Stuart J. Chanen (Stuart@ChanenOlstein.com)
Ariel Olstein (Ariel@ChanenOlstein.com)
Chanen & Olstein LLP
7373 Lincoln Ave., Suite 100
Lincolnwood, IL 60712
847-469-4669

Jack Samuel Tenenbaum (s-tenenbaum@law.northwestern.edu)
Northwestern Pritzker School of Law
375 E. Chicago Ave., Suite 411
Chicago, IL 60611
312-503-4808

## **CERTIFICATE OF SERVICE**

I, Stuart Chanen, an attorney, certify that on April 17, 2024, I served **Plaintiff Cruz's Answers to Boris's Second Set of Interrogatories** upon counsel of record via electronic mail at the electronic mail addresses listed below:

***Special Assistant Corporation Counsel for Defendants Officers***
James G. Sotos (jsotos@jsotoslaw.com)
Josh M. Engquist (jenquist@jsotoslaw.com)
Lisa M. Meador (lmeador@jsotoslaw.com)
Alexis M. Gamboa (agamboa@jsotoslaw.com)
Jeffrey C. Grossich (jgrossich@jsotoslaw.com)
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd, Suite 1240A
Chicago, IL 60604
(630) 735-3300

***Attorneys for the City of Chicago***
Eileen E. Rosen (erosen@rfclaw.com)
Andrew J. Grill (agrill@rfclaw.com)
Austin G. Rahe (arahe@rfclaw.com)
Catherine M. Barber (cbarber@rfclaw.com)
Jessica Zehner (jzehner@rfclaw.com)
Lauren M. Ferrise (lferrise@rfclaw.com)
Theresa B. Carney (tcarney@rfclaw.com)
Rock, Fusco & Connelly
333 West Wacker Drive, 19th Floor
Chicago, IL 60606
P: (312) 494-1000

***Attorneys for Reynaldo Guevara***
Steven B. Borkan (Sborkan@borkanscahill.com)
Timothy P. Scahill (tscahill@borkanscahill.com)
Graham P. Miller (gmiller@borkanscahill.com)
Emily E. Schnidt (eschnidt@borkanscahill.com)
Molly Boekeloo (mboekeloo@borkanscahill.com)
Whitney Hutchinson (whutchinson@borkanscahill.com)
Mischa Itchhaporia (mitchhaporia@borkanscahill.com)
Kathryn E. Boyle (kboyle@borkanscahill.com)
Krystal Gonzalez (kgonzalez@borkanscahill.com)
Borkan & Scahill

20 S. Clark Street, Suite 1700
Chicago, IL 60603
P: (312)-580-1030

***Attorneys for Edward Maloney***
William B. Oberts (wboberts@tribler.com)
Kevin C. Kirk (kckirk@tribler.com)
Tribler Orpett and Meyer, P.C.
225 West Washington St, Suite 2550
Chicago, IL 60606
P: (312) 201-6400

***Attorney for Jose Cruz***
Jack Samuel Tenenbaum    s-tenenbaum@law.northwestern.edu
Northwestern Pritzker School of Law
375 E. Chicago Ave., Suite 411
Chicago, IL 60611
P: 312-503-4808

                                        /s/ *Stuart J. Chanen*