IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE CRUZ, | ) | |
|     *Plaintiff,* | ) | |
| v. | ) | |
| | ) | |
| REYNALDO GUEVARA, | ) | No. 23-cv-4268 |
| ERNEST HALVORSEN, | ) | |
| ANTHONY WOJCIK, | ) | The Honorable Georgia N. Alexakis |
| ROBERT RUTHERFORD, | ) | |
| ANTHONY RICCO, | ) | The Honorable Gabriel Fuentes |
| ROBERT BORIS, | ) | |
| STEPHEN GAWRYS, | ) | |
| EDWARD MINGEY, | ) | |
| FORMER ASA EDWARD MALONEY, | ) | |
| and THE CITY OF CHICAGO, | ) | |
| | ) | |
|     *Defendants.* | ) | |

**JOINT STATUS REPORT**

The parties, by and through their undersigned counsel, and pursuant to this Honorable Court's December 4, 2024 Order (Dkt.326), submit the following Joint Status Report regarding the parties' proposed expert discovery schedules:

**Plaintiff's Proposal:**

| | |
|---|---|
| By February 3 | Both parties serve any affirmative expert report. |
| By April 4 | Both parties depose the other side's affirmative experts (60 days from Feb. 3).[1] |
| By May 6 | Defendants serve any rebuttal expert report to Plaintiff's five experts; Plaintiff serves any rebuttal to Defendants' expert reports, if any. |
| By June 6 | Both parties depose the other side's rebuttal experts; |
| By June 20 | Any party that chooses to issue a reply to the rebuttal experts' report and deposition may do so. |
| June 20 | Expert Discovery closes. |

---

[1] Ten days ago, Cruz proposed 30 days to take these depositions, as the Court had in Dkt.325. Defendants, however, objected to 30 days, so Cruz is adding an additional 30 days for the parties to take depositions.

As the Court will see below, Defendants agree to the first two dates on the schedule, and with the general outline of Cruz's proposal – but with three exceptions.

> **Plaintiff's expert disclosures – 2/3/25**
> **Depositions of Plaintiffs' experts – 4/4/25**
> **Disclosure of Defendants' experts – 6/6/25**
> **Depositions of Defendants' experts – 8/8/25**
> **If Plaintiff has any rebuttal expert disclosures – 9/9/25**
> **Defendants' depositions of Plaintiff's rebuttal experts – 10/7/25**

The first exception is that they request until June 6, 2025 to disclose their own affirmative experts; this is unreasonable. Cruz has already identified the five categories of experts he intends to call as witnesses: (1) Handwriting; (2) Ink Analysis; (3) Eyewitness Identification; (4) Police Practices; (5) *Monell* claims against the City. In addition, under Cruz's proposed schedule, Defendants will have 90 days from the issuance of Cruz's reports to submit their rebuttal reports. Defendants do not, however, need *five months and 22 days* from today to issue any affirmative expert report they might have, if any. That fact is especially true since (a) they have known of the December 3, 2024 fact discovery cut-off since September 27, 2024; (b) they have yet to identify any category of affirmative expert they intend to call; and (c) they may, in the end, not name any affirmative experts at all. One thing the Court could do to clear this up is require Defendants to at least identify their affirmative expert category or categories now. If they do not intend to include affirmative experts, or, for example, have only one, then Cruz's proposed schedule is the appropriate schedule to cover such depositions.

The second exception that Defendants request is 120 days (instead of 90) to disclose their rebuttal experts to Cruz's five experts. This additional time is also unnecessary. Defendants' rebuttal experts – with whom they can start working now since they have previews of every single expert witness Cruz will call – can begin working with Defendants now, or, at the very least, as soon as they receive Cruz's reports on February 3. While they will also want to integrate Cruz's

experts depositions into their analysis, that does not mean they have to wait until those depositions *are completed* to begin reviewing Cruz's reports, reviewing materials, and writing their own reports. Moreover, Cruz's counsel wants his experts' depositions completed as soon as reasonably possible (so he can turn his attention to his July 14 Smith trial), so Cruz will be tendering his expert witnesses earlier in the 60-day period than the final two weeks.

The Court need only consider Cruz's proposed date to close expert discovery (June 20) and Defendants' proposed date (October 7) to see that there is a lot of unnecessary fat built into Defendants' proposal. In addition, their proposed schedule is without any motion to extend the discovery cutoff, which these defendants are known to request. *See, e.g.,* Dkts.170 (moving to extend fact discovery cutoff by 6-9 months); Dkt.239 (moving to extend fact discovery cutoff by 45 days).

Finally, Defendants also propose 60 days instead of 30 for Cruz to take the depositions of Defendants' affirmative expert, if any. There are two reasons this is unnecessary. First, if the Court requires simultaneous affirmative expert reports, Cruz will have the same 90 days as Defendants; that is the easiest way to solve this disagreement. Second, even if the Court rejects simultaneous affirmative reports, Cruz still only needs 30 days to take the depositions of Defendants' zero, one, or two experts. Even if Defendants do name an affirmative expert, Cruz does not need 60 days to take that expert's or experts' deposition.

