UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE CRUZ<br><br>        Plaintiff,<br><br>   v.<br><br>FORMER DETECTIVE REYNALDO GUEVARA, ET AL.<br><br>        Defendants. | No. 23 CV 4268<br><br>Judge Georgia N. Alexakis |

## ORDER

For the reasons set forth next, the Court denies in part and grants in part defendant Edward Maloney's motion to dismiss plaintiff Jose Cruz's second amended complaint. [359].

## STATEMENT

The Court assumes the parties' familiarity with the factual background and legal analysis set forth in its earlier order granting in part and denying in part Maloney's motion to dismiss Cruz's first amended complaint. [309]. Following that decision, Cruz filed a second amended complaint. [327]. Maloney now seeks to dismiss the following four counts of that complaint: Count IA, IB, III, and VII. [359]. Maloney makes three overarching arguments, which the Court addresses before turning to Maloney's count-specific contentions.

*First*, Maloney argues that plaintiff's allegations are contradicted by sworn testimony and therefore are made without good faith. But in ruling on a motion to dismiss, a court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And while under certain circumstances a court may consider certain external information, Cruz appropriately points out that the success of Maloney's arguments depends on the Court crediting his version of events (that Meadors' testimony was voluntarily given and therefore credible) over Cruz's allegations (that Meadors' testimony was the byproduct of manipulation and compulsion and therefore unreliable). The Court cannot engage in this exercise to resolve a motion to dismiss.

*Second*, Maloney argues that Cruz is not permitted to make allegations "on information and belief" after the close of fact discovery. Maloney cites two cases in

support of this proposition, but having reviewed these cases, the Court does not find they lend support to Maloney's position. In one of these cases, the district court concluded that a plaintiff could not "drag" a defendant into court "without conducting a concrete investigation into whether its [statutory] duties … were ever triggered." *See Densmore v. Gen. Motors Acceptance Corp.*, No. 03 C 1866, 2003 WL 22220177, at \*2 (N.D. Ill. Sept. 25, 2003). But in *Densmore*, the relevant statute gave the plaintiff "a means for him to easily verify his hunch that [defendant] received notice." *Id.* Here, the allegations at issue are not nearly as "readily ascertainable," *id.*, even following fact discovery. As Cruz writes: "Certainly Maloney is not going to admit to being part of such a … conspiracy, nor will the other civil rights defendants in this case." [372] at 24. *See also Bankers Tr. Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 684 (7th Cir. 1992) (plaintiff could not make allegations "on information and belief" where the facts at issue were "a matter of public record"); *Tankersley v. Albright*, 514 F.2d 956, 965 (7th Cir. 1975) ("Where pleadings concern matters peculiarly within the knowledge of the defendants, conclusory pleading on 'information and belief' should be liberally viewed."); *Brickstructures, Inc. v. Coaster Dynamix, Inc.*, No. 16 CV 10969, 2017 WL 4310671, at \*4 (N.D. Ill. Sept. 28, 2017) ("On merits issues, information and belief allegations are perfectly fine in appropriate circumstances, where the basis for the contention is not something properly within plaintiff's personal knowledge.").

*Third*, Maloney argues that the Court should not credit Cruz's "attempt to lump in Maloney with the rest of the Defendant Officers through his conspiracy claims" because those allegations are "wholly conclusory." [363] at 13–14. The Court disagrees with Maloney's characterization of Cruz's allegations. In the second amended complaint, Cruz alleges that on October 8, 1993, Officer Defendants Wojcik and Riccio apprised Maloney of the facts of the case; that Maloney became aware of the Officer Defendants' plan to frame Cruz; and that Maloney demonstrated this awareness, in part, by willfully failing to document his October 8, 1993 interactions with Officer Defendants. *E.g.*, [327] ¶¶ 60–66. In addition, in the second amended complaint, Cruz newly alleges that Maloney, along with Officer Defendant Riccio, fabricated a statement from witness Rodriguez. *Id.* ¶ 121. And just as he did in the first amended complaint, in the second amended complaint, Cruz continues to allege that Maloney was "aware of Guevara's intimidation and harassment of Jaramillo," *id.* ¶ 89; that Maloney personally included a false statement in Jaramillo's statement to law enforcement, *id.* ¶ 99; and that Maloney "purposefully failed to investigate Cruz's alibi" as part of defendants' collective efforts to frame Cruz, *id.* ¶ 122. At bottom, Cruz's allegations that Maloney participated in a conspiracy to frame him cannot be credibly characterized as conclusory.

The Court now turns to the count-specific contentions.

### Count IA
In Count IA, Cruz alleges a violation of his rights under the Fourteenth Amendment's due process clause based on the fabrication of evidence. [327] at 47–48.

