IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE CRUZ, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| v. | ) | |
| | ) | |
| REYNALDO GUEVARA, | ) | No. 23-cv-4268 |
| ERNEST HALVORSEN, | ) | |
| ANTHONY WOJCIK, | ) | The Honorable Georgia N. Alexakis |
| ROBERT RUTHERFORD, | ) | |
| ANTHONY RICCO, | ) | The Honorable Gabriel Fuentes |
| ROBERT BORIS, | ) | |
| STEPHEN GAWRYS, | ) | |
| EDWARD MINGEY, | ) | |
| FORMER ASA EDWARD MALONEY, | ) | |
| and THE CITY OF CHICAGO, | ) | |
| | ) | |
|     *Defendants.* | ) | |

## **PLAINTIFF'S STATUS REPORT**

Pursuant to this Honorable Court's September 22, 2025 Order (Dkt. 415), Plaintiff Jose Cruz respectfully renews his request for the Court to set a firm trial date to begin the week of May 25. This request is consistent with:

(1) Cruz's August 25 Motion to Set Trial Date [401],
(2) this Court's August 28 Order directing the parties to meet and confer and propose trial dates on September 22 [407], which Defendants' counsel refused to do;
(3) Cruz's more specific request at the Court's September 22 Conference for the trial to start the week of May 25 or June 1 [415]; and
(4) this Court's September 22 Order [415] ("By 10/6/25, the parties are directed to meet and confer on proposed trial dates and submit a joint status report with those dates").

Plaintiff and Defendants did meet and confer on proposed trial dates, but they could not agree on a Joint Status Report. Defendants sole proposal was to set the case for trial eighteen months from now, "in March of 2027 or later," *see* Defendants' Status Report, and Cruz believes that is highly unreasonable for several reasons. Most specifically, Defendants have not provided any reasonable basis to oppose a trial date of May 25.

First, none of the four sets of defense counsel have trial conflicts between April 10 and July 13, 2026. May 25, 2026 is therefore the perfect time to schedule this trial. During the parties' October 1 meet-and-confer, the only basis Defendants' Counsel opposed that date (or June 1) was that they have trials scheduled for July 13, 2025, and that those trials would come too fast on the heels of a May 25 or June 1 *Cruz* trial. That argument, however, is directly belied by the fact that three defense firms identify trials scheduled from January 5 to 30 (*Johnson*), February 2-27 (*Rios*), and March 9-April 3 (*Day*). In other words, defense counsel are not, in fact, opposed to having trials scheduled one after another (or at the very least, they have not convinced the judges in those cases that doing so is unreasonable).

Second, and equally importantly, if the Court were to start the *Cruz* trial during the week of May 25, Defense Counsel's next trial is not scheduled to begin until **eight weeks later**. This is far longer than the time intervals between the *Johnson*, *Rios*, and *Day* trials, and that is especially true given that the *Cruz* case can be tried in three weeks, while *Johnson* is scheduled for four and the *Rios* and *Day* trials are scheduled for 3-4 weeks. It is simply not correct to state, as Defense Counsel did during the meet and confer, that they cannot schedule a May 25 or June 1 trial because of their respective July 13 trials.

Third, in the past 7-1/4 years, since a June 29, 2018 jury verdict against the City, Guevara, and Mingey in *Rivera v. City of Chicago*, it appears that the City has settled every single case that includes accusations of civil rights violations by Guevera, who continues to take the Fifth Amendment to every substantive question directed to him. This includes at least *Serrano* in September 2021, *Montanez* in September 2021, *Rodriguez* in March 2024, *Sierra* in January 2025, *Almodovar* in July 2025, *Negron* in August 2025, *Maysonet* in September 2025, and *Gomez*

in September 2025. (If that is not correct, Defendants' counsel can correct the record.) The likelihood that Defendants' other trials in *Guevara* cases will settle is therefore extremely high.[1]

Finally, even if Defense Counsel had actual conflicts or other valid reasons for not starting this trial on May 25 (which they haven't identified), their request that the Court postpone this trial until March 2027 – or even later than March 2027 – is completely unreasonable and inconsistent with Federal Rule of Civil Procedure 1, which, as this Court knows well, requires both the Court and parties to "construe[], administer[], and employ[] [the Federal Rules] to secure the just, speedy, and inexpensive determination of every action and proceeding."

Put differently, Cruz submits that any inconvenience to Defense Counsel resulting from any other trial assignments that they have in other cases is not a valid reason to delay this case until March 2027, certainly not with all fact and expert discovery already completed and summary judgment briefing set to be completed by January 16, 2026 [415]. Defendants have not provided a valid justification for Cruz to wait more than 14 months from the close of summary judgment briefing to the beginning of his trial.

A May 25 trial date does not prejudice any of the Defendants or Defense Counsel in any way, and delaying the trial until March 2027 is highly prejudicial to Mr. Cruz. Plaintiff Cruz respectfully requests this Court to set the trial in this case for May 25, 2026.

Dated: October 6, 2025                  Respectfully submitted,

*Plaintiff Jose Cruz*

*/s/ Stuart J. Chanen*

---

[1] Defendants Guevara and Mingey both invoked the Fifth Amendment at the *Rivera* trial. The jury awarded $17 million to Rivera and an additional $75,000 in punitive damages against each of Mingey and Guevera. The District Judge thereafter called counsel's legal arguments related to the Fifth Amendment "risible."

Moreover, the likelihood of settlements in the *Guevara* cases are even greater than the pattern to date. This is because of the $50 million *Brown* jury verdict in September 2024 and the $120 million *Mitchell/Fulton* jury verdict in March 2025.

3

Stuart J. Chanen
Ariel Olstein
Chanen & Olstein, LLP
8822 Niles Center Rd. Suite 100
Skokie, IL 60077
(847) 469-4669
stuart@chanenolstein.com
ariel@chanenolstein.com