UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE CRUZ, | ) |
| | ) Case No. 23 C 4268 |
| Plaintiff, | ) |
| | ) District Judge Georgia N. Alexakis |
| | ) |
| REYNALDO GUEVARA, et al., | ) Magistrate Judge Gabriel A. Fuentes |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is the motion ("Motion to Compel"; D.E. 412) by certain of the individual defendants (Edward Maloney, Anthony Wojcik, Robert Rutherford, Anthony Riccio, Robert Boris, Stephen Gawrys, Edward Mingey, Geri Lynn Yanow, special representative of Ernest Halvorson, deceased) (collectively, "the Movants") to compel Plaintiff, Jose Cruz, to produce certain communications involving third-party witness Luis (Danny) Rodriguez. The Court has reviewed the further briefing and exhibits supplied by Plaintiff ("Resp."; D.E. 419) and the Certain Individual Defendants ("Reply"; D.E. 421) and rules on the Motion to Compel as set forth below. This ruling is rendered within the broad discretion afforded to magistrate judges to manage discovery, *Jones v. City of Elkhorn, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013), and consistent with the Court's goal of promoting a just, speedy and inexpensive determination of this matter. Fed. R. Civ. P. 1.

In the Complaint, Plaintiff alleges that the Movants and Defendant Reynaldo Guevara conspired to fabricate a signed statement from witness Rodriguez, Plaintiff's then 13-year-old cousin, to undermine Plaintiff's alibi that he was asleep during the shooting for which he was arrested. (D.E. 327: Second Am. Compl. ¶¶ 118, 120-21, 199.) On August 29, 2025, this Court

granted the Officer Defendants'[1] motion for leave to depose Rodriguez on September 11. (D.E. 408.) Prior to the deposition, defense counsel requested Plaintiff's counsel produce communications Plaintiff had with Rodriguez and his counsel as well as communications between Plaintiff's counsel and Rodriguez's counsel, citing Defendant Maloney's Request to Produce No. 12, for all documents "that Plaintiff, Plaintiff's attorney(s), investigator(s) or agent(s) had with any witnesses or potential witnesses relating to this case." (Motion to Compel ¶¶ 10-19.) On September 10, Plaintiff's counsel produced bates-numbered documents CRUZ-028413 to CRUZ-028428, which consist of text messages between Plaintiff and his attorney, Stuart Chanen, regarding Rodriguez being served with a deposition subpoena, text messages between Rodriguez and Plaintiff reminding Rodriguez about an appointment with Chanen, and other texts unrelated to this lawsuit. (Motion to Compel, Ex. A.)

Plaintiff redacted a portion of CRUZ-028426 and produced a privilege log indicating that he was withholding additional communications based on the attorney client privilege. (*Id*. and Motion to Compel ¶ 20.) The Motion to Compel seeks production of these documents, which the Court has reviewed *in camera*.[2] The withheld materials include text messages between Chanen and Plaintiff;[3] text messages between Rodriguez and Plaintiff; text messages between Rodriguez and Chanen; text messages between Rodriguez and his counsel, Jonathan Quinn; email messages

---

[1] The "Officer Defendants" are Anthony Riccio, Robert Rutherford, Robert Boris, Stephen Gawrys, Edward Mingey, Anthony Wojcik, and special representative Geri Lynn Yanow. Defendant Edward Maloney joins the Officer Defendants as a movant on the instant Motion to Conpel.

[2] In the Motion to Compel, the Movants note that at the deposition, Rodriguez identified communications between Rodriguez and Plaintiff and/or Plaintiff's counsel in October 2024. (Motion to Compel ¶ 25.) Plaintiff produced those documents prior to Rodriguez's deposition. (Resp. at 11-12.)

[3] The communications between Plaintiff and his attorney Chanen raise potential privilege issues that the Court does not reach in resolving this disagreement on relevancy and proportionality grounds.

between Chanen's law firm and Quinn; and text messages between Chanen and Quinn. The communications are dated September 5 through 9, 2025.

In response to the Motion to Compel, Plaintiff argues that the Movants are seeking discovery outside of the scope of Federal Rule of Civil Procedure 26(b)(1), which states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26. The Court agrees that the Motion to Compel seeks discovery outside Rule 26(b)(1). The documents the Court has reviewed *in camera* are not relevant to any claim or defense, and their production at this phase of the case, with fact discovery and the Rodriguez deposition completed, is not proportional to the needs of the case.

Despite the Movants' speculation, the withheld materials do not "relate to the substance of Rodriguez's testimony." (Motion to Compel ¶ 36.) They relate entirely to Plaintiff's and Plaintiff's counsel's attempts to assist Rodriguez in obtaining counsel for his deposition. As Plaintiff accurately represented in the Response, the withheld materials "related solely to: (a) C&O [Plaintiff's counsel at Chanen & Olstein] possibly representing Mr. Rodriguez; (b) Mr. Quinn representing Mr. Rodriguez; or (c) efforts by attorney Mr. Chanen to get Mr. Rodriguez to contact Mr. Quinn." (Resp. at 3-4.) The Movants focus on a document Plaintiff produced in which Plaintiff's counsel states that "[w]e are seeking one meeting to look at one document." (Motion to Compel ¶ 26, citing CRUZ-028428.) The Movants insist that "[i]t is clear" from this statement "that Cruz and his lawyers were trying to meet with [Rodriguez] to discuss the handwritten statement and the substance of his testimony." (Reply at 3.) But notwithstanding all that

3

hyperventilation, the Court has reviewed the withheld materials and can assure the Movants that, as Plaintiff's counsel represented, none of the withheld materials touches upon the substance of Rodriguez's testimony. The materials are simply irrelevant to any issue in the case

In addition, the Court agrees with Plaintiff that production of the materials sought in the Motion to Compel is not proportional to the needs of the case. The Court allowed the Officer Defendants to depose Rodriguez over the objections of Plaintiff regarding the Officer Defendants' delay in seeking the deposition, as the subpoena issued . one year after the close of fact discovery. Despite the Movants' assertions that Rodriguez is a "key witness" and that Plaintiff seeks nearly $85 million in damages (Reply at 2), the Court can conceive of no benefit that the withheld documents, having no relation to the claims or defenses in this case, would provide to any party in this case. The irrelevance of the documents makes their compelled production all the more disproportionate to the needs of the case. The Movants' hyperbolic arguments for compelled production of these documents at this late phase of the case are "full of sound and fury, [s]ignifying nothing." *See* William Shakespeare, *Macbeth*, Act V, Scene V, l. 27 (ca. 1623), reprinted in Mortimer Adler, *Great Books of the Western World*, Vol. 27 at 309 (Encyclopaedia Britannica 1952).

For the foregoing reasons, the Motion to Compel is denied.

**SO ORDERED.**

                **ENTER:**

                **GABRIEL A. FUENTES**
                **U.S. Magistrate Judge**

**Dated: October 16, 2025**