**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Jose Cruz, | ) | |
| Plaintiff, | ) | No. 23 C 4268 |
| v. | ) | |
| | ) | Judge Georgia Alexakis |
| Reynaldo Guevara, et al. | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO THE CITY DEFENDANTS'
MOTION TO REQUIRE A SETTLEMENT CONFERENCE**

Plaintiff Jose Cruz respectfully opposes a settlement conference *at this time*. The

City has never offered $1 dollar to settle this case. There is absolutely nothing to justify

our investment of time or the Court's investment of time in a settlement conference.

Although the City mentions our opposition in paragraph 5 of their Motion – "City Defendants

have contacted Plaintiff's counsel who has stated his opposition to this motion" [522] –

this does not begin to capture what has, in fact, gone on in the past three months, as follows:

1. **Ms. Meadors' April 14 email:**
   "[While summary judgment is pending and in light of your settlement with the County], we felt this was an opportunity to broach possible settlement with the City Defendants. If interested, please provide us with a settlement demand."

2. **Mr. Olstein's May 4 Response:**
   "If the City agrees to negotiate in a $[X] to $[Y] range [with X and Y being very specific figures], and to work with a mediator in May, we will make a demand within this range. This is the same per year range for Jose Cruz that the City paid in 2025 and 2026 in *Maysonet*, *Almodovar*, *Sierra*, and *Johnson*, and there is no basis to pay Cruz a lower amount per year than in those four cases. It will also immediately tell us if the City is serious about settling."

3. **Ms. Meadors' May 14 email:**
   "We are working on our end to address your demand. We think that regardless of the range we will need the assistance of a mediator. Please let us know if you agree so we can move to get assigned and work on a date for a conference."

4. **Our May 14 response:**
   "We require either a substantial offer from the City or an agreement to negotiate in the range provided before beginning a negotiation. We will not agree to begin at our demand of 40 million and the City's offer of $500,000 or a million." I

believe we would be assigned Judge Fuentes.  (Cannot remember if there ever was a settlement referral and/or if [Judge Fuentes] closed it at time he closed discovery referral.) . . ."

5. **Ms. Meadors' May 19 Email to Judge Fuentes' Clerk:**
   Good morning, Ms. Nunez.  I am counsel for the City of Chicago in the above-captioned case which previously had been referred to Magistrate Judge Fuentes for discovery and settlement conference. The parties (copied here) are currently exploring a settlement conference and wanted to reach out for Judge Fuentes' availability. We would appreciate it if you could let us know our options.

6. **Mr. Chanen's Email to Judge Fuentes 35 minutes later (through his Clerk):**
   "Judge Fuentes,
   Plaintiff is not seeking a conference at this time.  Ms. Meador was not authorized by us to represent to the Court that "the parties" were seeking a conference.  In fact, the exact opposite.  She asked us if Plaintiff wished to do so, and we promptly responded that we would agree only under very specific conditions. None have been met, nor did she even reply to our response.  We will not negotiate with someone to whom "no" means "yes" and "yes" means "no."
   We would be pleased to participate in a mediation with Your Honor once the conditions necessary for a mediation have been met."

7. **May 20, Judge Fuentes issued the following Order [516]:**
   On further review of the parties' communications, the Court concluded that the pre−settlement call set for 5/28/26 [515] is not necessary, and that the parties' review of the Court's Standing Order for Settlement Conferences should provide them with enough information about the Court's procedures at this time. The 5/28/26 [phone] hearing [to schedule a settlement mediation] is vacated. **The parties kindly are requested to ensure that future requests for settlement−related discussions occur only after all parties have agreed to proceed in that fashion.**  Moreover, with the referral previously terminated (doc. #[436]) in October 2025, **the proper procedure would be to request the district court to re−refer for settlement if all parties agree.**
   [516] (emphasis added).

8. **Lisa Meadors' June 4 Email:**
   "We will be filing a motion requesting a settlement conference with Judge Alexakis or, in the alternative, for a referral to Magistrate Judge Fuentes for purposes of engaging in a settlement conference. Please let us know if we can file it unopposed."

2

9. **Our June 4 Response:**
"It is opposed.  We will not participate for the reasons previously stated to Judge Fuentes.  We also object to the judge trying the case also being the settlement judge."

10. **Defendants' June 17 Motion.**

Have we just fallen down the Looking Glass?  How many different times and how many different ways do we have to say that the City must make a substantial settlement offer before we are willing to engage in mediation?   We would be thrilled to settle this case, but 20 years of experience of negotiating with the City in wrongful-conviction, civil-rights cases, has us completely unwilling to fall within this trap, yet again.  Mediating this case before the City has made any settlement offer (let alone, a substantial settlement offer) would be a complete waste of time, and that is time that we, as a three-lawyer firm, are using instead to focus on trial preparation in this case, as well as representing clients in other matters.

Plaintiff Jose Cruz humbly and respectfully requests this Court to deny The City Defendants' Motion [522] and to kindly remind them yet again to **"ensure that future requests for settlement−related discussions occur only after all parties have agreed to proceed in that fashion."**  [516]

Dated:  June 17, 2026

Respectfully submitted,

*Plaintiff Jose Cruz*

By: /s/ *Stuart J. Chanen*

Stuart Chanen
Ariel Olstein
CHANEN & OLSTEIN LLP
8822 Niles Center Rd., Suite 100
Skokie, IL  60077
847-469-4669
stuart@chanenolstein.com
ariel@chanenolstein.com