**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Jose Cruz, | ) | |
| Plaintiff, | ) | No. 23 C 4268 |
| v. | ) | |
| | ) | Judge Georgia Alexakis |
| Reynaldo Guevara, et al. | ) | |
| Defendants. | ) | |

**PLAINTIFF JOSE CRUZ'S MOTION TO RESOLVE A LEGAL ISSUE RELATED TO CRUZ'S TIME INCARCERATED FOR THE DOUGLAS MURDER**

Plaintiff Jose Cruz respectfully moves for a legal ruling related to damages, which he thought had been resolved during summary judgment, but apparently not. Cruz now has reason to believe that Defendants will challenge at trial Cruz's assertion that he spent 7.5 years in prison for a shooting in Humboldt Park and then wrongfully spent 21.37 years in prison for the murder of Antwane Douglas. In its summary judgment opinion, the Court wrote that "Cruz spent 21 years incarcerated for these crimes [Douglas and Meadors shooting] before being released." [527], at 18, *citing* [506] ¶ 7, and then added in a footnote, "The first seven and a half years of Cruz's incarceration were served concurrently with a sentence for an unrelated offense, which is not at issue here." [527], at 18 n.13, *citing* [506] ¶ 7. Docket 506 ¶ 7 provided, "Cruz's wrongful incarceration in the Cook County Jail and/or Illinois Department of Corrections lasted 21-1/4 years. . . . Cruz also spent 7-1/2 years in prison on an unrelated charge, which [Cruz] is not challenging." [506] ¶ 7. Notwithstanding that they did not expressly challenge 7.5 years on summary judgment (they challenged only that Cruz had not attached sufficient evidence to support it) and notwithstanding the Court's clear statement in footnote 13, Defendants have indicated that they will argue that Cruz was required to spend the first 15 years of his Humboldt Park sentence in prison and that his incarceration for the Douglas murder was only 13.87, not 21.37, years.

Because this is wrong as a matter of law, and because it is an important issue to be resolved

as soon as reasonably possible, Cruz respectfully requests this Court to hold that Cruz's sentencing calculations are correct and that Defendants have no legal or factual basis to assert otherwise.

On November 16, 1994, Cruz pled guilty to and was sentenced to 15 years at 50% for the Humboldt Park shooting. He was sentenced under the Unified Code of Corrections, 730 ILCS 5/3-6-3 (effective August 11, 1993), which provided in pertinent part:

> The Department of Corrections shall prescribe rules and regulations for the early release on account of good conduct of persons committed to the Department which shall be subject to review by the Prisoner Review Board. Such rules and regulations shall provide that the prisoner **shall receive one day of good conduct credit for each day of service in prison** other than where a sentence of "natural life" has been imposed. **Each day of good conduct credit shall reduce by one day the inmate's period of incarceration set by the court** [referred to colloquially as "day-for-day good time"].

*Id*. at 3-6-3(a)(1) & (2) (emphasis added). As the Illinois Appellate Court has repeatedly held, this statutory scheme made Cruz's day-for-day good-time credit *mandatory*. IDOC had "no authority" to adopt rules providing less than one day of credit for each day served. *Johnson v. Franzen*, 77 Ill. 2d 513, 518–20, 34 Ill. Dec. 153, 155–57 (1979) (a refusal to apply that credit would "ignore[] the express statutory language"). An eligible inmate "must be awarded day-for-day credit" and "is entitled to keep it as long as it is not revoked because he commits a disciplinary offense." *People v. Dorsey*, 2021 IL 123010, ¶ 61. That credit may be revoked only for "specific rule violations" and through Illinois's prescribed "multistep process," which protects against arbitrary revocation. *Id.* ¶¶ 59–60; *Lucas v. Taylor*, 349 Ill. App. 3d 995, 1000–02, 285 Ill. Dec. 483, 488–90 (4th Dist. 2004). Because statutory good-conduct credit creates a protected liberty interest in a shortened sentence, revocation requires advance written notice of the disciplinary charges, an opportunity to call witnesses and present documentary evidence, and a written statement identifying the evidence relied upon and the reasons for the disciplinary action. *Dorsey*, 2021 IL 123010, ¶ 59; *Fillmore v. Taylor*, 2019 IL 122626, ¶¶ 39, 56–61. See also 20 Ill. Adm. Code § 107.150 (outlining the multi-step process for revoking credits); 20 Ill. Adm. Code § 504.80 (outlining the procedure followed at Adjustment hearings).