Plaintiff Cruz respectfully requests this Court to enter the expert schedule he proposes.

**Defendants' Proposal:**

Defendants were prepared to proceed with the Court's suggested schedule of having Plaintiff disclose his experts by December 31, 2024, but pursuant to Plaintiff's counsel's request, Defendants do not object to Plaintiff providing his expert disclosures on February 3, 2024. Plaintiff has informed Defendants that he plans to disclose five separate experts on the following

3

topics: handwriting, ink testing, police practices, eyewitness identification, and *Monell*. Because expert depositions are often full-day depositions and require considerable review of technical and scientific information to prepare for, Defendants need 60 days to depose all of them. That date also gives Defendants enough time to issue subpoenas to Plaintiff's experts to obtain the relevant documents in advance of the deposition. Sufficient time is also needed for Defendants to prepare their expert disclosures. Defendants will need to depose Plaintiff's experts before disclosing their experts. Further, Plaintiff's disclosure date of February 3, 2024 gives Plaintiff over two full months after the close of fact discovery to prepare his expert disclosures. This is in addition to the time he has had during the fact discovery period to plan for those disclosures. Defendants, however, need to see Plaintiff's disclosures before they can prepare their disclosures rebutting them. Further, Plaintiff has indicated that he will have one *Monell* expert, but, as the Court is aware from litigating the issues regarding the City's contention interrogatories, Plaintiff has a myriad of *Monell* theories on different topics and issues. In that case, the City may have more than one, and, perhaps, multiple, expert to rebut Plaintiff's *Monell* expert. As to Plaintiff's request for Defendants to accommodate the time his counsel would like to prepare for another trial starting in mid-July unencumbered by this case, Defendants' position is that is not reasonable, but, in any event, their proposed schedule gives Plaintiff six full weeks before the trial starts. It is also not unreasonable to conduct expert depositions during that time period. For these reasons, Defendants propose the following schedule:

    **Plaintiff's expert disclosures – 2/3/25**

    **Depositions of Plaintiffs' experts – 4/4/25**

    **Disclosure of Defendants' experts – 6/6/25**

    **Depositions of Defendants' experts – 8/8/25**

**If Plaintiff has any rebuttal expert disclosures – 9/9/25**

**Defendants' depositions of Plaintiff's rebuttal experts – 10/7/25**

Date: December 16, 2024

                                                                          Respectfully submitted,

| | |
|---|---|
| /s/ William B. Oberts | /s/ Jeffrey C. Grossich |
| WILLIAM B. OBERTS | JEFFREY C. GROSSICH, Atty no. 6316511 |
| *Special States Attorney for Defendant Maloney* | *Special Assistant Corporation Counsel for Defendant Officers* |
| | |
| William B. Oberts | James G. Sotos |
| Kevin C. Kirk | Josh M. Engquist |
| Oberts Galasso Law Group | Alexis M. Gamboa |
| 161 N. Clark Street, Suite 1600 | Jeffrey C. Grossich |
| Chicago, IL 60601 | THE SOTOS LAW FIRM, P.C. |
| P: (312) 741-1024 | 141 W. Jackson Blvd, Suite 1240A |
| wboberts@obertsgalasso.com | Chicago, IL 60604 |
| | P: (630) 735-3300 |
| | jgrossich@jsotoslaw.com |
| | |
| /s/ Andrea F. Checkai | /s/ Austin G. Rahe |
| ANDREA F. CHECKAI | AUSTIN G. RAHE |
| *One of the Attorneys for Defendant Guevara* | *One of the Attorneys for Defendant City of Chicago* |
| | |
| Steven B. Borkan | Eileen E. Rosen |
| Timothy P. Scahill | Andrew J. Grill |
| Graham P. Miller | Austin G. Rahe |
| Emily E. Schnidt | Catherine M. Barber |
| Molly Boekeloo | Kelly A. Krauchun |
| Whitney Hutchinson | Lauren M. Ferrise |
| Mischa Itchhaporia | Thereasa B. Carney |
| Andrea F. Checkai | Sabrina A. Scardamaglia |
| Krystal Gonzalez | Rock, Fusco, & Connelly |
| Borkan & Scahill, Ltd. | 333 W. Wacker Drive, 19th Floor |
| 20 S. Clark St., Suite 1700 | Chicago, IL 60606 |
| Chicago, Illinois 60603 | P: (312) – 494-1000 |
| P: (312) 580-1030 | arahe@rfclaw.com |
| acheckai@borkanscahill.com | |

/s/ Stuart J. Chanen
*One of the Attorneys for Plaintiff Cruz*

5

Stuart J. Chanen
Ariel Olstein
Chanen & Olstein, LLP
8822 Niles Center Road Suite 100
Skokie, IL   60077
847-469-4669
Stuart@ChanenOlstein.com