Maloney moves to dismiss this claim because the allegedly fabricated evidence was not introduced or admitted at trial. The Court agreed with Maloney's position in its earlier ruling. *See* [309] at 12–15. In his response to Maloney's more recent motion to dismiss, Cruz effectively asks the Court to revisit its earlier legal analysis. [372] at 4–13. The Court appreciates the complexity of this area of the law, but it remains unconvinced of Cruz's position at this juncture and in light of existing Seventh Circuit caselaw. *Cf. Publishers Res., Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) ("motions for reconsideration serve a limited function," including "to correct manifest errors of law").

Therefore, the Court dismisses Count IA where the purportedly fabricated statements from Jaramillo and Rodriguez could not have been material to the jury's judgment because they were never introduced at Cruz's trial. Because Cruz already has had an opportunity to replead this count, and because further opportunity to replead will not be able to cure the deficiency the Court has identified, this dismissal is now with prejudice. *See Stanard v. Nygren*, 658 F.3d 792, 801 (7th Cir. 2011); *see also Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) ("Ordinarily ... a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed.").

### *Count IB*

In Count IB, Cruz alleges a violation of his rights under the Fourth Amendment based on the fabrication of evidence. [327] at 48–50. Maloney moves to dismiss this claim for two reasons: (1) because probable cause existed independent of Cruz's allegations of misconduct against Maloney, and (2) because Cruz fails to allege how the allegedly fabricated evidence brought about his indictment. These arguments gained traction with the Court in its earlier opinion, but in light of new allegations in the second amended complaint, they no longer carry the day.

As just discussed, in its earlier opinion, the Court dismissed Cruz's claim that his rights under the Fourteenth Amendment's due process clause were violated based on the fabrication of evidence where that evidence was not introduced at his trial. In so doing, the Court observed that "a plaintiff may state an actionable evidence-fabrication claim under the Fourth Amendment without alleging that the falsified evidence was presented at trial" and "[i]n that scenario, the claim would be based on pre-trial detention resulting from the use of fabricated evidence to secure an indictment." [309] at 13–14 (cleaned up). The problem for Cruz at that time was that his first amended complaint did not articulate a Fourth Amendment evidence-fabrication claim. *Id.* at 14. It now does.

In addition, in its earlier opinion, the Court dismissed Cruz's federal and state-law malicious prosecution claims because Cruz failed to allege that Maloney knew Meadors' identification of Cruz was tainted, where that identification supplied

3

probable cause for Cruz's arrest and indictment. *Id.* at 18–21. But as recounted earlier, in the second amended complaint, Cruz alleges that on October 8, 1993, Officer Defendants Wojcik and Riccio apprised Maloney of the facts of the case; that Maloney became aware of the Officer Defendants' plan to frame Cruz; and that Maloney demonstrated this awareness, in part, by willfully failing to document his interactions with Officer Defendants on October 8, 1993. *E.g.*, [327] ¶¶ 60–66. Even more specifically, Cruz alleges that Maloney knew that Meadors "had told the police that the shooters were Black, not Hispanic"; "Maloney learned about … the Officer Defendants' efforts to pressure and manipulate Meadors to falsely identify Cruz as one of the shooters"; that "Maloney learned about and went along with the conspiracy to have Meadors falsely identify Cruz as one of the shooters"; and that "when interviewing Meadors, Maloney, on information and belief, discerned that Meadors had been pressured to falsely identify Cruz." *Id.*

Crediting Cruz's allegations, as the Court must when resolving a motion to dismiss on Rule 12(b)(6) grounds, probable cause to arrest and indict Cruz *did not* exist independent of Cruz's allegations of misconduct against Maloney and Cruz *has* alleged how the allegedly fabricated evidence brought about his indictment. Maloney's motion to dismiss is therefore denied with respect to Count IB.

### *Count III and VII*

In Counts III and VII, Cruz brings federal and state-law claims against Maloney for malicious prosecution and unlawful detention. [327] at 52, 58–59. Maloney moves to dismiss these claims because, he maintains, probable cause existed independent of Cruz's allegations of misconduct against Maloney. For the same reasons the Court just articulated, this argument fails. In the second amended complaint, Cruz has sufficiently alleged that there was no probable cause to support his prosecution and detention where Maloney purportedly knew that Meadors' identification of Cruz was tainted. Maloney's motion to dismiss is therefore denied with respect to Counts III and VII.

### CONCLUSION

For the reasons set forth above, the Court denies in part and grants in part defendant Maloney's motion to dismiss plaintiff Cruz's second amended complaint. [359]. Count IA is dismissed with prejudice. Counts IB, III, and VII remain.

Date: 7/28/25

Georgia N. Alexakis
U.S. District Judge