Cruz served his time on the Humboldt Park shooting from May 27, 1993 through and including July 7, 1993 (42 days) and October 9, 1993 through and including February 27, 2001 (7 years and 142 days), for a total of 7-1/2 years. (Cruz was on bond from July 8 to October 8, 1993, so those days are of course excluded). February 27, 2001 was therefore Cruz's "out date" for the Humboldt Park shooting, and February 28, 2001 was the first day of Cruz's incarceration on his conviction for the Douglas Murder, which was consecutive to the Humboldt Park Shooting. See Exhibit 1. That date is understandably important because Cruz's damages, if any, will be for the period February 28, 2001 through and including July 12, 2022, a period of 21 years and 135 days, which we will refer to for convenience as 21.4 years. The only way that Cruz's years of wrongful incarceration for murder and attempt murder could be less than 21.4 years would be if the Illinois Department of Corrections (the "Department") had revoked good-time credits from Mr. Cruz while he was imprisoned for the Humboldt Park Shooting, before February 27, 2001. See 730 ILCS 5/3-6-3(e); *see supra* (discussion of Section 3-6-3).

**At no time from May 27, 1993 to February 27, 2001, did the Department revoke any good-time credits from Jose Cruz. In fact, at no time during the applicable time period was Cruz even charged with a violation that could have led to revocation of a good time credit.** We know this – *and Defendants also know this* – because the Individual Defendants subpoenaed IDOC on September 11, 2023, and then distributed the IDOC production to all counsel on December 26, 2023, which the Sotos Firm bates-stamped SDT-IDOC 1-1222 and 1223-1254. If Cruz had lost a good-day credit, it would be reflected in his disciplinary record, and it is not. Indeed, not only is there no mention anywhere in his record suggesting that he was issued a disciplinary report proposing revocation of a good time credit, nor any mention of an Adjustment Committee hearing to consider a credit revocation, but there are actually numerous Inmate Data Summaries in his IDOC disciplinary file that specifically state, "**Day-for-Day Goodtime: REVOKED 0.**" These are attached as Group

Exhibit 2. *See especially* SDT–IDOC 925 (the December 8, 2003 Inmate Data Summary stating: "DAY-FOR-DAY GOODTIME: REVOKED 0") and SDT–IDOC 311 (Cruz's final July 11, 2022 Release Checklist, which states "GCC/SSC Revoked: 0.").

Nevertheless, Defendants appear to insist that Cruz has only 13.9 years of wrongful incarceration because he was first required to fulfill his full 15-year sentence. This is wrong as a matter of law and fact. As a matter of law, it ignores that Cruz's conviction was under the former sentencing regime where day-for-day good time was automatic unless the prisoner expressly did something to lose it. And, as a matter of fact, Defendants' argument can only be based on IDOC revocation of day-for-day good time credit, but Cruz's disciplinary records prove just the opposite. If Defendants have any evidence or actual argument to support their assertion that Cruz was required to serve a 15-year sentence on the Humboldt Park Shooting or that he lost good-time credit at any time between October 9, 1993 and February 27, 2001, they should make such argument or produce such evidence *now*, in opposition to this Motion. If they are unable to produce any such argument or evidence, then the issue of whether Cruz's damages, if any, are for 21.4 years of wrongful incarceration or 13.9 years of wrongful incarceration:

(1) should be decided as a matter of law by this Court on this Motion; a jury cannot parse this issue;

(2) will have an effect on other issues over which the parties will or may file motions in limine (e.g., whether the Humboldt Park conviction is admissible in evidence);

(3) is something the parties should know now, so they can plan for the trial accordingly; and

(4) should be decided substantially before the trial begins, so the parties can plan accordingly.

Because every pertinent IDOC record reports zero credit revoked and no contrary evidence exists, Cruz respectfully requests this Court to hold as a matter of law that Cruz retained all day-for-day credit applicable to his 15-year Humboldt Park sentence, and that Cruz was incarcerated for the murder of Douglas from February 28, 2001 to July 12, 2022, a total of 21 years and 135 days.

Dated: September 1, 2026

Respectfully submitted,

Plaintiff Jose Cruz

By: /s/ *Stuart J. Chanen*
/s/ *Ariel Olstein*

CHANEN & OLSTEIN
8822 Niles Center Road
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Nehama Auerbach
ElevateNext Law, LLP
218 N. Jefferson St., Suite 300
Chicago, IL 60661
312-676-5469
Nicole.auerbach@elevate.law